# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
## VENUE: SAN FRANCISCO

FILED 2011 AUG 23 P 4:15
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES OF AMERICA,

V.

WALTER LIEW and
CHRISTINA LIEW,

DEFENDANT(S).

---

# INDICTMENT

18 U.S.C. § 1512(b)(1) – Witness Tampering; 18 U.S.C. § 1512(k) – Conspiracy to Tamper With Witnesses and Evidence; 18 U.S.C. § 1001(a)(2) – False Statements In a Matter Within the Jurisdiction of the Executive Branch; 18 U.S.C. § 2 - Aiding, Abetting, and Willfully Causing

---

A true bill.

_____ /s/ _____ Foreman

Filed in open court this __23__ day of
__August 2011__.

_____ /s/ _____ Clerk

Bail, $ _no process_

/s/ Nathanael Cousins
**Nathanael Cousins**
United States Magistrate Judge

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

See attached penalty sheet

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

E-filing

PENALTY: See attached penalty sheet

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
2011 AUG 23 P 4:17
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**
▶ CHRISTINA LIEW

DISTRICT COURT NUMBER
CR 11 0573 RS

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
} 1-mj-70865 MAG

Name and Office of Person Furnishing Information on this form       MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)     Peter Axelrod & John Hemann

**DEFENDANT**

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
NDCA

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT       Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                                    Before Judge:

Comments:

# PENALTY SHEET

**WALTER LIEW:** Counts 1, 3 and 4

**CHRISTINA LIEW:** Counts 2 - 4

| COUNTS 1 and 2 | 18 U.S.C. § 1512(b)(1) – Witness Tampering | PENALTY: | 20 years imprisonment<br>3 years supervised release<br>$250,000 fine |
|---|---|---|---|
| COUNT 3 | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Witnesses and Evidence | PENALTY: | 20 years imprisonment<br>3 years supervised release<br>$250,000 fine |
| COUNT 4 | 18 U.S.C. § 1001(a)(2) – False Statement In a Matter Within the Jurisdiction of the Executive Branch | PENALTY: | 5 years imprisonment<br>3 years supervised release<br>$250,000 fine |
| **SPECIAL ASSESSMENT:** | $100.00 for each count | | |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

--- OFFENSE CHARGED ---

See attached penalty sheet

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See attached penalty sheet

E-filing

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
2011 AUG 23 PM 4:15
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

--- DEFENDANT - U.S ---

▶ WALTER LIEW

DISTRICT COURT NUMBER
CR 11 0573

--- PROCEEDING ---

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
} 1-mj-70865 MAG

Name and Office of Person Furnishing Information on this form    MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Peter Axelrod & John Hemann

--- DEFENDANT ---

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)
_____

**IS IN CUSTODY**
4) ☒ On this charge

5) ☐ On another conviction    } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No   } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

--- ADDITIONAL INFORMATION OR COMMENTS ---

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:
_____

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

Comments:

# **PENALTY SHEET**

**WALTER LIEW:** Counts 1, 3 and 4

**CHRISTINA LIEW:** Counts 2 - 4

| COUNTS 1 and 2 | 18 U.S.C. § 1512(b)(1) – Witness Tampering | **PENALTY:** | 20 years imprisonment<br>3 years supervised release<br>$250,000 fine |
|---|---|---|---|
| **COUNT 3** | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Witnesses and Evidence | **PENALTY:** | 20 years imprisonment<br>3 years supervised release<br>$250,000 fine |
| **COUNT 4** | 18 U.S.C. § 1001(a)(2) – False Statement In a Matter Within the Jurisdiction of the Executive Branch | **PENALTY:** | 5 years imprisonment<br>3 years supervised release<br>$250,000 fine |

**SPECIAL ASSESSMENT:** $100.00 for each count

MELINDA HAAG (CABN 132612)
United States Attorney



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> WALTER LIEW and ) <br> CHRISTINA LIEW, ) <br> ) <br> Defendants. ) <br> _____ ) | No. CR 11 0573 <br><br> VIOLATIONS: <br><br> 18 U.S.C. § 1512(b)(1) – Witness Tampering; 18 U.S.C. § 1512(k) – Conspiracy to Tamper With Witnesses and Evidence; 18 U.S.C. § 1001(a)(2) – False Statements In a Matter Within the Jurisdiction of the Executive Branch; 18 U.S.C. § 2 – Aiding, Abetting, and Willfully Causing <br><br> SAN FRANCISCO VENUE |

INDICTMENT

The Grand Jury charges:

At all times relevant to this Indictment:

1. Defendant WALTER LIEW was a resident of Orinda, California, and an owner and executive of USA Performance Technology, Inc. ("USAPTI").

2. Defendant CHRISTINA LIEW was a resident of Orinda, California, and an owner and executive of USAPTI. CHRISTINA LIEW was married to WALTER LIEW.

