UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA, Plaintiff,
v.
WALTER LIEW, Defendant.

Case Number CR 11-00573 RS

ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on August 24, 2011. Defendant was present, represented by his attorney John Williams. The United States was represented by Assistant U.S. Attorneys Peter B. Axelrod and John H. Hemann.

PART I. PRESUMPTIONS APPLICABLE
/ / The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.
This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.
/ / There is probable cause based upon (the indictment) (the facts found in Part IV below) to believe that the defendant has committed an offense
  A. __ for which a maximum term of imprisonment of 10 years or more is prescribed in 21 U.S.C. § 801 et seq., § 951 et seq., or § 955a et seq., OR
  B. __ under 18 U.S.C. § 924(c): use of a firearm during the commission of a felony.
This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.
/X/ No presumption applies.

PART II. REBUTTAL OF PRESUMPTIONS, IF APPLICABLE
/ / The defendant has not come forward with sufficient evidence to rebut the applicable presumption[s], and he therefore will be ordered detained.
/ / The defendant has come forward with evidence to rebut the applicable presumption[s] to wit: .
Thus, the burden of proof shifts back to the United States.

PART III. PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE)
/X/ The United States has proved to a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required, AND/OR
/ / The United States has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

PART IV. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION
/X/ The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows:
As to the history and characteristics of the defendant, the Court adopts the findings of the Pretrial Services Reports (dated August 10 and August 23, 2011). 18 U.S.C. § 3142(g)(2).
Based on the information contained in the Pretrial Services reports and the factual proffer provided by the United States, the Court finds that the defendant is a flight risk. First, the defendant engages in extensive overseas travel – since 1997, he averaged 4 international trips a year, which have included regular visits to the People's Republic of China (PRC). Second, he has significant business ties to the PRC including work through his company, USA Performance Technology Inc. (USAPTI), on at least two titanium dioxide

manufacturing facilities in the PRC, one of which is based on a contract for over $17,000,000. There is no evidence that the defendant or his company has any customers in the United States. Third, his finances raise additional concerns – the investigation has uncovered dozens of accounts, including several that are overseas, in the names of the defendant, his co-defendant wife, their businesses and other individuals and entities. Millions of dollars are either in, or have transited through, those accounts. Fourth, while the defendant owns no real property in the United States, his co-defendant wife owns a property in the PRC and is in the process of purchasing a property in Singapore. Fifth, the defendant has extensive family ties to the PRC through his wife and to Malaysia. While the defendant has proffered multiple sureties to assure his appearance, the defendant's proposal is inadequate to address the substantial concerns posed by his release.
/ / Defendant, his attorney, and the AUSA have waived written findings.

### PART V. DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

### PART VI. FURTHER HEARING

The Court has set this case for bail review on August 26, 2011, 9:30 a.m., and will consider additional evidence and argument from the parties.

IT IS ORDERED that co-defendant Christina Liew (out of custody), and a Mandarin interpreter, also appear for the August 26 hearing.

Dated: August 25, 2011

NATHANAEL COUSINS
United States Magistrate Judge

E-filed
cc:   Pretrial Services Office
      Melinda Basker