MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

PETER B. AXELROD (CABN 190843)
JOHN H. HEMANN (CABN 165823)
Assistant United States Attorneys

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    E-Mail: peter.axelrod@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-00573 JSW |
| Plaintiff, | |
| v. | STIPULATED INTERIM PROTECTIVE ORDER |
| WALTER LIEW and CHRISTINA LIEW, | |
| Defendants. | |

    WHEREAS during the course of discovery in the above-captioned criminal case, the United States may produce documents and other items containing information that is intended to be kept secret and/or is "trade secret" information (within the meaning of 18 U.S.C. § 1839(3)); and

    WHEREAS the United States and defendants WALTER LIEW and CHRISTINA LIEW deem it appropriate for the purpose of facilitating pretrial negotiations and trial preparation and to provide for the protection of such information without agreeing between them that the specific information is in fact intended to be kept secret or is a

PROTECTIVE ORDER
CR 11-00573 JSW                       1

trade secret, and with the further understanding that nothing in this stipulated protective order creates any presumption regarding whether the specific information is intended to be kept secret or is a trade secret, and lastly preserving defendants' rights to challenge any such designation at a later time;

IT IS HEREBY STIPULATED AND AGREED by and between the United States and defendants WALTER LIEW and CHRISTINA LIEW and their respective counsel that the following definitions and procedures will govern the designation and handling of material and other information produced by the United States during pretrial negotiations and trial preparation, while reserving the question of how such material and information should be handled at trial.

1. Definitions:

    a. "Confidential Material" shall mean information that the Government contends is intended to be kept secret or is a trade secret within the meaning of 18 U.S.C. § 1839(3).

    b. "Discovery Material" shall mean all materials disclosed by the United States during discovery in this case.

2. The United States may designate Discovery Material as Confidential Material to the extent that it believes in good faith that the information or material is or may be Confidential Material as defined in paragraph 1(a) above. Any labeling, segregation, or designation of Discovery Material as "Confidential Material" should be made, whenever possible, in the case of written, tangible, or documentary Discovery Material, at the time that Discovery Material is produced or made known to defendants by stamping each page "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in a manner that is readily distinguishable from any pre-existing confidential designation or by otherwise manifesting the intention that the Discovery Material be considered Confidential Material. Computer memory storage materials such as tapes, diskettes, hard drives, or other memory media containing Discovery Material deemed by the United States as containing Confidential Material shall be labeled on the outside of the media as

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." The Government shall maintain unlabeled or "clean" copies of all discovery material that it has labeled "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this stipulated order for future use by the parties in subsequent proceedings.

The parties acknowledge that in order to ensure the prompt production of discovery, the United States may prophylactically designate materials as Confidential Material given the volume of discovery. The parties further endeavor to work together to narrow the scope of information to retain the designation of Confidential Material. Within 120 days from date of the entry of this Order, the United States will provide defense counsel with a more discrete list of information from the Discovery Material that it intends to continue to designate as Confidential Material. The United States may seek an extension of that deadline for good cause.

3. Discovery Material designated as Confidential Material shall be retained by counsel for defendants WALTER LIEW and CHRISTINA LIEW in the above-captioned case and furnished, at this time, to no one other than counsel for the defendants in the above-captioned case, defendants WALTER LIEW and CHRISTINA LIEW, the staff supporting counsel in the above-captioned case such as interpreters, paralegal assistants, and secretarial, stenographic, and clerical employees who are working on this case under the direction of defense counsel and to whom it is necessary that the materials be disclosed for purposes of the defense of this case. In the event that the defendants or their counsel wishes to consult an expert regarding these materials, the procedure for doing so is addressed in paragraph 8 of this agreement. Defense counsel may work with materials designated as confidential in any location, so long as those materials remain under defense counsel's control, for example by being stored on a password-protected computer. Additionally, should defendant WALTER LIEW or CHRISTINA LIEW be incarcerated before the resolution of this indictment, their counsel may bring the designated confidential material to the facility in which he or she is incarcerated to assist in the incarcerated defendant's preparation but shall not leave any

such confidential material with the defendant. All such material shall be used solely for the purpose of conducting pre-trial, trial, and appellate proceedings in this case and for no other purpose whatsoever, and shall not be used for the economic benefit of defendants WALTER LIEW, CHRISTINA LIEW, or for any third party. Defense counsel shall make good faith efforts to file all motions which contain any of the material labeled "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under seal until further order of the Court. Confidential Material shall be lodged under seal with the Clerk of the Court in sealed envelopes or boxes prominently marked with the caption of this case and the notation:

> **"TO BE FILED UNDER SEAL"**
> Contains Confidential Material
> To Be Opened Only As Directed By The Court

Defense counsel shall request a sealing order pursuant to Criminal Local Rule 55.1(b) and Civil Local Rule 79-5, whereupon the Government shall timely file a declaration pursuant to Civil Local Rule 79-5(d) or shall inform the Court and defense counsel that the lodged documents may be filed publicly.

4. The recipient of any Confidential Material that is provided under this Stipulated Interim Protective Order shall keep such information in a manner reasonably intended to preserve and maintain the confidentiality of the information and shall not disclose such information to any individuals except as authorized by this Stipulated Interim Protective Order.

