MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

PETER B. AXELROD (CABN 190843)
JOHN H. HEMANN (CABN 165823)
Assistant United States Attorneys

   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7200
   Fax: (415) 436-7234
   E-Mail: peter.axelrod@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WALTER LIEW, and ) <br> CHRISTINA LIEW, ) <br> ) <br> Defendants. ) <br> ) | No. CR 11-0573 JSW <br><br> STIPULATION AND [PROPOSED] ORDER EXCLUDING TIME FROM DECEMBER 1, 2011 TO FEBRUARY 2, 2012 |

    The parties, by and through the undersigned counsel, hereby stipulate and agree as follows:

    1.    On December 1, 2011, defendants Walter Liew and Christina Liew appeared before the Honorable Jeffrey S. White, United States District Judge, for a status hearing. Doron Weinberg appeared for Christina Liew, who was assisted by a court-appointed Chinese (Mandarin) interpreter, and Tom Nolan appeared for Walter Liew. Assistant United States Attorneys Peter B. Axelrod and John H. Hemann appeared for the United States. Prior to the hearing, the United States had provided the defendants with partial discovery and, at the hearing,

ORDER EXCLUDING TIME
CR 11-0573 JSW

the United States advised the Court that it intended to produce an additional 300 gigabytes of discovery, including voluminous materials in the Chinese language, upon the Court's entry of a stipulated protective order. Further, the United States restated its intention to seek a superseding indictment against the defendants related to its on-going trade secret investigation. The matter was continued to February 2, 2012 for a status/initial appearance on a superseding indictment.

2. At the hearing, the parties jointly requested that time be excluded between December 1, 2011 and February 2, 2012 under the Speedy Trial Act (18 U.S.C. § 3161) on grounds of complexity and for effective preparation of defense counsel. Specifically, the case is complex under 18 U.S.C. § 3161(h)(7)(B)(ii) – it involves witness tampering and false statements in conjunction with the theft of trade secrets related to a complicated industrial process, the manufacture of titanium dioxide (TiO2) through the chloride route, and it also involves a vast array of documents in the Chinese language, including extensive Chinese language materials in the additional 300 gigabytes of discovery. Further, defense counsel will need additional time to review the voluminous discovery, including foreign language documents, to effectively prepare the defense.

3. Defendants Walter and Christina Liew have been advised of their right to a speedy trial and consent to the exclusion of time set forth in this Stipulation.

SO STIPULATED.

DATED: 12/9/11         MELINDA HAAG
                       United States Attorney

                              /S/
                       _____
                       PETER B. AXELROD
                       JOHN H. HEMANN
                       Assistant United States Attorneys

DATED: 12/9/11                /S/
                       _____
                       TOM NOLAN
                       Counsel for Walter Liew

DATED: 12/9/11                /S/
                       _____
                       DORON WEINBERG
                       Counsel for Christina Liew

ORDER EXCLUDING TIME
CR 11-0573 JSW                                                                      2

**[PROPOSED] ORDER**

Based upon the parties' stipulation, the record in this case, including the information presented at the December 1, 2011 hearing, and for good cause shown, the Court finds that, under 18 U.S.C. § 3161(h)(7)(B)(ii), the case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings and for trial within the time limits set forth in 18 U.S.C. § 3161. The Court further finds that the ends of justice served by excluding the time between December 1, 2011 and February 2, 2012 from computation under the Speedy Trial Act outweigh the best interests of the public and the defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Therefore, IT IS HEREBY ORDERED that the time between December 1, 2011 and February 2, 2012 shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A) and (B)(ii).

DATED: _____       _____
                                         JEFFREY S. WHITE
                                         United States District Judge