# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>WALTER LIEW,<br>Defendant. | Case No. 11-cr-00573 JSW (NC)<br><br>**ORDER DENYING MOTION FOR PRETRIAL RELEASE**<br><br>Re: Dkt. No. 48 |

The Court considers defendant Walter Liew's motion for pretrial release. The Court originally ordered Mr. Liew detained on August 25, 2011, (Dkt. 19) finding that the United States had established by a preponderance of the evidence that no condition or combination of conditions would reasonably assure the presence of the defendant as required. 18 U.S.C. § 3142(g). Defendant, represented by new counsel, then presented additional information and asked the Court to reconsider the detention order. (Dkt. 48) The Court held a bail review hearing on February 1, 2012. (Dkt. 63) Although the Court considers this a close question, the motion for pretrial release is denied.

As a preliminary matter, the Court notes the types of information it considered. As required by 18 U.S.C. § 3142(f), Mr. Liew was advised of his right to testify, to present witnesses, to cross-examine witnesses, and to present information "by proffer or otherwise." The rules of evidence in criminal trials do not apply. 18 U.S.C. § 3142(f).

Mr. Liew presented information by declarations, including his own, and by proffer through his counsel. The government sought either to cross-examine Mr. Liew concerning his declaration or to call Mr. Liew as a witness at the hearing. While the bail statute is silent as to the right of the government to cross-examine a defendant presenting information by declaration, in the circumstances of this case, the Court denied the government's request. The government presented information by declaration and by way of proffer through its counsel at the hearing. No live witness testimony was presented at the hearing.[1]

The government's opposition brief (Dkt. 59) was filed a day late, but was considered by the Court over the defendant's objection. The Court also considered defendant's reply. (Dkt. 60) Defendant was given an opportunity to continue the detention hearing in order to address any potential prejudice caused by the government's tardy brief. Defendant did not seek a continuance.

In considering pretrial release or detention, the Court must evaluate whether there are conditions of release that will "reasonably assure the appearance" of Mr. Liew at future court dates. 18 U.S.C. § 3142(g). The government has not expressed any concerns about the dangerousness to the community of Mr. Liew's release.

As set forth by the bail statute, the Court must take into account the available information concerning: (1) the nature and circumstances of the charged offense; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by release. *Id.*

Mr. Liew is charged by indictment with felony offenses for witness tampering (18 U.S.C. § 1512(b)(1)), conspiracy to tamper with witnesses and evidence (18 U.S.C. §

---

[1] The government asserted that the declaration of attorney Daniel Mount waived the attorney-client and work product privileges. (Dkt. 59 at 15) The Court disagrees, in that the declaration did not divulge any confidential communications between client and attorney and there is no evidence that the client intended to waive any privilege.

1512(k)), and for false statement (18 U.S.C. § 1001(a)(2)).[2] The maximum statutory prison sentence penalty for the most serious charge is 20 years imprisonment. As charged in the indictment, this case arises from a federal court civil dispute in which DuPont alleges that Mr. Liew, an owner and executive of USA Performance Technology, Inc. (USAPTI), misappropriated trade secrets from DuPont concerning titanium dioxide manufacturing processes. Count One charges that Mr. Liew tampered with a witness in the civil litigation. Count Three charges that Mr. Liew conspired to tamper with witnesses and evidence, and that Mr. Liew "knowingly engaged in misleading conduct toward agents of the FBI." Indictment ¶ 14. Specifically, the indictment alleges that during an FBI search of the Liews' residence, Mr. Liew, speaking in Mandarin Chinese, directed his wife to deny knowing anything about safe deposit box keys that the agents found in their residence. That safe deposit box allegedly contained information about USAPTI's relationship with a Chinese customer that was purchasing titanium dioxide technology from USAPTI. Indictment ¶ 16. Count Four charges that Mr. Liew made a false statement by denying knowledge of the bank safety deposit key. Indictment ¶ 18.

    As to the weight of the evidence, the government asserts that the weight of the evidence is strong; defendant disagrees. Although the Court does not need to resolve this disagreement for purposes of determining the detention question, it finds that the government has submitted facts that call into serious question the credibility of Mr. Liew.

    The history and characteristics of Mr. Liew are in many ways undisputed, but in others, the parties present starkly different information. Mr. Liew is a U.S. citizen with no prior criminal record. He has lived in this jurisdiction for thirty years. He was employed at the time of his arrest. He has no history of drug abuse.

    On the other hand, the government has presented evidence that Mr. Liew has significant ties to the Chinese government relating to the titanium dioxide industry. Mr. Liew has financial ties in Asia that are much more significant than his interests in the

---

[2] The Grand Jury returned a Superseding Indictment against Mr. Liew and others after the detention hearing, but the Court did not consider the Superseding Indictment or the possibility that there would be further charges. This Order is based solely on the evidence presented before and during the February 1 bail review hearing.

3

United States. Mr. Liew engages in extensive overseas travel – since 1997, he averaged 4 international trips a year, which have included regular visits to China.

While the defendant has proffered multiple sureties to assure his appearance in an amount totaling approximately $200,000, the Court finds that the defendant's proposal is inadequate to address the substantial concerns posed by his release. The Court shares the concern expressed by the government that the proposed sureties have little or no knowledge about Mr. Liew's business activities, financial condition, and ability and motivation to flee. The government presented credible evidence that Mr. Liew moved significant sums of money to accounts in China and has not accounted for that money or offered to post it as security for his own release.

At bottom, Mr. Liew is charged with deceptive conduct and the government has presented compelling evidence that Mr. Liew is a serious flight risk, despite the fact that he has no prior criminal record and resides in this jurisdiction. The Court acknowledges that most white-collar defendants with no criminal record charged in this jurisdiction are released on conditions. This case, however, presents peculiar facts. Considering the totality of the available information, the motion for pretrial release is denied.

IT IS SO ORDERED.

DATED: February 28, 2012

NATHANAEL M. COUSINS
United States Magistrate Judge