UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 11-0573-JSW (NC) |
| Plaintiff, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| v. | |
| WALTER LIAN-HEEN LIEW, CHRISTINA HONG QIAO LIEW, USA PERFORMANCE TECHNOLOGY, INC., and ROBERT MAEGERLE, | |
| Defendants. | |

This matter having come before the Court upon the joint application of the parties, namely the United States and defendants Walter Liew, Christina Liew, USA Performance Technology, Inc., and Robert Maegerle, for a protective order to govern the production of discovery materials in this matter; and the parties having represented to the Court that the Government and/or these three defendants expect to make certain materials available in Rule 16 discovery that may constitute trade secrets, as that term is defined in Title 18, United States Code, Section 1839(3), and/or confidential and proprietary business information; it appearing to the Court that all parties, through their respective counsel, have agreed to the form and entry of this Order; and for good cause shown:

IT IS, on this day of _____, 2012, pursuant to Title 18, United States Code, Section 1835, and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, hereby ORDERED as follows:

1. Pursuant to Rule 16 of the Federal Rules of Criminal Procedure the government and the defendants shall make discovery, including any alleged trade secrets and/or confidential and proprietary business information, available for inspection and copying by opposing counsel. Production of documents and information containing such trade secrets and/or business information shall be governed by the provisions of this Order.

2. <u>Confidential Materials</u>:  To the extent that either party believes in good faith that any materials that the party produces in discovery may constitute trade secrets and/or confidential and proprietary business information, the producing party shall designate the material as such. Confidential materials shall be designated in one of two ways: "Confidential-1 Material" and "Confidential-2 Material."

   a. Confidential-1 Materials shall include materials belonging to or obtained from a third party, including but not limited to E.I. du Pont de Nemours & Company (DuPont), regardless of how the materials were obtained by the producing party, that contain, are alleged to contain, or may contain trade secrets or confidential and propriety business information.

1    b.    Confidential-2 Materials shall include materials belonging to or obtained from a party to this case that contain, are alleged to contain, or may contain trade secrets or confidential and propriety business information.

c.    The party producing Confidential Materials shall be referred to herein as the "Producing Party," and the party receiving such Confidential Materials shall be referred to herein as the "Receiving Party."

3.    <u>Manner of Designation</u>:  In the case of written, tangible, or documentary discovery material, the Producing Party shall stamp each page of the document "Confidential-1 – Subject to Protective Order" or "Confidential-2 - Subject to Protective Order" in a manner that is readily distinguishable from any pre-existing confidential designation. In the case of electronic discovery materials, including computer storage memory devices such as diskettes, hard drives, or other memory media, the Producing Party shall label the outside of the media with the appropriate designation. All information on any electronic storage media produced in discovery and labeled as "Confidential" shall be treated as Confidential Material in accordance with the terms of this Stipulated Protective Order. If the Receiving Party objects to the Producing Party's designation of particular information as Confidential Material, the Receiving Party shall notify the Disclosing Party in writing of its objection and the reasons therefore. If the parties are unable to resolve such a dispute, the Receiving Party may seek relief from the Court by way of motion.  The Receiving Party shall continue to treat such information as Confidential Material pending resolution of its objection.  All "Confidential-1 – Subject to Protective Order" and "Confidential-2 – Subject to Protective Order" markings are for pre-trial use only and all such markings will be removed from any documents used in trial and/or shown to jurors in this matter.

4.    <u>Effect of Designation or Failure to Designate</u>:  The parties understand and agree that since this Stipulated Protective Order is primarily intended to facilitate production of discovery materials and pretrial discussions, negotiations, analysis, and preparation, the defendants and their counsel may choose not to formally challenge the designation of certain material as confidential at the pre-trial stage.  Such a failure to challenge the confidential designation does not constitute a waiver by any defendant of the right to challenge that

confidential designation at a later time nor does it constitute a waiver by any defendant of the right to contest that all or any portion(s) of any documents designated as confidential constitutes "trade secret" information.

