| | |
|---|---|
| KEKER & VAN NEST LLP<br>STUART L. GASNER - #164675<br>sgasner@kvn.com<br>STEVEN P. RAGLAND - #221076<br>sragland@kvn.com<br>SIMONA A. AGNOLUCCI - #246943<br>sagnolucci@kvn.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:   415 391 5400<br>Facsimile:    415 397 7188<br><br>Attorneys for Defendants WALTER LIAN-HEEN LIEW and USA PERFORMANCE TECHNOLOGY, INC. | LAW OFFICES OF DORON WEINBERG<br>DORON WEINBERG - #46131<br>doronweinberg@aol.com<br>523 Octavia Street<br>San Francisco, CA 94102<br>Telephone:   415 431 3472<br>Facsimile:    415 552 2703<br><br>Attorneys for Defendant<br>CHRISTINA HONG QIAO LIEW<br><br>MCKENNEY & FROELICH<br>JEROME J. FROELICH, JR. - *pro hac vice*<br>jerryfroelich@comcast.net<br>Two Midtown Plaza, Suite 1250<br>1349 West Peachtree Street, N.W.<br>Atlanta, Georgia 30309-2920<br>Telephone:   404 881 1111<br>Facsimile:    404 881 8040<br><br>Attorneys for Defendant<br>ROBERT MAEGERLE |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>WALTER LIAN-HEEN LIEW,<br>CHRISTINA HONG QIAO LIEW, USA<br>PERFORMANCE TECHNOLOGY, INC.,<br>and ROBERT MAEGERLE,<br><br>         Defendants. | Case No. CR 12-0573-JSW (NC)<br><br>**DECLARATION OF JOSHUA D. MAREMONT IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER**<br><br>Date:    June 20, 2012<br>Time:    11:00 a.m.<br>Judge:   Hon. Nathanael Cousins<br>Place:   Courtroom A – 15th Floor |

---

DECLARATION OF JOSHUA D. MAREMONT IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
Case No. CR 12-0573-JSW (NC)

667852.01

I, Joshua D. Maremont, declare and state that:

1. I am Practice Support Coordinator at Keker & Van Nest LLP (hereafter "KVN") and have worked in this capacity since 1998.

2. In my role as Practice Support Coordinator, I oversee and provide consultation on the collection and processing of electronically stored information and its conversion for use in document databases.

3. Except where expressly stated, I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

4. I am informed that the government intends to produce at least 13 Terabytes of discovery in this case. 13 Terabytes is the equivalent of approximately 120 shipping containers full of printed documents.

5. The only reasonable way for KVN to electronically house the approximately 13 Terabytes of discovery in this case is on servers connected to the Internet or a network.

6. KVN attorneys could only access this data without a network by purchasing a massive drive array and plugging it into a standalone workstation accessible to only one person sitting in front of it. Such an undertaking probably would cost tens of thousands of dollars.

7. The process described in paragraph 6 above would make document review extremely inefficient, because KVN attorneys would be unable to aggregate their searches and would need to use EnCase, which is not a review tool that KVN attorneys are trained to use.

8. Alternatively, KVN could custom-build a review workstation with other culling and review software, but the expense of building such a workstation, purchasing licenses for the software, and managing a large volume of data on a stand-alone machine would amount to thousands, if not tens of thousands, of dollars.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on May 25, 2012, at San Francisco, California.

*/s/ Joshua D. Maremont*
JOSHUA D. MAREMONT