IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 11-00573 JSW |
| v. | **NOTICE OF QUESTIONS FOR HEARING** |
| WALTER LIEW, et al., | |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 7, 2012, AT 2:00 P.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

1. Does the Government agree that it bears the burden of proof to show that service was proper?

2. The Court understands that the MLAA provides that "the Requested Party shall not be obligated to effect service of a document which requires a person to appear as the accused." MLAA, Art. 8, para. 1.

   a. Did the Government attempt to serve the Pangang Defendants under the Mutual Legal Assistance Agreement ("MLAA") with the People's Republic of China?

   b. Does the Government have any authority either that: (1) the term "not be obligated" has been construed to mean "precluded;" or (2) one or both parties to the MLAA take the position that they will not effect service when it would require a person to appear as the accused, such that any attempt to serve Defendants by way of the MLAA would be futile?

   c. Are there any other alternative means by which the Government could have attempted to effect service of process on the Pangang Defendants, *e.g.,* by letters rogatory?

3. Should the Court consider the fact that at least some of the Pangang Defendants are state owned entities when it resolves the motion? *See, e.g., Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1178 (9th Cir. 1980) (affirming dismissal of civil case for lack of personal jurisdiction and noting that "[t]he British government's 95 percent ownership of [defendant British Leyland, Ltd.] warrants particular caution in this case, as it provokes questions regarding the capacity of the United States courts to review the validity of foreign acts of state").

4. The Government does not clearly distinguish the chain of ownership that renders Pan America the agent or alter-ego of each of the Pangang Defendants. What is the Government's best argument that it has met its burden to clearly establish the chain necessary to establish the requisite agency or alter-ego relationships between these four defendants? *See, e.g., Hickory Travel Systems, Inc. v. TUI AG*, 213 F.R.D. 547, 553-555 (N.D. Cal. 2003) (granting motion to quash service of process in part because plaintiff failed to clearly establish chain of control). In answering this question, the Government shall be prepared to refer to specific citations in its brief and to specific exhibits in the record.

   a. Does the Government concede that PGSVTC is not a wholly-owned subsidiary of any of the other Pangang Defendants? (*See* Reply Br. at 10 n.8.)

5. a. Do Defendants dispute that Chun Zhang and Quizhi Wang entered the United States on L-1A visas?

   b. Do Defendants dispute the requirements to obtain an L-1A visa that are set forth in the Declaration of Aaron York? If so, what evidence have they put in the record to contradict the York declaration?

   c. According to Mr. York, to obtain an L-1A visa, the foreign parent company must show that "they have control over the U.S. subsidiary." (York Decl. ¶ 7.) Does any party have any authority that the control required would equate to the type of control required to establish, as a

2

    matter of law, that the subsidiary is the agent or alter-ego of the foreign parent?

 6. a. Is the Court correct in its understanding that the Pangang Defendants only seek to quash service of the Indictment, *i.e.* they have not moved to dismiss the Indictment for insufficient service of process?

   b. Have the parties considered whether they will seek to immediately appeal any decision on the motion? In that event, have all the parties discussed how this Court should proceed on the matter pending an appeal?

**IT IS SO ORDERED.**

Dated: June 4, 2012



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE