GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
JONATHAN A. ELDREDGE, Bar No. 238559
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975

MORRIS JAMES LLP
P. Clarkson Collins, Jr., *Pro Hac Vice Pending*
Jason C. Jowers, *Pro Hac Vice Pending*
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: pcollins@morrisjames.com
jjowers@morrisjames.com

Attorneys for E. I. du Pont de Nemours and Company

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WALTER LIAN-HEEN LIEW, CHRISTINA HONG QIAO LIEW, USA PERFORMANCE TECHNOLOGY, INC., and ROBERT MAEGERLE,<br><br>Defendants. | Case No. CR 11-0573-JSW (NC)<br><br>**DECLARATION OF CLEMENT L. GLYNN IN SUPPORT OF OF E. I. DUPONT DE NEMOURS AND COMPANY'S OPPOSITION TO DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER**<br><br>Date: June 20, 2012<br>Time: 11:00 a.m.<br>Place: Courtroom A – 15th Floor<br>Before: Hon. Nathanael Cousins |

I, Clement L. Glynn, say:

1. I am lead trial counsel for E.I. du Pont de Nemours & Company ("DuPont") in the matter captioned *E.I. du Pont de Nemours & Company v. USA Performance Technology, Inc., et al*, No. C11-01665, and I have personal knowledge of the following facts to which I could and would testify if called as a witness.

2. Attached hereto as Exhibit A is a true and correct copy of the protective order proposed by DuPont in this action.

3. On May 21, 2012, I participated in a meet-and-confer telephone call with counsel for defendants Walter Liew and USAPTI in an attempt to negotiate a protective order agreeable to both DuPont and defendants.

4. During the meet-and-confer telephone call I advised defense counsel that DuPont has no interest in reviewing documents unrelated to DuPont's proprietary process relating to the manufacture of $TiO_2$.

5. DuPont believes that making copies of its confidential material available to defendants, as opposed to defense counsel, is unnecessary and risks further compromising DuPont's trade secrets. The form of protective order we have proposed so provides. Were the defendants permitted to review such materials in connection with this prosecution, they should not be permitted to retain custody of such materials.

6. During our meet-and-confer telephone call, defense counsel said that he had previously represented the victim in a criminal action involving misappropriation of trade secrets and advised that the protective order proffered by defendants in this action was based on the protective order he had negotiated on behalf of the victim in that action. At my request, he sent me a copy of the protective order negotiated in the other action, *United States of America v. Lan Lee a/k/a/ Lan Li, and Yuefei Ge*, No. CR-06-00424-JW. The form of protective order adopted in that action, which is attached as Exhibit A to the Declaration of Steven P. Ragland In Support of Defendants' Joint Motion for Protective Order contains provisions protective of the victim that defendants have declined to include in the proposed order they have submitted to this Court. This is discussed in greater detail at pages 11-12 of our opposition brief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 6th day of June, 2012 in Walnut Creek, California.

