KEKER & VAN NEST LLP
STUART L. GASNER - #164675
sgasner@kvn.com
STEVEN P. RAGLAND - #221076
sragland@kvn.com
SIMONA A. AGNOLUCCI - #246943
sagnolucci@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant WALTER LIEW and
USA PERFORMANCE TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> v.<br><br>WALTER LIEW, CHRISTINA LIEW, USA PERFORMANCE TECHNOLOGY, INC., and ROBERT MAEGERLE,<br><br>   Defendants. | Case No. CR 11-00573-JSW (NC)<br><br>**DEFENDANTS' STATUS REPORT RE: DISCOVERY**<br><br>Hearing Date: June 20, 2012<br>Hearing Time: 11:00 a.m.<br>Judge: The Honorable Nathanael Cousins<br>Location: Courtroom A, 15th Floor |

Defendants Walter Liew, USA Performance Technology, Inc. (USAPTI), Christina Liew, and Robert J. Maegerle (collectively "Defendants") hereby file this discovery status report. Defendants hoped to submit this as a joint report with the Government, but the Government chose instead to file its own separate report. Defendants provided the Government with their positions below this morning so that the Government could address them in its portion of any report to be filed if it wished, and asked the Government to do the same. As of the time of this filing, however, the Government has not advised Defendants of what, if any, issues it wishes to raise with the Court at the conference or what it plans to include in its separate pre-conference report. Defendants, therefore, reserve the right to submit a brief supplemental report if necessary after they have received the Government's submission.

**I.       Background**

Since the parties' initial discovery status conference before Magistrate Judge Nathanael Cousins on April 18, 2012, the parties met and conferred in person (counsel for Mr. Maegerle participated telephonically) on May 1, 2012, and addressed many of the issues raised by the Recommendations for ESI Discovery Production, as directed by the Court. At the May 1, 2012, meeting, counsel for the Government and Defendants were assisted by personnel with relevant ESI technical expertise. On May 14, 2012, at the Government's request, Defendants delivered 15 computer hard drives to the Government for it to use to produce an initial tranche of ESI. The parties appeared before this Court on May 16, 2012 for a further discovery conference. On May 24, 2012, the Government provided Defendants with one cd-rom of material that had been previously produced in November 2011 and one cd-rom containing 10 documents produced for the first time. There have been no further productions to date.

**II.      Defendants' Present Discovery Concerns**

Nearly a year ago, on July 19, 2011, government agents conducted a number of searches in relation to this case, including at the homes of Walter Liew, Christina Liew, and Robert Maegerle. This case was initiated some time later, with a criminal complaint dated July 27, 2011. Walter Liew and Christina Liew were also arrested and detained. Christina Liew has been released on bail, but Walter Liew remains incarcerated.

Since July 2011, the Government has secured an indictment against the Liews, a superseding indictment that added eight defendants and ten charges, and litigated numerous motions. It reports that it is working on another superseding indictment. Despite all that time, activity, and effort, the Government has provided only a sliver of the discovery that exists in this case and has not even delivered the modicum of material it pledged to get to the defense in short order during the parties' discovery meet and confer on May 1, 2012.

The Government continues to withhold basic disclosures that have nothing to do with DuPont's alleged confidential material and no bearing on the protective order dispute currently before this Court. The Defendants have not even received full discovery of material that was seized from own their own residences. The Government has given no reason why it has not yet provided core discovery information, such as documents seized from the July 2011 searches of the Defendants' homes. These documents include, for example financial and tax records, emails, cell phone data, and pictures. Maegerle, for example, has specifically and repeatedly asked the Government to provide him with documents seized from his residence since this case began.

At the May 1, 2012 meet and confer, the Government promised to promptly produce the following material: (1) all readily-available paper documents; (2) all documents containing purported statements of Walter Liew, Christina Liew, or Robert Maegerle; (3) an initial tranche of ESI from 55 devices[1]; and (4) an overall proposed discovery production schedule. It has not fulfilled that promise. No schedule has been given and only a smattering of discovery—10 documents in total—has been disclosed since May 1.

At the May 1 meet and confer, Defendants also asked the Government to provide the computer filenames for documents containing the alleged trade secrets that exist in electronic form, so they can search electronic productions—which will contain terabytes of data—to locate the documents that are at the heart of the Government's allegations. Defendants have followed up multiple times on this request, but the Government still will not say whether or when it will make that simple disclosure.

---

[1] To be provided on the electronic media that Defendants provided to the government weeks ago, at their own expense of approximately $1,500.00.

The Government may be in no hurry to comply with its discovery obligations or move this case forward, but Defendants are eager to confront the evidence against them and prove their innocence. Without meaningful and complete discovery, however, they cannot do so. Especially given that Mr. Liew remains in custody, time is of the essence. Defendants ask the Court to order the Government to disclose *all* of the material that it previously promised to produce (as detailed above), to produce all documents seized from the Defendants' homes in July 2011, and to disclose the filenames of the alleged trade secret material that exists in electronic form by June 27, 2012—within one week of the June 20, 2012 conference. Defendants further ask the Court to order the Government to provide a schedule by or before June 27, 2012 for the full and complete production of discoverable material currently within its possession, custody, or control.

Dated:  June 13, 2012                                  KEKER & VAN NEST LLP

                                                 By:   */s/ Steven P. Ragland*
                                                       STEVEN P. RAGLAND

                                                       Attorneys for Defendant
                                                       WALTER LIEW and
                                                       USA PERFORMANCE TECHNOLOGY, INC.

Dated:  June 13, 2012                                  LAW OFFICES OF DORAN WEINBERG

                                                 By:   */s/ Doron Weinberg*
                                                       DORON WEINBERG

                                                       Attorneys for Defendant
                                                       CHRISTINA LIEW

Dated:  June 13, 2012                                  MCKENNEY & FROELICH

                                                 By:   */s/ Jerome J. Froelich, Jr.*
                                                       JEROME J. FROELICH, JR.

                                                       Attorneys for Defendant
                                                       ROBERT MAEGARLE