UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>    v.<br><br>WALTER LIEW, CHRISTINA LIEW,<br>USA PERFORMANCE TECHNOLOGY,<br>INC., and ROBERT MAEGERLE,<br><br>        Defendants. | Case No. 11-cr-00573 JSW (NC)<br><br>**PROTECTIVE ORDER** |

    Defendants Walter Liew, Christina Liew, USA Performance Technology, and Robert Maegerle move for a protective order to govern the production of discovery materials in this matter. Dkt. No. 148. The United States and crime victim DuPont propose alternative protective orders. *See* Dkt. Nos. 157, 158. The court held a hearing on the competing motions on June 20, 2012, during which the parties represented to the court that during the course of discovery in this case the United States and defendants may be required to produce documentation and items containing "trade secret" information as defined in 18 U.S.C. § 1839(c). Based on the papers and the arguments made by the parties during the hearing, the court enters the following protective order under 18 U.S.C. § 1835 and Federal Rule of Criminal Procedure 16(d)(1):

//

1. In accordance with Federal Rule of Criminal Procedure 16, the government and defendants shall make discovery, including any alleged trade secrets or confidential and proprietary business information, available for inspection and copying by opposing counsel. Production of documents and information containing such trade secrets and business information shall be governed by the provisions of this order.

2. Confidential Materials. To the extent that any party believes in good faith that any materials that the party produces in discovery may constitute trade secrets or confidential and proprietary business information, the producing party shall designate the material as such. Confidential materials shall be designated in one of two ways: "Confidential-1 Materials" and "Confidential-2 Materials."

    a. Confidential-1 Materials shall include materials belonging to or obtained from E.I. du Pont de Nemours & Company (DuPont), regardless of how the materials were obtained by the producing party, that contain, are alleged to contain, or may contain trade secrets or confidential and proprietary business information.

    b. Confidential-2 Materials shall include materials that contain, are alleged to contain, or may contain trade secrets, confidential and proprietary business information, or other sensitive information.

    c. The party producing Confidential Materials shall be referred to herein as the "Producing Party," and the party receiving such Confidential Materials shall be referred to herein as the "Receiving Party."

3. Manner of Designation. In the case of written, tangible, or documentary discovery materials, the Producing Party shall stamp each page of the document "Confidential-1 – Subject to Protective Order" or "Confidential-2 - Subject to Protective Order" in a manner that is readily distinguishable from any pre-existing confidential designation. In the case of electronic discovery materials, including computer storage memory devices such as diskettes, hard drives, or other memory media, the Producing Party shall label the outside of the media with the appropriate designation. All information on any electronic storage media produced in discovery and labeled as "Confidential" shall be treated as Confidential Material in accordance with the terms of this

1  protective order. If the Receiving Party objects to the Producing Party's designation of particular
2  information as Confidential Material, the Receiving Party shall notify the Disclosing Party in
3  writing of its objection. If the parties are unable to resolve such a dispute, the Receiving Party
4  may seek relief from the court by way of motion. The Receiving Party shall continue to treat
5  such information as Confidential Material pending resolution of the objection. All "Confidential-
6  1 – Subject to Protective Order" and "Confidential-2 - Subject to Protective Order" markings are
7  for pre-trial use only and all such markings will be removed from any documents used in trial or
8  shown to jurors in this matter.

9        4.      Effect of Designation or Failure to Designate; Change of Designation. Since this
10 protective order is primarily intended to facilitate production of discovery materials and pretrial
11 discussions, negotiations, analysis, and preparation, defendants and their counsel may choose not
12 to formally challenge the designation of certain materials as confidential at the pre-trial stage.
13 Such a failure to challenge the confidential designation does not constitute a waiver by any
14 defendant of the right to challenge that confidential designation at a later time nor does it
15 constitute a waiver by any defendant of the right to contest that all or any portion(s) of any
16 documents designated as confidential constitutes "trade secret" information. Further, the
17 Producing Party reserves the right to change the designation after production by notifying the
18 Receiving Party in writing of the change. The Producing Party may re-designate when it believes
19 that materials are directly derivative of documents containing, or alleged to contain, trade secrets
20 or confidential and proprietary business information. Any re-designated materials must be treated
21 in accordance with the terms of this protective order.

