MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

JOHN H. HEMANN (CABN 165823)
PETER B. AXELROD (CABN 190843)
Assistant United States Attorneys

   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7200
   Fax: (415) 436-7234
   E-Mail: john.hemann@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WALTER LIEW, et al., ) <br> ) <br> Defendant. ) <br> ) | No. CR-11-0573 JSW <br><br> **JOINT STATUS STATEMENT AND STIPULATION AND [PROPOSED] ORDER EXCLUDING TIME FROM AUGUST 23, 2012 TO OCTOBER 11, 2012** <br><br> Date: August 23, 2012 <br> Time: 2:30 pm |

The parties hereby submit this joint status statement. As set forth, below, the parties agree that the status conference scheduled for August 23, 2012, should be continued to October 11, 2012, at 2:30 pm.

1. <u>Status of Discovery</u>

The United States is in the process of completing production of discovery to counsel for defendants Walter Liew, Christina Liew, Robert Maegerle, and USAPTI. Defendants are reviewing the discovery that has been produced and have advised the government of a number of issues and questions. The parties will meet and confer

regarding these issues and questions, and are scheduled to appear before Magistrate Judge Cousins on September 5, 2012, to address the status of discovery and attempt to resolve any pending discovery disputes.

2.  Speedy Trial

The Court has previously determined the case to be complex pursuant to 18 U.S.C. 3161(h)(7)(B)(ii) and excluded time under the Speedy Trial Act. Due to the volume of discovery and complexity of the issues, the parties agree that the Court should continue to exclude time under section 3161(h)(7)(B)(ii), as well as for the reasonable preparation of counsel pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv). The United States believes that time is also properly excluded under 18 U.S.C. § 3161(h)(6) because the time for trial has not run as to the Pangang Group defendants and they have neither been severed nor dismissed from the case.

The attorneys for the defendants verify, by their agreement to this Status Conference Statement, that they have advised their clients of their rights under the Speedy Trial Act and each of their clients has expressly agreed that time should be excluded as set forth above. The Court has previously excluded time until August 23, 2012. The parties stipulate and agree that for the reasons stated above time should be excluded from August 23, 2012, until October 11, 2012.

3.  Service of Pangang Defendants

The United States is exploring alternative methods of effectuating service on the four Pangang Group entities named as defendants in the Superseding Indictment, including by service under the Mutual Legal Assistance Agreement (MLAA) between the United States and the People's Republic of China.

The government suggests that the Court schedule a further status conference for October 11, 2012, prior to which the United States will advise the Court whether it has effectuated service and the means of such service. The United States intends to exhaust all potential avenues of service on the Pangang Group defendants prior to the next appearance before the Court.

JOINT STATUS STATEMENT
Case No. CR-11-0573 JSW

4. <u>Continuance and Next Appearance Before the Court</u>

The parties agree that the Court should continue the status conference to October 11, 2012, at 2:30 pm and that a joint status statement should be filed on or before October 4, 2012.

The parties are productively working through the discovery and related issues, with the assistance as needed of Magistrate Judge Cousins, and will require additional time before setting dates for motions and trials. The United States also requires additional time to attempt alternative means of effectuating service on the Pangang Group defendants. Accordingly, continuing the status conference would conserve both client and judicial resources.

Respectfully Submitted,

DATED: 8/16/2012     MELINDA HAAG
United States Attorney

/S/
_____
PETER B. AXELROD
JOHN H. HEMANN
Assistant United States Attorneys

DATED: 8/16/2012

/S/
_____
STUART GASNER
STEVEN RAGLAND
Counsel for Walter Liew and USAPTI

/S/
DATED: 8/16/2012     _____
DORON WEINBERG
Counsel for Christina Liew

/S/
DATED: 8/16/2012     _____
JEROME FROELICH
Counsel for Robert Maegerle

JOINT STATUS STATEMENT
Case No. CR-11-0573 JSW

| | |
|---|---|
| 1 | **[PROPOSED] ORDER** |

2    Based upon the parties' stipulation, the record in this case, and for good cause
3  shown, the Court continues the status conference currently scheduled for August 23, 2012
4  to October 11, 2012 at 2:30 p.m.  The Court finds that, under 18 U.S.C. §
5  3161(h)(7)(B)(ii), the case is so complex that it is unreasonable to expect adequate
6  preparation for pretrial proceedings and for trial within the time limits set forth in 18
7  U.S.C. § 3161.  The Court further finds that this exclusion of time will allow for the
8  reasonable preparation of counsel pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv) and that the
9  ends of justice served by excluding the time between August 23, 2012, and October 11,
10 2012, from computation under the Speedy Trial Act outweigh the best interests of the
11 public and the defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).   Finally, time is
12 properly excluded as to the Pangang Group defendants pursuant to 18 U.S.C. §
13 3161(h)(6), because the time for trial has not run and they have neither been severed nor
14 dismissed from the case.

15    Therefore, IT IS HEREBY ORDERED that the time between August 23, 2012 and
16 October 11, 2012 shall be excluded from computation under the Speedy Trial Act. 18
17 U.S.C. §§ 3161(h)(6), (h)(7)(A), (h)(B)(ii) and (h)(B)(iv).

DATED: August 20, 2012

_____
JEFFREY S. WHITE
United States District Judge

Although USAPTI appeared at the last status conference, it has never formally been placed on this Court's calendar for an initial appearance following its arraignment.  The Court shall construe its appearance at the status conference on June 8, 2012, as its initial appearance before this Court.