KEKER & VAN NEST LLP
STUART L. GASNER - #164675
sgasner@kvn.com
SIMONA A. AGNOLUCCI - #246943
sagnolucci@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:  415 397 7188

Attorneys for Defendants WALTER LIEW and
USA PERFORMANCE TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WALTER LIEW, CHRISTINA LIEW, USA PERFORMANCE TECHNOLOGY, INC., and ROBERT MAEGERLE,<br><br>　　　　　Defendants. | Case No. CR 11-0573-JSW (NC)<br><br>**DECLARATION OF SIMONA A. AGNOLUCCI IN SUPPORT OF RENEWED MOTION FOR AN ORDER REVOKING THE DETENTION ORDER AND GRANTING PRETRIAL RELEASE OF WALTER LIEW**<br><br>Date:　　　December 21, 2012<br>Time:　　　11:00 a.m.<br>Place:　　　Courtroom A, 15th Floor<br>Dept.:　　　Hon. Magistrate Judge<br>　　　　　　Nathanael Cousins |

---

DECLARATION OF SIMONA A. AGNOLUCCI IN SUPPORT OF RENEWED MOTION FOR AN
ORDER REVOKING THE DETENTION ORDER AND GRANTING PRETRIAL RELEASE
Case No. CR 11-0573-JSW (NC)

716896.01

I, Simona A. Agnolucci, declare and state that:

1. I am an attorney licensed to practice law in the State of California and am an associate with the law firm of Keker & Van Nest LLP, located at 633 Battery Street, San Francisco, California 94111, counsel for defendants Walter Liew and USA Performance Technology, Inc. in the above-captioned action. I am duly admitted to practice law before this Court. Except where expressly stated, I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

2. The purpose of this declaration is to set forth facts responding to the Government's contention in its Opposition to Mr. Liew's motion for release that the delays in bringing this case to trial are attributable to Mr. Liew.

3. This case began seventeen months ago, when Mr. Liew's home was searched by the Government on July 19, 2011. Dkt. No. 1 at ¶21. 8 days later, on July 27, 2011, Mr. Liew was arrested. Dkt. No. 10. He has been incarcerated ever since.

4. The original Indictment of Walter and Christina Liew was returned on August 23, 2011. Dkt. No. 17. The Superseding Indictment was returned on February 7, 2012. Dkt. No. 64.

5. Keker & Van Nest entered its appearance in this case on April 11, 2012.

6. On May 1, 2012, Doron Weinberg, Stuart Gasner, Steven Ragland, Jerry Froelich (by telephone) and I met with Assistant U.S. Attorneys John Hemann and Pete Axelrod as well as several members of the prosecution team to discuss discovery. At that meeting, Messrs. Hemann and Axelrod stated that they planned to identify the "key" or most significant documents among the many terabytes of discovery that would be produced. They also stated that they planned to seek the return of a superseding indictment alleging financial crimes "sometime this year." At that meeting, my colleague Stuart Gasner expressed his displeasure that the Government was moving this case forward at a slow pace while our client Mr. Liew remained incarcerated.

7. At the May 1 meeting, Hemann and Axelrod further stated that they would provide the defense with a schedule for production of the first three major categories of documents the Government had agreed to produce—that is, hard copy document seized in the July 19 searches, electronic materials from roughly 55 devices seized, and emails provided by Yahoo!, Google and

1
DECLARATION OF SIMONA A. AGNOLUCCI IN SUPPORT OF RENEWED MOTION FOR AN
ORDER REVOKING THE DETENTION ORDER AND GRANTING PRETRIAL RELEASE
Case No. CR 11-0573-JSW (NC)

716896.01

1  MSN in response to search warrants.  Shortly after May 1, my colleagues and I asked Mr.
2  Hemann and Axelrod to provide us with that schedule.  Mr. Axelrod replied, in the email attached
3  hereto as **Exhibit A**, that he did not see the need to set dates for document production, but would
4  be producing the documents as quickly as possible on a rolling basis, once a letter agreement with
5  confidentiality terms was reached.  On May 14, 2012, the Government sent a letter (**Exhibit B**)
6  outlining the various categories of documents that it intended to produce, with no schedule for
7  production.

