MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

JOHN H. HEMANN (CABN 165823)
PETER B. AXELROD (CABN 190843)
Assistant United States Attorney
    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone:  (415) 436-7200
    Fax: (415) 436-7234
    E-Mail:  john.hemann@usdoj.gov; peter.axelrod@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>WALTER LIEW, CHRISTINA LIEW,<br>USA PERFORMANCE TECHNOLOGY,<br>INC., and ROBERT MAEGERLE,<br><br>    Defendants. | No. CR 12-0573-JSW (NC)<br><br>GOVERNMENT'S BRIEF RE: *EX PARTE* OR *IN CAMERA* SUBMISSION BY DEFENDANT WALTER LIEW IN SUPPORT OF APPLICATION FOR BAIL |

Walter Liew proposes to post the proceeds from the sale of a home in Singapore as bail. The United States submits this brief to address the proposed submissions by Walter Liew, *ex parte* and *in camera*, identifying the source of funds used to purchase the Singapore home.

1. The Court must conduct a *Nebbia* hearing at the request of the Government. The Bail Reform Act mandates an "inquiry into the source fo the property to be . . . offered as collateral to secure a bond" upon motion of the Government. 18 U.S.C. § 3142(g)(4); *United States v. Sharma*, 2012 WL 1902919, *2 (E.D. Mich. May 25, 2012). The Court "must determine the hearing procedure, which is not addressed either in the statute or in its legislative history." *Sharma* at *3.

**1**      2. To satisfy the requirements of the Bail Reform Act and protect the defendant's Fifth Amendment rights, there is district court authority for the proposition that Court may conduct an *in camera* proceeding, on the record, without the presence of counsel for the United States. *Id.* (citing authorities). There is no support, however, for defendant's blanket request that *any* evidence he submits should be heard *in camera*.

The extent to which the proceeding is closed should be carefully limited to only that evidence which implicates defendant's Fifth Amendment rights. Information offered by defendant, in the form of his statements or documents the production of which would be incriminating, *could* be protected by the Fifth Amendment. Information obtained from third parties, including bank and other financial records and information from family members, is not protected by the Fifth Amendment and defendant has no arguable right to offer such evidence under the cloak of an *in camera* proceeding.

Without knowing what evidence – statements or documents – defendant intends to offer the Court, the Government cannot say whether the Fifth Amendment applies or not. As a general matter, the Fifth Amendment applies only to statements or acts that are (1) compelled, (2) testimonial, and (3) incriminating. *United States v. Hubbell*, 530 U.S. 27, 34-37 (2000). Whether these elements are met is not a question that can be answered in the abstract, but requires particularized analysis of the statements or acts of production at issue. *See, e.g., United States v. Bright*, 596 F.3d 683, 691-94 (9th Cir. 2010) (analyzing specific categories of documents for applicability of act of production privilege). A blanket claim of privilege over the production of documents is not appropriate. *Id.* at 692.

It is difficult to understand how records showing the source of money used to fund a home purchase by defendant's wife could be protected by defendant's Fifth Amendment privilege. Bank and real estate records are not testimonial. The records obviously exist, or the home could not have been purchased. The home was not purchased by defendant, so it is difficult to see how he could be incriminated from the production of relevant records. Defendant's wife is not being compelled to produce the information, so she is not entitled to assert the privilege.

The Court should not accept defendant's blanket assertion of the Fifth Amendment privilege against self-incrimination and must assess each piece of information submitted by defendant separately to determine whether it is compelled, testimonial, *and* incriminating. The Court should permit *in camera* submission of only that evidence satisfying each of the three requisite elements. All other information should be provided to the Government.

3. The Court likely does not have sufficient information to assess the credibility of the information provided by defendant or to determine the true source of the funds identified by defendant. Defendant's proposal to submit information *in camera* is a request to suspend the function of the adversarial system. Without any ability to investigate or test the veracity or completeness of the information provided by the defendant, the Court will be severely limited in its ability to evaluate the source of the proffered collateral.

To address these limitations, the Court should impose the following conditions on any *ex parte* submission or *in camera* statements made by defendant: (1) any evidence that does not fall within defendant's Fifth Amendment privilege will be provided to the Government; (2) the Court may address questions to the Government seeking information in the Government's possession relevant to the factual assertions made by defendant and the Government may submit responses to the Court's inquiry *in camera*; (3) the Court should require any factual assertions to be supported by declarations under penalty of perjury; (4) the Court may refer assertions suspected to be false to the Department of Justice for investigation, with the understanding that the current prosecution team would be walled-off from review of those assertions; and (5) if Walter Liew or any other declarant testifies in this or any related proceeding in the future, statements made *ex parte* or *in camera* as part of this *Nebbia* proceeding shall be unsealed and made available to the Government. These conditions would provide at least some deterrent to the making of false or misleading statements and substitute, to a limited degree, for the normal operation of the adversarial process.

4. The Government reserves its right to request that this Court release any statements or submissions filed *ex parte* or *in camera,* and to seek review by the district court. Not having the ability to know what information defendant submits, it will be appropriate for this Court and the

1 | district court to carefully review each item of evidence to determine whether it is privileged
2 | under the Fifth Amendment, and to provide any information that is not covered by the Fifth
3 | Amendment to the Government. Moreover, even to the extent that defendant has a Fifth
4 | Amendment right, defendant does not have the right to mislead or misinform the Court and may
5 | be prosecuted for perjury or for making false statements; defendant's submissions in connection
6 | with this *Nebbia* proceeding must be evaluated in light of his prior submissions on the bail issue,
7 | and his credibility assessed accordingly.

8 | DATED: December 27, 2012     Respectfully submitted,

9 |                              MELINDA HAAG
                                 United States Attorney

11 |                             _____/s/_____
                                 JOHN H. HEMANN
12 |                             PETER B. AXELROD
                                 Assistant United States Attorneys