KEKER & VAN NEST LLP
STUART L. GASNER - #164675
sgasner@kvn.com
STEVEN P. RAGLAND - #221076
sragland@kvn.com
SIMONA A. AGNOLUCCI - #246943
sagnolucci@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendants WALTER LIEW and
USA PERFORMANCE TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>WALTER LIEW, CHRISTINA LIEW, USA PERFORMANCE TECHNOLOGY, INC., and ROBERT MAEGERLE,<br><br>        Defendants. | Case No. CR 11-0573-JSW (NC)<br><br>**RESPONSE OF DEFENDANT WALTER LIEW AND USA PERFORMANCE TECHNOLOGY, INC. TO GOVERNMENT'S BRIEF RE EX PARTE DISCLOSURES**<br><br>Place:    Courtroom A, 15th Floor<br>Dept.:    Hon. Magistrate Judge<br>            Nathanael Cousins |

1   The Government's proposal as to how to conduct an "inquiry" into the Singapore
2   residence that Mr. Liew has offered to post as bail is a transparent and improper attempt to build
3   the Government's as-yet-uncharged financial case.  While the prosecution has admitted that the
4   Liew family's finances "remain a mystery," Opp'n (Dkt. 213) at 3:6, they intend to bring a
5   superseding indictment on financial crimes anyway.  *Id*. at 12:3.  Unable to obtain the documents
6   and testimony it needs through traditional channels, the Government plainly hopes to use the
7   inquiry required by 18 U.S.C. § 3142(g)(4) to force the defendant to provide evidence that it will
8   use against him.  The Government's suggested procedure creates an impossible Catch-22 for Mr.
9   Liew, forcing him to choose between his right to bail and his privilege against self-incrimination.

10   The Government's proposal makes clear that it intends to use the § 3142(g)(4) proceeding
11   as a discovery mechanism and offensive weapon in several ways.  First, the Government is
12   plainly not waiving any rights to discover the substance of any defense presentation to the Court.
13   Second, to the contrary, its brief makes clear the Government's plan to construe Fifth
14   Amendment protection narrowly, and to have the bulk of the defendant's presentation handed
15   over to it.  For example, the Government is insisting that "information obtained from third parties,
16   including bank and other financial records and information from family members" would not be
17   entitled to Fifth Amendment protection at all.  Govt. Brief (Dkt. 227) at 2:9-12.  Moreover, the
18   Government proposes a variety of other draconian and one-sided procedures, including the
19   Government's ability to make in camera and ex parte submissions (presumably immune from
20   disclosure to or challenge by the defense), *id*. at 3:14-17, a procedure for referral of "assertions
21   suspected to be false to the Department of Justice for investigation," *id*. at 3:18-20, and the
22   unsealing of any declarations in the event that person later testifies.  *Id*. at 3:20-23.  Further, the
23   Government expressly reserves the right to "seek review by the district court" of whatever
24   protections this Court imposed, rendering any such protections potentially meaningless.  *Id*. at
25   3:26-4:3.
26   Even worse, the Government has made plain its intention to spring a "perjury trap" if and
27   when any further financial disclosures are made.  The Government's brief bluntly threatens
28   further prosecution for perjury and false statements if the information Mr. Liew provides is either

1
RESPONSE TO GOVERNMENT'S BRIEF RE EX PARTE DISCLOSURES
Case No. CR 11-0573-JSW (NC)

719588.02

false, or inconsistent with his prior disclosures to the Court in connection with bail. *Id*. at 4:3-7.

Under these unusual circumstances, the Court should not condition bail on further financial disclosures that place Mr. Liew in an impossible bind. Rather, ***the Court should assume for the purposes of bail that the Government's theory is correct***—that the Singapore house was purchased with proceeds from the defendants' titanium dioxide business—and then perform the required analysis under § 3142(g)(4), that is, whether the posting of the property for bail "because of its source, will not reasonably assure the appearance of the person as required."[1] Under that analysis, bail remains warranted here. For one, conditions of release other than the posting of the property—for example, home detention, continued seizure of his passport, and that Mr. Liew be electronically-monitored twenty-four hours a day and be supervised by a full-time security guard—are sufficient to assure his appearance. Second, the posting of the proceeds of the Singapore property provides an effective supplement to the physical constraints on Mr. Liew's ability to flee, even taking the assumed source into account. As set forth in the briefing and accompanying materials already submitted to the Court, the evidence shows a vast amount of legitimate work that went into the titanium dioxide projects performed by Mr. Liew's companies, and a Government theory of wrongful conduct that hinges on showing that Mr. Liew's consultants were not entitled to rely upon their residual knowledge, in a "crowded field" with a plethora of public disclosures. The Singapore property plainly adds incentive for Mr. Liew to show up and defend his life's work.

The alternative—that Mr. Liew remain incarcerated without bail for what promises to be roughly three years—would be a violation of Mr. Liew's constitutional rights. The Government

---

[1] The statute provides, in part:

> In considering the conditions of release . . . the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g)(4); *see also* 18 U.S.C. § 3142(f) (providing for a "hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance" of the defendant).

1  should not be permitted to leverage that ongoing violation of his rights by making the "price" of
2  bail that he help the Government make a financial case against him.
3      The Court should therefore find that the conditions proposed by Mr. Liew are sufficient to
4  reasonably assure his appearance, even assuming that the source of funds used to purchase the
5  Singapore house came from the defendants' titanium dioxide engineering business, and reject the
6  Government's attempt to turn a § 3142(g)(4) inquiry into a process for assisting it with its
7  financial investigation.

Dated:  December 28, 2012                    KEKER & VAN NEST LLP


                                    By:  */s/ Stuart L. Gasner*
                                         STUART L. GASNER
                                         SIMONA A. AGNOLUCCI

                                         Attorneys for Defendants WALTER LIEW and
                                         USA PERFORMANCE TECHNOLOGY, INC.