UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>WALTER LIEW,<br><br>    Defendant. | Case No. 11-cr-00573 JSW (NC)<br><br>**ORDER PERMITTING EX PARTE AND IN CAMERA SUBMISSION OF INFORMATION IN SUPPORT OF APPLICATION FOR PRETRIAL RELEASE**<br><br>Re: Dkt. No. 227 |

The Government requests that this Court conduct an inquiry under the Bail Reform Act into the source of property that defendant Walter Liew offers as potential collateral to secure a bond. 18 U.S.C. § 3142(g)(4). The judicial officer "shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required." *Id.* The question presented is whether the Court may conduct part of this inquiry in chambers ex parte, outside the Government's presence.

//

At a bail review hearing on December 21, 2012, the Government objected to Liew's submitting any information to the Court ex parte and insisted that the Government should have an opportunity to review any materials submitted. The Court granted the parties' requests for supplemental briefing on this question. *See* Dkt. Nos. 227, 228.

The only Bail Reform Act case cited by the Government is *United States v. Sharma*, No. 12-20272, 2012 WL 1902919, *2 (E.D. Mich. May 25, 2012). In *Sharma*, the Court found that the hearing procedure must be determined by the Court, as the process is not addressed either in the statute or the legislative history. 2012 WL 1902919, at *2. There, to protect the defendant against the risk of self-incrimination, the hearing was held in camera and ex parte. The courtroom was closed to the public, and the record was sealed. *Id.* at *3.

The court in *United States v. Kaila* adopted a similar procedure. No. 08-cr-2021 LRS, 2008 WL 1767728, *1 (E.D. Wash. Apr. 15, 2008) (closed courtroom, on the record, outside the presence of Government). In other words, the Government has not identified a single authority supporting its position that an ex parte inquiry would be improper.

Here, as in *Sharma*, the Court must protect the defendant's due process rights and shield him from compelled self-incrimination. This is particularly necessary in this case because the Government has disclosed that it intends to present to the Grand Jury additional criminal charges against Liew, but as of this moment neither Liew nor the Court knows what those charges entail. As a result, the Court could improvidently ask Liew a question that would incriminate him on charges that will soon be filed. Moreover, if the Government had a chance to cross-examine Liew about the collateral to be posted, it might use the information to develop new charges against Liew.

A final, equitable reason to permit Liew to submit materials ex parte in this bail review process is that the Government earlier submitted materials ex parte in support of Liew's detention. The Government may not have it both ways.

Accordingly, the Court orders that Liew must submit a declaration, under penalty of perjury, with supporting documentation, establishing (1) the total amount of assets presently available to or controlled by him and his wife; and (2) the source of the funds (up to

1  $2 million) that Liew proposes to submit in order to assure his future appearances. These
2  materials may be submitted ex parte, and the Court will review them in chambers. They
3  will be made part of the record and filed under seal.
4      The Court may set a further hearing after reviewing the materials from Liew.
5  IT IS SO ORDERED.
6  Date: January 14, 2013

                                                Nathanael M. Cousins
                                                United States Magistrate Judge