KEKER & VAN NEST LLP
STUART L. GASNER - #164675
sgasner@kvn.com
SIMONA A. AGNOLUCCI - #246943
sagnolucci@kvn.com
KATHERINE M. LOVETT- #276256
klovett@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendants WALTER LIEW and
USA PERFORMANCE TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>WALTER LIEW, CHRISTINA LIEW, USA PERFORMANCE TECHNOLOGY, INC., and ROBERT MAEGERLE,<br><br>            Defendants. | Case No. CR 11-0573-JSW (NC)<br><br>**DEFENDANTS WALTER LIEW AND USA PERFORMANCE TECHNOLOGY, INC.'S NOTICE OF MOTION AND MOTION FOR AN ORDER REQUIRING THE GOVERNMENT TO SPECIFY KEY DOCUMENTS UNDER RULE 16(A)(1)(E)(II)**<br><br>Date:     February 27, 2013<br>Time:     11:00 a.m.<br>Judge:    Hon. Nathanael Cousins<br>Place:    Courtroom A, 15th Floor |

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER REQUIRING THE
GOVERNMENT TO SPECIFY KEY DOCUMENTS UNDER RULE 16(A)(1)(E)(II)
Case No. CR 11-0573-JSW (NC)

725013.03

## **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 2

I.      INTRODUCTION ............................................................................................................. 2

II.     FACTUAL BACKGROUND ............................................................................................ 2

        A.     Current Status of the Government's Document Production. .................................. 2

        B.     Defense Counsel's Attempts to Resolve the Key Documents Issue. ...................... 3

III.    ARGUMENT .................................................................................................................... 5

IV.   CONCLUSION ................................................................................................................. 9

i

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER REQUIRING THE
GOVERNMENT TO SPECIFY KEY DOCUMENTS UNDER RULE 16(A)(1)(E)(II)
Case No. CR 11-0573-JSW (NC)

725013.03

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*United States v. Anderson*
  416 F. Supp. 2d 110 (D.D.C. 2006) .................................................................................... 7

*United States v. Mendez*
  2008 WL 2561962 (C.D. Cal. June 25, 2008) ..................................................................... 7

*United States v. Poindexter*
  727 F. Supp. 1470 (D.D.C. 1989) ........................................................................................ 7

*United States v. Salyer*
  271 F.R.D. 148 (E.D. Cal. 2010) ......................................................................................... 6

*United States v. Turkish*
  458 F. Supp. 874 (S.D.N.Y. 1978) ....................................................................................... 7

*United States v. Upton*
  856 F. Supp. 727 (E.D.N.Y. 1994) ...................................................................................... 7

*United States v. W.R. Grace*
  526 F.3d 499 (9th Cir. 2008) (en banc) ...................................................................... 5, 6, 8

**Federal Rules**

Federal Rules of Criminal Procedure 2 and 16 ..................................................................... *passim*

**Other Authorities**

*Megabytes, Gigabytes, Terabytes—What Are They?*, www.whatsabyte.com ................................ 2

ii
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER REQUIRING THE
GOVERNMENT TO SPECIFY KEY DOCUMENTS UNDER RULE 16(A)(1)(E)(II)
Case No. CR 11-0573-JSW (NC)

725013.03

**PLEASE TAKE NOTICE**, that on February 27, 2013, at 11:00 a.m., or on such other date and time to be set by the Court, at 450 Golden Gate Avenue, San Francisco, California, Courtroom A, 15th Floor, before the Honorable Nathanael Cousins, Defendants Walter Liew and USA Performance Technology Inc. will and hereby do move the Court for an order requiring the Government to disclose the key documents that it intends to rely on during its case-in-chief based on the current indictment within 30 days of the Court's order.

This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the declaration of Simona Agnolucci filed herewith, and such other and further papers, evidence, and argument as may be submitted to the Court in connection with the hearing on this motion.

Dated:  February 1, 2013                                            KEKER & VAN NEST LLP


                                                                  By:  */s/ Stuart L. Gasner*
                                                                       STUART L. GASNER
                                                                       SIMONA A. AGNOLUCCI
                                                                       KATHERINE M. LOVETT

                                                                       Attorneys for Defendants WALTER LIEW and
                                                                       USA PERFORMANCE TECHNOLOGY, INC.

