1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
       Robert P. Feldman (Bar No. 69602)
2       bobfeldman@quinnemanuel.com
     555 Twin Dolphin Drive, 5th Floor
3   Redwood Shores, California 94065
     Telephone:     (650) 801-5000
4   Facsimile:     (650) 801-5100

5       John M. Potter (Bar No. 165843)
        johnpotter@quinnemanuel.com
6   50 California Street, 22nd Floor
     San Francisco, California 94111
7   Telephone:     (415) 875-6600
     Facsimile:     (415) 875-6700

8

9   Attorneys for Specially-Appearing Defendants
     Pangang Group Company, Ltd., Pangang Group
10  Steel Vanadium & Titanium Company, Ltd.,
     Pangang Group Titanium Industry Company,
11  Ltd., and Pangang Group International Economic
     & Trading Company

12                          UNITED STATES DISTRICT COURT

13          NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

14

15

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 11-0573 JSW |
| Plaintiff, | **DECLARATION OF LAI YIZHONG IN SUPPORT OF SPECIALLY-APPEARING DEFENDANTS' SECOND MOTION TO QUASH SERVICE OF SUMMONSES** |
| vs. | |
| PANGANG GROUP COMPANY, LTD., PANGANG GROUP STEEL VANADIUM & TITANIUM COMPANY, LTD., PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD., and PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY, | Hearing Date: March 21, 2013 at 2:00 p.m. |
| Defendants. | |

04675.51961/5164203.1

LAI DECLARATION

## 赖轶众的声明

我，赖轶众，声明如下：

1. 我是攀钢集团钛业有限公司（"攀钢钛业"）综合部部长助理。自 2011 年开始我接手该职务。自 1996 年起我曾以不同职务在攀钢钛业工作。就我目前的职务来讲，负责几项公司事务，包括信息技术和人力资源的管理。我就个人的第一手知识做出本声明，如果被传唤并以证人身份来宣誓，我能够并且将会胜任作证。

2. 作为攀钢集团钛业公司综合部部长助理，我总体上熟悉攀钢钛业的员工，尤其是攀钢钛业的采购和销售人员。

3. 据我所知，并且在我查阅了攀钢钛业的档案后，在最近的 5 年并没有一个叫周霞的人在攀钢钛业工作过。

4. 据我所知，并且在我查阅了攀钢钛业的档案后，在最近的 5 年并没有一个叫王刚的人在攀钢钛业工作过。

5. 据我所知，并且在我查阅了攀钢钛业的档案后，在最近的 5 年并没有一个叫谢昊的人在攀钢钛业工作过。

6. 据我所知，并且在我查阅了攀钢钛业的档案后，在最近的 5 年并没有一个叫朱斌的人在攀钢钛业工作过。

7. 据我所知，并且在我查阅了攀钢钛业的档案后，在最近的 5 年并没有一个叫朱晓琴的人在攀钢钛业工作过。

8. 攀钢钛业未曾发布或授权使用 bella@pangang-titanium.com 这个电子邮件地址。事实上，攀钢钛业并不使用以域名@pangang-titanium.com 结尾的电邮地址。

9. 攀钢钛业从未维护或运营过 http://www.pangang-titanium.com 的这个网站。攀钢钛业在 2012 年并未维护和运营过任何网站。

10. 攀钢钛业从未在香港成立或注册过公司来开展业务。攀钢钛业在香港并不拥有或经营过任何名为盘港钛业有限公司的公司。在 2012 年 12 月之前，攀钢钛业不知道有叫做盘港钛业有限公司的公司。

