1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
    MIRANDA KANE (CABN 150630)
3   Chief, Criminal Division

4   JOHN H. HEMANN (CABN 165823)
    PETER B. AXELROD (CABN 190843)
5   Assistant United States Attorneys

6       450 Golden Gate Ave., Box 36055
        San Francisco, California 94102
7       Telephone:  (415) 436-7200
        Fax: (415) 436-7234
8       E-Mail: john.hemann@usdoj.gov

9   Attorneys for Plaintiff

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13

14  UNITED STATES OF AMERICA,        )    No. CR-11-0573 JSW (NC)
                                      )
15          Plaintiff,                )    GOVERNMENT'S OPPOSITION TO
                                      )    DEFENDANTS' MOTION FOR AN
16  v.                                )    ORDER REQUIRING THE
                                      )    GOVERNMENT TO SPECIFY KEY
17  WALTER LIEW, CHRISTINA LIEW AND )      DOCUMENTS UNDER RULE
    USA PERFORMANCE TECHNOLOGY,       )    16(a)(1)(E)(ii)
18  INC.,                             )
                                      )    Date: February 27, 2013
19          Defendants.               )    Time: 11:00 am
                                      )    Hon. Nathanael Cousins

20  ────────────────────────────────  )

21          Defendants' request for an order requiring the United States to identify "key documents"

22  in advance of Judge White's pretrial order should be denied.  By "key documents," defendants

23  mean documents described in Fed. R. Crim. P. 16(a)(1)(E)(ii) as documents the United States

24  "intends to use . . . in its case-in-chief at trial."  In other words, an exhibit list.

25          The Government has agreed to produce a set of key documents to the defense and will do

26  so by the end of March, after the final charging document is filed.  Defendants' request for

27  identification of the Government's trial exhibits is something that is addressed by Judge White in

28  his comprehensive pretrial order, which will be issued when a trial date is set.  Defendants'

1   request that the Government respond to document requests and contention interrogatories is

2   contrary to the discovery requirements of the Criminal Rules.

3        Defendants' motion should be denied.

4        A.    A Short History of the "Key Document" Discussions

5        Defendants provide a lengthy recounting of what the lawyers have said to one another to

6   support their contention that the Government has led them along regarding what they say is a

7   simple request for identification of "key documents."  The reality, which is not inconsistent with

8   – just lost in – defendants' many words, is straightforward and unremarkable.

9        Shortly after Mr. Liew and USAPTI retained the Keker firm, the parties had a meeting

10  regarding discovery.  Among other topics the participants addressed was defense counsels'

11  request for a set of "key documents."  Government counsel agreed to provide a set of "key

12  documents" prior to trial.  The parties did not reach any agreement on a production date for or

13  definition of "key documents."

14       More recently, defense counsel began requesting a more immediate deadline for the

15  production of a set of "key documents."  In response, government counsel promised a set of "key

16  documents" after anticipated additional charges are filed, which was originally estimated to be at

17  the end of 2012, but now is projected to be in March 2013.[1]  The parties discussed and ultimately

18  disagreed regarding various definitions of "key documents" – a term that does not appear in the

19  Criminal Rules.

20       It is true that government counsel has declined defense counsels' repeated invitations to

21  respond to myriad document requests, contention interrogatories, and attempts to define the

22  nature of the "key documents" that will be produced.  That is because defendants' requests are

23  neither authorized by the Rules of Criminal Procedure nor good practice for the United States in

24  criminal cases.

25

26

27       [1]Counsel for the United States will provide additional information regarding the
28  anticipated schedule to the Court, if requested, under seal and *in camera*.  Fed. R. Crim. P. 6(e).

B.      Rule 16(a)(1)(E) and *United States v. W.R. Grace*

Defendants' motion concerns documents.  Fed. R. Crim. P. 16 speaks directly to the Government's obligation to produce documents upon request to the defendant.  Rule 16(a)(1)(E) provides that the Government must produce documents and various objects, "within the government's possession, custody, or control" that are (i) "material to preparing the defense;" (ii) things "the government intends to use . . . in its case-in-chief at trial;" and (iii) that were "obtained from or belong[ing] to the defendant."  The Rule says nothing of specifically identifying, as defendants request, "key documents" or documents that fall into the listed categories.  The Rule requires only permitting the defendant to inspect and copy.

Defendants' motion relies principally on a case that does not concern the production of documents under Rule 16.  In *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008), the Court of Appeals held that a district court could require the Government to file a list of non-expert witnesses one year before the scheduled trial date and exclude any witness not on the list from testifying in the Government's case-in-chief.  In doing so, the court recognized that Rule 16 did not speak to the disclosure of non-expert witnesses – it "does not entitle the defendant to a list of such witnesses, but by the same token it does not suggest that a district court is *prohibited* from ordering such a disclosure."  *Id.* at 511.  In such a void, the court held, district courts are within their authority to order the filing of pretrial witness lists "to ensure that the relevant issues to be trial are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly."  *Id.* at 509.

*W.R. Grace* and the several trial court opinions from other districts cited by defendants stand for the unremarkable – at least in this district – proposition that the government may be required by the trial court to file witness and exhibit list in advance of trial.  As the court of appeals pointed out in *W.R. Grace*, this decision is committed to the sound discretion of the trial judge exercising his or her authority to manage their dockets so as to have "efficient[] and intelligibl[e]" trials.  526 F.3d at 509.

C.    Defendants' Request for an Exhibit List is Premature and Should be Made to the Trial Judge.

Defendants articulate the relief they request this way:  "Defendants' request in this motion is *simply* that the Government specify which documents . . . can be categorized as disclosed specifically under Rule 16(a)(1)(E)(ii), or as intended for use during the Government's case-in chief."  Def. Mem. at 6:14-17 (emphasis added).

