KEKER & VAN NEST LLP
STUART L. GASNER - #164675
sgasner@kvn.com
SIMONA A. AGNOLUCCI - #246943
sagnolucci@kvn.com
KATHERINE M. LOVETT - #276256
klovett@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
WALTER LIEW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>WALTER LIEW, CHRISTINA LIEW, USA PERFORMANCE TECHNOLOGY, INC., and ROBERT MAEGERLE,<br><br>            Defendants. | Case No. CR 11-0573-JSW<br><br>**COMPETING PROPOSED BRIEFING SCHEDULES BY GOVERNMENT AND MR. LIEW FOR MOTION FOR REVOCATION OF THE ORDER GRANTING MR. LIEW'S PRETRIAL RELEASE** |

Defendant Walter Liew, on the one hand, and the Government, on the other hand, hereby submit the below competing proposed briefing and hearing schedules for the Government's motion to revoke the Order granting Mr. Liew's pretrial release entered by Magistrate Judge Cousins on February 26, 2013. Dkt. 255.

### I.     Defendant's Proposal.

Mr. Liew proposes that the Government's appeal be heard on March 12 or 18, the only dates in March available in light of the Court's calendar and the parties' scheduling conflicts. Ordering a hearing on one of those dates—and not in April as the Government suggests—is the only way to comply with 18 USC §3145(a), which provides that a motion to revoke a Magistrate Judge's release order "shall be determined promptly." *See also United States v. Fernandez-Alfonso*, 813 F.2d 1571 (9th Cir. 1987) (30-day delay between appeal of bail determination and hearing too long to satisfy the "determined promptly" requirement).

Magistrate Judge Cousins stayed Mr. Liew's release for only seven days, or until March 6, 2013. Since then, the parties have met and conferred extensively regarding a proposed briefing and hearing schedule. Declaration of Simona Agnolucci In Support of Request for Briefing Schedule ("Agnolucci Decl.") ¶2. Defense counsel have been willing to agree to the Government's request to extend Magistrate Judge Cousins' stay if the parties enter into an expedited briefing and hearing schedule similar to the accelerated schedule ordered by this Court in December.[1] Although defense counsel prefer a hearing date of March 12, they are willing to agree to a March 18 hearing date. *Id*. ¶3, 6, 7. Counsel understand that both March 12 and March 18 currently are available on the Court's calendar.[2] The process of obtaining Mr. Liew's

---

[1] The hearing on Mr. Liew's bail motion was held before Magistrate Judge Cousins on December 21, 2012. This Court then ordered the Government's opening brief to be filed by December 27 at 3:00 p.m., ordered Mr. Liew's opposing brief to be filed by December 31 at 3:00 p.m., and ordered the reply brief to be filed by noon on January 2, 2013. The hearing was scheduled for January 3, 2013.

[2] Defense counsel preferred, and initially proposed, March 5, 2013 (*id*. ¶3), but the setting of a briefing schedule has now been delayed such that March 5 no longer would give the parties sufficient time to submit briefs.

1
COMPETING PROPOSED BRIEFING SCHEDULE FOR MOTION TO REVOKE ORDER GRANTING PRETRIAL RELEASE
Case No. CR 11-0573-JSW

731949.01

$2 million bond is underway, and defense counsel are informed that the bond is expected to be available for posting by March 18 or, at the latest, within a few days of March 18. *Id.* ¶9.

Defense counsel's proposed hearing dates, 14 and 20 days from the Magistrate Judge's order granting release, are eminently reasonable in light of the respective burdens on the parties. Magistrate Judge Cousins found that "the pace of this case is directly attributable to decisions of the prosecution. With nineteen months elapsed, discovery not yet complete, and new charges planned for the future, further detention points strongly to a denial of Mr. Liew's due process rights." Dkt. 255 at 4. The burden of Mr. Liew's continued and prolonged incarceration is significant.

The Government argues that a hearing date of March 12 or 18 is unduly burdensome on the Government, and that this matter should be heard at the beginning of April,[3] because the Government needs until March 12 to file its opening brief. *Id.* ¶4. It asserts that (1) the issues presented are complex; (2) it has a brief in this case due in March (which defense counsel believes is the brief regarding service of the Pangang defendants that was filed this morning (Dkt. 260)); and (3) it has a scheduled out-of-town meeting the week of March 4 associated with the forthcoming Superseding Indictment against Mr. Liew. *Id.* The fact that the Government is seeking additional charges against Mr. Liew and has sought to serve additional defendants in this matter—both of which have been ongoing for many months now—cannot justify Mr. Liew's continued incarceration. Moreover, the Government could file its opening brief *two days* sooner than it proposes, on March 10, and give the parties sufficient time to complete briefing before a March 18 hearing date, as follows:

| | |
|---|---|
| Sunday 3/10, noon: | Government's opening brief due |
| Wednesday, 3/13, 5:00 p.m.: | Mr. Liew's opposition due |
| Friday, 3/15, noon: | Government's reply brief due |
| Monday, 3/18, 9:00 a.m.: | Hearing |

