# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

## VENUE: SAN FRANCISCO

*CR11 – 0573 JSW*

### UNITED STATES OF AMERICA,

### V.

WALTER LIAN-HEEN LIEW, a.k.a. LIU YUANXUAN,
CHRISTINA HONG QIAO LIEW, a.k.a. QIAO HONG,
ROBERT J. MAEGERLE, USA PERFORMANCE
TECHNOLOGY, INC., TZE CHAO, a.k.a. ZHI ZHAO,
HOU SHENGDONG, PANGANG GROUP COMPANY,
LTD., PANGANG GROUP STEEL  VANADIUM &
TITANIUM  COMPANY, LTD., PANGANG GROUP
TITANIUM INDUSTRY COMPANY, LTD., and
PANGANG GROUP INTERNATIONAL ECONOMIC &
TRADING COMPANY.

### DEFENDANT(S).

---

## SECOND SUPERSEDING INDICTMENT

26 U.S.C. § 7206(1) - Filing False Tax Return;
18 U.S.C. § 152(3)- False Statements in Bankruptcy Proceedings;
18 U.S.C. § 152(2) - False Oath in Bankruptcy Proceedings

---

A true bill.

_____
                                    Foreman

Filed in open court this ___12___ day of

_____March  2013_____ .

_____
                                    Clerk

Bail, $ _No process_

_____

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☒ SUPERSEDING

───── **OFFENSE CHARGED** ─────

see attached penalty sheet

☐ Petty
☐ Minor
☐ Misde-
meanor
☒ Felony

PENALTY: see attached penalty sheet

─────────

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

─── **DEFENDANT - U.S** ───

▶ WALTER LIAN-HEEN LIEW, a.k.a. Liu Xuanxuan

DISTRICT COURT NUMBER

CR 11-0573 JSW

*FILED*
MAR 12 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form MELINDA HAAG

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned) Peter Axelrod & John Hemann

### IS *NOT* IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY

4) ☒ On this charge

5) ☐ On another conviction
☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No
If "Yes" give date filed

DATE OF ARREST ▶
Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶
Month/Day/Year

☒ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: Before Judge:

Comments:

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  
☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

─── **OFFENSE CHARGED** ───

see attached penalty sheet

☐ Petty  
☐ Minor  
☐ Misde-meanor  
☒ Felony

PENALTY: see attached penalty sheet

─── **DEFENDANT - U.S** ───

► CHRISTINA HONG QIAO LIEW, a.k.a. Qiao Hong

DISTRICT COURT NUMBER

CR 11-0573 JSW

*FILED*

MAR 1 2 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── **PROCEEDING** ───

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form

MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)

Peter Axelrod & John Hemann

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☒ On this charge

5) ☐ On another conviction ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ► Month/Day/Year
TO U.S. CUSTODY

☒ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

Bail Amount:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:  Before Judge:

Comments:

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☒ SUPERSEDING

─── **OFFENSE CHARGED** ───

see attached penalty sheet

☐ Petty
☐ Minor
☐ Misde-
    meanor
☒ Felony

PENALTY:   see attached penalty sheet

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

SAN FRANCISCO DIVISION

─── **DEFENDANT - U.S** ───

▶ ROBERT J. MAEGERLE

DISTRICT COURT NUMBER

CR 11-0573 JSW

*FILED*

MAR 12 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT COURT
DEFENDANT OF CALIFORNIA

─── **PROCEEDING** ───

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Peter Axelrod & John Hemann

**IS *NOT* IN CUSTODY**
   Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
    summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☒ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

    ☐ Federal   ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   If "Yes"
been filed?   ☐ No   give date
    filed

DATE OF   Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED   Month/Day/Year
TO U.S. CUSTODY   ▶

☒ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

Bail Amount:

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment*

Date/Time:   Before Judge:

Comments:

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

**───── OFFENSE CHARGED ─────**

see attached penalty sheet

☐ Petty
☐ Minor
☐ Misde-
meaner
☒ Felony

PENALTY:   see attached penalty sheet

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**──── DEFENDANT - U.S ────**

USA PERFORMANCE TECHNOLOGY, INC. (USAPTI)

DISTRICT COURT NUMBER

CR 11-0573 JSW

*FILED*

MAR 12 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**───── PROCEEDING ─────**

Name of Complaintant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Peter Axelrod & John Hemann

**DEFENDANT**

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▸

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☒ On this charge

5) ☐ On another conviction

☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer  ☐ Yes      If "Yes"
been filed?  ☐ No        give date
filed _____

DATE OF
ARREST              Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED  ▸  Month/Day/Year
TO U.S. CUSTODY

☒ This report amends AO 257 previously submitted

**───── ADDITIONAL INFORMATION OR COMMENTS ─────**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

Bail Amount: _____

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____  Before Judge: _____

Comments:

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

—— OFFENSE CHARGED ——

see attached penalty sheet

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  see attached penalty sheet

—— Name of District Court, and/or Judge/Magistrate Location ——
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

—— DEFENDANT - U.S ——
▶ TZE CHAO, a.k.a. Zhao Zhi

DISTRICT COURT NUMBER
CR 11-0573 JSW

FILED

MAR 12 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

—— PROCEEDING ——

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    MELINDA HAAG
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Peter Axelrod & John Hemann

—— DEFENDANT ——

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☒ On this charge

5) ☐ On another conviction       ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No     If "Yes" give date filed

DATE OF ARREST ▶     Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶     Month/Day/Year

☒ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT        Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments:

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT

☒ SUPERSEDING

**OFFENSE CHARGED**

see attached penalty sheet

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: see attached penalty sheet

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**DEFENDANT - U.S**

▶ HOU SHENGDONG

DISTRICT COURT NUMBER

CR 11-0573 JSW

*FILED*

MAR 12 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    Peter Axelrod & John Hemann

---

**DEFENDANT**

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
   ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**

4) ☒ On this charge

5) ☐ On another conviction            ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

_____

Has detainer ☐ Yes    If "Yes"
been filed?   ☐ No     give date filed

DATE OF
ARREST          Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶    Month/Day/Year
TO U.S. CUSTODY

☒ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:

☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT    Bail Amount: _____

If Summons, complete following:

☐ Arraignment ☐ Initial Appearance

Defendant Address:

_____

Comments:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____ Before Judge: _____

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☒ SUPERSEDING

— OFFENSE CHARGED —

see attached penalty sheet

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: see attached penalty sheet

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN FRANCISCO DIVISION

— DEFENDANT - U.S —

▶ PANGANG GROUP COMPANY, LTD. (PANGANG GROUP)

DISTRICT COURT NUMBER
CR 11-0573 JSW

**FILED**
MAR 1 2 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

— DEFENDANT —
IS *NOT* IN CUSTODY
1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☒ On this charge
5) ☐ On another conviction ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No
If "Yes" give date filed

DATE OF ARREST Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

— PROCEEDING —

Name of Complainant Agency, or Person (& Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned) Peter Axelrod & John Hemann

☒ This report amends AO 257 previously submitted

— ADDITIONAL INFORMATION OR COMMENTS —

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT
Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

\* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: Before Judge:

Comments:

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT　☐ INFORMATION　☒ INDICTMENT

☒ SUPERSEDING

---OFFENSE CHARGED---

see attached penalty sheet

☐ Petty

☐ Minor

☐ Misde-meanor

☒ Felony

PENALTY:　see attached penalty sheet

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

---DEFENDANT - U.S---

PANGANG GROUP STEEL VANADIUM AND TITANIUM COMPANY, LTD

DISTRICT COURT NUMBER

CR 11-0573 JSW

FILED

MAR 12 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY　☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form　MELINDA HAAG

☒ U.S. Attorney　☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)　Peter Axelrod & John Hemann

---DEFENDANT---

IS NOT IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY

4) ☒ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

}　☐ Federal　☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?　☐ Yes　☐ No

}　If "Yes" give date filed

DATE OF ARREST　Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY　Month/Day/Year

☒ This report amends AO 257 previously submitted

---

--- ADDITIONAL INFORMATION OR COMMENTS ---

PROCESS:

☐ SUMMONS　☒ NO PROCESS*　☐ WARRANT

Bail Amount:

If Summons, complete following:

☐ Arraignment　☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:　Before Judge:

Comments:

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☒ SUPERSEDING

---OFFENSE CHARGED---

see attached penalty sheet

☐ Petty

☐ Minor

☐ Misde-
meanor

☒ Felony

PENALTY:   see attached penalty sheet

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

--- DEFENDANT - U.S ---

PANGANG GROUP STEEL VANADIUM AND TITANIUM
COMPANY, LTD (PGSVTC)                              ☐

DISTRICT COURT NUMBER

CR 11-0573 JSW

*FILED*

*MAR 1 2 2013*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:

☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

Name and Office of Person
Furnishing Information on this form      MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)      Peter Axelrod & John Hemann

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐   If not detained give date any prior
summons was served on above charges

2) ☐   Is a Fugitive

3) ☐   Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☒   On this charge

5) ☐   On another conviction          ☐ Federal   ☐ State

6) ☐   Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer      ☐ Yes     If "Yes"
been filed?        ☐ No      give date
filed

DATE OF
ARREST                       Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED             Month/Day/Year
TO U.S. CUSTODY

☒ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

Bail Amount:

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment*

Date/Time:                          Before Judge:

Comments:

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☒ SUPERSEDING

─── **OFFENSE CHARGED** ───

see attached penalty sheet

☐ Petty
☐ Minor
☐ Misde-
    meanor
☒ Felony

PENALTY: see attached penalty sheet

─── **PROCEEDING** ───

Name of Complaintant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court,
give name of court

─────────────────────

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

─────────────────────

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
    ☐ U.S. ATTORNEY ☐ DEFENSE

☐ this prosecution relates to a
pending case involving this same
defendant

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

} SHOW
DOCKET NO.

