MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

JOHN H. HEMANN (CABN 165823)
PETER B. AXELROD (CABN 190843)
Assistant United States Attorneys

   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone:  (415) 436-7200
   Fax: (415) 436-7234
   E-Mail: john.hemann@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WALTER LIEW, CHRISTINA LIEW AND USA PERFORMANCE TECHNOLOGY, INC., <br><br> Defendants. | No. CR-11-0573 JSW <br><br> GOVERNMENT'S APPEAL OF MAGISTRATE JUDGE'S ORDER SETTING DEADLINE FOR DISCLOSURE UNDER RULE 16(a)(1)(E)(ii) <br><br> Date: March 28, 2013 <br> Time: 2:00 pm <br> Hon. Jeffrey S. White |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on March 28, 2013, at 2:00 pm, before the Honorable Jeffery S. White, United States District Judge, 450 Golden Gate Avenue, San Francisco, California, the United States will appeal Magistrate Judge Nathanael Cousins' February 28, 2013, Order Setting Deadline for Disclosure Under Rule 16(a)(1)(E)(ii).  This appeal is based on the foregoing Memorandum of Points and Authorities, the record before Magistrate Judge Cousins at the time of his ruling, and such other evidence and arguments as will be presented to this Court.

GOVT'S APPEAL OF RULE 16 ORDER
CASE NO. CR-11-0573-JSW           1

**MEMORANDUM OF POINTS AND AUTHORITIES**

The United States appeals Magistrate Judge Nathanael Cousins' February 28, 2013, Order Setting Deadline for Disclosure Under Rule 16(a)(1)(E)(ii) (the "Order"). The appeal is authorized by this Court's Order Referring Rule 16 Discovery Disputes to Magistrate Judge Cousins, ¶ 3 (Mar. 3, 2012) (Dkt. 105).[1]

The Order should be vacated because it exceeds the scope of this Court's referral of Rule 16 discovery disputes to the Magistrate Judge. The Order also improperly requires the United States to provide a list of its trial exhibits to the defense before a trial date is set.

### I. THE MAGISTRATE JUDGE'S ORDER

Defendants moved for an order requiring the government to identify the documents it intends to use in its case-in-chief at trial. The Magistrate Judge granted defendants' motion in a short order. The Magistrate Judge ordered

> the Government, by April 30, 2013, to comply with Federal Rule of Criminal Procedure 16(a)(1)(E)(ii) and identify for the defense "literally all" of the items it intends to use in its case-in-chief at trial.

Order at 1 (Dkt. 257). The Magistrate Judge further ordered that if the United States files additional charges after April 30, 2012, it must supplement the list. *Id.*

### II. THE ORDER EXCEEDS THE SCOPE OF THE DISCOVERY REFERRAL

The Magistrate Judge's order exceeds the scope of this Court's discovery referral.

By stipulation and order, the parties agreed and this Court ordered that disputes "regarding Fed. R. Crim. P. 16 discovery, including whether particular documents are required to be *produced* under Rule 16 . . . and any other discovery matters arising under Rule 16" should be referred to the Magistrate Judge. Stipulation and Order Referring Rule 16 Discovery Disputes to Magistrate Judge Cousins, ¶ 2 (Mar. 23, 2012) (Dkt. 105) (emphasis added).

Rule 16(a), by its plain language and in practice, concerns the *production* of documents. There is no dispute here regarding the production of documents - discovery has been produced.

---

[1] "The parties agree that Magistrate Judge Cousins shall have the authority to resolve issues that arise under rule 16, but that the parties may appeal his rulings to the district court by notice motion pursuant to Criminal L.R. 47." Dkt. 105, ¶ 3.

Defendants, however, requested and the Magistrate Judge ordered the *identification* of documents to be used at trial, something which is not addressed by Rule 16(a).

The decision to order the government to submit a list of documents to be used a trial – an exhibit list – and the timing of such a list was beyond the scope of the referral order and should have been left to this Court as a matter of trial management.

### III.   THE ORDER PREMATURELY ORDERS A TRIAL EXHIBIT LIST

Without setting forth his reasons, the Magistrate Judge ordered the government to produce by April 30, 2013, "'literally all' of the items it intends to use in its case-in-chief at trial." Order at 1. The Court should vacate the Magistrate Judge's order.

Defendants articulated their request to the Magistrate Judge this way: "Defendants' request in this motion is *simply* that the Government specify which documents . . . can be categorized as disclosed specifically under Rule 16(a)(1)(E)(ii), or as intended for use during the Government's case-in chief." Def. Mem. at 6:14-17 (emphasis added). This is a request for an exhibit list, and this is what the Magistrate Judge ordered the government to produce. Rule 16(a)(1)(E)(ii), however, requires the *production* of documents that the government will offer in its case-in-chief, it does not require the identification of trial exhibits.

