MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

JOHN H. HEMANN (CABN 165823)
PETER B. AXELROD (CABN 190843)
Assistant United States Attorneys

   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone:  (415) 436-7200
   Fax: (415) 436-7234
   E-Mail: john.hemann@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-11-0573 JSW |
| Plaintiff, | GOVERNMENT'S REPLY TO DEFENDANTS' OPPOSITION TO GOVERNMENT'S APPEAL OF MAGISTRATE'S RULE 16(a)(1)(E)(ii) ORDER |
| v. | |
| WALTER LIEW, CHRISTINA LIEW AND USA PERFORMANCE TECHNOLOGY, INC., | |
| Defendants. | Date: April 18, 2013<br>Time: 2:00 pm<br>Hon. Jeffrey S. White |

Magistrate Judge Cousins' Rule 16(a)(1)(E)(ii) order is "clearly erroneous" and "contrary to law" for three reasons.  First, is exceeds the scope of the referral of non-dispositive Rule 16 discovery disputes.  Second, it usurps the district court's trial management responsibilities by ordering the production of an exhibit list before a trial date is set and without consideration of this Court's practice of issuing a detailed pretrial order in connection with the setting of a trial date.  Third, it gives defendants an unfair advantage by prematurely freezing the government's trial preparation while permitting defendants to continue preparing indefinitely.  This Court should vacate Judge Cousins' order and direct the parties to file exhibit lists in the normal course

of pretrial preparation – after a trial date is set.

    1.    <u>Magistrate Judge Cousins' Ordered The Government to Provide An Exhibit List</u>.

    Defendants contend that the government's description of Judge Cousins' order as requiring production of an "exhibit list" is "rhetorical flourish." Def. Opp. at 10:7. Defendants contend that "Magistrate Judge Cousins' order **contemplates** the Government identifying those already-disclosed documents that it *currently*, in good faith, believes it *might* use at trial." Def. Opp. at 10:8-10 (italics in original; bold emphasis added). Defendants proceed at length to try to distinguish what Magistrate Judge Cousins actually ordered from was is commonly considered to be an exhibit list.

    Defendants' effort to minimize the scope and import of Magistrate Judge Cousins' order implicitly acknowledges it's impropriety. Whatever defendants think or claim Magistrate Judge Cousins "contemplated," what he actually wrote was brief and very clear: "[T]he Court orders the Government, by April 30, 2013, to comply with Federal Rule of Criminal Procedure 16(a)(1)(E)(ii) and identify for the defense 'literally all' of the items it intends to use in its case-in-chief at trial." Dkt. 257, at 1:18-20. One can debate semantics, but in common practice and parlance a document identifying all of the items a party intends to use in its case-in-chief at trial is an exhibit list.

    Moreover, at the end of the day, a pretrial exhibit is precisely what defendants seek. Notwithstanding pages of caveats and limitations aimed at softening Magistrate Judge Cousins' order to enhance its palatability, defendants ask the Court to affirm that order and direct "that the Government identify its case-in chief documents by April 30, 2013." Def. Mem. at 12:4-5. This request, which allows defendants to continue reviewing the discovery and preparing their case indefinitely, is the focus of the government's objection.

    2.    <u>Rule 16(a)(1)(E) Does Not Require the Creation of Exhibit Lists</u>.

    This Court referred to Magistrate Judge Cousins "disputes that arise regarding Fed. R. Crim. P. 16 discovery . . . ." Dkt. 105, at 1:28-2:1. The reason for this referral was the parties' anticipation of disagreements arising from the "volume of documents and complexity of the issues surrounding their *production*, . . . ." Dkt. 105, at 1:24-26.

