**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WALTER LIEW, CHRISTINA LIEW, USA PERFORMANCE TECHNOLOGY, INC., and ROBERT MAEGERLE,<br><br>Defendants. | No. CR 11-00573-1 JSW<br>No. CR 11-00573-2 JSW<br>No. CR 11-00573-3 JSW<br>No. CR 11-00573-3 JSW<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER OF DISCLOSURE UNDER RULE 16(a)(1)(E)(ii)** |

This matter comes before the Court upon consideration of the Government's Appeal of Magistrate Judge Cousins' Order Setting Deadline for Disclosure Under Rule 16(a)(1)(E)(ii), dated February 27, 2013 (the "Disclosure Order"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court finds the appeal suitable for disposition without oral argument.

Under Federal Rule of Criminal Procedure 59(a), the Court may modify or set aside the Disclosure Order if it is contrary to law or clearly erroneous. *See also United States v. Abonce-Barrera*, 257 F.3d 959, 967-68 (9th Cir. 2001). The Court concludes that Magistrate Judge Cousins' Disclosure Order is neither contrary to law nor clearly erroneous.[1] First, the parties agreed to refer this matter to Judge Cousins to address and resolve "*any disputes* that arise regarding Fed. R. Crim. P. 16 discovery, including whether particular documents are required to be produced ... and *any other discovery* matters arising under Rule 16." (Docket No. 105,

---

[1] Although Defendants Christina Liew and Robert Maegerle did not formally join in the opposition filed by Walter Liew and USA Performance Technology, Inc., the Court's ruling applies to Mrs. Liew and Mr. Maegerle.

1   Referral Order, ¶ 2 (emphasis added).)  The Court construes this language broadly, and it cannot
2   say that Judge Cousins exceeded the scope of the referral order.

3         Second, Federal Rule of Criminal Procedure 12(b)(4)(B) provides that a "defendant
4   may, in order to have an opportunity to move to suppress evidence ... request notice of the
5   government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may
6   be entitled to discover under Rule 16."  Although the parties did not raise this issue, the
7   Disclosure Order certainly complies with the letter, as well as the spirit, of that Rule
8   12(b)(4)(B).  *See also* Fed. R. Crim. P. 2 ("These rules are to be interpreted to provide for the
9   just determination of every criminal proceeding, to secure simplicity in procedure and fairness
10  in administration, and to eliminate unjustifiable expense and delay.").

11        Third, the Ninth Circuit has made clear that it is a "well-established principle that
12  district courts have inherent power to control their dockets," although that inherent power does
13  not permit a court to "develop rules that circumvent or conflict with the Federal Rules of
14  Criminal Procedure."  *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (internal
15  quotations and brackets omitted) (quoting, *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules,*
16  *Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1988) and *Carlisle v. United States*, 517 U.S. 416, 426
17  (1996)).  In light of Criminal Rule 12(b)(4)(B) and Criminal Rule 2, the Court concludes that
18  the Disclosure Order does not circumvent or conflict with the Criminal Rules.  Moreover, the
19  Court intends to set a schedule for pretrial motions, including any motions to suppress, *as well*
20  as a trial date at the next scheduled appearance.  Further, in light of Mr. Liew's custodial status,
21  it is the Court's strong preference to try this case in 2013.  Because of the complexity of this
22  case, the Court also intends to deviate from the deadlines set forth in its Guidelines for Criminal
23  Jury trials, and it will require the parties to exchange and file their pretrial submissions
24  substantially in advance of the pretrial conference, rather than the two weeks the Court
25  normally requires.  Thus, if this matter had been presented to this Court in the first instance, it
26  also would have required the Government to identify the documents it intends to use in its case
27  in chief substantially in advance of the trial date.  The Court will not automatically preclude the
28  Government from using, in its case in chief, any documents identified after the deadline set

forth in this Order. However, the Government must be prepared to show that, in the exercise of due diligence, it could not have identified those documents sooner, there is good cause for the belated identification, and the Defendants would not be unduly prejudiced by the belated identification.

In light of the appeal, the Court will modify the deadline imposed by Judge Cousins, and it will require that the Government comply with the Disclosure Order by no later than May 30, 2013. The Court intends to use that date as the baseline from which a date for a motions hearing, pretrial conference, and trial shall be set. The parties are HEREBY ORDERED to meet and confer in advance of the hearing set for April 18, 2013, to attempt to reach an agreed upon briefing schedule for motions, pretrial and trial.

**IT IS SO ORDERED.**

Dated: April 10, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE