KEKER & VAN NEST LLP
STUART L. GASNER - # 164675
sgasner@kvn.com
SIMONA A. AGNOLUCCI - # 246943
sagnolucci@kvn.com
KATHERINE M. LOVETT - # 276256
klovett@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendants WALTER LIEW and
USA PERFORMANCE TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>    v.<br><br>WALTER LIEW, CHRISTINA LIEW, USA PERFORMANCE TECHNOLOGY, INC., and ROBERT MAEGERLE,<br><br>             Defendants. | Case No. CR 11-0573-JSW (NC)<br><br>**DECLARATION OF SIMONA A. AGNOLUCCI IN SUPPORT OF JOINT MOTION FOR BILL OF PARTICULARS**<br><br>Date:      June 6, 2013<br>Time:      2:00 p.m.<br>Place:     Courtroom 11, 19th Floor<br>Dept.:     Hon. Jeffrey S. White |

**EXHIBITS P, Q, R, S, U, V, W, X and Y SUBMITTED UNDER SEAL**

I, SIMONA A. AGNOLUCCI, declare and state as follows:

1. I am an attorney licensed to practice law in the State of California and an associate with the law firm of Keker & Van Nest LLP, located at 633 Battery Street, San Francisco, California 94111, counsel for defendants Walter Liew and USA Performance Technology, Inc. in the above-captioned action. I am duly admitted to practice law before this Court. Except where expressly stated, I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

## THE CHLORIDE ROUTE PROCESS GENERALLY

2. Attached hereto as **Exhibit A** is a true and correct copy of a printout from the website of Titan Advanced Metals, entitled, "Titanium Overview," *available at* http://www.titaniferous.com/overview/ (last visited May 1, 2013).

3. Attached hereto as **Exhibit B** is a true and correct copy of a publicly available photograph of DuPont's Edgemoor plant, *available at* http://farm4.static.flickr.com/3343/4626279373_576a02d271.jpg (last visited May 1, 2013).

4. Attached hereto as **Exhibit C** is a true and correct copy of a publicly available photograph of DuPont's Edgemoor plant, *available at* http://www.flickr.com/photos/greenpeaceusa09/7362666528 (last visited May 1, 2013).

5. Attached hereto as **Exhibit D** is a true and correct copy of a printout from DuPont's website, listing DuPont's titanium dioxide plants, *available at* http://www2dupont.com/Titanium_Technologies/en_US/sales_support/about_us/manufacturing_sites/index.html (last visited May 1, 2013).

6. Attached hereto as **Exhibit E** is a true and correct copy of a newspaper article entitled, "Ohio Firm to Share DuPont Process," published in the Delaware Morning News, dated August 18, 1967.

7. I understand from speaking with titanium dioxide experts in connection with this case that some titanium dioxide plants started as sulfate route plants and added chloride route "lines," while others were designed to operate exclusively as chloride route plants.

1
DECLARATION OF SIMONA A. AGNOLUCCI IN SUPPORT OF JOINT MOTION FOR BILL OF PARTICULARS
Case No. CR 11-0573-JSW (NC)

751392.01

8. Attached hereto as **Exhibit F** is a true and correct copy of a printout from the website of TZMI.com, entitled, "Global TiO2 Pigment Producers, Comparative Cost Study 2006" which lists all TiO2 plants that utilize the chloride route process, *available at* http://www.tzmi.com/Portals/0/PDF_Flyers/PCS06_WEB.pdf (last visited May 1, 2013).

9. Attached hereto as **Exhibit G** is a true and correct copy of the Consolidated Complaint filed in the District Court of Maryland in the matter of *Haley Paint Company, et al. v. E.I. DuPont De Nemours, et al.*, Case Number 10-CV-00318-RDB, dated April 12, 2010.

## PUBLIC DISCLOSURES OF TITANIUM DIOXIDE TECHNOLOGY

10. My colleague Cathleen Crane performed a search of the United States Patent and Trademark database for the term "titanium dioxide" on November 14, 2012. Her search results indicate that roughly 71,680 individual United States patents contain the terms "titanium dioxide."

11. Attached hereto as **Exhibit H** are true and correct copies of US Patent Nos. 2,488,439, dated Nov. 15, 1949; 2,856,264, dated October 14, 1958; and 5,201,949, dated April 13, 1993.

