MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

PETER B. AXELROD (CSBN 190843)
JOHN H. HEMANN (CABN 165823)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6774
    FAX: (415) 436-7234
    Peter.Axelrod@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. CR 11-0573 JSW |
|---|---|---|
| Plaintiff, | ) ) ) | ADMINSTRATIVE MOTION FOR RELIEF FROM ORDER RE MOTION TO SEAL |
| v. | ) ) | Date: TBD |
| WALTER LIEW; CHRISTINA LIEW; USA PERFORMANCE TECHNOLOGY, INC.; AND ROBERT MAEGERLE, | ) ) ) ) | Time: TBD |
| Defendants. | ) ) | |

      In response to the Court's Order Re Motion to Seal (Docket 317), the United States files this motion to ask the Court to set a hearing to address procedures for filings involving sealable documents in this case and/or to refer that matter to Judge Cousins for resolution. The United States also asks the Court to grant its motion to maintain Exhibits P, Q, R, S, U, V, W, X, and Y under seal pending resolution of that matter or, alternatively, to provide the United States with relief from the Protective Order and additional time to consult with the victim in this case, E.I. duPont de Nemours & Company (DuPont), regarding these specific exhibits so that the United States can make the appropriate showings under Civil Local Rule (LR) 79-5.

ADMINSTRATIVE MOTION
CR 11-0573 JSW

## BACKGROUND

On May 2, 2013, defendants Walter Liew, Christina Liew, USAPTI, and Robert Maegerle filed an administrative motion to seal exhibits P, Q, R, S, U, V, W, X, and Y to the declaration of Simon Agnolucci in support of their motion for a bill of particulars. Docket 311. In their administrative motion, defendants noted the United States had designated those exhibits as confidential pursuant to the terms of the protective order in this case. *Id*. In her declaration, defense counsel noted that Exhibit P contained drawings that are identified as Trade Secrets 2 and 4 in the Second Superseding Indictment and Exhibit W was excerpts from the Basic Data Document, which was identified as Trade Secret 5 in the Second Superseding Indictment. *See* Agnolucci Declaration at ¶¶ 20, 27 (received on May 2, 2013); Second Superseding Indictment (Docket 269) at ¶ 14(b), (d), and (e).

On May 7, 2013, the Court issued an order referencing Criminal LR 55-1(b) and Civil LR 79-5 with respect to the procedures for filing documents under seal. Docket 317. In its order, the Court advised the United States that if it did not file a declaration pursuant to Civil LR 79-5(d) by May 9, 2013, the aforementioned exhibits "will be made part of the public record." *Id*.

## ARGUMENT

The United States asks the Court for relief from its Order Re: Motion to Seal and Civil LR 79-5 for a number of reasons.

First, by the terms of the Protective Order entered in this case, the United States cannot comply with the deadline imposed by Civil LR 79-5(d), which provides the original designating party 7 days to file a declaration to support the sealing of specific documents. In order to provide the Court with the declaration required by Civil LR 79-5, the United States needs to consult with DuPont. However, under the Protective Order issued by Judge Cousins on June 21, 2012 (Docket 168), the United States cannot show the exhibits to DuPont without providing the defense with notice of its intent to show those materials (which here include DuPont's *own* documents), giving the defense 7 days to object, and providing the magistrate judge with time to resolve any objections to the disclosure. *See* Protective Order (Docket 168) at ¶¶ 6(c) and 7. In other words, compliance with the Protective Order would make

non-compliance with Civil LR 79-5 inevitable.

Second, in order to meet Civil LR 79-5's objectives of limiting the scope of sealed material, the United States must be able to confer with DuPont about the breadth of the trade secret and other confidential information and whether appropriate redactions can address those concerns. That type of consultation is also consistent with the confidentiality orders authorized by 18 U.S.C. § 1835, which was a basis for the Protective Order in this case, and 18 U.S.C. § 3771, the Crime Victims' Rights Act.

Third, there is a grave risk that the contemplated application of Civil LR 79-5 will cause the public disclosure of protected trade secrets, which would be a wholly preventable outcome for the crime victim in this case. As set forth above, the sealed documents include specific documents identified as Trade Secrets 2, 4, and 5 in the Second Superseding Indictment. Trade Secret 2 is a proprietary DuPont drawing, marked with the DuPont logo, and a statement that the "information and know-how may not be used nor the drawing reproduced without the written permission of DuPont." Second Superseding Indictment, at ¶ 14(b). Trade Secret 4 is a proprietary DuPont drawing, marked with the DuPont logo and the statement "DuPont Confidential – Special Control." *Id*. at ¶ 14(d). Trade Secret 5, the Basic Data Document for the DuPont Kuan Yin Plant, was marked "Confidential – Special Control," issued in numbered copies, and included a statement that it was "highly confidential" and "[m]uch of the report data are considered in the 'trade secret' category and should not be released to vendor representatives and non-Company personnel." *Id*. at ¶ 14(e).

For these reasons, the United States urges the Court to schedule a hearing to address the filing of confidential materials in this case. Civil LR 1-2(b) provides that the Local Rules "shall be construed . . . to promote the just, efficient, speedy and economical determination of every action and proceeding." Criminal LR 2-1 provides that "[t]he provisions of the Civil Local Rules of the Court shall apply to criminal actions and proceedings, except where they may be inconsistent with these criminal local rules, the Federal Rules of Criminal Procedure or provisions of law specifically applicable to criminal cases." While the United States appreciates the framework articulated in Civil LR 79-5, it does not believe that framework contemplated a case like this one involving a complex industrial technology, voluminous highly technical drawings, extensive foreign language documentation, and discovery at this scale.

3

ADMINSTRATIVE MOTION
CR 11-0573 JSW

Moreover, Civil LR 79-5 does not contemplate a criminal prosecution in which the owner of the alleged trade secrets is not a party to the case.

Indeed, in order to work through challenges posed by this case, the Court previously referred certain discovery matters to Magistrate Judge Cousins. Based on that referral, the Court and the parties constructed a set of procedures embodied in the Protective Order that did not account for Civil LR 79-5 and which, as presently configured, would preclude the necessary consultation to ensure compliance with that Rule. Therefore, the United States asks the Court to maintain under seal Exhibits P, Q, R, S, U, V, W, X, and Y to the Agnolucci Declaration, until the Court and the parties have time to fashion an appropriate procedure in this case to ensure that the interests of the United States and the crime victim in protecting trade secrets and other confidential material is calibrated to the interest of public access to courts. Alternatively, the United States ask the Court for relief from ¶¶ 6(c) and 7 of the Protective Order so that it can provide the relevant documents to DuPont for consultation and for an extension of time to file a declaration under Civil LR 79-5.

## **CONCLUSION**

Based on the foregoing, the United States asks the Court to enter the accompanying order.

DATED: May 9, 2013          Respectfully submitted,

MELINDA HAAG
United States Attorney

/S/
_____
PETER B. AXELROD
JOHN H. HEMANN
Assistant United States Attorneys

ADMINSTRATIVE MOTION
CR 11-0573 JSW

4