KEKER & VAN NEST LLP
STUART L. GASNER - # 164675
sgasner@kvn.com
SIMONA A. AGNOLUCCI - # 246943
sagnolucci@kvn.com
KATHERINE M. LOVETT - # 276256
klovett@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendants WALTER LIEW and
USA PERFORMANCE TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

WALTER LIEW, CHRISTINA LIEW, USA PERFORMANCE TECHNOLOGY, INC., and ROBERT MAEGERLE,

Defendants.

Case No. CR 11-0573-JSW (NC)

**JOINT REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECOND SUPERSEDING INDICTMENT AND/OR STRIKE TRADE SECRETS NOS. 1 AND 5 AND COUNTS 3, 5 AND 8**

Date: June 6, 2013
Time: 2:00 p.m.
Place: Courtroom 11, 19th Floor
Dept.: Hon. Jeffrey S. White

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................................................................................................1

II. ARGUMENT ............................................................................................................2

A. Counts 3 And 5, Which Charge Attempt To Misappropriate Trade Secret 1, Are Unconstitutionally Vague And Must Be Dismissed. ........................................2

B. Count 8, Which Charges Misappropriation of Trade Secret 5, Is Unconstitutionally Vague And Must Be Dismissed. ...............................................4

C. In The Alternative, The Court Has Discretion To Dismiss The Entire Indictment. ..........................................................................................................5

III. CONCLUSION ..........................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Stutz Motor Car of Amer., Inc. v. Reebok Int'l, Ltd.*
909 F. Supp. 1353 (C.D. Cal. 1995) .......... 3

*United States v. Case*
No. 3:06cr210TSL-LRA, 2007 WL 1746399 (S.D. Miss. June 15, 2007).......... 3, 4

*United States v. Cecil*
608 F.2d 1294 (9th Cir. 1979) (per curiam).......... 1

*United States v. Devine's Milk Laboratories, Inc.*
179 F. Supp. 799 (D. Mass. 1960) .......... 5

*United States v. Hsu*
155 F.3d 189 (3d Cir. 1998).......... 2, 3, 4

*United States v. Lange*
312 F.3d 263 (7th Cir. 2002) .......... 2

*United States v. Pernillo-Fuentes*
252 F.3d 1030 (9th Cir. 2001) .......... 3

## State Cases

*Aetna Bldg. Maint. Co. v. West*
39 Cal. 2d 198 (1952) .......... 3

## Federal Rules

Fed. R. Crim. Pro. 7(d) .......... 4

Fed. R. Evid. 201 .......... 4

**I. INTRODUCTION**

As explained in Defendants' opening brief, the current Indictment asserts that "Trade Secret 1" covers not only the entirety of "the DuPont chloride-route process to manufacture TiO2," but also includes "*ways and means* in which *proprietary and non-proprietary components* were *compiled and combined* by DuPont to form *substantial portions* of the TiO2 manufacturing process." Dkt. 269 (Second Superseding Indictment ("Indictment")) ¶ 14 (a) (emphasis added). The government's Opposition sidesteps Defendants' argument that this allegation violates the Federal Rules of Criminal Procedure and is unconstitutionally vague because it effectively encompasses an infinite number of discrete trade secrets, instead contending that the breadth of Trade Secret 1 is irrelevant because the Defendants are charged only with attempt and conspiracy, and that the government accordingly need only prove that the Defendants *reasonably believed* what they were doing to involve a trade secret of some type. Dkt. 322 at 8-12.

The government cannot have it both ways. It cannot bring an Indictment unequivocally asserting defined and sweeping "Trade Secrets"—reaping the publicity associated with those allegations—and then claim that those assertions are irrelevant. Moreover, even if the government's legal theory is correct, it will still presumably need to prove at trial wrongful behavior with respect to *some* trade secret that was the object of Defendants' belief. If that object is Trade Secret 1, the Indictment is too vague to prepare a defense.

The same is true as to Trade Secret 5. The Opposition argues this allegation is not unconstitutionally vague because it is a specific (albeit 407-page) manual with numerous specifications relating to DuPont titanium dioxide plants. Dkt. 322 at 12. But as the government is well aware, that manual was not found in the possession of the Defendants, and it is plain that the government's theory at trial will be that some of Defendants' designs "must have" been derived from that manual. This case is thus distinguishable from the classic example where the defendant is accused of having stolen and used a specific and discrete document.

