

*United States Attorney*
*Northern District of California*

*11th Floor, Federal Building*     *(415)436-7200*
*450 Golden Gate Ave., Box 36055*     *FAX: (415) 436-7234*
*San Francisco, CA 94102-3495*

June 15, 2013

Honorable Nathanael Cousins
United States Magistrate Judge
450 Golden Gate Avenue
San Francisco, California 94102

      Re:    *United States v. Walter Liew, et al.,* Case No. CR-11-0573-JSW

Judge Cousins:

This letter sets forth the government's position regarding Rule 16 expert disclosure deadlines. The parties have not been able to reach agreement on appropriate disclosure dates and Judge White referred this dispute to Your Honor for resolution.

The government proposes that the deadline for the disclosure of its expert reports be August 30, 2013, and the deadline for defense expert reports be September 30, 2013. The reasons for this recommendation are as follows:

1. No trial date has been set. The parties have proposed an October trial date, but Judge White has another criminal trial currently scheduled for October 2013.

2. The United States anticipates at this time calling expert witnesses to testify as to: (1) the TiO2 manufacturing process and specific trade secrets identified in the Indictment, including their public availability and economic value; (2) the PRC-ownership and – direction of the Pangang Group customers of the U.S. defendants and the benefit to the PRC of TiO2 technology; (3) the bankruptcy process; and (4) the falsity of the charged tax returns. The United States also may be required to call an expert regarding Chinese-language translations, depending on further discussions with the defense regarding the translation of the documents to be offered by the government.

3. Even with an October 2013 trial date, an August 30 government disclosure deadline is sufficient for defense preparation.

*United States v. Liew, et al.*
June 15, 2013
Page 2

    a. On June 12, 2013, Judge White ruled that the Second Superseding Indictment (the Indictment) adequately informs the defendants of the government's theories for each charge, except as to two attempt charges which will be supplemented by a bill of particulars.

    b. The charges as to which no bill of particulars have been ordered are sufficiently detailed that defendants can begin preparing their defense and expert opinions at this time.

    c. As to the two attempt charges that require a bill of particulars, the United States has been ordered to provide further details regarding its theory. Importantly, Judge White held that, as to the attempt charges, the United States is *not* required to prove the existence of an actual trade secret, but only that defendants reasonably believed that the DuPont TiO2 process, or specific aspects of that process, were trade secrets. Thus, Judge White's ruling circumscribes the scope of the necessary expert testimony on those charges.

4. The United States has identified but not yet retained experts or engaged them to begin the expensive process of drafting expert reports. There are both practical and financial reasons for this:

    a. Practical. There is no trial date and the scope of the trial is still undecided. Until this week, motions to dismiss and for a bill of particulars were pending. In two weeks, additional motions will be filed, including a motion to sever and motions to suppress. A bill of particulars as to two charges must be prepared by the government.

        i. As a result of Judge White's June 12 ruling on the first two motions, there is now more clarity that certain of the charges will be tried and the government's theory regarding the attempt charges has been endorsed by the Court. But neither of these matters were clear until Tuesday of this week and a limited bill of particulars still must be filed.

        ii. The remaining motions could have a significant impact on the trial and expert opinions. Defendants will be filing motions to suppress that may (we do not know) impact evidence on which the experts would rely in their testimony; we cannot ask experts to formulate opinions based on evidence that we do not know they will be able to rely upon. Defendants also will be filing motions to sever (counts or defendants, we do not know), which could impact the timing of trial(s) and the order in which counts are tried.

    b. Financial. Given the uncertainty, some of which recently was resolved by Judge White's June 12 ruling, the United States cannot responsibly retain experts to

*United States v. Liew, et al.*
June 15, 2013
Page 3

>   spend money without significant confidence as to when they will be needed to testify and what they will be able to testify about. Considerable expense will be required – both for the preparation of reports and travel. Given the extraordinary financial constraints under which the government is currently operating, of which this Court is very aware, completing expert reports before a trial date is set and before the relevant issues are resolved would be irresponsible.

5. The United States intends to retain its TiO2 and PRC experts after it completes the bill of particulars ordered by Judge White. Given the Court's ruling on the motions to dismiss and for a bill of particulars, we feel that it is appropriate to *begin* that process and to provide experts the information they would need to prepare opinions, even though there is some remaining uncertainty regarding the evidence subject to the motion to suppress and to sever. At least we will know the scope of the evidence defendants seek to exclude after they file their motions on June 27.

6. We would *not* ask experts to finalize their opinions or draft reports until after those motions are decided, because we cannot ask them to base their reports on evidence that may be suppressed – and their opinions may change if they may not consider particular evidence. Because we assume that a motion to sever would impact the financial charges, we would not complete the process of drafting the tax or bankruptcy expert reports until after that motion is decided.

7. We believe that the experts could complete their reports within a month after Judge White rules on the motions to sever and suppress, which are scheduled to be heard on July 25, 2013. We expect that Judge White will rule on the motions quickly, perhaps without hearing as he did with the motions to dismiss and for a bill of particulars. If the expert reports are provided to the defense on August 30, 2013, they would have a month for their experts to review them before their reports would be filed on September 30. Nothing prevents their experts from starting work today on the specific trade secrets alleged in the Indictment (Trade Secrets 2 through 5); the trade secrets on which the government relies are identified in detail in the Indictment and copies have been produced to the defense and may be provided to experts pursuant to the protective order. Thirty days is more than sufficient for the defense to review and respond to the specifics of government's expert reports.

8. The government proposes that no date be set at this time for expert disclosures related to translations of Chinese-language documents that will be used at trial. Counsel needs to meet and confer regarding the process that will be used for translated documents. The government anticipates that there may be some disagreements regarding the meaning of certain Chinese characters that will require some expert testimony, but that the parties should be able to minimize those disagreements through discussion and set up a separate process of resolving differences, including through expert testimony.

*United States v. Liew, et al.*
June 15, 2013
Page 4

9. The government further proposes that the dates set now by Your Honor be subject to revision if Judge White sets a trial date in other than October or November 2013. At this time, there is no trial date, though the parties have proposed October 2013. Judge White has another criminal trial already scheduled for October 2013 and we understand that there is a strong likelihood that the other trial will proceed on schedule. If the trial date is pushed into December 2013 or early 2014, the United States would suggest that expert disclosure dates be moved as well.

10. For the reasons set forth above, the United States proposes that the Court set its expert disclosure date on August 30, 2013, and defendants' on September 30, 2013, with the exception of expert testimony regarding translations. The government further proposes that these dates be vacated if Judge White sets the trial to begin after November 2013.

    Very truly yours,

    MELINDA HAAG
    United States Attorney

       /S/
    _____

    JOHN H. HEMANN
    PETER B. AXELROD
    Assistant United States Attorneys