3. On or about April 6, 2011, E.I. DuPont de Nemours and Company (DuPont) filed a civil complaint in United States District Court in San Francisco. The complaint alleged that

INDICTMENT

1  USAPTI, WALTER LIEW, and J.L., an employee of USAPTI (the "civil defendants"),
2  misappropriated trade secrets from DuPont. The federal civil complaint alleged that the civil
3  defendants "wrongfully obtained and possess confidential, proprietary, trade secret materials
4  providing detailed specifications for DuPont's chloride-route titanium dioxide ('TiO2') pigment
5  manufacturing process." The complaint further alleged that DuPont discovered that J.L.
6  possessed a number of specific items of information that were derived from proprietary DuPont
7  technologies and that J.L. obtained this information from WALTER LIEW and USAPTI.
8        4. WALTER LIEW, CHRISTINA LIEW, and USAPTI employed and paid at least two
9  former DuPont employees for assistance in designing TiO2 manufacturing facilities for two or
10 more customers in China. These employees were known to J.L. when he worked for USAPTI.
11       5. On or about July 19, 2011, agents of the Federal Bureau of Investigation (FBI)
12 executed a search warrant at the residence of WALTER LIEW and CHRISTINA LIEW in
13 Orinda, California, as part of a federal criminal investigation.
14
15 COUNT ONE: (18 U.S.C. § 1512(b)(1) – Witness Tampering)
16       6. The factual allegations set forth in Paragraphs 1 through 4 are realleged and
17 incorporated as if fully set forth here.
18       7. In or about April 2011, in the Northern District of California, defendant
19                             WALTER LIEW
20 did knowingly intimidate, threaten, and corruptly persuade, and attempt to intimidate, threaten,
21 and corruptly persuade, another person, and engage in misleading conduct toward another person,
22 specifically J.L., with the intent to influence, delay, and prevent the testimony of J.L. in an
23 official proceeding.
24       8. Specifically, after learning that he, USAPTI, and J.L. had been sued by DuPont in
25 federal district court for misappropriation of trade secrets, WALTER LIEW confronted J.L. and
26 told J.L. that he should not say anything about other individuals who had worked with USAPTI –
27 meaning the former DuPont employees – because it would not be good for J.L. or J.L.'s family.
28       All in violation of Title 18, United States Code, Section 1512(b)(1).

INDICTMENT                                           2

1  COUNT TWO: (18 U.S.C. § 1512(b)(1) – Witness Tampering)

2  9. The factual allegations set forth in Paragraphs 1 through 4 are realleged and
3  incorporated as if fully set forth here.

4  10. In or about April 2011, in the Northern District of California, defendant

5  CHRISTINA LIEW

6  did knowingly intimidate, threaten, and corruptly persuade, and attempt to intimidate, threaten,
7  and corruptly persuade, another person, and engage in misleading conduct toward another person,
8  specifically J.L., with the intent to influence, delay, and prevent the testimony of J.L. in an
9  official proceeding.

10  11. Specifically, after learning that WALTER LIEW, USAPTI, and J.L. had been sued by
11  DuPont in federal district court for misappropriation of trade secrets, CHRISTINA LIEW met
12  with J.L. During that meeting, CHRISTINA LIEW told J.L. not to reveal the identities of the
13  former DuPont employees of whom J.L. was aware through his work with USAPTI, in
14  connection with the civil litigation.

15  All in violation of Title 18, United States Code, Section 1512(b)(1).

16

17  COUNT THREE: (18 U.S.C. § 1512(k) – Conspiracy to Tamper with Witnesses and Evidence)

18  12. The factual allegations set forth in Paragraphs 1 through 5 are realleged and
19  incorporated as if fully set forth here.

20  13. On or about July 19, 2011, in the Northern District of California, the defendants,

21
22  WALTER LIEW and
    CHRISTINA LIEW,

23  knowingly conspired to commit violations of 18 U.S.C. § 1512(b)(3) and 18 U.S.C. § 1512(c)(1).

24  14. As part of the conspiracy, WALTER LIEW and CHRISTINA LIEW knowingly
25  engaged in misleading conduct toward agents of the FBI with the intent to hinder, delay, and
26  prevent the communication to those agents of information regarding the commission or possible
27  commission of a federal offense, in violation of 18 U.S.C. § 1512(b)(3).

28

INDICTMENT                                  3

15. As further part of the conspiracy, WALTER LIEW and CHRISTINA LIEW corruptly concealed records, documents, and other objects, and attempted to do so, with the intent to impair the availability of the records, documents, and objects for use in an official proceeding, in violation of 18 U.S.C. § 1512(c)(1).

16. Specifically, during the search of the LIEWs' residence conducted on July 19, 2011, FBI agents found safe deposit box keys. Speaking in Mandarin Chinese, WALTER LIEW directed CHRISTINA LIEW to deny knowing anything about the keys. CHRISTINA LIEW followed his direction by stating to the agents that she did not remember the safe deposit boxes when, in fact, she knew at the time that she had a safe deposit box, to which one of the keys corresponded, at the Bank of East Asia in Oakland, California. The safe deposit box contained information regarding USAPTI and USAPTI's relationship with a Chinese customer that was purchasing TiO2 technology from USAPTI, among other records, documents, and objects relevant to the FBI's investigation.

All in violation of 18 U.S.C. § 1512(k).

COUNT FOUR: (18 U.S.C. §§ 1001 & 2 – False Statements In a Matter Within the Jurisdiction of the Executive Branch)

17. The factual allegations set forth in Paragraphs 1 through 5 and 16 are realleged and incorporated as if fully set forth here.

18. On or about July 19, 2011, in the Northern District of California, the defendants,

WALTER LIEW and
CHRISTINA LIEW,

knowingly and willfully made materially false, fictitious, and fraudulent statements and representations regarding matters within the jurisdiction of the executive branch of the Government of the United States, to wit, by denying knowledge of the bank safety deposit box

///
///
///

INDICTMENT 4

1 | keys found in their home, when, in fact they knew at the time that they had a safe deposit box to
2 | which one of the keys corresponded, in violation of 18 U.S.C. §§ 1001(a)(2) and 2.

DATED: August 23, 2011                A TRUE BILL.

_____
FOREPERSON

MELINDA HAAG
United States Attorney

_____
MIRANDA KANE
Chief, Criminal Division

(Approved as to form: _____)
AUSAs AXELROD/HEMANN

INDICTMENT                    5