5. At the conclusion of the above-captioned case, defendants WALTER LIEW, CHRISTINA LIEW, their respective counsel, and their retained experts in the above-captioned case agree to the return of all Confidential Material to the United States and defense counsel will destroy his/her work product that contains Confidential Materials, except as directed by the Court.

6. Nothing herein shall prevent defendants from using the Confidential Material or from referring to, quoting, or reciting from any information contained in such Confidential Material in connection with pleadings or motions filed in this case, provided

that such materials be filed under seal and/or submitted to the Court for in camera inspection. The use of Confidential Material at trial or pre- or post-trial hearing(s) will be resolved at or before the time of the trial or hearing.

7. Should defendants WALTER LIEW or CHRISTINA LIEW dispute the propriety of any designation of Discovery Material as Confidential Material, his or her respective counsel shall notify the United States in writing. Within seven business days from receiving the notice, the United States shall respond to the notice in writing. If, after this exchange of correspondence, defendants and the United States cannot resolve their dispute, they may apply to the Court to do so. The burden shall be on the Government to prove that the material qualifies as Confidential Material. During the pendency of the dispute and any court resolution thereof, including an appeal of the Court's decision on such motion, the discovery material shall be deemed "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" as designated and shall be covered by the provisions of this Stipulated Interim Protective Order. The parties understand that, as this Stipulated Interim Protective Order is primarily intended to facilitate pretrial negotiations and trial preparation, the defendants and their respective counsel may choose not to formally challenge the Government's designation of certain material as confidential at this stage in the proceedings. Such a failure to challenge the confidential designation does not constitute a waiver on the defendants' part of either the ability to challenge that confidential designation or the ability to contest that certain portions of the designated Confidential Material constitutes "trade secret" information under 18 U.S.C. § 1839(3).

8. At such time as defendants WALTER LIEW or CHRISTINA LIEW retain an expert or experts to assist in the review of the Confidential Material, each such person shall execute an Acknowledgment in the form attached to this Stipulation which shall then be submitted to the Court ex parte and in camera by the defendants. Defendants shall not be required to provide said Acknowledgment, or the identity of the expert who signed it, to the United States, unless so ordered by the Court. The United States retains the right to request that the Court authorize such disclosure. Nothing in this paragraph relieves the defendant of the discovery obligations contained in Federal Rule of Criminal

PROTECTIVE ORDER
CR 11-00573 JSW                     5

Procedure 16(b)(1)(C), nor does the United States waive any rights thereunder by entering into this stipulation. By signing and agreeing to the terms of this Stipulated Interim Protective Order, no person shall be deemed to have conceded that any material has been properly designated as confidential.

9. Nothing in this order shall preclude the United States or defendants WALTER LIEW or CHRISTINA LIEW from applying to the Court for further relief or modification. The parties agreement to enter into this Stipulated Interim Protective Order at this time is for the purpose of pretrial negotiations and trial preparation, and is not a concession by the defendants that the terms contained herein would be appropriate should the case proceed beyond that stage.

10. Willful violation of this Stipulated Interim Protective Order may be punishable by contempt of court, whatever other sanction the Court deems just, or any other sanctions or combination of sanctions which are legally available.

I hereby acknowledge that I have reviewed and understand this Stipulated Protective Order, and agree to be bound by its terms:

DATED: 12/1/11

MELINDA HAAG
United States Attorney

PETER B. AXELROD
JOHN H. HEMANN
Assistant United States Attorneys

DATED: 12/1/11

THOMAS J. NOLAN
Counsel for Walter Liew

DATED: 12/1/11

DORON WEINBERG
Counsel for Christina Liew

PROTECTIVE ORDER
CR 11-00573 JSW                         6

DATED: _____  _____
                                WALTER LIEW

DATED: 12/1/2011                _____Christina_____
                                CHRISTINA LIEW

### INTERPRETER CERTIFICATION

I, __Mary Ma__, hereby certify that I am a certified Chinese-Mandarin language interpreter and that I accurately translated this Stipulated Interim Protective Order to Christina Liew, she told me that she understood it, and I believe her answer was true and correct.

Dated: 12/1/11                  _____
                                Interpreter's signature

### ORDER

IT IS SO ORDERED.

DATED: _____   _____
                                JEFFREY S. WHITE
                                United States District Judge

DATED: [signature]

WALTER LIEW

DATED: _____

CHRISTINA LIEW

### INTERPRETER CERTIFICATION

I, _____, hereby certify that I am a certified Chinese-Mandarin language interpreter and that I accurately translated this Stipulated Interim Protective Order to Christina Liew, she told me that she understood it, and I believe her answer was true and correct.

Dated: _____

Interpreter's signature

### ORDER

IT IS SO ORDERED.

DATED: _____

JEFFREY S. WHITE
United States District Judge

**ACKNOWLEDGMENT OF STIPULATED INTERIM PROTECTIVE ORDER IN:**
<u>**UNITED STATES v. WALTER LIEW AND CHRISTINA LIEW**</u>**,**
**CR 11-00573 JSW**

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Interim Protective Order issued in <u>United States v. Walter Liew and Christina Liew</u>, CR 11-00573 JSW, has read, understands, and agrees to the terms of the Stipulated Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Protective Order and the punishment of any violations thereof.

DATED:

_____
Signature

_____
Printed Name

_____
Street Address

_____
City, State, and Zip Code

_____
Area Code and Telephone Number

PROTECTIVE ORDER
CR 11-00573 JSW