     5.    <u>Limitation on Use</u>:  The Receiving Party shall use all Confidential Materials exclusively in connection with this case (including pre-trial investigation, trial preparation, trial, and appeal), and not for the economic benefit of any individual, entity, or party, or any commercial, business, or other purpose.  Nothing herein shall prevent defendants from using the Confidential Material or from referring to, quoting, or reciting from any information contained in such Confidential Material in connection with pleadings or motions filed in this case, provided that such materials be filed under seal and/or submitted to the Court for *in camera* inspection. The procedures for the use of Confidential Material at trial or pre- or post-trial hearings will be resolved at or before the time of the trial or hearing.

     6.    <u>Limitation on Disclosure</u>:

     a.    Confidential-1 and Confidential-2 Materials produced by the Government shall be disclosed only to defense counsel whose signatures appear below, the defendant, and any staff employed by defense counsel's law firm that defense counsel deems reasonably necessary to review the materials in connection with the preparation of the defense of this case.

     b.    Confidential-1 and Confidential-2 Materials produced by the defense shall be disclosed only to the Government attorneys whose signatures appear below, and such other Government attorneys, agents, and staff (including personnel from the United States Attorney's Office for the Northern District of California, the United States Department of Justice, and the Federal Bureau of Investigation) as the Government deems reasonably necessary to review the materials in connection with the prosecution of this case.

     c.    As part of pre-trial investigation or trial preparation, the Receiving Party may disclose Confidential-2 Materials to a potential witness who authored and/or had prior access to that information. The Receiving Party may disclose Confidential-2 Materials to retained experts, if the retained expert signs the attached Acknowledgment and agrees to be bound by the terms of this Protective Order.  In addition, by signing, the potential expert witness agrees to

1  maintain the single copy of Confidential Materials provided to him or her in accordance
2  Paragraph 8 of this Stipulated Protective Order, and agrees not to make any further copies of such
3  Confidential Materials.

4        d.    As part of pre-trial investigation or trial preparation, the parties may
5  disclose Confidential-1 Materials to a potential witness who authored and/or had prior access to
6  that information only if defense counsel and/or the Government deems it to be necessary for that
7  potential witness to review the materials in connection with the preparation of the defense and/or
8  the prosecution of the case. The potential witness may not retain the Confidential-1 Materials and
9  any review must be performed in the presence of counsel. Counsel must instruct the potential
10 witness that the disclosure/review is in connection with this case (including pre-trial investigation,
11 trial preparation, trial, and appeal), and not for the economic benefit of any individual, entity, or
12 party, or any commercial, business, or other purpose.

13     7.    <u>Procedure for Disclosure of Confidential-1 Materials to Retained Defense Experts</u>:
14 At such time as Walter Liew, Christina Liew, USA Performance Technology, Inc., and/or Robert
15 Maegerle retains an expert or experts to assist in the review of Confidential-1 Materials, each
16 such person shall execute the attached Acknowledgment and agree to be bound by its terms,
17 which then shall be submitted to the Court *ex parte* and *in camera*. In addition, by signing, the
18 potential expert witness agrees to maintain the single copy of Confidential Materials provided to
19 him or her in accordance Paragraph 8 of this Stipulated Protective Order, and agrees not to make
20 any further copies of such Confidential Materials. The defendants shall not be required to
21 provide said Acknowledgment(s), or the identity of the expert who signed one, to the United
22 States, unless so ordered by the Court. The United States retains the right to request that the
23 Court authorize such disclosure. Nothing in this paragraph relieves any defendant of the
24 discovery obligations contained in Fed. R. Crim. P. 16(b)(1)(C), nor does the United States waive
25 any rights thereunder by entering into this stipulation.

26     8.    <u>Maintaining Confidential Materials</u>:
27       a.    The Receiving Party shall maintain any Confidential Materials produced
28 pursuant to this Stipulated Protective Order in a manner reasonably intended to preserve and

maintain the confidentiality of the materials. Confidential Materials shall not be copied by the Receiving Party except as necessary in connection with the defense of the case and/or preparing and marking potential exhibits for trial.

   b. Under no circumstance shall Confidential-1 or Confidential-2 Materials or copies thereof be transported or sent outside of the United States without prior Court approval.