Clement L. Glynn

```
 1  MELINDA HAAG (CABN 132612)
    United States Attorney
 2
    MIRANDA KANE (CABN 150630)
 3  Chief, Criminal Division

 4  JOHN H. HEMANN (CABN 165823)
    PETER B. AXELROD (CABN 190843)
 5  Assistant United States Attorneys

 6  450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
 7  Telephone: (415) 436-7200
    Fax: (415) 436-7234
 8  E-mail: john.hemann@usdoj.gov; peter.axelrod@usdoj.gov

 9  Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WALTER LIEW, CHRISTINA LIEW, USA PERFORMANCE TECHNOLOGY, INC., and ROBERT MAEGERLE,<br><br>Defendants. | **Case No.: CR 12-0573-JSW (NC)**<br><br>**STIPULATED PROTECTIVE ORDER** |

This matter having come before the Court upon the joint application of the parties, namely the United States and defendants Walter Liew, Christina Liew, USA Performance Technology, Inc., and Robert Maegerle, for a protective order to govern the production of discovery materials in this matter; and the parties having represented to the Court that both the Government and these three defendants expect to make certain materials available in Rule 16 discovery that may constitute trade secrets, as that term is defined in Title 18, United States Code, Section 1839(3), and/or confidential and proprietary business information; it appearing to the Court that all parties, through their respective counsel, have agreed to the form and entry of this Order; and for good cause shown:

1  IT IS, on this ___ day of _____, 2012, pursuant to Title 18, United States
2  Code, Section 1835, and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, hereby
3  ORDERED as follows:
4  1. Pursuant to Rule 16 of the Federal Rules of Criminal Procedure the government
5  and the defendants shall make discovery, including any alleged trade secrets and/or confidential
6  and proprietary business information, available for inspection and copying by opposing
7  counsel. Production of documents and information containing such trade secrets and business
8  information shall be governed by the provisions of this Order.
9  2. <u>Confidential Materials</u>: To the extent that either party believes in good faith that
10 any materials that the party produces in discovery may constitute trade secrets and/or
11 confidential and proprietary business information, the producing party shall designate the
12 material as such. Confidential materials shall be designated in one of two ways:
13 "Confidential-1 Material" and "Confidential-2 Material."
14 a. Confidential-1 Materials shall include materials belonging to or
15 obtained from a third party, including but not limited to E.I. du Pont de Nemours & Company
16 (DuPont), regardless of how the materials were obtained by the producing party, that contain,
17 are alleged to contain, or may contain trade secrets or confidential and proprietary business
18 information, or are directly derivative of documents containing, or alleged to contain,
19 trade secrets or confidential and proprietary business information.
20 b. Confidential-2 Materials shall include materials belonging to or
21 obtained from a party to this case that contain, are alleged to contain, or may contain trade
22 secrets or confidential and proprietary business information.
23 c. The party producing Confidential Materials shall be referred to herein
24 as the "Producing Party," and the party receiving such Confidential Materials shall be
25 referred to herein as the "Receiving Party."
26 d. Where the government is the Producing Party, DuPont shall be
27 permitted to review in advance any DuPont documents – or documents potentially derived
28 from DuPont documents – that the government intends to produce, however denominated.

3. <u>Manner of Designation</u>: In the case of written, tangible, or documentary discovery material, the Producing Party shall stamp each page of the document "Confidential- 1 - Subject to Protective Order" or "Confidential-2 - Subject to Protective Order" in a manner that is readily distinguishable from any pre-existing confidential designation. In the case of electronic discovery materials, including computer storage memory devices such as diskettes, hard drives, or other memory media, the Producing Party shall label the outside of the media with the appropriate designation. All information on any electronic storage media produced in discovery and labeled as "Confidential" shall be treated as Confidential Material in accordance with the terms of this Stipulated Protective Order. If the Receiving Party objects to the Producing Party's designation of particular information as Confidential Material, the Receiving Party shall notify the Disclosing Party in writing of its objection and the reasons therefore. If the parties are unable to resolve such a dispute, the Receiving Party may seek relief from the Court by way of motion. The Receiving Party shall continue to treat such information as Confidential Material pending resolution of its objection.

4. <u>Limitation on Use</u>: The Receiving Party shall use all Confidential Materials exclusively in connection with this case (including pre-trial investigation, trial preparation, trial, and appeal), and not for the economic benefit of any individual, entity, or party, or any commercial, business, or other purpose, including but not limited to the related civil action, Case No. 3:11-cv-01665-JSW.