22       5.      Limitations on Use. The Receiving Party shall use all Confidential Materials
23 exclusively in connection with this case (including pre-trial investigation, trial preparation, trial,
24 and appeal), and not for the economic benefit of any individual, entity, or party, or any
25 commercial, business, or other purpose, including but not limited to, the related civil action, Case
26 No. 3:11-cv-01665-JSW. Nothing herein shall prevent defendants from using the Confidential
27 Materials or from referring to, quoting, or reciting from any information contained in such
28 Confidential Materials in connection with pleadings or motions filed in this case, provided that

Case No. 11-cr-00573 JSW (NC)
PROTECTIVE ORDER       3

such materials be filed under seal or submitted to the court for *in camera* inspection. The procedures for the use of Confidential Materials at trial or pre- or post-trial hearings will be resolved at or before the time of trial or hearing.

6. Limitations on Disclosure.

    a. Confidential-1 and Confidential-2 Materials produced by the government shall be disclosed only to defense counsel, defendants, and any staff employed by defense counsels' law firms that defense counsel deems reasonably necessary to review the materials in connection with the preparation of the defense of this case. Defendants may review Confidential-1 Materials only in the presence of defense counsel or a member of defense counsel's staff and are not allowed to retain any Confidential-1 Materials. Defendants may retain Confidential-2 Materials consistent with the terms of this protective order.

    b. Confidential-1 and Confidential-2 Materials produced by the defense shall be disclosed only to government attorneys, agents, and staff (including personnel from the United States Attorney's Office for the Northern District of California, the United States Department of Justice, and the Federal Bureau of Investigation) as the government deems reasonably necessary to review the materials in connection with the prosecution of this case.

    c. Confidential-1 Materials may be disclosed to third parties, witnesses, and experts, including but not limited to DuPont, in connection with pre-trial investigation or trial preparation only as provided in paragraphs 7 and 9 of this order.

    d. As part of pre-trial investigation or trial preparation, the Receiving Party may disclose Confidential-2 Materials to a potential witness who authored or had prior access to that information. The potential witness may not retain any Confidential-2 Materials. The Receiving Party may disclose Confidential-2 Materials to retained experts, if the retained expert signs the attached Acknowledgment and agrees to be bound by the terms of this protective order.

7. Procedure for Disclosure. At least seven business days before disclosing Confidential-1 Materials to any party other than the defendants and their attorneys and staff, or to the government's attorneys and staff, the party seeking disclosure shall notify the other parties in writing of the identity of the person or persons to whom it intends to make the disclosure. Within

1  the seven business day period, any party may object in writing to the proposed disclosure if good
2  cause exists for the objection. If the parties are unable to resolve any such objection, the party
3  seeking disclosure may seek relief from the court by way of motion. No Confidential-1 Materials
4  may be disclosed until any and all objections to the disclosure are resolved by the court.

5        8.      Maintaining Confidential Materials.

6            a.      The Receiving Party shall maintain any Confidential Materials produced
7  pursuant to this protective order in a manner reasonably intended to preserve and maintain the
8  confidentiality of the materials. Specifically, Confidential Materials shall be maintained in a
9  secure area along with a copy of this protective order. Confidential Materials shall not be copied
10 by the Receiving Party except as necessary in connection with preparing and marking potential
11 exhibits for trial.

12           b.      To the extent that Confidential-1 Materials must be downloaded to a
13 computer for viewing, such computer shall not be connected to the Internet, to any computer
14 network connected to the Internet, or to any computer network that would allow any person not
15 authorized by this protective order to view Confidential Materials.

16           c.      Under no circumstance shall Confidential-1 or Confidential-2 Materials or
17 copies thereof be transported or sent outside of the United States without prior court approval.

18           d.      Notwithstanding efforts taken by the Producing Party to redact personal
19 identifying information (such as date of birth, social security numbers, addresses, phone numbers,
20 etc.) or other sensitive information (e.g., bank account numbers), should any such information be
21 found during the Receiving Party's review of Confidential Materials, that party shall not provide
22 that information in any form to any third party.