8.  On May 24, 2012, the Government forwarded (**Exhibit C**) a small collection of discovery that had previously been provided on November 21, 2011 to predecessor counsel, as well as roughly 230 pages of reports, search warrants, and other materials.

9.  On May 25, 2012 the defense filed a motion for a protective order.  The Government has argued that the defense's failure to agree to protective orders urged by the Government and DuPont was a cause of delay in readying this case for trial.  In fact, the adjudication of this issue took less than four weeks.  The Government and DuPont filed oppositions on June 6.  Dkt. Nos. 148, 155, 158.  On June 20, 2012, the Court held a hearing on the parties' motions and Court issued its decision on June 21, 2012.  Dkt. No. 168.

10.  On June 25, 2012, the Government produced an index of the electronic discovery that it intended to produce (**Exhibit D**).  On June 28, 2012, the defense wrote a letter (**Exhibit E**) inquiring, among other things, about when actual electronic documents (not indices) and the long-promised collection of "key documents" would arrive.  On July 3, 2012, coincident with the filing of a joint status report before a July 10, 2012 status conference with this Court, the Government forwarded the first major tranche of discovery related to the trade secret charges (**Exhibits F, G, H**).  Another installment followed on July 10, 2012 (**Exhibit I**).  This major production included a vast number of documents seized from Mr. Liew's home, office and safety deposit box, e-mail messages subpoenaed from various ISPs, items seized from co-defendant Bob Maegerle, and C-1 materials under the protective order.  At the July 10 status conference, Mr. Hemann stated that the parties would work out various discovery issues in the next few days, and that he promised to answer a long list of questions posed by defendants about discovery.  Immediately following the

2

DECLARATION OF SIMONA A. AGNOLUCCI IN SUPPORT OF RENEWED MOTION FOR AN ORDER REVOKING THE DETENTION ORDER AND GRANTING PRETRIAL RELEASE
Case No. CR 11-0573-JSW (NC)

716896.01

July 10 status conference, my colleague Stuart Gasner and I conferred with Mr. Hemann in the courtroom.  Among the items we requested were documents seized from co-defendant Tze Chao and many other materials.  During that July 10 meeting, Mr. Hemann stated that, within approximately one month, he would identify a few hundred of the "key documents" discussed in our May 1 meeting.

11.   On August 6, 2012, the Government produced additional documents seized from co-defendant Bob Maegerle and documents seized from the Pangang defendants.  A letter transmitting those documents is attached hereto as **Exhibit J.**

12.   On August 10, 2012, my colleague Stuart Gasner sent a comprehensive discovery letter to Messrs. Hemann and Axelrod that identified the key outstanding issues under discussion since May.   That letter is attached hereto as **Exhibit K**.  Among the issues raised in that letter were (1) production of the key documents promised on May 1; (2) production of replacement copies of corrupt files and illegible C-1 documents; and (3) production of documents seized and/or obtained from informant John Liu and co-defendant Tze Chao.  Mr. Hemann responded in a dismissive email attached as **Exhibit L**.  Mr. Gasner replied by trying to steer the dialogue in a more constructive direction with the email attached hereto as **Exhibit M**.

13.   On August 28, 2012, Mr. Gasner and I met and conferred telephonically with Messrs. Hemann and Axelrod regarding discovery.  Hemann and Axelrod stated that their intention was to complete Rule 16 discovery by mid-October.  They stated that they intended to identify a collection of key documents in the second half of October or first half of November.  They also stated that they planned to seek the return of the superseding indictment in October or November and that they intended to produce documents relating to the superseding indictment by mid-October.