1
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER REQUIRING THE
GOVERNMENT TO SPECIFY KEY DOCUMENTS UNDER RULE 16(A)(1)(E)(II)
Case No. CR 11-0573-JSW (NC)

725013.03

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **INTRODUCTION**

For nine months, the Government has promised Defendant Walter Liew that it will produce a list of "key documents," a disclosure that would lessen the impossible task of reviewing the five terabytes of electronic discovery that has been disclosed to date. Despite the Government's many assurances that such a list will be disclosed, the Government continues to push back the date for its production and refuses to characterize the production's contents, even though the Government has represented to the Court that it is ready to proceed to trial on the current indictment whenever Defendants are prepared to do so. The Court has discretionary authority to order the Government to specify the documents that it intends to use in its case-in-chief pursuant to Federal Rules of Criminal Procedure 2 and 16, as well as the Court's inherent authority to manage its own docket. Defendants therefore respectfully request that the Court set a firm date for the production of the Government's key documents and make clear the types of documents that will be required to be part of that production.

II.   **FACTUAL BACKGROUND**

   A.   **Current Status of the Government's Document Production.**

This case has been pending since July of 2011, when the Government arrested Walter and Christina Liew and filed its criminal complaint against them. A small quantity of discovery related to the original obstruction of justice charges was produced shortly after the first indictment. Then, beginning in July of 2012, the Government provided approximately five terabytes of electronic materials ("ESI") seized from 62 computers and other devices.[1] Dkt. 200 at ¶ 6 (Decl. of Joshua Maremont in Support of Renewed Motion for Pretrial Release). The Government also produced fourteen discs of material scanned from paper files retrieved from multiple locations. *Id.* at ¶ 8. The Government's discovery covered electronic information and

---

[1] A terabyte is approximately one trillion bytes and could store 1,000 copies of the Encyclopedia Britannica. *See Megabytes, Gigabytes, Terabytes—What Are They?*, www.whatsabyte.com, last visited January 27, 2013. Ten terabytes could store the entire printed collection of the Library of Congress. *See id.* This provides a helpful visual approximation of the staggering amount of electronic data that the Government has disclosed to Mr. Liew to date—***the equivalent of half the printed collection of the Library of Congress.***

1  hard copy documents seized from the Liew residence, the offices of USAPTI, co-defendant
2  Maegerle's residence in Delaware, co-defendant Tze Chao, Jian Liu, and others in the course of
3  the Government's investigation. The Government has indicated that ESI discovery may
4  eventually total 18 terabytes. *See* Declaration of Simona A. Agnolucci in Support of Defendants'
5  Motion ("Agnolucci Decl.") at ¶ 3.

Reviewing the material already disclosed by the Government is a gargantuan task that has left defense counsel struggling to find affordable and efficient options for identifying relevant information among hundreds of millions of pages. The five terabytes of material produced by the Government is in the form of EnCase files, which cannot be easily viewed and printed without processing into a different file format, such as TIFF. Dkt. 200 at ¶¶ 4-5. Processing a single terabyte of EnCase images would cost $450,000 at the current rate of $450 per gigabyte; for 18 terabytes of information, processing costs would total $8 million. *Id.* at ¶ 5. EnCase images can also be restored into native format for several hundred dollars per drive, but restoration yields a complex folder structure that cannot be easily or efficiently searched.[2] Five terabytes of EnCase images, printed out, could easily yield 250 million printed pages, enough to fill 90,909 banker's boxes. *Id.* at ¶ 7. Additionally, a great deal of the ESI consists of Mandarin Chinese documents that defense counsel are not equipped to analyze.

**B.     Defense Counsel's Attempts to Resolve the Key Documents Issue.**

Keker & Van Nest entered its appearance for Walter Liew and USAPTI in April 2012 and promptly met with the Government to discuss discovery-related issues on May 1, 2012. Due to the massive quantity of ESI involved in this case, the Government promised at that time to provide Defendants a collection of the key documents material to the case. Agnolucci Decl. at ¶ 2. The Government also indicated that it intended to seek a superseding indictment before the end of 2012. *Id.* While the Government began to release discovery to the defense in July of that

---

[2] In some instances, the Government has not even provided photographs of the devices from which data was downloaded. Defense counsel contacted the Government on January 9, 2013, requesting that the Government provide photographs of the devices from which these media files were downloaded, in order to identify those media files that most urgently need to be processed or restored and reviewed. *See* Agnolucci Decl., Exh. A. Three weeks later, the Government has not responded to defense counsel's request.