11. 攀钢钛业并未拥有或经营过任何叫做 Tinox Chemical LLC("Tinox")的公司以及任何其他名称类似的公司。

12. 攀钢钛业并未拥有或经营过任何叫做 Chengdu West Union Chemical Corporation 的公司以及任何其他名称类似的公司。

13. 攀钢钛业并未授权任何公司派出代表参加 2012 年肯塔基的会议。尤其是，攀钢钛业并未授权也不知道周小姐和谢先生参加了 2012 年肯塔基的会议。

14. 攀钢钛业从未在美国，不管是芝加哥或美国其他地方拥有过或经营过销售部门。

15. 2012 年 12 月之前，攀钢钛业并不知道有一份传票交给了谢先生或邮寄给了 Tinox。

基于美国法律关于伪证罪的规定，我声明以上所述是真实而准确的。

2013 年 2 月 3 日 _____ 于中国 四川攀枝花 签署。

LAI YIZHONG

# DECLARATION OF CERTIFIED COURT INTERPRETER

**Marilyn Luong, MA**
Master of Arts in Translation and Interpretation
1534 Plaza Lane #339
Burlingame, CA 94010

I, **Marilyn Luong**, declare that I am a certified court interpreter in Cantonese and Mandarin Chinese by the Judicial Council of California. My Certification Number is **#301081.** I also hold a Master's Degree in Chinese Translation and Interpretation from the Monterey Institute of International Studies.

I declare that this is a true and correct translation from Chinese into English to the best of my abilities and belief:

*Declaration from LAI Yizhong dated Feb 3, 2013*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This declaration signed this 6th day of <u>February, 2013</u> in <u>Burlingame</u>, California.

## **Marilyn Luong**

Printed name of Certified Court Interpreter

_____
Signature of Certified Court Interpreter

**DECLARATION OF LAI YIZHONG**

I, LAI Yizhong, declare as follows:

1.  I am Assistant Director of the Integrated Management Department of Pangang Group Titanium Industry Company, Ltd ("Pangang Titanium").  I have held that position since 2011.  Since 1996, I have worked at Pangang Titanium in different capacities.  In my current capacity, I am responsible for several company functions, including managing Information Technology and Human Resources.  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would competently testify hereto.

2.  In my capacity as Assistant Director of the Integrated Management Department of Pangang Titanium Company, I am generally familiar with the employees of Pangang Titanium, especially the Pangang Titanium purchasing and sales personnel.

3.  To my knowledge, and after checking Pangang Titanium's records, no one named ZHOU Xia worked for Pangang Titanium in the last five years.

4.  To my knowledge, and after checking Pangang Titanium's records, no one named WANG Gang worked for Pangang Titanium in the last five years.

5.  To my knowledge, and after consulting Pangang Titanium's records, no one named XIE Hao worked for Pangang Titanium in the last five years.

6.  To my knowledge, and after consulting Pangang Titanium's records, no one named ZHU Bin worked for Pangang Titanium in the last five years.

7.  To my knowledge, and after consulting Pangang Titanium's records, no one named ZHU Xiaoqin worked for Pangang Titanium in the last five years.

8.  Pangang Titanium did not issue or authorize the use of the email address bella@pangang-titanium.com.  In fact, Pangang Titanium does not use email addresses that ends with the domain name @ pangang-titanium.com.

9.  Pangang Titanium has never maintained or operated the website http://www.pangang-titanium.com.  Pangang Titanium did not maintain or operate any website in 2012.

10. Pangang Group Titanium has never incorporated or registered to do business in Hong Kong.  Pangang Group Titanium does not own or operate any company called Pangang

Titanium Industry Co., Ltd. in Hong Kong.  Before December 2012, Pangang Titanium had no knowledge of any company called Pangang Titanium Industry Co., Ltd.

11. Pangang Titanium does not own or operate any company known as Tinox Chemical LLC ("Tinox") or any company with a similar name.

12. Pangang Titanium does not own or operate any company known as Chengdu West Union Chemical Corporation or any company with a similar name.

13. Pangang Titanium did not authorize any company to send representatives to a conference in Kentucky in 2012.  In particular, Pangang Titanium did not authorize nor did it have any knowledge that Ms. ZHOU or Mr. XIE attended a conference in Kentucky in 2012.

14. Pangang Titanium has never owned or operated a sales office in the United States, whether in Chicago or anywhere else in the United States.

15. Before December 2012, Pangang Group Titanium had no knowledge of a summons that was given to Mr. XIE or mailed to Tinox.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 3rd day of February 2013 in Panzhihua, Sichuan, China.

[Signature of LAI Yizhong]

LAI YIZHONG