This is a request for an exhibit list.  Judge White will order the parties to file a witness list as a matter of routine case management upon setting the trial date.  *See, e.g.*, *United States v. Cook*, CR-10-0376-JSW, docket #194.  He will require the parties to file a joint proposed final pretrial order before the pretrial conference.  The contents, procedures, and timing are set forth in detail in his *Guidelines for Motions, Final Pretrial Conference and Trial in Criminal Cases*, which is located on the Court's website.  Those guidelines compel the filing of an exhibit list (¶ 5(iii)) and preclude adding exhibits later unless a good cause showing is made (¶ 23).

Defendants' motion before this Court does not seek Rule 16 discovery, it seeks a trial management order.  There is no trial date and the final charging document has not yet been filed, which makes this demand is somewhat premature.  But more to the point, this request is properly directed to the trial judge, who will as a matter of routine order precisely the relief defendants purport to seek on a schedule that he decides is appropriate in advance of trial.

Prior to that time, however, the Government will provide the defense with a set of "key documents," that is, a set of documents that government counsel has found to be important in determining and articulating the charges.  The Government will supplement that production, as appropriate, prior to the deadline set by Judge White for the trial exhibit list.  This voluntary act of production is more than is required by Rule 16(a) and should be sufficient to satisfy the immediate purposes defendants identify in their motion.

D.    Defendants' Request for Categories of Documents is Not Appropriate.

Although defendants' initially characterize their request as a "simple" one that mirrors the language of Rule 16(a)(1)(E)(ii), later in their brief they ask the Court to "order that specific types of allegedly inculpatory information be included in the production" and identify five such

1   categories.  Def. Mem. at 8:10-19.  This request goes beyond what Rule 16 authorizes.

2        In Rule 16(a)(1)(E), Congress specifically identified the documents that are required to be

3   produced.  Defendants' "simple" request tracks this rule.  Defendants' less simple request is in

4   the nature of civil requests for production of documents and contention interrogatories, permitted

5   by Fed. R. Civ. P.  33 & 34, but notably absent from the Rules of Criminal Procedure and not

6   part of the criminal practice.  Congress and the Supreme Court, in promulgating the rules of

7   procedure, knew that the civil rules permit document requests and interrogatories and decided to

8   omit these discovery devices from the criminal rules.  If Congress and the Supreme Court had

9   intended that the Government be required to answer requests such as those the defendants make,

10  they surely would have included in the criminal rules requirements similar to those that appear in

11  the civil rules.

12       Defendants ask the Court to order the Government to respond to document requests and

13  contention interrogatories in defining and providing the "key documents" they request.  This

14  request goes beyond the plain language of Rule 16(a)(1), is not supported by the cases cited by

15  defendants, and runs contrary to Congress' and the Supreme Court's intention regarding criminal

16  discovery.  This request should be denied.

17       E.    Defendants' Document Production Obligations Are Reciprocal.

18       Like the Government, criminal defendants are required, pursuant to Rule 16(b)(1)(A), to

19  produce in discovery those items that they "intend to use . . . in the defendant's case-in-chief."  If

20  the Government is obliged to specifically identify the documents it intends to offer at trial,

21  defendants have the same obligation.  "A reciprocity of obligations between the defendant and

22  the government clearly is consistent with the intent of the Rules Advisory Committee, which in

23  2002 specifically amended Rule 16(b)(1)(B) to 'track the similar language in revised Rule

24  16(a)(1).'" *United States v. Anderson*, 416 F.Supp.2d 110, 115 (D.D.C. 2006), *quoting* Fed. R.

25  Crim. P. 16 Advisory Committee Note to 2002 Amendment.  In *Anderson*, the district judge

26  required the defendants to specifically identify the documents they intended to use at trial,

27  following the Government's disclosure.  *Id.*

28

1    The document review required by this case is no less a challenge for the Government than
2  it is for the defense.  The Government must review, evaluate, and often translate the same large
3  set of documents the defendants are reviewing, evaluating, and translating.  Indeed, the
4  defendants, from whom a large percentage of the documents were obtained and who have the
5  benefit of knowing what to look for and where, have advantages that the Government does not.
6  As this Court well knows, the suggestion that the prosecution is possessed of unlimited resources
7  – or at least much greater than the defense – is often made but bears no resemblance to reality.  It
8  is reasonable to believe that, equipped with an idea of where to look in their own documents and
9  communications, defendants will be able to identify with facility greater than the Government
10  documents that will assist them in their defense, assuming such documents exist.  Defendants
11  have a reciprocal obligation to produce these documents to the Government.

12    Although the Government believes that an order from this Court is premature and that
13  Judge White's pretrial order will accomplish when appropriate precisely the relief defendants
14  now seek, if the Court does order the Government to identify documents it will use in its case-in-
15  chief, the Court must also order defendants to provide reciprocal discovery and produce a list of
16  the documents they intend to use at trial.  Such an order would be required to fulfill defendants'
17  reciprocal discovery obligations under Rule 16(b)(1).

18    F.    Conclusion

19    Defendants' motion should be denied.  If the motion is granted in full or part, defendants'
20  should be ordered to provide reciprocal discovery of the same nature.

21

22                                    Respectfully submitted,

23  DATED:                            MELINDA HAAG
                                      United States Attorney
24

25                                         /s/

26                                    _____
                                      JOHN H. HEMANN
                                      PETER B. AXELROD
27                                    Assistant United States Attorneys

28