---

[3] Due to travel dates that cannot be moved, Defense counsel is unavailable for a hearing March 19-22. *Id.* ¶5. Counsel for the Government is unavailable March 25-29. *Id.*

Requiring the Government to file its opening brief two days sooner than it would like, on March 10, is a *de minimis* burden. The issue of Mr. Liew's release already has been briefed extensively; the appellate briefs need not cover new ground. Accordingly, giving the Government 12 days to file its opening brief—twice the length of time previously granted by this Court in December—is sufficient. On the other hand, requiring Mr. Liew to remain incarcerated until early April—at least 33 days after the Order granting his release—heightens the due process concerns expressed by Magistrate Judge Cousins and runs afoul of 18 U.S.C. §3145(a)'s requirement that the Government's appeal be determined "promptly."[4]

Accordingly, defense counsel respectfully request that the Government's appeal be heard either (1) on March 12, with the Government's opening brief due on March 4, Mr. Liew's opposition due March 8, and the Government's reply due March 11; or (2) on the morning of March 18, with the Government's opening brief due March 10 at noon, Mr. Liew's opposition due March 13 at 5:00 p.m., and the Government's reply brief due March 15 at noon.

## II.     Government's Proposal.

The United States files this request for a briefing schedule and hearing date for a review of the release order issued by Magistrate Judge Cousins on February 27, 2013 (Dkt. 255) pursuant to 18 U.S.C. § 3145(a)(1). While the parties agree that Judge Cousins' release order should be stayed pending this Court's decision on the appeal, the parties disagree on a schedule for it. Therefore, the United States asks the Court to set the following schedule: government's opening brief on March 12, 2013; defense opposition on March 19, 2013; government reply on March 22, 2013; and, a hearing on April 1, 2013.

---

[4] The Government likely will argue that delay in filing and hearing its appeal is not unfair to Mr. Liew given delays by the defense in submitting certain bail-related materials. *Id*. ¶8. On January 14, Magistrate Judge Cousins ordered Mr. Liew to file an *in camera*, under seal declaration regarding the source of the funds he proposes as collateral for bail. Dkt. 232. Defense counsel worked diligently to obtain the required information, which included records from overseas. Agnolucci Decl. ¶8. Counsel submitted Mr. Liew's under seal, *in camera* declaration as soon as possible, on February 15, 2013. *Id.* The month that it took to submit the declaration was due to matters out of defense counsel's control and not due to delay attributable to counsel or Mr. Liew. *Id*.

1    The United States believes its proposed schedule is appropriate for the following reasons.

2    First, the factual record surrounding the three separate bail hearings is voluminous and
3    complex, and much of that is due to Walter Liew's change of positions and his refusal to answer
4    basic questions about his finances.  (There are stacks of pleadings and supporting exhibits relating
5    to, among other things, millions of dollars of international financial transactions, shell companies
6    on Singapore controlled by the Liews and their family members, his extensive contacts in China,
7    and his bankruptcy proceedings.)  When Liew initially sought his release in August 2011, he
8    proffered limited personal resources and sureties.  In his second bail motion in January 2012, he
9    proffered sureties willing to post approximately $200,000.  Almost a year later in his third bail
10   motion, Liew finally offered to increase his posting ten-fold to $2,000,000 from the sale of a
11   property owned by his wife in Singapore, a property she owned through the entirety of these bail
12   proceedings and which, the government believes, was purchased with the proceeds of their
13   jointly-undertaken criminal activity.  There are significant questions about the propriety of the use
14   of the proceeds of such a sale for bail purposes, why Liew waited so long to offer it and, more
15   generally, about Walter Liew's financial disclosures to the Court.

16   Over the course of the bail hearings, the United States has identified for the Court
17   approximately $28,000,000 in funds that Liew received in the United States from his Chinese
18   TiO2 customers and the subsequent movement of over $22,000,000 of those funds to shell
19   companies in Singapore and thereafter the transfer of millions of dollars into accounts in China in
20   the names of the relatives of Christina Liew.  Walter Liew has never explained the ultimate
21   disposition and control of any of those funds, and given his credibility problems, the United
22   States has concerns about what information Liew has provided to the Court *ex parte* and *under*
23   *seal* to justify his release.  As part of this appeal, the United States will also ask this Court to
24   unseal the materials Liew submitted *ex parte* concerning his assets and the source of the
25   $2,000,000 to be posted for his release.