} MAGISTRATE
CASE NO.

─────────────────────

Name and Office of Person
Furnishing Information on this form     MELINDA HAAG

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)     Peter Axelrod & John Hemann

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

─── **DEFENDANT - U.S** ───

▶ PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD.
(PANGANG GROUP TITANIUM) ⊞

DISTRICT COURT NUMBER

CR 11-0573 JSW

*FILED*

MAR 12 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── **DEFENDANT** ───

**IS NOT IN CUSTODY**
    Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
        summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

─────────────────────

**IS IN CUSTODY**
4) ☒ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
            If answer to (6) is "Yes", show name of institution

} ☐ Federal ☐ State

Has detainer     ☐ Yes     If "Yes"
been filed?      ☐ No      give date
                            filed

} Month/Day/Year

**DATE OF
ARREST** ▶

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY** ▶     Month/Day/Year

☒ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

Comments:

Bail Amount: _____

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____     Before Judge: _____

AO 257 (Rev. 6/78)

---

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☒ SUPERSEDING

┌─ **OFFENSE CHARGED** ─────────────────────┐

see attached penalty sheet                    ☐ Petty

☐ Minor

☐ Misde-
meanor

☒ Felony

PENALTY:   see attached penalty sheet

---

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

┌─ **DEFENDANT - U.S** ─────────────────────┐

PANGANG GROUP INTERNATIONAL ECONOMIC &
TRADING COMPANY (PIETC)                        ⊞

DISTRICT COURT NUMBER

CR 11-0573 JSW

*FILED*

MAR 1 2 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA

---

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court,
give name of court

_____

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:                                    SHOW
DOCKET NO.
☐ U.S. ATTORNEY   ☐ DEFENSE

☐ this prosecution relates to a
pending case involving this same
defendant                              MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

Name and Office of Person
Furnishing Information on this form     MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)     Peter Axelrod & John Hemann

---

## DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐  If not detained give date any prior
summons was served on above charges

2) ☐  Is a Fugitive

3) ☐  Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**

4) ☒  On this charge

5) ☐  On another conviction          } ☐ Federal ☐ State

6) ☐  Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

_____

Has detainer   ☐ Yes       If "Yes"
been filed?    ☐ No    }   give date
filed

**DATE OF**                Month/Day/Year
**ARREST**          ▶

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**        Month/Day/Year
**TO U.S. CUSTODY**    ▶

☒ This report amends AO 257 previously submitted

---

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT       Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance        *Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

_____        Date/Time: _____   Before Judge: _____

Comments:

# PENALTY SHEET

**WALTER LIAN-HEEN LIEW, a.k.a. Liu Yuanxuan:** Counts 1 - 3, 5 - 11, 13, 14, 15 - 19, 20 and 21, and 22;
Forfeiture Allegations 1 - 4

**CHRISTINA HONG QIAO LIEW, a.k.a. Qiao Hong:** Counts 1 - 3, 5, 6, 9, 12, 13, and 14;
Forfeiture Allegations 1 - 3

**ROBERT J. MAEGERLE:** Counts 2, 5, 8, and 10; Forfeiture Allegations 2 and 3

**USA PERFORMANCE TECHNOLOGY, INC. (USAPTI):** Counts 1 - 3 and 5 - 10;
Forfeiture Allegations 1 - 3

**TZE CHAO, a.k.a. Zhao Zhi**: Count 1; Forfeiture Allegation 1

**HOU SHENGDONG:** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP COMPANY, LTD. (PANGANG GROUP):** Counts 1, 2, and 4;
Forfeiture Allegations 1 and 2

**PANGANG GROUP STEEL VANADIUM AND TITANIUM COMPANY, LTD.
(PGSVTC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD.
(PANGANG GROUP TITANIUM):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

**PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY
(PIETC):** Counts 1, 2, and 4; Forfeiture Allegations 1 and 2

| COUNT 1 | 18 U.S.C. § 1831(a)(5) - Conspiracy to Commit Economic Espionage | **PENALTY:** | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution |
|---|---|---|---|
| COUNT 2 | 18 U.S.C. § 1832(a)(5) - Conspiracy to Commit Theft of Trade Secrets | **PENALTY:** | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution |

| COUNT 3 | 18 U.S.C. § 1831(a)(2) and (4) - Attempted Economic Espionage | **PENALTY:** | 15 years imprisonment, $500,000 fine, 3 years supervised release and restitution |
|---|---|---|---|
| COUNT 4 | 18 U.S.C. § 1831(a)(3) and (4) - Attempted Economic Espionage | **PENALTY:** | 15 years imprisonment, $500,000 fine,  3 years supervised release and restitution |
| COUNT 5 | 18 U.S.C. § 1832(a)(2) and (4) - Attempted Theft of Trade Secrets | **PENALTY:** | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution |
| COUNTS 6 & 7 | 18 U.S.C. § 1832(a)(3) - Possession of Trade Secrets | **PENALTY:** | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution |
| COUNT 8 | 18 U.S.C. §§ 1832(a)(2) and 2 - Conveying Trade Secrets; Aiding and Abetting | **PENALTY:** | $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution |
| COUNT 9 | 18 U.S.C. §§ 1832(a)(3) - Possession of Trade Secrets | **PENALTY:** | 10 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution |
| COUNT 10 | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Witnesses and Evidence | **PENALTY:** | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution |
| COUNTS 11 & 12 | 18 U.S.C. § 1512(b)(1) – Witness Tampering | **PENALTY:** | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution |

| **COUNT 13** | 18 U.S.C. § 1512(k) – Conspiracy to Tamper with Evidence | **PENALTY:** | 20 years imprisonment, $250,000 fine or twice the gross gain or loss, 3 years supervised release and restitution |
|---|---|---|---|
| **COUNT 14** | 18 U.S.C. §§ 1001(a)(2) & 2 – False Statements In a Matter Within the Jurisdiction of the Executive Branch; Aiding and Abetting | **PENALTY:** | 5 years imprisonment, $250,000 fine,  3 years supervised release and restitution |
| **COUNT 15 - 19** | 26 U.S.C. § 7206(1) Filing False Tax Return | **PENALTY:** | 3 years imprisonment, $100,000 fine, 1 year supervised release and  and costs of prosecution |
| **COUNT 20 & 21** | 18 U.S.C. § 152(3) False Statements in Bankruptcy Proceedings | **PENALTY:** | 5 years imprisonment, fine of $250,000 or twice gross gain or loss, 3 years of supervised release |
| **COUNT 22** | 18 U.S.C. § 152(2) False Oath in Bankruptcy Proceedings | **PENALTY:** | 5 years imprisonment, fine of $250,000 or twice gross gain or loss, 3 years of supervised release |

**SPECIAL ASSESSMENT:**     $100.00 for each count

**FORFEITURE ALLEGATIONS:**

**First Forfeiture Allegation:** 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Economic Espionage

**Second Forfeiture Allegation**: 18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Theft of Trade Secrets

**Third Forfeiture Allegation**:18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 –  Witness Tampering Proceeds

**Fourth Forfeiture Allegation**:18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 – Bankruptcy False Statement Forfeiture