The government does not in any way dispute the authority of the trial court to require the filing of an exhibit list at the appropriate time. This Court, in due course, will order the parties to file a witness list as a matter of routine case management upon setting the trial date. *See, e.g.*, *United States v. Cook*, CR-10-0376-JSW (Dkt. 194). The Court will require the parties to file a joint proposed final pretrial order before the pretrial conference. The contents, procedures, and timing are set forth in detail in the Court's *Guidelines for Motions, Final Pretrial Conference and Trial in Criminal Cases*. Those guidelines compel the filing of an exhibit list (¶ 5(iii)) and preclude adding exhibits later unless a good cause showing is made (¶ 23). The Court's customary trial preparation procedures are appropriate in this case.

There is, however, no trial date in this case. Indeed, defendants contend that "trial remains a long way off" and "it is hard to imagine this case being ready for trial any time before 2014." Def. Opp. To Govt's Mot. For Revocation at 6 (Dkt. 270). Requiring an exhibit list

when trial is "a long way off" is unnecessary, unusual, and unduly burdensome. The preparation of a trial exhibit list, particularly in a complex case such as this, is difficult and time-consuming. There are myriad other things that government counsel are expected to be doing at this juncture in the proceedings, other than preparing an exhibit list.

In addition, the United States is still reviewing the mass of documents to determine the documents that should be offered at trial. There are Chinese language documents that the government is continuing to review and translate. Documents need to be reviewed by experts and identified as exhibits. There are myriad bank and financial records that need to be organized and summarized. Given the undisputed volume of documents involved in this case, there is no way that each document will be individually reviewed and assessed, and at some point this process will need to come to an end – but that point should not happen until, at least, a trial date is set.

Moreover, defendants clearly anticipate filing motions attacking the charges as filed. *Id.* It makes little sense to file an exhibit list regarding charges that defendants intend to challenge in pretrial motions.

In support of his order, the Magistrate Judge cited *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008). In *W.R. Grace*, the Court of Appeals held that a district court could require the government to file a list of non-expert witnesses one year before the scheduled trial date and exclude any witness not on the list from testifying in the government's case-in-chief. In doing so, the court recognized that Rule 16 did not speak to the disclosure of non-expert witnesses – it "does not entitle the defendant to a list of such witnesses, but by the same token it does not suggest that a district court is *prohibited* from ordering such a disclosure." *Id.* at 511. In such a void, the court held, district courts are within their authority to order the filing of pretrial witness lists "to ensure that the relevant issues to be trial are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." *Id.* at 509.

*W.R. Grace* and the several trial court opinions from other districts cited by defendants stand for the unremarkable – at least in this district – proposition that the government may be

GOVT'S APPEAL OF RULE 16 ORDER
CASE NO. CR-11-0573-JSW         4

required by the trial court to file witness and exhibit list in advance of trial. As the court of appeals pointed out in *W.R. Grace*, this decision is committed to the sound discretion of the trial judge exercising his or her authority to manage their dockets so as to have "efficient[] and intelligibl[e]" trials. 526 F.3d at 509.

Importantly, *W.R. Grace* involved the production of a witness list. A witness list is a considerably simpler and more straight-forward document to produce. In *W.R. Grace* the investigation had been going on for some six years and it would have been, by that time, quite obvious who the witnesses would be.

An exhibit list, by contrast, particularly in a complex case such as this, is an enormous and complex undertaking. There are a limited number of particularly notable documents, which the government has offered to share voluntarily with defendants. But there are an enormous number of necessary but less important documents would have to be included in a list of trial exhibits. Requiring the government to go through the process of determining "literally all" the documents that will be offered at trial *before* pretrial motions are filed and heard, and *before* a trial date is set, is unnecessary and unduly burdensome.

The Magistrate Judge's premature imposition of a deadline by which the government must produce an exhibit list is contrary to the truth-seeking process. The government should be given the maximum possible time to identify the documents that are relevant to the charges that will be tried and should not be constrained by artificial deadlines. The practical effect of the Magistrate Judge's order is to freeze the government into a particular set of trial exhibit long before trial, and to prevent government counsel from spending the present time on investigatory and other tasks that are critically important in complex cases like this.

There is no harm to defendants in adhering to the usual practice of tying the date for filing an exhibit list to the setting of a trial date. The superseding indictment is detailed and specific as to the charges. Discovery – much of which was obtained from defendants – has been produced. Defense counsel does not require a trial exhibit list in order to prepare motions and conduct normal pretrial investigation.

**CONCLUSION**

The Magistrate Judge's Order imposing a deadline for the identification of items to be offered in the government's case-in-chief at trial should be vacated.

Respectfully submitted,

DATED: March 14, 2013

MELINDA HAAG
United States Attorney

/s/
_____
JOHN H. HEMANN
PETER B. AXELROD
Assistant United States Attorneys