1    Rule 16(a), which prescribes the government's discovery requirements, does not speak to,
2 let alone mandate, the creation of an exhibit list. Rule 16(a) concerns the production, not the
3 identification, of evidence. It requires the production of certain information by the government
4 to the defendant and, in the case of Rule 16(a)(1)(E), requires the government to permit the
5 defendant to inspect and copy the items in the government's possession that are material to the
6 defense, that the government intends to use in its case-in-chief, and that were obtained from or
7 belong to the defense. The language of Rule 16(a)(1)(E) does *not* speak to, let alone require, the
8 identification by the government of the items that it will offer into evidence at trial.
9    The government does not dispute the inherent authority of this Court to order the
10 production of an exhibit list prior to trial, or the ability of the Court to manage trials as
11 recognized by *United States v. W.R. Grace*, 526 F.3d 499 512-13 (9th Cir. 2008). *W.R. Grace*
12 expressed this authority in the context of witness lists; the other cases cited by the defendants in
13 the context of exhibit lists. The government anticipates and will comply with the Court's pretrial
14 order, including the exhibit list requirement. Exhibit lists and witness lists have long been
15 required of the government in criminal trials in this district.
16    The government's objections are (a) to the Magistrate Judge's exceeding the scope of the
17 Rule 16, and (b) to the fact that the Magistrate Judge's exhibit list requirement is untethered to
18 the setting of a trial date. We will address each in turn.
19    (a) The government agrees that it is appropriate in certain cases to refer discovery
20 disputes to the magistrate judges for disposition. The pressures of docket management and
21 limited judicial resources commend this approach. However, trial management should be left to
22 the discretion of the trial judge (whether magistrate judge or district judge), who is in a superior
23 position to balance *all* of the equities, scheduling issues, and merits. In this case, *one* issue, the
24 identification of trial exhibits, has been plucked out of all of the other issues related to trial
25 management – *none* of which have yet been addressed by this Court – and raised to a level of
26 undeserved priority.
27    It is the proper responsibility of the trial judge to balance the various priorities and
28 deadlines, both generally and in relation to the date on which the trial will actually occur. The

1 Magistrate Judge simply does not have the same full picture that this Court, as the trial court, does, and therefore should not be mandating individual aspects the pretrial schedule. This Court utilizes a comprehensive pretrial preparation protocol that integrates and attempts to balance the myriad elements that go into a trial. That protocol should control.

(b) The government's second objection is to the timing of the disclosure ordered by Magistrate Judge Cousins. No trial date has been set. It is not yet clear which of the indicted parties will be before the Court for trial. Defendants may file motions seeking to limit the charges or the manner in which the charges are tried.

The government itself is continuing to investigate and review documents, and will do so until the last possible moment. Like the defendants, the government is attempting to review and translate all those documents that are relevant to the charges.

Imposing an artificial deadline for disclosure of trial exhibits far in advance of trial does not advance the cause of justice. The goal of the government is to present all relevant evidence to the jury so that the jury can determine the truth. A deadline for identifying exhibits that is untethered to the time presentation of evidence to the jury simply makes no sense.

Indeed, Magistrate Judge Cousins recognized that, ultimately, this Court should determine the proper schedule. Magistrate Judge Cousins explained that he set the deadline for identification of the exhibits for April 30 because

> you will have an appearance before Judge White [before April 30]. And if he says he's going to set the trial eight years from now, and therefore, a later schedule would be appropriate, he can do that and you can discuss with him whether a bigger case management topic [sic], and it may be that that gives the parties a chance to further argue to him why a different schedule is appropriate.

Agnolucci Decl., Ex. B at 19:2-8. In this statement, Magistrate Judge Cousins acknowledges that the trial date is the touchstone and that this Court, in managing the trial preparation process, should determine the appropriate schedule.

Defendants, rather offensively, suggest that the government's motive in appealing Magistrate Judge Cousins "is largely based on its own distaste for the extra work that will be required to comply with the order." Def. Opp. at 6:5-6. Setting aside their snarky and unprofessional insinuation regarding work ethic, defendants' suggestion simply is silly. The

GOVT'S REPLY RE: RULE 16 ORDER
CASE NO. CR-11-0573-JSW  4

government knows that, eventually, a pretrial order will be issued and that an exhibit list will be required – the work will be the same then as it would be now. Quite to the contrary of defendants' insult, it is more the government's desire to do "extra work" now – reviewing and translating documents – that motivates the appeal from Magistrate Judge Cousins' order.