12. Attached hereto as **Exhibit I** are true and correct copies of pages 309-39 from TITANIUM: ITS OCCURRENCE, CHEMISTRY, AND TECHNOLOGY, by Jelks Barskdale (The Ronald Press Company 1949).

13. Attached hereto as **Exhibit J** is a true and correct copy of a report from the European Commission entitled, "*Integrated Pollution Prevention and Control Reference Document on Best Available Techniques for the Manufacture of Large Volume Inorganic Chemicals – Solids and Others,*" dated August 2007.

14. Attached hereto as **Exhibit K** is a true and correct copy of an excerpt from the website www.morganthermalceramics.com, a product supplier for TiO2 producers (last visited May 1, 2013).

15. Attached hereto as **Exhibit L** are true and correct copies of two pamphlets from the Chlorine Institute, one entitled "Bulk Storage of Liquid Chlorine" and dated October 2005, and one entitled "Chlorine Vaporizing Systems" and dated October 2002.

16. Attached hereto as **Exhibit M** is a true and correct copy of an excerpt from INDUSTRIAL MINERALS AND ROCKS (The Ronald Press Company 1949) entitled "Titanium Minerals," by Langtry Lynd and Stanley LeFond, found at pages 1303-50 and bates stamped O32-MISC_3_MAPS-000442-489.

17. Attached hereto as **Exhibit N** is a true and correct copy of a paper presented by G.S. McNulty of Huntsman Pigments, entitled "Production of titanium dioxide," *available at* http://v.pl.3.eu-norm.org/index.pdf (last visited May 1, 2013).

18. Attached hereto as **Exhibit O** is a true and correct copy of a case study entitled "Strategic Capacity Preemption: DuPont (Titanium Dioxide)," by Douglas C. Dobson, William G. Shepherd, and Robert D. Stoner, dated 1980, found at pages 157-89 from THE ANTITRUST REVOLUTION: ECONOMICS, COMPETITION, AND POLICY, edited by John E. Kwoka and Lawrence J. White (Oxford University Press 2008), *available at* http://www.oup.com/us/pdf/kwoka/0673468801_06.pdf (last visited May 1, 2013).

### GENERIC DESCRIPTION OF CONTENTS OF C-1 MATERIAL

19. My colleagues at Keker & Van Nest and I have reviewed the box of C-1 materials produced to us by the government. The C-1 box principally consists of several kinds of materials: (1) internal DuPont technical materials obtained by the government from DuPont in the investigation, such as a lengthy technical manual from 1985 relating to DuPont titanium dioxide plants (the "Basic Data document") ; (2) sketches and notes apparently prepared by Bob Maegerle, a consultant hired by Mr. Liew's company USAPTI and now a co-defendant, who had spent a long and successful career at DuPont before retiring in 1991 to work as a consultant; (3) design materials or specifications from Mr. Liew's companies (Performance Group and USAPTI); and (4) extensive commentary from DuPont engineers opining as to how the information in Mr. Maegerle's apparent notes and sketches "must have" come from the Basic Data document or other DuPont sources.

20. Attached hereto as **Exhibit P** are true and correct copies of two technical documents bearing the DuPont logo and confidentiality legends that apparently were seized by

the government. These documents are described in Trade Secrets 2 and 4 in the Second Superseding Indictment, ¶ 14, and have been designated by the government as C-1 materials.

21. Attached hereto as **Exhibit Q** are true and correct copies of sketches and notes apparently prepared by Bob Maegerle. These documents have been designated by the government as C-1 materials.

22. Attached hereto as **Exhibit R** are true and correct copies of design materials or specifications from Mr. Liew's companies (Performance Group and USAPTI). These documents have been designated by the government as C-1 materials.

23. Attached hereto as **Exhibit S** are true and correct copies of extensive commentary from DuPont engineers on notes, specifications and sketches seized from the defendants. These documents have been designated by the government as C-1 materials. These are but a sampling of the memos produced from DuPont engineers, which in their totality claim wrongful "similarities" between DuPont processes and USAPTI's processes in everything from plant layout to ore handling, chlorination, gas pre-cooling, condensation, oxidation, solids removal, finishing, and various aspects of budgeting for, equipping, staffing, and running a titanium dioxide plant. Some of the annotations suggest that DuPont considers the "similarities" to be a trade secret, and others do not.