The Counts that rely on Trade Secrets 1 and 5 fail to "furnish the defendant[s] with a sufficient description of the charges against [them] to enable [them] to prepare [their] defense." *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (per curiam). Accordingly, the Court

should dismiss Counts 3, 5 and 8 as unconstitutionally vague, and should strike Trade Secrets 1 and 5, from the Indictment. In the alternative, the Court should dismiss the entire Indictment as unconstitutionally vague.

## II. ARGUMENT

### A. Counts 3 And 5, Which Charge Attempt To Misappropriate Trade Secret 1, Are Unconstitutionally Vague And Must Be Dismissed.

The government does not deny that "Trade Secret 1" could consist of a nearly infinite number of combinations of proprietary and non-proprietary components. It contends in its Opposition that there is nothing wrong with describing Trade Secret 1 so broadly because the Defendants are charged only with *attempting* to misappropriate Trade Secret 1, and a conviction of attempt does not require proof of the existence of an actual trade secret. Dkt. 322 at 8-11. Although the Ninth Circuit has yet to visit the issue, the government relies on three out-of-circuit cases—with which the Seventh Circuit has expressed disagreement[1]—for this legal proposition. Even if those cases were the law in this circuit, the government's argument, which entirely ignores the merits of Defendants' motion, is irrelevant.

Although the government argues at length that it need only prove that Defendants *believed* portions of the chloride route process to be a trade secret, it carefully avoids representing that it actually will limit its case-in-chief accordingly. At trial, the government could seek to introduce evidence that undefined "ways and means in which proprietary and non-proprietary components were compiled and combined by DuPont to form substantial portions of the TiO2 manufacturing process" are *actual trade secrets*. But it has failed to assert those trade secrets in any meaningful way. Accordingly, if the Court does not dismiss Counts 3 and 5, it should at the very least preclude the government from later arguing at trial that the exceedingly vague Trade Secret 1 is an actual trade secret.

---

[1] *United States v. Lange*, 312 F.3d 263, 269 (7th Cir. 2002) (*Hsu* stands for "the maxim that factual impossibility is no defense to a prosecution for attempt. This does not mean, however, that the defendant's belief *alone* can support a conviction . . . Selling a copy of *Zen and the Art of Motorcycle Maintenance* is not attempted economic espionage, even if the defendant thinks that the tips in the book are trade secrets; nor is sticking pins in voodoo dolls attempted murder") (internal citations omitted) (emphasis in original).

More importantly, the fact that attempt is charged as to Trade Secret 1 does not cure the unconstitutional vagueness of the Indictment. Under the theory of attempt described in the Opposition, the government must prove that Defendants believed Trade Secret 1 to be a trade secret. Dkt. 322 at 10-11; *United States v. Hsu*, 155 F.3d 189 (3d Cir. 1998) (in Third Circuit, conviction for attempted theft of trade secrets requires proof "beyond a reasonable doubt that the defendant sought to acquire information which he or she believed to be a trade secret"). This begs the question: what is the "Trade Secret 1" that Defendants allegedly believed they were misappropriating? The government could argue at trial that Defendants believed the entire chloride route process was a trade secret. But the government is unlikely to take that approach, because, as the Indictment recognizes, portions of the chloride route process are "non-proprietary" (Dkt. 269 at 5) and presumably cannot constitute a trade secret.[2] More likely, the government will attempt to argue, under the impossibly over-reaching definition of Trade Secret 1, that Defendants believed *various components or combinations of components* of the chloride route process were trade secrets. *See* Motion at 5. Those components (or combinations of components) are entirely undefined in the Indictment, leaving Defendants with no current understanding "of the specific offenses with which [they are] charged." *United States v. Pernillo-Fuentes*, 252 F.3d 1030, 1032 (9th Cir. 2001).