 9. <u>Disclosure to the Court</u>: Any court filings containing Confidential Materials or a description thereof shall be made under seal. In addition, the Confidential Materials or descriptions thereof shall be clearly identified in such sealed filing.

 10. <u>Return of Confidential Materials</u>: At the conclusion of these proceedings, the Receiving Party and any potential expert witnesses to whom Confidential Materials were disclosed shall return such materials and any and all copies thereof to the Producing Party. In addition, the Receiving Party shall take adequate steps to ensure that any and all electronic copies of Confidential Materials are deleted and permanently erased from any computer or computer system on which such materials were stored.

 11. <u>Violations</u>: Violations of this Stipulated Protective Order shall be punishable by contempt of court or any other legally available sanction that the Court deems appropriate. All parties to whom Confidential Materials are disclosed in accordance with this Stipulated Protective Order consent to this Court's jurisdiction for purposes of enforcing this Order.

 12. <u>Further Relief</u>: Nothing in this Stipulated Protective Order shall be construed as restricting either party from seeking such further relief as may be available under the Federal Rules of Criminal Procedure or other applicable law. Specifically, the parties contemplate the entry of an additional Order to govern the use of any Confidential Materials at trial.

I hereby acknowledge that I have reviewed and understand this Stipulated Protective Order, and agree to be bound by its terms:

Dated:               KEKER & VAN NEST

                By: _____
                STUART L. GASNER
                Attorneys for Defendants
                WALTER LIEW, USA PERFORMANCE TECHNOLOGY, INC.

| | | |
|---|---|---|
| Dated: | | KEKER & VAN NEST |
| | By: | _____ |
| | | STEVEN P. RAGLAND |
| | | Attorneys for Defendants |
| | | WALTER LIEW, USA PERFORMANCE TECHNOLOGY, INC. |
| Dated: | | KEKER & VAN NEST |
| | By: | _____ |
| | | SIMONA A. AGNOLUCCI |
| | | Attorneys for Defendants |
| | | WALTER LIEW, USA PERFORMANCE TECHNOLOGY, INC. |
| Dated: | | |
| | By: | _____ |
| | | DORON WEINBERG |
| | | Attorneys for Defendant |
| | | CHRISTINA LIEW |
| Dated: | | |
| | By: | _____ |
| | | JERRY FROELICH |
| | | Attorneys for Defendant |
| | | ROBERT MAEGERLE |
| Dated: | | ASSISTANT U.S. ATTORNEY |
| | By: | _____ |
| | | JOHN H. HEMANN |
| | | Attorneys for Plaintiff |
| | | UNITED STATES OF AMERICA |
| Dated: | | ASSISTANT U.S. ATTORNEY |
| | By: | _____ |
| | | PETER B. AXELROAD |
| | | Attorneys for Plaintiff |
| | | UNITED STATES OF AMERICA |
| Dated: | | |
| | By: | _____ |
| | | RICHARD SCOTT |
| | | Attorney, U.S. Department of Justice |

Dated:                                            By: _____
                                                       WALTER LIEW
                                                       Defendant

Dated:                                            By: _____
                                                       CHRISTINA LIEW
                                                       Defendant

Dated:                                            By: _____
                                                       ROBERT MAEGERLE
                                                       Defendant

**<u>ORDER</u>**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:                                            By: _____
                                                       NATHANAEL COUSINS
                                                       United States Magistrate Judge

# **APPENDIX A**

## **ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER**

I hereby acknowledge that I have received a copy of the Stipulated Protective Order issued in *United States v. Liew, et al.*, Case No. CR 12-0573-JSW (NC), and that I have read it, I understand it, and I agree to all of its terms. If English is not my primary language, the Stipulated Protective Order and this Acknowledgment have been translated for me. I further understand that by signing this Acknowledgment, I subject myself to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Stipulated Protective Order and punishing any violations thereof.

_____
Name (Printed)

_____
Signature

_____

_____
Address

_____
Name of Translator (if applicable)

_____
Signature of Translator