5. <u>Limitation on Disclosure:</u>

    a. Confidential-1 and Confidential-2 Materials produced by the Government shall be disclosed only to defense counsel whose signatures appear below, and any staff employed by defense counsel's law firm that defense counsel deems reasonably necessary to review the materials in connection with the preparation of the defense of this case.

    b. Confidential-1 and Confidential-2 Materials produced by the defense shall be disclosed only to the Government attorneys whose signatures appear below, and such other Government attorneys, agents, and staff (including personnel from the United States Attorney's Office for the Northern District of California, the United States Department of

Justice, and the Federal Bureau of Investigation) as the Government deems reasonably necessary to review the materials in connection with the prosecution of this case.

    c.    Confidential-1 Materials may be disclosed to third parties, witnesses, and experts in connection with pre-trial investigation or trial preparation only as provided in Paragraphs 6 and 8, below.

    d.    As part of pre-trial investigation or trial preparation, the Receiving Party may disclose Confidential-2 Materials to a potential non-party witness who had lawful access to that information as part of his or her ordinary business responsibilities. The Receiving Party may disclose Confidential-2 Materials to retained experts, if the retained expert signs the attached Acknowledgment and agrees to be bound by the terms of this Protective Order.

6.    <u>Procedure for Disclosure</u>:

    a.    At least seven business days before disclosing Confidential-1 Material to any party other than the defendants' attorneys and attorney's staff whose signatures appear below, the Receiving Party shall notify the Producing Party and DuPont in writing of the identity of the person or persons to whom they intend to make disclosure. Within the seven-business-day period, the Producing Party or DuPont may object in writing to the disclosure for good cause shown. If the parties are unable to resolve any such objection, the Receiving Party may seek relief from the Court by way of motion. No Confidential-1 Materials may be disclosed until any and all objections to the disclosure are resolved. If no objection is received within the seven day period, the Receiving Party may make disclosure, provided that the individual to whom disclosure is made signs the attached Acknowledgment and agrees to be bound by the terms of this Protective Order prior to disclosure.

    b.    Under no circumstances shall the Receiving Party disclose Confidential Materials to a third party who works as a consultant, employee, officer, owner, director, or agent of a competitor of the owner of any Confidential-1 Materials, and the Parties agree that such a relationship shall constitute good cause for objection. If the Parties are unable to resolve any such objection, the Receiving Party may seek relief from the Court by way of motion. In determining whether a third party constitutes a competitor, the Government may

consult with the owner of Confidential-1 Material regarding the identity of any individual to whom the defense intends to disclose the material.

      c.    Nothing in this Stipulated Protective Order shall limit the Government's ability to disclose Confidential Materials to a third party that owns the technology embodied in the material.

7. <u>Maintaining Confidential Materials:</u>

      a.    The Receiving Party shall maintain any Confidential Materials produced pursuant to this Stipulated Protective Order in a manner reasonably intended to preserve and maintain the confidentiality of the materials. Specifically, Confidential Materials shall be maintained in a locked area along with a copy of this Stipulated Protective Order. Confidential Materials shall not be copied by the Receiving Party except as necessary in connection with preparing and marking potential exhibits for trial.

      b.    To the extent that Confidential-1 Materials must be downloaded to a computer for viewing, such computer shall not be connected to the Internet, to any computer network connected to the Internet, or to any computer network that would allow any person not authorized by this Protective Order to view Confidential Materials.

      c.    Under no circumstance shall Confidential-1 or Confidential-2 Materials or copies thereof be transported or sent outside of the United States without prior Court approval.

8. <u>Expert Witnesses:</u> Not withstanding any other provisions of this Stipulated Protective Order, a Receiving Party may disclose Confidential-1 Materials to a potential expert witness under the following circumstances:

      a.    At least ten business days before making such disclosure, the Receiving Party shall notify the Producing Party and DuPont in writing of the Receiving Party's intent to provide Confidential-1 Materials to a potential expert witness, and shall provide the Producing Party with a copy of the potential expert witness's resume or *curriculum vitae*. The Receiving Party may request an expedited response based upon case exigencies, but the ten business day period may be shortened only with the written consent of the Producing Party.