23       9.      Expert Witnesses. When a party retains an expert or experts to assist in reviewing
24 the Confidential Materials and preparing for trial, the expert shall execute an Acknowledgment,
25 signed under oath, stating that the affiant agrees to abide by the terms of this order, and that he or
26 she is not: (1) a former or current employee, consultant, officer, proprietor, director, or agent of
27 the owner of the Confidential Materials in question, or (2) a former or current employee,
28 consultant, officer, proprietor, director, or agent to a competitor of the owner of the Confidential

Case No. 11-cr-00573 JSW (NC)
PROTECTIVE ORDER      5

Materials in question. The Acknowledgement shall be submitted to the court *in camera* and filed under seal. The opposing parties will not be provided with a copy of the Acknowledgement signed by the expert(s), and the identity of the expert(s) shall not be disclosed to the opposing parties except to the extent that such disclosure is required by the Federal Rules of Criminal Procedure, the local rules of this district, or court order. However, should any party wish to retain an expert who is: (1) a former or current employee, consultant, officer, proprietor, director, or agent of the owner of the Confidential Materials in question, or (2) a former or current employee, consultant, officer, proprietor, director, or agent to a competitor of the owner of the Confidential Materials in question, the party seeking to retain the expert shall make an *ex parte in camera* submission to the court, setting forth the name of the proposed expert; the relationship of that expert to the owner of the Confidential Material in question or to its competitors; and any other information that party would like the court to consider. After reviewing these materials, the court will determine whether: (1) the party is permitted to retain the proposed expert and disclose Confidential Materials to the expert once the expert has executed an Acknowledgment and that Acknowledgment has been filed under seal with the court; or (2) the court requires the input of an opposing party or a third party before it can determine whether to permit disclosure of Confidential Materials to the proposed expert. In the latter case, the court shall notify the party seeking to retain the expert that it has the option of either withdrawing the expert's name from consideration or notifying the opposing parties or third parties of the identity of the proposed expert. In no event shall the court disclose to any opposing party or third party the identity of the proposed expert, or the contents of the proposing party's *ex parte* submission, until the party seeking to retain the expert has had an opportunity to withdraw the expert's name from consideration. Nothing in this paragraph shall prevent the court from making further orders concerning proposed experts, as it deems appropriate.

10. Unauthorized Disclosure of Confidential Material. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Materials to any person or in any circumstance not authorized under this protective order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to

retrieve all unauthorized copies of the Confidential Materials, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached to this order as Exhibit A.

11. Disclosure to the Court. Any court filings containing Confidential Materials or a description thereof shall be made under seal. In addition, the Confidential Materials or descriptions thereof shall be clearly identified in such sealed filing. The portions of any transcripts of proceedings in which specific trade secret or other confidential information is discussed shall be sealed and access to those transcripts shall be restricted to those individuals who have executed the "Acknowledgment of Protective Order" (Exhibit A).

12. Return of Confidential Materials. At the conclusion of these proceedings, the Receiving Party and any potential expert witnesses to whom Confidential Materials were disclosed shall return such materials and any and all copies thereof to the Producing Party. In addition, the Receiving Party shall take adequate steps to ensure that any and all electronic copies of Confidential Materials are deleted and permanently erased from any computer or computer system on which such materials were stored.

13. Violations. Violations of this protective order shall be punishable by contempt of court or any other legally available sanction that the court deems appropriate. All parties to whom Confidential Materials are disclosed in accordance with this protective order consent to this court's jurisdiction for purposes of enforcing this order.

14. Further Relief. Nothing in this protective order shall be construed as restricting any party from seeking such further relief as may be available under the Federal Rules of Criminal Procedure or other applicable law. Specifically, the parties contemplate the entry of an additional order to govern the use of any Confidential Materials at trial.

IT IS SO ORDERED.

Date: June 21, 2012

Nathanael M. Cousins
United States Magistrate Judge

Case No. 11-cr-00573 JSW (NC)
PROTECTIVE ORDER      7

## EXHIBIT A

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I hereby acknowledge that I have received a copy of the Protective Order issued in *United States v. Liew*, Case No. 11-cr-00573 JSW (NC), and that I have read it, I understand it, and I agree to all of its terms. If English is not my primary language, the Protective Order and this Acknowledgment have been translated for me. I further understand that by signing this Acknowledgment, I subject myself to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Protective Order and punishing any violations thereof.

_____
Name (Printed)

_____
Signature

_____
Address

_____
Address (cont'd)

_____
Name of Translator (if applicable)

_____
Signature of Translator

Case No. 11-cr-00573 JSW (NC)
PROTECTIVE ORDER                 8