14.   During the August 28 telephone call, Messrs. Hemann and Axelrod stated that they "easily" could provide defendants with documents seized or obtained from John Liu, but that they needed time to determine which documents seized from co-defendant Tze Chao they would produce.  They said they hoped to be in a position to produce the Tze Chao documents by mid-October.  Finally, Messrs. Hemann and Axelrod promised to produce replacements copies of

3

DECLARATION OF SIMONA A. AGNOLUCCI IN SUPPORT OF RENEWED MOTION FOR AN ORDER REVOKING THE DETENTION ORDER AND GRANTING PRETRIAL RELEASE
Case No. CR 11-0573-JSW (NC)

716896.01

corrupt files and illegible C-1 materials very promptly.  At the end of the August 28 telephone call, the parties agreed to postpone the discovery status conference scheduled for September 6 until October.  Defense counsel so agreed with the understanding and expectation that, by October, the Government would have produced some of the items defendants had been requesting for months.

15. On September 19, I sent an email (**Exhibit N**) to Messrs. Hemann and Axelrod, requesting a number of the items discussed in our August 28 telephone call (and requested for months) that had not yet been produced.  Mr. Axelrod responded on September 21 (**Exhibit O**) that he would produce legible C-1 materials the following week and that he would get back to me the following week regarding a time frame for production of the remaining items.  The Government did not produce a replacement set of illegible C-1 materials or corrupted files until October 4, 2012 (**Exhibit P**), in a document production that also included additional items seized from and/or voluntarily produced by the Pangang defendants.  Unfortunately, many of the C-1 documents remained illegible, and on October 15, Mr. Gasner sent an email (**Exhibit Q**) requesting that Messrs. Hemann and Axelrod provide yet another replacement set of the illegible C-1 materials as soon as possible.  Mr. Axelrod replied that he would get back to us as soon as he could.

16. On November 7, 2012, defense counsel received an additional tranche of discovery consisting of bank records relating to the government's investigation of financial matters not yet charged (**Exhibit R**).  On November 21, 2012 (**Exhibit S**), the Government produced (without explanation) additional documents from previously provided searches, as well as replacements of corrupted email files previously produced.  On November 28, 2012, I sent a letter (**Exhibit T**) to Messrs. Hemann and Axelrod raising (once again) many of the issues described above, including production of "key documents," legible C-1 materials and materials seized from John Liu and Tze Chao.

17. After defendants filed a letter brief on December 3, 2012 (Dkt. 206) raising a variety of discovery issues with the Court, the Government produced an additional tranche of documents on December 5, 2012 (**Exhibit U**).  That tranche included additional C-1 materials

4

DECLARATION OF SIMONA A. AGNOLUCCI IN SUPPORT OF RENEWED MOTION FOR AN ORDER REVOKING THE DETENTION ORDER AND GRANTING PRETRIAL RELEASE
Case No. CR 11-0573-JSW (NC)

716896.01

1   with no explanation as to why the materials had not previously been produced.  These materials
2   also attempted to provide more legible copies of previously produced C-1 material, but much of it
3   remained illegible.  I wrote a further letter on December 13, 2012 (**Exhibit V**) asking for legible
4   copies of many documents.

5       18.    As demonstrated above, since May 1, 2012 defense counsel have repeatedly
6   requested that the Government produce various items that either took months to produce or that to
7   date still have not been produced.  At no time has the defense team acquiesced in the slow pace of
8   discovery.

9       I declare under penalty of perjury under the laws of the United States of America that the
10   foregoing is true and correct to the best of my knowledge and that this declaration was executed
11   on December 19, 2012, at San Francisco, California.

5

DECLARATION OF SIMONA A. AGNOLUCCI IN SUPPORT OF RENEWED MOTION FOR AN
ORDER REVOKING THE DETENTION ORDER AND GRANTING PRETRIAL RELEASE
Case No. CR 11-0573-JSW (NC)

716896.01