3
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER REQUIRING THE
GOVERNMENT TO SPECIFY KEY DOCUMENTS UNDER RULE 16(A)(1)(E)(II)
Case No. CR 11-0573-JSW (NC)

725013.03

year, it did not follow through on its promise to specify the key documents in the case. *Id*. at ¶ 4.

On August 10, 2012, counsel for Walter Liew sent a comprehensive discovery letter to the Government that, in part, requested a timeline for the identification of the key documents. *See* Agnolucci Decl., Exh. B. The letter also requested clarification as to whether the identification would include: (1) both testimonial and documentary information; and (2) both incriminatory and exculpatory information. *Id.* The Government immediately replied that it did not intend to respond formally to each point made in the August 10 letter, but that it would "endeavor to address the salient requests either in person or in brief communications, as appropriate." Agnolucci Decl. at ¶ 6. Months passed, yet the Government failed to address Mr. Liew's request for clarification regarding the specification of key documents.

On November 28, 2012, defense counsel sent a follow-up letter to the Government, identifying the "top priority" issues for resolution at the parties' December 12, 2012, discovery hearing. *See* Agnolucci Decl., Exh. C. Defense and Government counsel met and conferred on December 3, 2012, and the Government agreed to produce a set of key documents after the superseding indictment occurred sometime early in 2013. Agnolucci Decl. at ¶ 8. The Government refused to characterize the key documents in substantive terms, or as complete or binding. *Id.*

On December 12, 2012, the parties appeared before the Court. The Court decided to defer a decision on the key documents issue until it received clarification from Judge White as to the Court's jurisdiction over Rule 16-related orders. *See* Agnolucci Decl., Exh. D at 13 (December 12, 2012, hearing transcript). At that hearing, the Government represented that it was ready to go to trial whenever the defense was ready to do so. *Id*. at 10-11. On December 13, 2012, in response to a question from defense counsel about the key documents issue, Judge White clarified that "the Court intends that matters that are within Rule 16 are part of the referral, and they are within [Magistrate Judge Cousins'] authority to order production or deny production." *See* Agnolucci Decl., Exh. E at 9-10 (December 13, 2012, hearing transcript).

Since the parties' last appearance before the Court on December 21, 2012, the Government has yet to file a superseding indictment or specify any key documents to the defense.

4

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER REQUIRING THE GOVERNMENT TO SPECIFY KEY DOCUMENTS UNDER RULE 16(A)(1)(E)(II)
Case No. CR 11-0573-JSW (NC)

725013.03

Agnolucci Decl. at ¶ 13.  As of the filing of this motion, the Government has not provided any firm date for the filing of a superseding indictment.  *Id.*  Defense counsel has continued to seek the Government's assistance in identifying, at the very least, the documents that the Government intends to use during its case-in-chief. On January 10, 2013, defense counsel wrote to the Government in an attempt to meet and confer on the key documents issue prior to bringing this motion.  *Id*. at ¶ 11.  Counsel requested that the Government clarify its position as to the timing, content, and consequences of the key documents production.  *Id*.  Counsel also asked the Government to provide a timetable for the superseding indictment.  *Id.*  The Government did not reply to these requests.  *Id.*

Nearly two weeks later, on January 22, 2013, counsel for Mr. Liew sent yet another email to Government counsel noting that the Government had not yet responded and informing it of defense counsel's intention to file this motion.  Agnolucci Decl. at ¶ 12.  Government counsel replied that day, reiterating that they intended to release key documents to defense counsel after the superseding indictment.  *Id*.  The Government refused to answer defense counsel's requests for clarification in any detail and did not indicate any timetable for the issuance of the superseding indictment in that email or in subsequent correspondence.  *See id.*

### III.  ARGUMENT

While the Government has been promising for nine months to narrow the universe of relevant documents among the huge volume of materials disclosed to Defendants, it has yet to follow through on that pledge.  For that reason, Defendants request that the Court use its discretionary authority, pursuant to Federal Rules of Criminal Procedure 2 and 16 and the Court's general authority to manage its docket, to order the Government to produce a list of key documents relevant to the current indictment.[3]

Under the Ninth Circuit's decision in *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) (en banc), the Court "has the authority to enter pretrial case management and

---

[3] As noted above, Judge White has explicitly referred Rule 16-related discovery issues to this Court and so an order concerning the documents within the Government's control that it intends to use during its case-in-chief is well within this Court's jurisdiction.  *See* Agnolucci Decl., Exh. E at 9-10.