26   Second, there are serious questions about Liew's credibility arising from a range of
27   discrete incidents that require explication and consideration.  While some of Liew's dishonesty is
28   evident from the charges – threatening witnesses, lying to the FBI about a bank safe deposit box,

and causing a false answer to be filed in the DuPont civil case, there are other instances of *under oath* misrepresentations to this Court and the bankruptcy court that merit particular consideration. As part of his second bail motion in these proceedings, Liew filed a materially misleading declaration with the Court. For example, in his declaration, Liew disavowed contact with his father-in-law despite the fact that bank records and communications provided by the United States demonstrated Liew's control over bank accounts in China in his father-in-law's name that received hundreds of thousands of dollars. Likewise, despite an obligation to do so, Liew concealed from the bankruptcy court – both in pleadings and in *under oath* testimony – his receipt of over $5,000,000 from his Chinese TiO2 customers. Evidence related to these matters is summarized in the parties' bail submissions.

Third, while Liew is now in a hurry to resolve this appeal, his delays in pursing his release must be factored into the schedule. At the bail hearing on December 21, 2012, Magistrate Judge Cousins ordered Liew to file a "declaration and documentation regarding (1) the total amount of assets presently available to or controlled by Mr. and Mrs. Liew and (2) the source of the funds ($2 million) defendant proposes to submit in order to assure his reappearance" by December 31, 2012. Dkt. 223. Liew did not comply with that order. On January 14, 2013, Magistrate Judge Cousins again ordered Liew to provide those materials to the Court, *ex parte* and *under seal*. Dkt. 232. Liew waited a month – to February 15, 2013 – before making that filing, and despite repeated government requests to the defense about the date of their filing, the date of Liew's submission was unknown to the government until Judge Cousins' order came out two days ago. Release Order (Dkt. 255) at 2.

That delay is critical because in the absence of any known effort by the defense to make its ex parte submission to the Court, the government's calendar has filled with other out-of-district commitments in the next couple of weeks. Government counsel are out-of-district from March 15, 2013 to March 8, 2013 for a commitment related to this investigation that cannot be rescheduled. Government counsel are also unavailable and out-of-district on March 13, 2013 through March 15, 2013 (for a previously scheduled trip on another matter), March 22, 2013, and March 25, 2013 through March 29, 2013 (for previously planned religious observance and

vacation).

Fourth, the defense is not in position to represent when the $2,000,000 will be posted with the Clerk of the Court, which is a condition precedent to his release. Moreover, the United States has concerns about the arrangements by which Liew will post those funds. Presumably, Liew is going to sell the property in Singapore and repatriate the proceeds. Yet, defense counsel informed the government yesterday that he did not know if those funds would come from a sale of the house or a loan against it. That ambiguity suggests the funds will not be arriving anytime soon, and it raises additional questions about the posting.

Fifth, to the extent Magistrate Cousins cited the uncertainty surrounding the timing of a superseding indictment as a basis for Liew's release, the United States anticipates that will be resolved by any likely date for a hearing on this appeal.

While the United States has worked to reach a mutually agreeable schedule with the defense in accordance with this Court's order (Dkt. 229), it cannot agree to a schedule that does not permit it to address in an appropriate manner the significant and complex issues raised by Liew's bail motion.

Dated: March 1, 2013　　　　　　　　　　　　　　KEKER & VAN NEST LLP

　　　　　　　　　　　　　　　　　　　　　　　By: */s/ Simona A. Agnolucci*
　　　　　　　　　　　　　　　　　　　　　　　　　STUART L. GASNER
　　　　　　　　　　　　　　　　　　　　　　　　　SIMONA A. AGNOLUCCI
　　　　　　　　　　　　　　　　　　　　　　　　　KATHERINE M. LOVETT

　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant WALTER LIEW

Dated: March 1, 2013　　　　　　　　　　　　　　MELINDA HAAG
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES ATTORNEY

　　　　　　　　　　　　　　　　　　　　　　　By: */s/ Peter B. Axelrod*
　　　　　　　　　　　　　　　　　　　　　　　　　JOHN H. HEMANN
　　　　　　　　　　　　　　　　　　　　　　　　　PETER B. AXELROD
　　　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorneys

COMPETING PROPOSED BRIEFING SCHEDULE FOR MOTION TO REVOKE ORDER GRANTING PRETRIAL RELEASE
Case No. CR 11-0573-JSW

731949.01