3

1 MELINDA HAAG (CABN 132612)
United States Attorney
2



3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11  UNITED STATES OF AMERICA,              )  No. CR 11-0573 JSW
                                           )
12        Plaintiff,                       )  VIOLATIONS: 18 U.S.C. § 1831(a)(5) –
                                           )  Conspiracy to Commit Economic
13        v.                               )  Espionage; 18 U.S.C. § 1832(a)(5) –
                                           )  Conspiracy to Commit Theft of Trade
14  WALTER LIAN-HEEN LIEW,                 )  Secrets; 18 U.S.C. § 1831(a)(4) –
       a.k.a. LIU YUANXUAN,                )  Attempted Economic Espionage; 18
15  CHRISTINA HONG QIAO LIEW,              )  U.S.C. § 1832(a)(4) – Attempted Theft
       a.k.a. QIAO HONG,                   )  of Trade Secrets; 18 U.S.C. § 1832(a)(3)
16  ROBERT J. MAEGERLE,                    )  – Possession of Trade Secrets; 18 U.S.C.
    USA PERFORMANCE TECHNOLOGY,            )  § 1832(a)(2) – Conveying Trade Secrets;
17  INC.,                                  )  18 U.S.C. § 2 – Aiding and Abetting; 18
    TZE CHAO,                              )  U.S.C. § 1512(k) – Conspiracy to
18     a.k.a. ZHI ZHAO,                    )  Tamper with Witnesses and Evidence; 18
    HOU SHENGDONG,                         )  U.S.C. § 1512(b)(1) – Witness
19  PANGANG GROUP COMPANY, LTD.,           )  Tampering; 18 U.S.C. § 1001(a)(2)
    PANGANG GROUP STEEL                    )  – False Statements; 18 U.S.C. § 2 –
20  VANADIUM & TITANIUM                    )  Aiding and Abetting; 26 U.S.C. §
    COMPANY, LTD.,                         )  7206(1) – Filing False Tax Returns; 18
21  PANGANG GROUP TITANIUM                 )  U.S.C. § 152(3) – False Statements in
    INDUSTRY COMPANY, LTD., and            )  Bankruptcy Proceedings; 18 U.S.C. §
22  PANGANG GROUP INTERNATIONAL            )  152(2) – False Oath in Bankruptcy
    ECONOMIC & TRADING COMPANY,            )  Proceedings; 18 U.S.C. §§ 1834 and
23                                         )  2323 – Economic Espionage Forfeiture;
          Defendants.                      )  18 U.S.C. §§ 1834 and 2323 – Trade
24                                         )  Secret Forfeiture; 18 U.S.C. §
                                           )  981(a)(1)(C) & 28 U.S.C. § 2461 –
25                                         )  Witness Tampering Forfeiture; 18 U.S.C.
                                           )  § 981(a)(1)(C) and 28 U.S.C. § 2461 —
26                                         )  Bankruptcy False Statement Forfeiture
                                           )
27  _____       )  (SAN FRANCISCO VENUE)

28

SECOND SUPERSEDING INDICTMENT
CR 11-0573 JSW

## S E C O N D   S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury charges that at all times relevant to this Superseding Indictment:

### INTRODUCTORY ALLEGATIONS

1.      The government of the People's Republic of China (PRC) publicly identified the development of chloride-route titanium dioxide (TiO2) production technology as a scientific and economic priority. Economic growth in the PRC had created significant demand for TiO2, and because PRC companies had not been able to develop clean, efficient TiO2 production technology, the PRC was a net importer of TiO2 from western countries. Chloride-route TiO2 production technology was closely held by western companies, including E.I. du Pont de Nemours & Company (DuPont), which had invented and improved the technology through intensive research and development over many years. DuPont was not willing to sell or license its proprietary technology to PRC companies to build TiO2 factories in the PRC.

2.      Aware of the PRC's national priority and the barriers placed by DuPont on access to the technology, at the times set forth below, individuals named in this Superseding Indictment obtained TiO2 trade secrets belonging to DuPont and conveyed information containing those trade secrets to companies controlled by the PRC government without authorization from DuPont.

### Defendants in the United States

3.      Defendant WALTER LIAN-HEEN LIEW, also known as LIU YUANXUAN (WALTER LIEW), was a resident of California, and an owner and executive of USA PERFORMANCE TECHNOLOGY, INC. (USAPTI) and its predecessor companies, LH Performance, Inc. and Performance Group (USA), Inc. (PERFORMANCE GROUP). WALTER LIEW was born in Malaysia in 1957, emigrated to the United States in 1984, and became a naturalized citizen of the United States in 1993.

4.      Defendant CHRISTINA HONG QIAO LIEW, also known as QIAO HONG (CHRISTINA LIEW), was a resident of California, and an owner and executive of USAPTI and its predecessor companies, LH Performance, Inc. and PERFORMANCE

1 GROUP. CHRISTINA LIEW was born in the PRC in 1962, emigrated to the United
2 States in 1993, and became a naturalized citizen of the United States in 1997. WALTER
3 LIEW was married to CHRISTINA LIEW.

4     5.     Defendant USAPTI was a California corporation headquartered in Oakland,
5 California that offered engineering consulting services. USAPTI succeeded to the rights
6 and obligations of its predecessor companies, LH Performance, Inc. and
7 PERFORMANCE GROUP, with respect to those companies' TiO2 business, and the
8 business names were sometimes used interchangeably.

9     6.     Defendant TZE CHAO, also known as ZHI ZHAO, was a resident of Delaware
10 and an owner of two consulting firms: Cierra Technology, Inc. (Cierra), incorporated in
11 the State of Delaware, and Zhi Hua Technology Co., Ltd. (Zhi Hua), a Hong Kong-based
12 entity. CHAO was born in China in 1934, emigrated to the United States in 1967, and
13 became a naturalized citizen of the United States in December 1972. CHAO was a
14 DuPont employee from 1966 to 2002.

15     7.     Defendant ROBERT J. MAEGERLE was a resident of Delaware and an owner
16 of a consulting firm, Pinewater Designs, Inc. MAEGERLE was a process engineer,
17 among other things, for DuPont from 1956 to 1991.

18 Defendants in the PRC

19     8.     The State-Owned Assets Supervision and Administration Commission of the
20 State Council (SASAC) was a special government agency of the PRC. It was under the
21 direct control of the State Council, the PRC's highest government authority. According
22 to its website, SASAC "performs investor's responsibilities, supervises and manages the
23 state-owned assets of the enterprises under the supervision of the Central Government . . .
24 and enhances the management of the state-owned assets." The appointment of senior
25 officers and directors of central state-owned assets was controlled by the Organization
26 Department of the Communist Party of China Central Committee and managed by
27 SASAC.

28 ///

SECOND SUPERSEDING INDICTMENT
CR 11-0573 JSW     3

9.   Defendant PANGANG GROUP COMPANY LIMITED (PANGANG GROUP), also known as Panzhihua Iron and Steel (Group) Co., Ltd., was a state-owned enterprise controlled by SASAC and located in Sichuan Province, PRC.  The Chairman and certain other senior managers of PANGANG GROUP were officials of the Communist Party of China.  In or about 2002, PANGANG GROUP acquired, through a joint venture, Jinzhou Titanium Industry Co., Ltd. (PANGANG Jinzhou), which operated a small TiO2 manufacturing facility in Liaoning Province, PRC.

10.   PANGANG GROUP controlled the following subsidiaries (referred to collectively in this Superseding Indictment as the "PANGANG GROUP companies"):

a.   Defendant PANGANG GROUP STEEL VANADIUM & TITANIUM COMPANY LIMITED (PGSVTC), which shared senior management with PANGANG GROUP.

b.   Defendant PANGANG GROUP TITANIUM INDUSTRY COMPANY LIMITED (PANGANG GROUP TITANIUM) was formed in 2007 by PANGANG GROUP to develop a large chloride-route TiO2 factory in Sichuan Province.  PANGANG GROUP TITANIUM was owned and controlled by PANGANG GROUP and PGSVTC.

c.   Defendant PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY (PIETC) was the financing arm of PANGANG GROUP.  It was responsible for securing the financing and handling the economic affairs of projects conducted by PANGANG GROUP.  PIETC was owned and controlled by PANGANG GROUP and PGSVTC.

11.   Defendant HOU SHENGDONG was a citizen of the PRC and worked for the PANGANG GROUP and PANGANG GROUP TITANIUM where he served as Vice Director of the Chloride Process TiO2 Project Department.

### DuPont Trade Secrets and Confidentiality Protections

12.   DuPont was a company headquartered in Wilmington, Delaware that manufactured TiO2, a commercially valuable white pigment that was used in a large number of materials ranging from paints to plastics to paper.  DuPont manufactured TiO2

SECOND SUPERSEDING INDICTMENT
CR 11-0573 JSW                                    4

1    at plants in the United States, Mexico, and Taiwan using proprietary technology and sold

2    it throughout the world in interstate and foreign commerce, including in the PRC.

3    DuPont was the world's largest producer of TiO2 pigment, and its TiO2 accounted for

4    approximately one-fifth of all world-wide TiO2 sales.

5       13. DuPont invented the chloride-route process for manufacturing TiO2 in the 1940s

6    and has refined this process over time. The production of TiO2 through the chloride-

7    route is a complex manufacturing process, and DuPont has been continually working to

8    improve its process since its invention. Through its seventy years of experience, research

9    and development, DuPont has developed a proprietary TiO2 process that provides DuPont

10    with a competitive advantage in the international marketplace.

11       14. DuPont's TiO2 technology included, but was not limited to, the following trade

12    secrets:

13       a.    **Trade Secret 1**: The DuPont chloride-route process to manufacture TiO2.

14    Trade Secret 1 includes ways and means in which proprietary and non-proprietary

15    components were compiled and combined by DuPont to form substantial portions of the

16    TiO2 manufacturing process, and Trade Secrets 2 through 5 set forth below.

17       b.    **Trade Secret 2**: DuPont Drawing No. W1245258, titled "Edge Moor Plant

18    Oxidation W/RPS System Drawing." This drawing, marked with the DuPont oval logo

19    trademark, explicitly stated that the "information and know-how [on the drawing] may

20    not be used nor the drawing reproduced without the written permission of DuPont." The

21    drawing provided information about TiO2 oxidation area process, including detailed

22    process flow descriptions for each major stream within the process, including stream

23    capacities, chemical compositions, temperatures, pressures, and physical states. The

24    drawing included details related to pipeline sizes, automatic and manual valve sizes and

25    locations, detailed instrumentation requirements, and safety relief devices.