### 3. Defendants Rely on a False Premise and Seek an Unfair Advantage

Defendants are seeking an unfair advantage. Defendants are trying to freeze the government where it is – by requiring an exhibit list that contains "literally all" of the government's exhibits – while the defense team continues for the indefinite future to review documents and prepare for trial. The defendants ask the Court to force the government to stand still, long before the trial begins, while the defense is under no such limitation.

Implicit in the defendants' argument is the false premise that the government has reviewed 250 million pages of documents, identified trial exhibits from them, and should be ready to produce them so that the defense can, in effect, catch-up. This premise is obviously false. It would take dozens of people many years to do so – and the investigation itself began only two years ago. The government has reviewed many documents, to be sure, but not all or even most of the total number that have been produced to the defense. The language and technical barriers are just as real for the government as they are for the defense, though the nature of the parties' respective advantages and disadvantages are different.

Defendants' attempt to freeze the government's pretrial preparation on April 30 while they continue their preparation unfettered until some day in the future is unfair and contrary to the interests of justice. The United States should have the same opportunity to prepare for trial that defendants have, particularly given the complexity of the case and the burden of proof.

### 4. Defendants will Receive Key Documents and FBI 302s Before April 18

Prior to the April 18 status conference, the United States will produce to defendants the relevant FBI 302s (memoranda of interviews with witnesses) and a set of key documents. The information provided by witnesses and these documents form the evidentiary basis for the charges that have been filed. They include the documents the government attorneys believe are most relevant to the charges. The government anticipates that most if not all of the key

documents that will be produced by April 18 will be offered as evidence in the government's case-in-chief, assuming the charges alleged in the Second Superseding Indictment are not altered.

This set of key documents is not a complete set of the documents that ultimately will be offered at trial. For example, the government is continuing to translate Chinese language documents that are potentially relevant (and have been produced to defendants), but have not yet been finally determined to be relevant. Another example is documents contained in an encrypted thumb-drive located in defendants' safe deposit box that computer forensic experts are attempting to open, as yet unsuccessfully (defense counsel has declined to provide the password). In short, the investigation and review are continuing, and other documents will be identified to the defense in the coming weeks and months.

Defendants complain that the government has not responded to their various interrogatories, document requests, and other demands for information. Def. Opp. at 3-5. It is unnecessary to engage in (or for the Court to resolve) a tit-for-tat between lawyers. Over the last year, government counsel has met and conferred with defense counsel for hours on every topic that has been addressed to this Court and Magistrate Judge Cousins. The government is not required to respond to interrogatories and documents requests in criminal cases and it has not done so in this case; this form of discovery is not provided for by the Rules of Criminal Procedure and is not part of the regular criminal practice in this district or elsewhere.

There is no dispute before this Court regarding the government's production of documents under Rule 16. In addition to this production, by the time of the hearing on this motion, the government will have voluntarily produced a set of key documents that support the charges alleged against defendants. This voluntary production – along with the defendants' ability to review all of the other documents that have been produced – provides the defendants with more than adequate access to the key information.

///
///
///
///

5. <u>Conclusion</u>

This Court should vacate Magistrate Judge Cousins' order setting an April 30, 2013, deadline for identifying the government's trial exhibits. Once a trial date is set by this Court, the Court should issue its standard pretrial order with an appropriate deadline for the production of an exhibit list.

Respectfully submitted,

DATED: April 4, 2013

                                        MELINDA HAAG
                                        United States Attorney

                                              /s/
                                        _____
                                        JOHN H. HEMANN
                                        PETER B. AXELROD
                                        Assistant United States Attorneys

GOVT'S REPLY RE: RULE 16 ORDER
CASE NO. CR-11-0573-JSW                    7