## VOLUME OF DISCOVERY AND USAPTI ENGINEERING WORK

24. Attached hereto as **Exhibit T** is a true and correct copy of the Declaration of Joshua Maremont, dated March 13, 2013, previously filed in this case as Dkt. 272. This declaration explains the volume and scope of discovery in this case. Based upon a review of a portion of the electronic discovery in this case by my colleagues and myself, the electronic materials contain a significant amount of work product produced by USAPTI, its predecessor companies, and their various employees and consultants.

25. Attached hereto as **Exhibit U** are true and correct copies of the first 100 pages of a drive directory printed from the EnCase image of the safety deposit box hard drive seized by the government, numbered SVE 034332, entitled "HDD from Safety Deposit Box." This directory shows the folder structure of this one hard drive; the full version is 633 pages long. This 100-

page excerpt does not include the file names contained within each folder; many of the folders contain large number of individual files, some of them named in the Chinese language. The drive as a whole appears to be the kind of generic computer back-up that any small business owner might keep, with a hodgepodge of company materials, research from public sources, family pictures and videos and back-ups of favorite music (including "oldies," "rock" and "songs of the 70's"). Navigating or searching a restored version of the drive is extremely difficult; the only practical way to find relevant documents is for Mr. Liew sit at a computer and to browse the drive with the benefit of his unique knowledge as to the file structure, titanium dioxide technology, the history of his company, and the folders that do not contain relevant information.

26. Attached hereto as **Exhibit V** is a true and correct copy of an example of the detailed engineering work prepared by engineers employed by USA Performance Technology, Inc., located on the safety deposit box hard drive seized by the government numbered SVE 034332.

27. Attached hereto as **Exhibit W** are true and correct copies of excerpts from the 1985 DuPont "Basic Data document." These documents have been designated by the government as C-1 materials.

### TZE CHAO MATERIALS

28. The government recently produced to defendants two boxes of C-1 materials seized from Tze Chao, a defendant named in the Superseding Indictment who has since pleaded guilty. These materials contain a large number of documents that appear to be DuPont internal documents. Attached hereto as **Exhibit X** is a true and correct copy of spreadsheets provided by the government containing detailed analyses from DuPont engineers of the Tze Chao materials. These documents have been designated by the government as C-1 materials.

29. Attached hereto as **Exhibit Y** is a true and correct copy of the plea agreement of Tze Chao, dated March 2, 2012, Dkt. 75.

### DIFFICULTIES OF TRIAL PREPARATION

30. I understand from my client Walter Liew that virtually all of the business records of USAPTI and Performance Group were seized pursuant to search warrants in July 2011. While

the seized materials have been produced in discovery, they are largely in an electronic format that is not readily searchable. It is no easy task to isolate comprehensive collections of contracts, receipts, payments, financial instruments, or records of transfers. My colleagues and I have inspected the originals of these materials located at FBI offices in Palo Alto, and it is no easier to find relevant documents in that fashion. Mr. Liew has been incarcerated since July 2011 and can be of little assistance in reconstructing his financial affairs at the level of detail needed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on May 2, 2013, at San Francisco, California.

>*/s/ Simona A. Agnolucci*
>SIMONA A. AGNOLUCCI

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On **May 2, 2013**, I served the following document(s):

**Declaration of Simona A. Agnolucci in Support of Joint Motion for Bill of Particulars (With Exhibits)**

☑ by **COURIER**, by placing copies in a sealed envelope addressed as shown below, and dispatching a messenger with instructions to hand-carry the above and make delivery to the following during normal business hours, by leaving the package with the person whose name is shown or the person authorized to accept courier deliveries on behalf of the addressee.

| *Attorneys for United States:* | *Attorneys for Christina Liew:* |
|---|---|
| John H. Hemann / Peter B. Axelrod<br>United States Attorney's Office<br>450 Golden Gate Avenue, 11th Floor<br>San Francisco, CA 94102 | Doron Weinberg<br>Law Offices of Doron Weinberg<br>523 Octavia Street<br>San Francisco, CA 94102 |

☑ by **FEDEX**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

| *Attorneys for Tze Chao (Redacted Version):* | *Attorney for Robert Maegerle:* |
|---|---|
| Edmund D. Lyons<br>Lyons Law Firm<br>1526 Gilpin Avenue<br>Wilmington, DE 19806 | Jerome J. Froelich, Jr.<br>McKenney & Froelich<br>1349 West Peachtree Street<br>Two Midtown Plaza, Suite 1250<br>Atlanta, GA 30309 |

Executed on May 2, 2013, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Robert W. Thomas
Robert W. Thomas