The government asserts that *United States v. Case* is "easily distinguishable" because that case charged misappropriation of trade secrets but not attempt to do so. Dkt. 322 at 11. This distinction makes no difference. The Court in *Case* was troubled by a trade secret defined as the alleged victim's "entire working product," noting that an "entire universe" of information, some of which is proprietary, and some of which is not, "is so broad as to be meaningless" and cannot constitute the charged trade secret. *U.S. v. Case*, No. 3:06cr210TSL-LRA, 2007 WL 1746399 at *4 (S.D. Miss. June 15, 2007). That is precisely the case here. Trade Secret 1 is "meaningless"

[2] *See, e.g., Stutz Motor Car of Amer., Inc. v. Reebok Int'l, Ltd.*, 909 F. Supp. 1353, 1359 (C.D. Cal. 1995) ("It is well established that disclosure of a trade secret in a patent places the information comprising the secret into the public domain."); *Aetna Bldg. Maint. Co. v. West*, 39 Cal. 2d 198, 205 (1952) (information that is "commonly known to the trade or may easily be discovered" is not entitled to trade secret protection).

as it currently is defined—whether it describes something Defendants are accused of actually misappropriating or something Defendants are accused of *attempting* to misappropriate. Under the government's attempt theory, the Defendants' belief as to what exactly Trade Secret 1 was goes to the "core criminality" of the statute. *Id.* at *3; *Hsu*, 155 F.3d 189 (3d Cir. 1998) (defining elements of attempt under Third Circuit law). Accordingly, the object of that belief must be defined more narrowly.

**B. Count 8, Which Charges Misappropriation of Trade Secret 5, Is Unconstitutionally Vague And Must Be Dismissed.**

The government asserts that Trade Secret 5—a 407-page document containing the entire "scope and basic data" for building a DuPont plant from scratch—is not unconstitutionally vague because it "identifies a very specific compilation of information that was identified as containing trade secrets." Dkt. 322 at 13. But the government's theory of the case belies this simplistic response. The Basic Data document was obtained by the government *from DuPont* as part of its investigation in this case—it was not seized from the Defendants. *See* Dkt. 198 at 3.[3] It appears the government will assert at trial that USAPTI's drawings and specifications "must have" come from the Basic Data document. *Id.* But it is entirely unclear which of the "numerous discrete trade secrets" within the 407-document the Defendants are alleged to have misappropriated. The allegation that Defendants misappropriated unspecified trade secrets from the Basic Data document is nothing like the example cited by the government, where the defendants were alleged to have conspired to steal specific CAD drawings or a specific "Eaton design drawing of a spline shaft and piston." Dkt. 322 at 12. Without additional information regarding which trade secrets the government asserts "must have" come from the Basic Data document, Defendants do not have sufficient notice of the charges against them.[4]

[3] The Court may take judicial notice of materials in the docket. Fed. R. Evid. 201.

[4] If the Court dismisses the Counts relating to Trade Secret 1 and Trade Secret 5, the description of those trade secrets should be stricken from the Indictment as surplusage. *See* Fed. R. Crim. Pro. 7(d) (the court may strike surplusage from the Indictment).

**C. In The Alternative, The Court Has Discretion To Dismiss The Entire Indictment.**

There is no question that the Court has the power to dismiss an entire indictment as unconstitutionally vague where the indictment does not describe the charges "with sufficient particularity to enable the defendants to know what specific offenses they are charged with." *United States v. Devine's Milk Laboratories, Inc.*, 179 F. Supp. 799, 800-801 (D. Mass. 1960). The government's Opposition cites no cases to the contrary. Accordingly, in the alternative, Defendants respectfully request that the Court dismiss the Second Superseding Indictment in its entirety.

**III. CONCLUSION**

For the foregoing reasons, the Court should GRANT Defendants' Motion to Dismiss Counts 3, 5 and 8, and to strike Trade Secrets 1 and 5, from the Second Superseding Indictment. In the alternative, Defendants respectfully request that the Court dismiss the Second Superseding Indictment in its entirety.

Respectfully submitted,

Dated: May 23, 2013

KEKER & VAN NEST LLP

By: */s/ Stuart L. Gasner*
STUART L. GASNER
SIMONA A. AGNOLUCCI
KATHERINE M. LOVETT

Attorneys for Defendants WALTER LIEW and USA PERFORMANCE TECHNOLOGY, INC.

Dated: May 23, 2013

By: */s/ Doron Weinberg*
DORON WEINBERG

Attorney for Defendant CHRISTINA LIEW

Dated: May 23, 2013

By: */s/ Jerome J. Froelich, Jr.*
JEROME J. FROELICH, JR.

Attorney for Defendant ROBERT J. MAEGERLE