       b.    Within the relevant period, the Producing Party or DuPont may object in writing to the disclosure to the potential expert witness for good cause shown. The Receiving Party shall not retain an expert who works as a consultant, employee, officer, owner, director, or agent of a competitor of the owner of any Confidential-1 Material, and the Parties agree that such a relationship shall constitute good cause for objection. If the Parties are unable to resolve any such objection, the Receiving Party may seek relief from the Court by way of motion.

       c.    If no objection is received within the relevant period, the Receiving Party may provide a single copy of any Confidential-1 Materials to the potential expert witness.

       d.    Before providing any Confidential-1 or Confidential-2 Material to an expert witnesses, the Receiving Party shall have the potential expert witness review and sign a copy of this Stipulated Protective Order. By doing so, the potential expert witness acknowledges that they have reviewed, understand, and agree to be bound by the terms of this Stipulated Protective Order. In addition, by signing, the potential expert witness agrees to maintain the single copy of Confidential Materials provided to him or her in accordance Paragraph 7 of this Stipulated Protective Order, and agrees not to make any further copies of such Confidential Materials.

9.    <u>Unauthorized Disclosure of Confidential Material</u>: If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Materials, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    <u>Disclosure to the Court:</u> Any court filings containing Confidential Materials or a description thereof shall be made under seal. In addition, the Confidential Materials or

descriptions thereof shall be clearly identified in such sealed filing. All transcripts of proceedings at which confidential information is discussed, including trial transcripts, shall likewise be sealed and public access to such proceedings, including those portions of the trial at which Confidential Material is discussed, shall be restricted to individuals who have executed Exhibit A. Furthermore, to the extent Confidential Materials are used at trial, defendants agree to maintain the confidentiality of all such materials and not divulge their contents except as permitted by this Stipulated Protective Order. 11. <u>Inadvertent Production of Confidential Materials</u>: When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

12. <u>Return of Confidential Materials:</u> At the conclusion of these proceedings, the Receiving Party, any potential expert witnesses, and all third parties to whom Confidential Materials were disclosed shall return such materials and any and all copies thereof to the Producing Party. In addition, the Receiving Party shall take adequate steps to ensure that any and all electronic copies of Confidential Materials are deleted and permanently erased from any computer or computer system on which such materials were stored.

13. <u>Violations</u>: Violations of this Stipulated Protective Order shall be punishable by contempt of court or any other legally available sanction that the Court deems appropriate. All parties to whom Confidential Materials are disclosed in accordance with this Stipulated Protective Order consent to this Court's jurisdiction for purposes of enforcing this Order.

14. <u>Further Relief</u>: Nothing in this Stipulated Protective Order shall be construed as restricting either party from seeking such further relief as may be available under the Federal Rules of Criminal Procedure or other applicable law. Specifically, the parties contemplate the entry of an additional Order to govern the use of any Confidential Materials at trial.

I hereby acknowledge that I have reviewed and understand this Stipulated Protective Order, and agree to be bound by its terms:

| | |
|---|---|
| STUART GASNER<br>Counsel for Defendant Walter Liew<br>and USA Performance Technology | JOHN H. HEMANN<br>Assistant U.S. Attorney |
| STEVEN RAGLAND<br>Counsel for Defendant Walter Liew<br>and USA Performance Technology | PETER B. AXELROD<br>Assistant U.S. Attorney |
| DORON WEINBERG<br>Counsel for Defendant Christina Liew | RICHARD SCOTT<br>Assistant U.S. Attorney |
| JERRY FROELICH<br>Attorney for Defendant Robert Maegerle | |

**ORDER**

Pursuant to Stipulation, IT IS SO ORDERED.

NATHANAEL COUSINS
United States Magistrate Judge

**APPENDIX A**

**ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER**

I hereby acknowledge that I have received a copy of the Stipulated Protective Order issued in <u>United States v. Liew, et al</u>, Case No. CR 12-0573-JSW (NC), and that I have read it, I understand it, and I agree to all of its terms. If English is not my primary language, the Stipulated Protective Order and this Acknowledgment have been translated for me. I further understand that by signing this Acknowledgment, I subject myself to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the tem1s of the Stipulated Protective Order and punishing any violations thereof.

_____
Name (Printed)

_____
Signature

_____

_____
Address

_____
Name of Translator (if applicable)

_____
Signature of Translator