5

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER REQUIRING THE
GOVERNMENT TO SPECIFY KEY DOCUMENTS UNDER RULE 16(A)(1)(E)(II)
Case No. CR 11-0573-JSW (NC)

725013.03

discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." Moreover, "nothing in Rule 16 expressly prohibits the district court from ordering additional pretrial discovery or disclosures that will also further the objectives set forth in Rule 2." *Id.* at 511. Rule 2 states that the Rules of Criminal Procedure "are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Finally, the Ninth Circuit has observed that complex cases pose "special challenges" to the parties and to the Court and that the Court may, within its discretion, choose to enforce its pretrial orders with deadlines and consequences, including exclusion of evidence, for noncompliance. *W.R. Grace*, 526 F.3d at 513-14.

Rule 16(a)(1)(E)(ii) requires the Government to disclose, upon a defendant's request, those items within the Government's possession, custody, or control that the Government intends to use "in its case-in-chief at trial." Defendants' request in this motion is simply that the Government specify which documents, among the more than 250 million pages it has disclosed to date, can be categorized as disclosed specifically under Rule 16(a)(1)(E)(ii), or as intended for use during the Government's case-in-chief. The Government has likely already segregated out these documents in preparation for trial. Any defense attempt to identify the same documents would be needlessly expensive for the reasons explained in the preceding recitation of facts and would merely repeat the efforts already expended by the Government, except without the forensic tools for analyzing EnCase images that are at the Government's disposal. *See* Dkt. 200 at ¶ 4. Specific identification of these documents would therefore greatly serve "simplicity in procedure" and the elimination of "unjustifiable expense and delay." Fed. R. Crim. Pro. 2.

Many district courts have entered similar orders requiring the Government to disclose Rule 16(a)(1)(E)(ii) materials in advance of trial in order to allow the defendant to adequately prepare his defense; all of these cases involved a far lesser volume of material than is involved in this case. *See United States v. Salyer*, 271 F.R.D. 148, 153-55 (E.D. Cal. 2010) (noting that "a duty to disclose may be unfulfilled by disclosing too much" and requiring the Government to

6
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER REQUIRING THE GOVERNMENT TO SPECIFY KEY DOCUMENTS UNDER RULE 16(A)(1)(E)(II)
Case No. CR 11-0573-JSW (NC)

725013.03

categorize millions of pages of materials, according to which subcategory of Rule 16(a)(1)(E) they had been disclosed under, within twenty-one days); *United States v. Anderson*, 416 F. Supp. 2d 110, 114-16 (D.D.C. 2006) (ordering the Government to identify those items that it intended to offer in its case-in-chief at trial from among the 500,000 pages of discovery disclosed to the defendant); *United States v. Upton*, 856 F. Supp. 727, 747-48, 754 (E.D.N.Y. 1994) (in a case involving "thousands of pieces of paper," requiring the Government to provide notice of the allegedly falsified documents upon which it intended to rely at trial, as well as "a list of all documents to be referred to or relied upon by government witnesses," even though a trial date had not yet been set); *United States v. Poindexter*, 727 F. Supp. 1470, 1472, 1484 (D.D.C. 1989) (ordering the Government to identify within thirty days the documents that it intended to use at trial, including those documents on which a witness would rely or to which he would refer, in a case involving roughly 400,000 pages of documents); *United States v. Turkish*, 458 F. Supp. 874, 882 (S.D.N.Y. 1978) (directing the Government to identify, within fourteen days, which of 25,000 disclosed documents it intended to use, or to refer to in connection with the testimony of any witness, during its case-in-chief).