26       c.    **Trade Secret 3**: DuPont Accession Report No. 18135, titled "Improved

27    Mixing Correlation for the TiCl4 Oxidation Reaction Computer Model," dated September

28    7, 1994, which appended a mathematical equation, referred to as the "Diemer

SECOND SUPERSEDING INDICTMENT
CR 11-0573 JSW        5

correlation," and related code in the Fortran language for a computer model. The correlation, which enabled the calculation of the mixing time and distance required for the completion of the oxidation process for any DuPont reactor under any set of process conditions, incorporated historical operating data from DuPont's production lines and its oxidation science. On its cover page, the report was marked "DuPont Confidential – use and dispose per DISO [DuPont Information Security Organization] policy," and "[t]his report contains confidential information and each holder is responsible for its safekeeping. When no longer needed, please destroy or dispose of in conformance with PIP [Proprietary Information Protection] Guidelines."

      d.    **Trade Secret 4**: DuPont Flow Sheet No. EK2411, titled "Edge Moor Pigments Plant Flow Sheet – Reaction Area," with handwritten notations. This flow sheet, bearing the DuPont oval logo trademark, was marked "DuPont Confidential – Special Control," and provided that the "employee receiving this registered print will sign and print the attached acknowledging card, will properly safeguard this print and will be held personally accountable for this print." The flow sheet contained information about the TiO2 reaction area process, *e.g.*, the process of treating ores with chlorine gas, including the inter-connectivity of all major streams between the reaction area equipment, which illustrates where and how DuPont injects chemical additives, fuel, feedstocks, purge gases and coolants to the process. This flow sheet also included roughly 30 alphanumeric handwritten references to a proprietary, internally-commissioned computer simulation model on the ASPEN-PLUS® platform, known as the Reaction Aspen-Plus (RAP) model, which was described in a separate confidential DuPont technical report. The handwritten references matched the specific nomenclature used for the RAP model, which was created for plant optimization projects and capacity expansions.

      e.    **Trade Secret 5**: DuPont Document EM-C-8510-0148, titled "60,000 Metric Tons Per Year Scope/Basic Data," dated October 31, 1985, addressed to R.J. MAEGERLE (the "Basic Data Document"). This 407-page document, which was designated "Confidential – Special Control," and issued in numbered copies, provided the

scope and basic data for DuPont's then-planned chloride-route plant in Taiwan, which later opened in Kuan Yin, Taiwan. It contained the process and equipment information necessary to design a greenfield (*e.g.*, a plant built from scratch at an undeveloped site), world-class production scale, integrated chloride-route TiO2 production line. The Basic Data Document's security statement provided that the report is "highly confidential" and "[m]uch of the report data are considered in the 'trade secret' category and should not be released to vendor representatives and non-Company personnel." The Basic Data document was itself a trade secret and it contained numerous discrete trade secrets within in it.

15. DuPont protected the confidential information surrounding its TiO2 technology, including its trade secrets, to prevent unauthorized use or disclosure, by a variety of measures, including, but not limited to:

- limiting visitor access to its TiO2 facilities;
- transmitting, receiving, and destroying confidential information in a secure manner;
- requiring employees to execute non-disclosure agreements;
- requiring separating employees to certify that they had returned all confidential or secret DuPont materials;
- compartmentalizing information surrounding the TiO2 process and access to it;
- requiring permission to access data systems that contain TiO2 documentation - including drawings, equipment specifications, instrument specifications, logic diagrams, standard operation procedures, maintenance work practices, technology reports, etc.;
- sending letters to former DuPont employees and/or competing companies that hired former DuPont employees regarding the protection of its trade secrets; and
- maintaining physical security measures in and around TiO2 production

facilities, including fences, gates, locks, guard facilities, surveillance, escort requirements, identification badges, and prohibitions on photography and videotaping.

COUNT ONE:    (18 U.S.C. § 1831(a)(5) – Conspiracy to Commit Economic Espionage)

16.    The allegations contained in Paragraphs 1 through 15 are re-alleged and incorporated as if fully set forth herein.

17.    Beginning in or about 1998, and continuing to in or about October 2011, in the Northern District of California and elsewhere, defendants

> WALTER LIEW,
> CHRISTINA LIEW,
> USAPTI,
> TZE CHAO,
> HOU SHENGDONG,
> PANGANG GROUP,
> PGSVTC,
> PANGANG GROUP TITANIUM, and
> PIETC,

together with others known and unknown to the Grand Jury, knowingly combined, conspired and agreed to:

a.    knowingly and without authorization copy, duplicate, sketch, draw, alter, photocopy, replicate, transmit, deliver, send, communicate, and convey trade secrets belonging to DuPont; and

b.    knowingly receive, buy and possess trade secrets belonging to DuPont, knowing the same to have been stolen, appropriated, obtained and converted without authorization;

intending and knowing that the offenses would benefit a foreign government, namely the PRC, and foreign instrumentalities, namely PANGANG GROUP, PGSVTC, PANGANG GROUP TITANIUM, and PIETC, in violation of Title 18, United States Code, Sections 1831(a)(2) and (a)(3).

///

///

### Manner and Means of the Conspiracy

18.   In order to develop chloride-route TiO2 production capabilities and circumvent DuPont's restriction on its proprietary technology, companies owned and controlled by the PRC government and employees of those companies, including the PANGANG GROUP companies named in this Superseding Indictment, attempted to illegally obtain technology that had been developed by DuPont.

19.   In the 1990s, WALTER LIEW learned that the government of the PRC had prioritized the development of chloride-route TiO2 technology.  By the beginning of 1998, WALTER LIEW had assembled a team of former DuPont employees, including MAEGERLE and others, to assist him in his efforts to convey DuPont's TiO2 technology to entities in the PRC.

20.   WALTER LIEW executed contracts with state-owned entities in the PRC for chloride-route TiO2 projects that relied on the transfer of illegally obtained DuPont technology, including: (a) a $5,600,000 contract in 1998 with the import and export company of Chengde Iron & Steel Group; (b) a $6,180,000 contract in 2005 with PIETC and PANGANG Jinzhou for a 30,000 metric tons per year (MTPY) project; (c) a $7,000,000 contract in 2007 with PANGANG Jinzhou for a 30,000 MTPY project; and (d) a $17,800,000 contract in 2009 with PIETC and PANGANG GROUP TITANIUM for a 100,000 MTPY project.

21.   MAEGERLE had detailed knowledge of DuPont's TiO2 technology and expertise in building TiO2 production lines.  In furtherance of the contracts entered into by WALTER LIEW, MAEGERLE provided WALTER LIEW and USAPTI with DuPont information, including information contained in Trade Secret 5.

### PANGANG GROUP Projects

22.   In approximately 2003, PANGANG Jinzhou, a subsidiary of PANGANG GROUP, decided to build a larger, more efficient 30,000 MTPY chloride-process plant. WALTER LIEW wrote letters in 2003 and 2004, claiming to possess the complete TiO2 process technology and attempting to sell his services to PANGANG Jinzhou to design its

new factory.

23. In March 2004, PANGANG GROUP hired CHAO as a consultant because of his experience with and knowledge of DuPont's TiO2 technology. At PANGANG GROUP's instruction, CHAO contacted WALTER LIEW and asked LIEW about his chloride-route TiO2 technology.

24. As part of the negotiation process for the PANGANG Jinzhou contract, WALTER LIEW also provided PANGANG Jinzhou with numerous photographs of DuPont facilities, which revealed proprietary and confidential aspects of the manufacturing process. WALTER LIEW obtained these photographs from MAEGERLE who was not authorized to take or disseminate them outside DuPont.

25. In or about 2008, PANGANG GROUP put out a request for proposal for a 100,000 MTPY chloride-route TiO2 project in Chongqing, PRC. Both USAPTI and Cierra (CHAO's company) submitted bids. No other engineering firm bid on the project. In their efforts to obtain the contract, both USAPTI and Cierra represented to PANGANG GROUP that they possessed DuPont technology.

26. Throughout 2008, WALTER LIEW and MAEGERLE for USAPTI and CHAO for Cierra provided detailed information to PANGANG GROUP regarding the design and construction of the new facility. During these technology exchanges, PANGANG GROUP employees, including HOU SHENGDONG and an official from PANGANG GROUP TITANIUM, asked WALTER LIEW and CHAO for DuPont blueprints and the names of former DuPont employees who would work on the project.

27. In 2009, PANGANG GROUP hired USAPTI to design the project in Chongqing. The parties to the contract were USAPTI, PANGANG GROUP, and PIETC, and the beneficiary of the contract was PANGANG GROUP's subsidiary, PANGANG GROUP TITANIUM.