    Numerous factors counsel in favor of the Court exercising its discretion to order similar relief in this case. As described above, the document disclosure in this case is truly massive, poses difficult and expensive technical challenges, and is further complicated by the fact that many of the documents are in Chinese. Disclosure of the Government's key documents will allow Defendants to more effectively use their time in reviewing discovery, and would help avoid the unnecessarily duplicative expense of restoring or processing the many terabytes of discovery in the case. As the court in *Anderson* observed, "It is in both [the defendant's] and the government's interest that the defendant be able to mount an adequate defense . . . and it is the Court's view that the identification and production of the requested information will help ensure that he can." 416 F. Supp. 2d at 115; *see also United States v. Mendez*, 2008 WL 2561962, at *6 (C.D. Cal. June 25, 2008) (ordering disclosure of a witness list a month before trial because such a deadline would "ensure that the government will organize and focus its case sufficiently in advance of trial that defendants will have adequate time to . . . prepare to meet the government's

7

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER REQUIRING THE GOVERNMENT TO SPECIFY KEY DOCUMENTS UNDER RULE 16(A)(1)(E)(II)
Case No. CR 11-0573-JSW (NC)

725013.03

1  evidence").

2  Release of a list specifying key documents would also allow the parties to expedite trial,
3  because the defense could prepare itself much more quickly.  Presumably, the Government has
4  already processed and reviewed the vast majority of the documents in this case.  Moreover, the
5  Government has had the benefit of the cooperation of DuPont in reviewing the technical
6  documents involved.  In addition, identification of the key material will allow Defendants to
7  focus and prepare their experts for trial; in a case as complex as this one, disclosure of an exhibit
8  list six weeks in advance of trial will not provide enough lead time for defense experts to
9  effectively familiarize themselves with the alleged trade secrets at issue.

10  The Government has been exceedingly vague about what types of documents will be
11  included in its key documents production and, for that reason, Mr. Liew asks the Court to order
12  that specific types of allegedly inculpatory information be included in the production.  Pursuant to
13  Rule 16(a)(1)(E)(ii), the key documents disclosure should include *all* documents that the
14  Government intends to use in its case-in-chief under the current indictment, including: (1) all
15  documents defining the alleged trade secrets; (2) the USAPTI plans and documents alleged to
16  contain trade secrets; (3) the contracts and other business documents defining the relationships
17  between and among the parties; (4) documents demonstrating participation of a foreign
18  government or instrumentality; and (5) documents that the Government contends show a
19  conspiracy or wrongful intent on any individual's part.

20  Defendants also request that the Court's order include a date certain by which the
21  Government must produce these key documents, at least as they pertain to the current indictment.
22  *See W.R. Grace*, 526 F.3d at 513 (holding that the district court's imposition of a deadline for
23  disclosure of the Government's final witness list a year in advance of trial was reasonable in order
24  to "bring the necessary focus and organization to ready the case for trial").  For nine months, the
25  Government has continually pushed back its nebulous timeline for the production of the key
26  documents by conditioning the release of such a list on the issuance of a superseding indictment.
27  However, the Government has represented to this Court that it is ready for trial on the current
28  indictment whenever the defense is ready for trial, and so it should pose no hardship to the

Government to specify those documents it intends to use during its case-in-chief on the current indictment even prior to the issuance of its superseding indictment. Defendants therefore respectfully request that the Court order the Government to make a good-faith effort to identify all of the key documents relevant to the current indictment in its existing production, and to produce and identify any additional key documents related to the current indictment, no later than 30 days after the Court's order on this motion. The parties can revisit a deadline for the production of key documents relating to the forthcoming superseding indictment after that indictment has been returned. Defendants further request that the Government be required to supplement its list of key documents on a rolling basis, within 30 days of production of new discovery.

## IV. CONCLUSION

For the foregoing reasons, the Court should GRANT Defendants' motion and order the Government to produce a list of key documents pursuant to Rule 16(a)(1)(E)(ii), subject to the deadlines and conditions outlined above.

Dated: February 1, 2013       KEKER & VAN NEST LLP

By: */s/ Stuart L. Gasner*
STUART L. GASNER
SIMONA A. AGNOLUCCI
KATHERINE M. LOVETT

Attorneys for Defendants WALTER LIEW and USA PERFORMANCE TECHNOLOGY, INC.