28. Following the execution of the contract for the 100,000 MTPY project, USAPTI, PANGANG GROUP TITANIUM, and PIETC had a series of meetings in San Francisco and the PRC to advance the project. At various times, WALTER LIEW, CHRISTINA

LIEW, MAEGERLE, and others attended meetings on behalf of USAPTI, and HOU SHENGDONG and others attended meetings on behalf of PANGANG GROUP TITANIUM.

29.  The basic design information USAPTI delivered to PANGANG GROUP TITANIUM in August 2009 contained numerous features based on technology directly misappropriated from DuPont.  At the request of an official from PANGANG GROUP TITANIUM, CHAO reviewed USAPTI's designs in China in September 2009.  CHAO prepared a report for PANGANG GROUP TITANIUM with specific suggestions for improving USAPTI's designs.  CHAO's suggestions relied, in part, on DuPont's trade secrets, which he included in his report.

30.  Between on or about January 6, 2006 and on or about July 7, 2011, PIETC and PANGANG Jinzhou paid USAPTI and its predecessor, PERFORMANCE GROUP, at least $27,000,000 for work on the 30,000 MTPY and 100,000 MTPY TiO2 projects.

31.  Proceeds from the sale of DuPont technology to PANGANG GROUP were paid to WALTER LIEW, CHRISTINA LIEW, PERFORMANCE GROUP and USAPTI through letters of credit, letters of guarantee, and wire transfers established at various Chinese banks.  To obtain this money, WALTER LIEW drew down on letters of credit and letters of guarantee and was the recipient of wire transfers on behalf of PERFORMANCE GROUP and USAPTI through Mega International Commercial Bank in San Jose, California, California Pacific Bank in San Francisco, California, Cathay Bank in Millbrae, California, and East West Bank in Oakland, California.  WALTER LIEW and CHRISTINA LIEW wired millions of dollars in proceeds from PANGANG GROUP to CHRISTINA LIEW's relatives in the PRC through bank accounts in Singapore and elsewhere.

### Overt Acts

32.  In furtherance of the conspiracy and to effect its objects, defendants committed the following overt acts, among others, in the Northern District of California and elsewhere:

33. On or about March 15, 1998, MAEGERLE sent a facsimile to WALTER LIEW that contained proprietary and confidential information about DuPont's TiO2 plant costs and personnel data, including information from Trade Secret 5.

34. On or about October 8, 2005, MAEGERLE emailed WALTER LIEW a series of photographs from various DuPont facilities that contained proprietary and confidential information about DuPont technologies associated with its chloride-route TiO2 process.

35. On or about November 25, 2005, WALTER LIEW on behalf of PERFORMANCE GROUP entered into a $6,180,000 contract on the 30,000 MTPY chloride-route TiO2 project with PIETC on behalf of PANGANG Jinzhou.

36. On or about April 17, 2008, WALTER LIEW directed Mega Bank to wire $759,982 to an account at the Development Bank of Singapore (DBS) in the name of Huadong Equipment Solutions, Pte, Ltd. (Huadong), over which WALTER LIEW had signature authority.

37. On or about May 29, 2008, WALTER LIEW directed DBS to wire $750,000 from the Huadong account in Singapore to an HSBC in account in Hong Kong belonging to CHRISTINA LIEW's father, a resident of the PRC, over which WALTER LIEW had signature authority.

38. On or about May 30, 2008, WALTER LIEW directed the transfer of approximately $670,000 from the HSBC account of CHRISTINA LIEW's father into a deposit account.

39. On or about June 2, 2008, employees of PANGANG GROUP companies, including HOU SHENGDONG, agreed that PANGANG GROUP would work with Cierra and CHAO if they employed former DuPont employees and possessed blueprints for DuPont's TiO2 plants.

40. On or about July 15, 2008, WALTER LIEW and CHRISTINA LIEW informed PANGANG GROUP TITANIUM that their drawings would replicate DuPont's DeLisle plant.

41. On or about August 22, 2008, MAEGERLE provided a USAPTI consultant with

electronic copies of confidential, proprietary DuPont documents during a business trip to the PRC, including Trade Secret 2, Trade Secret 4, and a set of the photographs described in Paragraph 34.

42. On or about October 25, 2008, MAEGERLE emailed WALTER LIEW specific information from Trade Secret 5 and stated that "[t]he Jinzhou specifications were scaled down" from information from Trade Secret 5.

43. In or about July 2009, MAEGERLE drafted a three-page document entitled, "100K T/Y TiO2 CHLORINATOR DESIGN," which referenced specific confidential, proprietary data contained in the Basic Data Document (Trade Secret 5), which he used to scale up for the 100,000 MTPY project.

44. On or about September 3, 2009, MAEGERLE sent WALTER LIEW an email containing a specific and confidential figure from Trade Secret 5.

45. On August 8, 2010, USAPTI executed a $796,000 contract with PIETC for PANGANG GROUP Chongqing Titanium Industry Co., Ltd. to procure equipment for the 100,000 MTPY project.

46. In or about November 2010, WALTER LIEW provided a portion of Trade Secret 3 to a USAPTI employee.

47. A USAPTI employee emailed himself portions of Trade Secret 3 on February 22, 2011, March 4, 2011, and March 8, 2011.

48. On or about July 19, 2011, WALTER LIEW and CHRISTINA LIEW concealed Trade Secret 2 and Trade Secret 4 at their residence in Orinda, California.

49. On or about July 19, 2011, CHRISTINA LIEW attempted to prevent law enforcement from gaining access to a safe deposit box at Bank of East Asia in Oakland, California that contained copies of Trade Secret 2 and 4 and the photographs referenced in Paragraph 34.

50. In or about October 2011, HOU SHENGDONG attempted to contact CHAO for additional assistance with the 100,000 MTPY project.

All in violation of Title 18, United States Code, Section 1831(a)(5).

COUNT TWO:     (18 U.S.C. § 1832(a)(5) – Conspiracy to Commit Theft of Trade Secrets)

51. The allegations contained in Paragraphs 1 through 15 are re-alleged and incorporated as if fully set forth herein.

52. Beginning in or about 1998, and continuing to in or about October 2011, in the Northern District of California and elsewhere, defendants

> WALTER LIEW,
> CHRISTINA LIEW,
> ROBERT MAEGERLE,
> USAPTI,
> HOU SHENGDONG,
> PANGANG GROUP,
> PGSVTC,
> PANGANG GROUP TITANIUM, and
> PIETC,

together with others known and unknown to the Grand Jury, knowingly combined, conspired and agreed to:

    a.    knowingly and without authorization copy, duplicate, sketch, draw, alter, photocopy, replicate, transmit, deliver, send, communicate, and convey trade secrets belonging to DuPont; and

    b.    knowingly receive, buy and possess trade secrets belonging to DuPont, knowing the same to have been stolen, appropriated, obtained and converted without authorization;

intending to convert a trade secret that is related to and included in a product, namely TiO2, that is produced for and placed in interstate and foreign commerce, to the economic benefit of someone other than DuPont, and intending and knowing that the offense would injure DuPont, in violation of Title 18, United States Code, Sections 1832(a)(2) and (a)(3).

### Manner and Means of the Conspiracy

53. The objects of the conspiracy were carried out, in part, as alleged in Paragraphs 18 through 31 above.

///

Overt Acts

54.  In furtherance of the conspiracy and to effect its objects, defendants committed the overt acts alleged in Paragraphs 32 through 50, among others, in the Northern District of California and elsewhere.

All in violation of Title 18, United States Code, Section 1832(a)(5).

COUNT THREE:    (18 U.S.C. § 1831(a)(2) and (4) – Attempted Economic Espionage)

55.  The allegations contained in Paragraphs 1 through 15 and 18 through 50 are re-alleged and incorporated as if fully set forth herein.

56.  Beginning on a date unknown, but no later than 2008, and continuing to on or about July 19, 2011, in the Northern District of California and elsewhere, defendants

> WALTER LIEW,
> CHRISTINA LIEW, and
> USAPTI

knowingly and without authorization attempted to copy, duplicate, sketch, draw, alter, photocopy, replicate, transmit, deliver, send, communicate, and convey a trade secret belonging to DuPont, specifically Trade Secret 1, intending and knowing that the offenses would benefit a foreign government, namely the PRC, and foreign instrumentalities, namely PANGANG GROUP, PGSVTC, PANGANG GROUP TITANIUM, and PIETC, in violation of Title 18, United States Code, Sections 1831(a)(2).

All in violation of Title 18, United States Code, Section 1831(a)(4).

COUNT FOUR:    (18 U.S.C. § 1831(a)(3) and (4) – Attempted Economic Espionage)

57.  The allegations contained in Paragraphs 1 through 15 and 18 through 50 are re-alleged and incorporated as if fully set forth herein.

58.  Beginning on a date unknown, but no later than 2008, and continuing to on or about October 2011, in the Northern District of California and elsewhere, defendants

> HOU SHENGDONG,
> PANGANG GROUP,
> PGSVTC,

PANGANG GROUP TITANIUM, and
PIETC

knowingly attempted to receive, buy, and possess a trade secret belonging to DuPont, specifically Trade Secret 1, knowing it to have been stolen, appropriated, obtained, and converted without authorization, intending and knowing that the offense would benefit a foreign government, namely the PRC, and foreign instrumentalities, namely PANGANG GROUP, PGSVTC, PANGANG GROUP TITANIUM, and PIETC, in violation of Title 18, United States Code, Sections 1831(a)(3).

All in violation of Title 18, United States Code, Section 1831(a)(4).

COUNT FIVE:    (18 U.S.C. § 1832(a)(2) and (4) – Attempted Theft of Trade Secrets)

59. The allegations contained in Paragraphs 1 through 15 and 18 through 50 are re-alleged and incorporated as if fully set forth herein.

60. Beginning on a date unknown, but no later than 2008, and continuing to on or about July 19, 2011, in the Northern District of California and elsewhere, defendants

WALTER LIEW,
CHRISTINA LIEW,
ROBERT MAEGERLE, and
USAPTI

knowingly and without authorization attempted to copy, duplicate, sketch, draw, alter, photocopy, replicate, transmit, deliver, send, communicate, and convey a trade secret belonging to DuPont, specifically Trade Secret 1, with the intent to convert the trade secret, which was related to and included in a product, specifically TiO2, that was produced for and placed in interstate and foreign commerce, to the economic benefit of someone other than DuPont, and intending and knowing that the offense would injure DuPont, in violation of Title 18, United States Code, Sections 1832(a)(2).

All in violation of Title 18, United States Code, Section 1832(a)(4).

COUNT SIX:    (18 U.S.C. § 1832(a)(3) – Possession of Trade Secrets)

61. The allegations contained in Paragraphs 1 through 15, 48, and 49 are re-alleged and incorporated as if fully set forth herein.

SECOND SUPERSEDING INDICTMENT
CR 11-0573 JSW                    16

62. On or about July 19, 2011, in the Northern District of California and elsewhere, defendants

WALTER LIEW,
CHRISTINA LIEW, and
USAPTI

knowingly possessed a trade secret, specifically Trade Secret 2, knowing it to have been stolen and appropriated, obtained, and converted without authorization, with the intent to convert the trade secret, which was related to and included in a product, specifically TiO2, that is produced for and placed in interstate and foreign commerce, to the economic benefit of someone other than DuPont, and intending and knowing that the offense would injure DuPont.

All in violation of Title 18, United States Code, Sections 1832(a)(3).

COUNT SEVEN: (18 U.S.C. § 1832(a)(3) – Possession of Trade Secrets)

63. The allegations contained in Paragraphs 1 through 15, 46, and 47 are re-alleged and incorporated as if fully set forth herein.

64. In or about 2010, in the Northern District of California and elsewhere, defendants

WALTER LIEW and
USAPTI

knowingly received and possessed a trade secret, specifically Trade Secret 3, knowing it to have been stolen and appropriated, obtained, and converted without authorization, with the intent to convert the trade secret, which was related to and included in a product, specifically TiO2, that is produced for and placed in interstate and foreign commerce, to the economic benefit of someone other than DuPont, and intending and knowing that the offense would injure DuPont.

All in violation of Title 18, United States Code, Sections 1832(a)(3).

COUNT EIGHT:   (18 U.S.C. §§ 1832(a)(2) and 2 – Conveying Trade Secrets; Aiding and Abetting)

65.   The allegations contained in Paragraphs 1 through 15, 21, and 42 through 44 are re-alleged and incorporated as if fully set forth herein.

66.   Between in or about 1998 to July 2011, in the Northern District of California and elsewhere, defendants

WALTER LIEW,
ROBERT MAEGERLE, and
USAPTI

knowingly and without authorization copied, duplicated, sketched, drew, altered, photocopied, replicated, transmitted, delivered, sent, communicated, and conveyed a trade secret belonging to DuPont, specifically Trade Secret 5, with the intent to convert the trade secret, which was related to and included in a product, specifically TiO2, that was produced for and placed in interstate and foreign commerce, to the economic benefit of someone other than DuPont, and intending and knowing that the offense would injure DuPont, and did aid and abet such conduct.

All in violation of Title 18, United States Code, Sections 1832(a)(2) and 2.


COUNT NINE:   (18 U.S.C. § 1832(a)(3) – Possession of Trade Secrets)

67.   The allegations contained in Paragraphs 1 through 15, 48, and 49 are re-alleged and incorporated as if fully set forth herein.

68.   On or about July 19, 2011, in the Northern District of California and elsewhere, defendants

WALTER LIEW,
CHRISTINA LIEW, and
USAPTI

knowingly possessed a trade secret, specifically Trade Secret 4, knowing it to have been stolen and appropriated, obtained, and converted without authorization, with the intent to convert the trade secret, which was related to and included in a product, specifically TiO2, that was produced for and placed in interstate and foreign commerce, to the

SECOND SUPERSEDING INDICTMENT
CR 11-0573 JSW                          18

1 economic benefit of someone other than DuPont, and intending and knowing that the

2 offense would injure DuPont.

3      All in violation of Title 18, United States Code, Sections 1832(a)(3).

4

5 COUNT TEN:      (18 U.S.C. § 1512(k) – Conspiracy to Tamper with Witnesses
                 and Evidence)
6

7 69.   The factual allegations set forth in Paragraphs 1 through 15 and 18 through 50

8 are re-alleged and incorporated as if fully set forth herein.

9 70.   On or about April 6, 2011, DuPont filed a civil complaint in United States

10 District Court in San Francisco. The complaint alleged that USAPTI, WALTER LIEW,

11 and J.L., a USAPTI employee (the "civil defendants"), misappropriated trade secrets

12 from DuPont. The federal civil complaint alleged that the civil defendants "wrongfully

13 obtained and possess confidential, proprietary, trade secret materials providing detailed

14 specifications for DuPont's Chloride-route titanium dioxide ('TiO2') pigment

15 manufacturing process."

16 71.   On or about and between April 6, 2011, and May 11, 2011, in the Northern

17 District of California and elsewhere, defendants

18                        WALTER LIEW,
                          ROBERT MAEGERLE, and
19                        USAPTI

20 knowingly conspired to commit violations of 18 U.S.C. § 1512(c).

21 72.   As part of the conspiracy, WALTER LIEW, MAEGERLE, and USAPTI

22 corruptly obstructed, influenced, and impeded an official proceeding, in violation of 18

23 U.S.C. § 1512(c)(2).

24 73.   Specifically, after DuPont filed the federal civil complaint, MAEGERLE emailed

25 WALTER LIEW for the purpose of assisting WALTER LIEW in responding to the

26 lawsuit and knowing that WALTER LIEW would use the information for that purpose.

27 MAEGERLE emailed materially false information about the source of the information

28 used for USAPTI's projects in the PRC and specifically stated that no information from

SECOND SUPERSEDING INDICTMENT
CR 11-0573 JSW                    19

DuPont's Kuan Yin plant was used in the USAPTI designs, which was false and known to be false to both MAEGERLE and LIEW. MAEGERLE provided LIEW with comments on specific paragraphs of the complaint.

74. LIEW caused an answer to be filed to the federal civil complaint on or about May 11, 2011, which contained false statements, including the answer to paragraph 32 of the complaint that "Defendants have never misappropriated any information from DuPont or any of its locations, whether the Kuan Yin facility or otherwise."

All in violation of Title 18, United States Code, Section 1512(k).

COUNT ELEVEN:        (18 U.S.C. § 1512(b)(1) – Witness Tampering)

75. The factual allegations set forth in Paragraphs 1 through 15, 18 through 50, and 70 are re-alleged and incorporated as if fully set forth herein.

76. In or about April 2011, in the Northern District of California, defendant

WALTER LIEW

did knowingly intimidate, threaten, and corruptly persuade, and attempt to intimidate, threaten, and corruptly persuade, another person, specifically J.L., with the intent to influence, delay, and prevent the testimony of J.L. in an official proceeding.

77. WALTER LIEW, CHRISTINA LIEW, and USAPTI employed and paid at least two former DuPont employees for assistance in designing TiO2 manufacturing facilities for two or more customers in China. These employees were known to J.L. when he worked for USAPTI.

78. Specifically, after learning that he, USAPTI, and J.L. had been sued by DuPont in federal district court for misappropriation of trade secrets, WALTER LIEW met with J.L. and told J.L. that he should not say anything about other individuals who had worked with USAPTI – meaning the former DuPont employees – because it would not be good for J.L. or J.L.'s family.

All in violation of Title 18, United States Code, Section 1512(b)(1).

COUNT TWELVE:        (18 U.S.C. § 1512(b)(1) – Witness Tampering)

79.   The factual allegations set forth in Paragraphs 1 through 15, 18 through 50, 77, and 78 are re-alleged and incorporated as if fully set forth herein.

80.   In or about April 2011, in the Northern District of California, defendant

CHRISTINA LIEW

did knowingly intimidate, threaten, and corruptly persuade, and attempt to intimidate, threaten, and corruptly persuade, another person, specifically J.L., with the intent to influence, delay, and prevent the testimony of J.L. in an official proceeding.

81.   Specifically, after learning that WALTER LIEW, USAPTI, and J.L. had been sued by DuPont in federal district court for misappropriation of trade secrets, CHRISTINA LIEW met with J.L. and discussed the pending litigation.  During that meeting, CHRISTINA LIEW told J.L. not to reveal in connection with the civil litigation the identities of the former DuPont employees of whom J.L. was aware through his work with USAPTI.

All in violation of Title 18, United States Code, Section 1512(b)(1).

COUNT THIRTEEN:        (18 U.S.C. § 1512(k) – Conspiracy to Tamper with Evidence)

82.   The factual allegations set forth in Paragraphs 1 through 15, 18 through 50, 77, 78, and 81 are re-alleged and incorporated as if fully set forth herein.

83.   On or about July 19, 2011, agents of the Federal Bureau of Investigation (FBI) executed a search warrant at the residence of WALTER LIEW and CHRISTINA LIEW in Orinda, California, as part of a federal criminal investigation.

84.   Between on or about April 6, 2011 and July 19, 2011, in the Northern District of California, and elsewhere, defendants

WALTER LIEW and
CHRISTINA LIEW

conspired to commit violations of 18 U.S.C. §§ 1512(b)(3) and (c)(1).

85.   As part of the conspiracy, WALTER LIEW and CHRISTINA LIEW knowingly

SECOND SUPERSEDING INDICTMENT
CR 11-0573 JSW                          21

engaged in misleading conduct toward agents of the FBI with the intent to hinder, delay, and prevent the communication to those agents of information regarding the commission or possible commission of a federal offense, in violation of 18 U.S.C. § 1512(b)(3).

86.  As further part of the conspiracy, WALTER LIEW and CHRISTINA LIEW corruptly concealed records, documents, and other objects, and attempted to do so, with the intent to impair the availability of the records, documents, and objects for use in an official proceeding, in violation of 18 U.S.C. § 1512(c)(1).

87.  During the search of the LIEWs' residence conducted on July 19, 2011, FBI agents found safe deposit box keys.  Speaking in Mandarin Chinese, WALTER LIEW directed CHRISTINA LIEW to deny knowing anything about the keys.  CHRISTINA LIEW followed his direction by stating to the agents in English that she did not remember the safe deposit boxes when, in fact, she knew at the time that she had a safe deposit box, to which one of the keys corresponded, at the Bank of East Asia in Oakland, California. The safe deposit box contained information regarding USAPTI and USAPTI's relationship with a Chinese customer that was purchasing TiO2 technology from USAPTI, among other records, documents, and objects relevant to the FBI's investigation.

All in violation of 18 U.S.C. § 1512(k).

COUNT FOURTEEN:    (18 U.S.C. §§ 1001(a)(2) & 2 – False Statements In a Matter Within the Jurisdiction of the Executive Branch; Aiding and Abetting)

88.  The factual allegations set forth in Paragraphs 1 through 15, 18 through 50, 77, 78, 81, 83, and 85 through 87 are re-alleged and incorporated as if fully set forth herein.

89.  On or about July 19, 2011, in the Northern District of California, defendants

WALTER LIEW and
CHRISTINA LIEW

knowingly and willfully made materially false, fictitious, and fraudulent statements and representations regarding matters within the jurisdiction of the executive branch of the

SECOND SUPERSEDING INDICTMENT
CR 11-0573 JSW                          22

Government of the United States, to wit, they denied knowledge of the bank safe deposit
box keys found in their home, when, in fact, they knew at the time they were asked by
FBI special agents that they had a safe deposit box to which one of the keys
corresponded.

All in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

COUNT FIFTEEN:          (26 U.S.C. § 7206(1) – Filing False Tax Return)

90.   The factual allegations set forth in Paragraphs 3, 5, 20, and 31 are re-alleged and
incorporated as if fully set forth herein.

91.   On or about December 6, 2007, in the Northern District of California, defendant

WALTER LIEW

did willfully make and subscribe a U.S. Corporation Income Tax Return for
PERFORMANCE GROUP for the calendar year 2006, which was filed with the Internal
Revenue Service and verified by a written declaration that it was made under penalties of
perjury, which income tax return he did not believe to be true and correct as to every
material matter. Specifically, LIEW reported gross receipts from PERFORMANCE
GROUP of $1,852,799 when he knew PERFORMANCE GROUP's gross receipts
substantially exceeded that amount.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT SIXTEEN:          (26 U.S.C. § 7206(1) – Filing False Tax Return)

92.   The factual allegations set forth in Paragraphs 3, 5, 20, and 31 are re-alleged and
incorporated as if fully set forth herein.

93.   On or about June 9, 2008, in the Northern District of California, defendant

WALTER LIEW

did willfully make and subscribe a U.S. Corporation Income Tax Return for
PERFORMANCE GROUP for the calendar year 2007, which was filed with the Internal
Revenue Service and verified by a written declaration that it was made under the penalties

SECOND SUPERSEDING INDICTMENT
CR 11-0573 JSW                    23

of perjury, which income tax return he did not believe to be true and correct as to every material matter. Specifically, LIEW reported gross receipts from PERFORMANCE GROUP of $449,911 when he knew PERFORMANCE GROUP's gross receipts substantially exceeded that amount.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT SEVENTEEN:     (26 U.S.C. § 7206(1) – Filing False Tax Return)

94.  The factual allegations set forth in Paragraphs 3, 5, 20, and 31 are re-alleged and incorporated as if fully set forth herein.

95.  On or about February 2, 2009, in the Northern District of California, defendant

WALTER LIEW

did willfully make and subscribe a U.S. Corporation Income Tax Return for PERFORMANCE GROUP for the calendar year 2008, which was filed with the Internal Revenue Service and verified by a written declaration that it was made under the penalties of perjury, which income tax return he did not believe to be true and correct as to every material matter. Specifically, LIEW reported gross receipts from PERFORMANCE GROUP of $368,581 when he knew PERFORMANCE GROUP's gross receipts substantially exceeded that amount.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT EIGHTEEN:     (26 U.S.C. § 7206(1) – Filing False Tax Return)

96.  The factual allegations set forth in Paragraphs 3, 5, 20, and 31 are re-alleged and incorporated as if fully set forth herein.

97.  On or about July 25, 2010, in the Northern District of California, defendant

WALTER LIEW

did willfully make and subscribe a U.S. Corporation Income Tax Return for USAPTI for the calendar year 2009, which was filed with the Internal Revenue Service and verified by a written declaration that it was made under the penalties of perjury, which income tax return he did not believe to be true and correct as to every material matter. Specifically,

LIEW reported gross receipts from USAPTI of $713,685 when he knew USAPTI's gross receipts substantially exceeded that amount.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT NINETEEN:     (26 U.S.C. § 7206(1) – Filing False Tax Return)

98.  The factual allegations set forth in Paragraphs 3, 5, 20, and 31 are re-alleged and incorporated as if fully set forth herein.

99.  On or about April 6, 2011, in the Northern District of California, defendant

WALTER LIEW

did willfully and knowingly make and subscribe a U.S. Corporation Income Tax Return for USAPTI for the calendar year 2010, which was filed with the Internal Revenue Service and verified by LIEW in a written declaration that it was made under the penalties of perjury, which income tax return he did not believe to be true and correct as to every material matter.  Specifically, LIEW reported gross receipts from USAPTI of $895,448 when he knew USAPTI's gross receipts substantially exceeded that amount.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT TWENTY:     (18 U.S.C. § 152(3) – False Statements in Bankruptcy Proceedings)

100. The factual allegations set forth in Paragraphs 3, 5, and 20 are re-alleged and incorporated as if fully set forth herein.

101. On or about January 14, 2009, WALTER LIEW filed a voluntary petition on behalf of PERFORMANCE GROUP in United States Bankruptcy Court for the Northern District of California, In re PERFORMANCE GROUP, No. 09-40243.  LIEW filed this petition and supporting documentation, including Schedules of Assets and Liabilities and a Statement of Financial Affairs, under Chapter 7 of the Bankruptcy Code, which is codified at Title 11 of the United States Code.

///

102. On or about January 14, 2009, in the Northern District of California, defendant

WALTER LIEW

did knowingly and fraudulently make a declaration and statement under penalty of perjury, in and in relation to a case under Title 11, In re PERFORMANCE GROUP, United States Bankruptcy Court, Northern District of California, No. 09-40243, in PERFORMANCE GROUP's Schedules of Assets and Liabilities that was false as to the following material matter. On "Schedule G – Executory Contracts and Unexpired Leases," which requested a description of "all executory contracts of any nature," including the "nature of debtor's interest in contract," and "the names and complete mailing addresses of all other parties to each . . . contract described," LIEW checked a box indicating "debtor has no executory contracts."

All in violation of Title 18, United States Code, Section 152(3).

COUNT TWENTY-ONE:          (18 U.S.C. § 152(3) – False Statements in Bankruptcy Proceedings)

103. The factual allegations set forth in Paragraphs 3, 5, 20, and 101 are re-alleged and incorporated as if fully set forth herein.

104. On or about January 14, 2009, in the Northern District of California, defendant

WALTER LIEW

did knowingly and fraudulently make a declaration and statement under penalty of perjury, in and in relation to a case under Title 11, In re PERFORMANCE GROUP, United States Bankruptcy Court, Northern District of California, No. 09-40243, in PERFORMANCE GROUP's Statement of Financial Affairs that was false as to the following material matters:

a.      In answer to Question 1, which requested the debtor to state "the gross amounts received during the **two years** [bold in original] immediately preceding this calendar year," LIEW failed to identify any gross amounts.

b.      In answer to Question 10, which requested that the debtor "[l]ist all other

SECOND SUPERSEDING INDICTMENT
CR 11-0573 JSW                         26

property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** [bold in original] immediately preceding the commencement of this case," LIEW checked "none."

      c.    In answer to Question 11, which requested that the debtor "[l]ist all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** [bold in original] immediately preceding the commencement of this case," LIEW failed to disclose the existence of letters of guarantee for the benefit of PERFORMANCE GROUP that were closed in 2008.

      All in violation of Title 18, United States Code, Section 152(3).

COUNT TWENTY-TWO:  (18 U.S.C. § 152(2) – False Oath in Bankruptcy Proceedings)

    105.  The factual allegations set forth in Paragraphs 3, 5, 20, and 101 are re-alleged and incorporated as if fully set forth herein.

    106. On February 4, 2009, WALTER LIEW testified under oath before a trustee appointed to preside over a hearing conducted pursuant to Section 341 of the Bankruptcy Code.

    107. On or about February 4, 2009, in the Northern District of California, defendant

WALTER LIEW

did knowingly and fraudulently make a statement under oath, in and in relation to a case under Title 11, In re PERFORMANCE GROUP, United States Bankruptcy Court, Northern District of California, No. 09-40243, in PERFORMANCE GROUP's Section 341 hearing that was false as to the following material matters:

      a.    After advising LIEW that "the following questions are related to the petition, schedules, and documents you filed with the Court," the presiding Trustee asked LIEW, "did you review the schedules that were filed on behalf of Performance Group Inc.," and LIEW responded, "yes, I did." Then, the Trustee asked LIEW, "did it appear that the schedules were complete and correct?," and Liew responded "Yes, your Honor."

SECOND SUPERSEDING INDICTMENT
CR 11-0573 JSW          27

b.     In response to the question from the presiding Trustee "how long had . . . Performance Group Inc. been closed down," LIEW responded "since the beginning of November [2008]."

c.     In response to the following question from the presiding Trustee "was there one of them that caused the business to disappear or just –," LIEW responded "Yeah. We lost the business. We didn't have any new contract and we ran out of cash."

d.     In response to the presiding Trustee's question "There was no – nothing that happened? You didn't have any lawsuit or had a bad project or anything, just – ," LIEW responded, "Yes, yes, it was both. We had a bad project and we – we overspend. And, you know we had what some con – subcontractor ended up wanting more money than they deserve so put us in a hardship."

All in violation of Title 18, United States Code, Section 152(2).

FIRST FORFEITURE ALLEGATION:     (18 U.S.C. §§ 1834 and 2323 – Proceeds and Property Involved in Economic Espionage)

108. The allegations contained in Counts One, Three, and Four of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 1834 and 2323.

109. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1831 set forth in Counts One, Three, and Four of this Superseding Indictment, defendants

WALTER LIEW,
CHRISTINA LIEW,
USAPTI,
TZE CHAO,
HOU SHENGDONG,
PANGANG GROUP,
PGSVTC,
PANGANG GROUP TITANIUM, and
PIETC

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 1834 and 2323, any property used, or intended to be used, in any manner or part

SECOND SUPERSEDING INDICTMENT
CR 11-0573 JSW                                    28

1    to commit or facilitate the commission of the offenses; and any property constituting or

2    derived from any proceeds obtained directly or indirectly as a result of the commission of

3    the offenses.

4    110. If any of the property described above, as a result of any act or omission

5    of the defendants:

6         a.    cannot be located upon the exercise of due diligence;

7         b.    has been transferred or sold to, or deposited with, a third party;

8         c.    has been placed beyond the jurisdiction of the court;

9         d.    has been substantially diminished in value; or

10        e.    has been commingled with other property which cannot be divided

11              without difficulty,

12   the United States of America shall be entitled to forfeiture of substitute property pursuant

13   to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United

14   States Code, Section 2323(b).

15        All pursuant to Title 18, United States Code, Sections 1834 and 2323.

16

17   SECOND FORFEITURE          (18 U.S.C. §§ 1834 and 2323 – Proceeds and
     ALLEGATION:                Property Involved in Theft of Trade Secrets)
18

19   111. The allegations contained in Counts Two and Five through Nine of this

20   Superseding Indictment are hereby re-alleged and incorporated by reference for the

21   purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 1834

22   and 2323.

23   112. Upon conviction of the offenses in violation of Title 18, United States Code,

24   Section 1832 set forth in Counts Two and Five through Nine of this Superseding

25   Indictment, defendants

26                        WALTER LIEW,
                          CHRISTINA LIEW,
27                        ROBERT MAEGERLE,
                          USAPTI,
28                        HOU SHENGDONG,

SECOND SUPERSEDING INDICTMENT
CR 11-0573 JSW                        29

PANGANG GROUP,
PGSVTC,
PANGANG GROUP TITANIUM, and
PIETC

shall forfeit to the United States of America, pursuant to Title 18, United States Code,

Sections 1834 and 2323, any property used, or intended to be used, in any manner or part

to commit or facilitate the commission of the offenses ; and any property constituting or

derived from any proceeds obtained directly or indirectly as a result of the commission of

the offenses.

113. If any of the property described above, as a result of any act or omission

of the defendants:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided

            without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant

to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States

Code, Section 2323(b).

      All pursuant to Title 18, United States Code, Sections 1834 and 2323.


THIRD FORFEITURE    (18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 – Witness
ALLEGATION:           Tampering Proceeds)

114. The allegations contained in Counts Ten through Thirteen of this Superseding

Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging

forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

United States Code, Section 2461(c).

115. Upon conviction of the offenses in violation of Title 18, United States Code,

1  Section 1512 set forth in Counts Ten through Thirteen of this Superseding Indictment,

2  defendants

3                              WALTER LIEW,
                               CHRISTINA LIEW,
4                              ROBERT MAEGERLE, and
                               USAPTI
5

6  shall forfeit to the United States of America, pursuant to Title 18, United States Code,

7  Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real

8  or personal, which constitutes or is derived from proceeds traceable to the offenses.

9      116. If any of the property described above, as a result of any act or omission

10  of the defendants:

11          a.    cannot be located upon the exercise of due diligence;

12          b.    has been transferred or sold to, or deposited with, a third party;

13          c.    has been placed beyond the jurisdiction of the court;

14          d.    has been substantially diminished in value; or

15          e.    has been commingled with other property which cannot be divided
                  without difficulty,
16

17  the United States of America shall be entitled to forfeiture of substitute property pursuant

18  to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States

19  Code, Section 2461(c).

20          All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

21  United States Code, Section 2461(c).

22

23  FOURTH FORFEITURE    (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) –
    ALLEGATION:          Bankruptcy False Statement Forfeiture)
24

25      117. The factual allegations contained in Counts Twenty through Twenty-Two are

    realleged and incorporated by reference.
26

27      118. Upon conviction of the false statements and/or false oath in bankruptcy

    proceeding in violation of Title 18, United States Code, Section 152, set forth in Counts
28

1  Counts Twenty through Twenty-Two of this indictment, defendant,

2                                   WALTER LIEW

3  shall forfeit to the United States of America, pursuant to Title 18, United States Code,

4  Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real

5  or personal, which constitutes or is derived from proceeds traceable to a violation of Title

6  18, United States Code, Section 152.

7       119. If any of the property described above, as a result of any act or omission

8  of any defendant:

9            a.    cannot be located upon the exercise of due diligence;

10           b.    has been transferred or sold to, or deposited with, a third party;

11           c.    has been placed beyond the jurisdiction of the court;

12           d.    has been substantially diminished in value; or

13           e.    has been commingled with other property which cannot be divided without

14  difficulty,

15  any and all interest defendants have in any other property (not to exceed the value of the

16  above forfeitable property) shall be forfeited to the United States pursuant to Title 21,

17  United States Code, Section 853(p), as incorporated by Title 18, United States Code,

18  Section 982(b)(1).

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

The forfeiture is authorized by Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b)(1); and Federal Rule of Criminal Procedure 32.2.

DATED: 3/12/13          A TRUE BILL


                        _____
                        FOREPERSON

MELINDA HAAG
United States Attorney


_____
MIRANDA KANE
Chief, Criminal Division

(Approved as to form:                    )
                        AUSA Peter B. Axelrod
                        AUSA John H. Hemann