KEKER & VAN NEST LLP
STUART L. GASNER - # 164675
sgasner@kvn.com
SIMONA A. AGNOLUCCI - # 246943
sagnolucci@kvn.com
KATHERINE M. LOVETT - # 276256
klovett@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendants WALTER LIEW and
USA PERFORMANCE TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>            v.<br><br>WALTER LIEW, CHRISTINA LIEW, USA PERFORMANCE TECHNOLOGY, INC., and ROBERT MAEGERLE,<br><br>                    Defendants. | Case No. CR 11-0573-JSW (NC)<br><br>**DEFENDANT WALTER LIEW'S NOTICE OF MOTION AND MOTION TO SEVER COUNTS 15-22 OF THE SECOND SUPERSEDING INDICTMENT**<br><br>Date:         July 25, 2013<br>Time:        2:00 p.m.<br>Place:       Courtroom 11, 19th Floor<br>Dept.:       Hon. Jeffrey S. White |

766061.03

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................................2

II.  FACTUAL BACKGROUND.................................................................................2

III. ARGUMENT .........................................................................................................3

    A.   The bankruptcy- and tax-related counts fail to satisfy Federal Rule of Criminal Procedure 8(a)'s joinder requirements........................................4

    B.   Severance of the bankruptcy- and tax-related counts is necessary under Federal Rule of Criminal Procedure 14 in order to prevent the substantial risk that Mr. Liew will be prejudiced by joinder. ...................................8

IV.  CONCLUSION.....................................................................................................11

i

766061.03

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*United States v. Bronco*
    597 F.2d 1300 (9th Cir. 1979) ................................................................... 7

*United States v. Halper*
    590 F.2d 422 (2d Cir. 1978)..................................................................... 10

*United States v. Jawara*
    474 F.3d 565 (9th Cir. 2007) ................................................................. 4, 5

*United States v. Lavin*
    504 F. Supp. 1356 (N.D. Ill. 1981) ...................................................... 9, 10

*United States v. Lewis*
    787 F.2d 1318 (9th Cir. 1986) .............................................................. 9, 10

*United States v. Randazzo*
    80 F.3d 623 (1st Cir. 1996)....................................................................... 5

*United States v. Recker*
    2013 WL 785643 (N.D. Iowa, March 1, 2013) .......................................... 6

*United States v. Salyer*
    2011 WL 6153204 (E.D. Cal. Dec. 12, 2011) ....................................... 5, 8

*United States v. Terry*
    911 F.2d 272 (9th Cir. 1990) .................................................................... 4

*United States v. Whitworth*
    856 F.2d 1268 (9th Cir. 1988) .............................................................. 6, 7

## Federal Rules

Federal Rule of Criminal Procedure 8 ............................................................ *passim*

Federal Rule of Criminal Procedure 14 ..................................................... 2, 3, 8, 11

## Other Authorities

Eamon Javers, *FBI to Blitz Public with Economic Espionage Ads*, CNBC, May 11, 2012,
    *available at* http://www.cnbc.com/id/47378824....................................... 11

Editorial, *The U.S. needs to tame the cyber-dragon*, WASH. POST, Feb. 14, 2013, *available
    at* http://articles.washingtonpost.com/2013-02-14/opinions/37100559_1_economic-
    espionage-bo-xilai-chinese-intruders ........................................................ 11

James A. Lewis, *China's Economic Espionage*, FOREIGN AFFAIRS, Nov. 13, 2012,
    *available at* http://www.foreignaffairs.com/articles/138427/james-a-lewis/chinas-
    economic-espionage............................................................................... 11

**DEFENDANT WALTER LIEW'S NOTICE OF MOTION AND MOTION TO SEVER
COUNTS 15-22 OF THE SECOND SUPERSEDING INDICTMENT**
Case No. CR 11-0573-JSW (NC)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Richard A. Clarke, *How China Steals Our Secrets*, N.Y. Times, Apr. 2, 2012, *available at*
http://www.nytimes.com/2012/04/03/opinion/how-china-steals-our-secrets.html?_r=0 ........ 11

Siobhan Gorman & Jared A. Favole, *U.S. Ups Ante for Spying on Firms*, Wall St. Journal,
Feb. 20, 2013, *available at*
http://online.wsj.com/article/SB10001424127887323549204578316413319639782.html .... 11

iii

**DEFENDANT WALTER LIEW'S NOTICE OF MOTION AND MOTION TO SEVER
COUNTS 15-22 OF THE SECOND SUPERSEDING INDICTMENT**
Case No. CR 11-0573-JSW (NC)

766061.03

1    **PLEASE TAKE NOTICE**, that on July 25, 2013, at 2:00 p.m., or on such other date and

2    time to be set by the Court, at 450 Golden Gate Avenue, San Francisco, California, Courtroom

3    11, 19th Floor, before the Honorable Jeffrey S. White, defendant Walter Liew will and hereby

4    does move the Court for Counts 15 through 22 of the Second Superseding Indictment to be

5    severed for separate trial.

6         This motion is based on this Notice of Motion, the following Memorandum of Points and

7    Authorities, the declaration of Joshua Maremont filed herewith, and such other and further

8    papers, evidence, and argument as may be submitted to the Court in connection with the hearing

9    on this motion.

10   Dated:  June 27, 2013                                   KEKER & VAN NEST LLP

11

12                                            By:   */s/ Stuart L. Gasner*
                                                   STUART L. GASNER

13                                                 SIMONA A. AGNOLUCCI
                                                   KATHERINE M. LOVETT

14
                                                   Attorneys for Defendants WALTER LIEW and
15                                                 USA PERFORMANCE TECHNOLOGY, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT WALTER LIEW'S NOTICE OF MOTION AND MOTION TO SEVER
COUNTS 15-22 OF THE SECOND SUPERSEDING INDICTMENT**
Case No. CR 11-0573-JSW (NC)

766061.03

## I.       INTRODUCTION

More than a year and a half after the original indictment issued in this case, the government elected to pursue eight new financial charges, issuing a Second Superseding Indictment with five tax fraud counts and three bankruptcy-related counts in which Walter Liew is the only named defendant.  The Second Superseding Indictment fails to explain why these charges are sufficiently connected with the government's earlier-articulated trade secret and obstruction charges such that joinder is appropriate under Federal Rule of Criminal Procedure 8(a).  Given the lack of a clear connection between the charges on the face of the indictment, the Court must sever them for separate trial.

In the alternative, the Court should exercise its discretion under Federal Rule of Criminal Procedure 14 to sever the bankruptcy and tax fraud counts for separate trial.  Inclusion of the financial counts at a trial will unduly complicate this already-complex trade secret case for jurors and will risk substantial prejudice to Mr. Liew, the sole defendant in the tax and bankruptcy charges.  In addition, severance serves the dual goals of efficiency and economy, because the trade secret and financial charges are based on independent evidence and removing the financial charges from the trade secret trial is in the interest of the other defendants in this case, who are not charged with the financial crimes.  The Court should therefore sever the bankruptcy and tax counts for separate trial.

## II.      FACTUAL BACKGROUND

The original indictment in this case issued on August 23, 2011, charging Walter and Christina Liew with two counts of witness tampering, one count of conspiracy to tamper with witnesses and evidence, and one count of false statements.  *See* Dkt. 16 (Indictment).  A fourteen-count Superseding Indictment issued on February 7, 2012.  *See* Dkt. 64 (Superseding Indictment). The Superseding Indictment added a number of new defendants, including Mr. Liew's company, USA Performance Technology, Inc. ("USAPTI"), and a slew of new charges: one count of conspiracy to commit economic espionage, two counts of attempted economic espionage, one count of conspiracy to commit theft of trade secrets, three counts of attempted theft of trade secrets, two counts of possession of trade secrets, and one count of conveying trade secrets

(collectively, "the trade secret counts"). *See id.*

Nearly a year and a half after the initial Indictment, on March 12, 2013, the government issued a Second Superseding Indictment against Mr. Liew and his co-defendants. *See* Dkt. 269 (Second Superseding Indictment). The Second Superseding Indictment added eight new financially-based charges: five counts of filing a false tax return on behalf of Performance Group or USAPTI for each of the years between 2006 and 2010 (Counts 15-19), two charges of false statements in bankruptcy proceedings on behalf of Performance Group in 2009 (Counts 20-21), and one charge of a false oath in the same bankruptcy proceedings (Count 22). *Id.* at 23-28. The only defendant charged in these eight new counts was Walter Liew. *Id.* The tax fraud counts incorporated by reference two earlier paragraphs in the Indictment, ¶¶ 20 and 31, which alleged that specific contracts were executed by Walter Liew with state-owned entities in China and described, in vague terms, how the proceeds of those contracts were allegedly transferred. *Id.* at 23-25. The bankruptcy-related counts incorporated by reference paragraph 20, concerning the alleged execution of the Chinese contracts. *Id.* at 25-28. The government failed to include *any* description or explanation in Counts 15 through 22 of the connection between the tax and bankruptcy charges and the other counts in the Second Superseding Indictment. *Id.* at 23-28.

## III.  ARGUMENT

The Court should sever Counts 15 through 22 from the remaining charges in this case for two reasons. *First*, under Federal Rule of Criminal Procedure 8(a), severance is mandatory because the Second Superseding Indictment provides no basis for concluding that the tax and bankruptcy charges bear any connection to the trade secret or obstruction counts. Counts 15 through 22 involve different facts and different law from the remaining counts in the indictment, and therefore they are not properly joined in this case. *Second*, severance is appropriate in this case under Federal Rule of Criminal Procedure 14, because Mr. Liew faces a real and substantial risk of prejudice should he have to fend off the financial charges in the Second Superseding Indictment at the same time he is defending the remaining counts in this very complex case. Moreover, severance of Counts 15 through 22 will simplify trial proceedings that already involve multiple defendants and charges and will minimize the risk that jurors use evidence of one crime

charged to infer a general criminal disposition or to improperly cumulate evidence to find guilt on all charges.  Accordingly, the Court should sever the financial counts for a separate trial.

A.    **The bankruptcy- and tax-related counts fail to satisfy Federal Rule of Criminal Procedure 8(a)'s joinder requirements.**

Federal Rule of Criminal Procedure 8 requires the Court to sever Counts 15 through 22 from the remainder of the indictment.  Because the Second Superseding Indictment fails to disclose a relationship between the financially-based counts and the other counts in the indictment, severance of the bankruptcy and tax fraud counts is mandatory.  While the government has much discretion in drafting its indictment, the decision to submit a barebones pleading with respect to any count comes with risks.  The Ninth Circuit has been especially blunt in warning of this very possibility:

> But the bottom line is that the similar character of the joined offenses should be ascertainable—either readily apparent or reasonably inferred—from the face of the indictment.  Courts should not have to engage in inferential gymnastics or resort to implausible levels of abstraction to divine similarity.  Thus, where the government seeks joined of counts on the basis of same or similar character, it crafts a barebones indictment at its own risk.

*United States v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2007) (internal quotation marks omitted).

Rule 8(a) governs the joinder of multiple offenses against a single defendant in the same indictment.  Under that rule, "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are [1] of the same or similar character, or [2] are based on the same act or transaction, or [3] are connected with or constitute parts of a common scheme or plan."  In order to avoid mandatory severance, at least one of Rule 8(a)'s three conditions must be satisfied and, as the Ninth Circuit has recently warned, "those conditions, although phrased in general terms, are not infinitely elastic."  *Jawara*, 474 F.3d at 573.  Moreover, "[b]ecause Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined *solely* by the allegations in the indictment."  *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990) (emphasis added).  As none of Rule 8(a)'s three conditions are satisfied by the sparse description of the tax and bankruptcy charges in the indictment, those charges must be severed.

**DEFENDANT WALTER LIEW'S NOTICE OF MOTION AND MOTION TO SEVER COUNTS 15-22 OF THE SECOND SUPERSEDING INDICTMENT**
Case No. CR 11-0573-JSW (NC)

766061.03

*First*, the tax and bankruptcy charges are not of the "same or similar character" as the trade secret and obstruction charges.  In order to determine whether two sets of offenses share the same or similar character, the Ninth Circuit has directed courts to consider: (1) the elements of the statutory offense; (2) the temporal proximity of the acts; (3) evidentiary overlap; (4) the physical location of the acts; (5) the modus operandi of the crimes; and (6) the identity of the victims. *Jawara*, 474 F.3d at 577-78.  These factors weigh against joinder here.  The statutory elements of the trade secret counts and the tax and bankruptcy counts are entirely distinct.  The alleged victims of the charged crimes are distinct; while the trade secret charges allege DuPont was victimized, the tax and bankruptcy charges protect the federal government's interests.  There is very little evidentiary overlap between the trade secret charges and the financial charges, other than proof of the existence of certain contracts as alleged in the indictment.  "But Congress did not provide for joinder for unrelated transactions and dissimilar crimes merely because some evidence might be common to all of the counts."  *United States v. Randazzo*, 80 F.3d 623, 628 (1st Cir. 1996).  In fact, "looking to the *important* evidence," as the First Circuit did in *Randazzo*, *id.*, the trade secret and financial counts revolve around quite different facts.  The jury will need to assess complicated technical information and hear testimony about events in China to assess the economic espionage and trade secret counts.  In contrast, the financial charges turn on discrete events that took place in the United States, such as the filing of a tax return or a bankruptcy petition, and will require extensive proof of financial records not relevant to the trade secret allegations.  As a result, the trade secret and financial charges cannot fairly be characterized as of the "same or similar character" under Rule 8(a).

*Second*, the trade secret, obstruction, and financial charges are plainly not "based on the same act or transaction."  Nothing in the indictment suggests that any of the acts that gave rise to the tax and bankruptcy charges—specifically, the filing of tax and bankruptcy documentation and Mr. Liew's appearance in a bankruptcy proceeding—also constitute the factual predicates for the trade secret and obstruction charges.  Moreover, there is only one narrow area of shared proof between the charges—the alleged contracts—but there must be a "large area of overlapping proof" in order for two counts to be part of the "same act or transaction."  *United States v. Salyer*,

5

2011 WL 6153204, at *4 (E.D. Cal. Dec. 12, 2011).  Consequently, the financial counts are not "based on the same transaction or occurrence" as the other counts, making joinder improper under that subsection of Rule 8(a).

*Third*, the financial charges are not connected with or part of a common scheme or plan with the other charges in the Second Superseding Indictment.  With respect to the bankruptcy charges, there is absolutely nothing in the indictment to suggest that the false statements and oath charges have *any* connection to the trade secret charges, other than the fact that both charges involve Mr. Liew.  There is no suggestion in the indictment that Mr. Liew made false statements in the bankruptcy proceeding for any nefarious purpose related to or motivated by his contracts in China and his titanium dioxide business, or even that his alleged actions in the bankruptcy proceedings had a common motive with other counts alleged in the indictment.  The bankruptcy charges appear to be intended to merely serve as further evidence of what the government views as Mr. Liew's general propensity for wrongdoing.  However, simply alleging that Mr. Liew committed two distinct wrongful acts, trade secret crimes and bankruptcy fraud, is not enough to link them as part of a common scheme.  *See United States v. Recker*, 2013 WL 785643, at *7 (N.D. Iowa, March 1, 2013) (determining that grain elevator fraud and bankruptcy fraud counts were not part of a common scheme or plan because "[o]ther than a brief overlap in time and Defendant's common goal of financial profit, there is nothing in the Indictment connecting the [counts]").  Because no logical connection is clear from the face of the indictment, the bankruptcy charges cannot be found to be part of a "common scheme or plan" with the other charges.

Because the Second Superseding Indictment makes reference to sums of money allegedly earned by USAPTI and transferred by the Liews in paragraph 30, the government will likely argue that there is a connection between the trade secret charges and the tax charges.  However, any such connection is insufficient to show that the tax charges were part of a "common scheme or plan" with the trade secret charges, because there is absolutely no allegation in the indictment that the alleged tax fraud *flowed from* the economic espionage counts.  A useful point of comparison is *United States v. Whitworth*, 856 F.2d 1268, 1277 (9th Cir. 1988), in which the Ninth Circuit found that eight espionage counts and five tax counts were properly considered part

6

of a common scheme where the tax evasion "flow[ed] directly from other criminal activity and such evasion result[ed] in large part from the necessity of concealing the illegal proceeds of that activity."  In *Whitworth*, the defendant was a naval employee who was involved in selling classified information to Soviet spies for cash payments, *id.* at 1272, and hence it was natural for the court to assume, solely from the face of the indictment, that Whitworth would need to conceal those proceeds on his tax filings in order to continue his criminal activity.

The indictment in this case, on the other hand, does not suggest that Mr. Liew attempted in *any* way to hide his business activities in China or conceal the existence of his titanium dioxide projects.  To the contrary, USAPTI was a legitimate business, with employees and a physical office, and there are no allegations in the indictment that the company tried to hide its business purposes and relationships.  *See, e.g.*, Declaration of Joshua D. Maremont in Support of Motion to Sever ("Maremont Decl."), Exh. A (Business Entity Detail of USAPTI from California Secretary of State's website).  Moreover, the tax fraud counts do not include any allegations as to Mr. Liew's motive in submitting fraudulent tax returns, nor do they make clear any other connection to the trade secret counts.  As a result, the logical assumption from the face of the indictment may be that Mr. Liew allegedly concealed his true income for personal gain, but there is nothing to indicate that he did so as part of a continuing scheme to commit trade secret theft and economic espionage.  Consequently, unlike in *Whitworth*, the tax charges are not part of a common plan or scheme with the other charges in the indictment and they must be severed.

Because the tax and bankruptcy charges are distinct from the other counts in the indictment and fail to satisfy any of the elements required for joinder under Rule 8(a), they must be severed for separate trial.[1]

---

[1] Severance may also be appropriate because Mr. Liew may desire to testify concerning the trade secret counts at trial, while still wishing to assert his privilege against self-incrimination with respect to the financial charges.  *See, e.g., United States v. Bronco*, 597 F.2d 1300, 1303 (9th Cir. 1979) (determining that it was an abuse of discretion not to grant a motion for severance where defendant argued that he wished to present specific testimony on one offense, but had specific reasons not to testify about others).  Because defendants have yet to receive expert reports in this case and the government has yet to narrow its case-in-chief identification, Mr. Liew has not been able to fully assess all of the evidence in this case and currently is not in the position to state his intentions regarding his possible testimony at trial on the trade secret counts.  However, Mr. Liew hereby reserves the right to later file a severance motion on that basis.

7

766061.03

**B.      Severance of the bankruptcy- and tax-related counts is necessary under Federal Rule of Criminal Procedure 14 in order to prevent the substantial risk that Mr. Liew will be prejudiced by joinder.**

Even if the Court determines that Counts 15 through 22 may be properly joined with the remaining counts in the Second Superseding Indictment under Rule 8(a), this Court should exercise its discretion to sever those counts under Federal Rule of Criminal Procedure 14 because of the substantial risk of prejudice to Mr. Liew if all of the counts are tried together.  Under Rule 14(a), "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Putting aside the bankruptcy and tax charges, Mr. Liew and his co-defendants still face an exceedingly complex indictment, complete with fourteen other criminal charges.  Severing Counts 15 through 22 will avoid the risk of substantial prejudice to Mr. Liew, while simplifying and focusing the trial proceedings without sacrificing efficiency.

Severing Counts 15 through 22 will allow for a more manageable and efficient trial on the trade secret and espionage claims and will assist the jury in comprehending the matters at issue in this case.  *See Salyer*, 2011 WL 6153204, at *3 (noting that the customary justification for joinder is "to promote judicial efficiency and the conservation of judicial resources").  As the Court is well aware, the trade secret case is extremely complicated.  The jury will have to consider a massive volume of documents, as evidenced by the fact that the government identified more than 270,000 documents that it currently intends to use in its case-in-chief, which it recently committed to narrow down to approximately 13,000 documents.  *See* Maremont Decl. at ¶¶ 5, 8; *id.* at Exh. B (May 31, 2013 Rule 16(a)(1)(E)(ii) letter from government).[2]

Injecting financial issues will only make the case more complicated, requiring the jury to master a distinct set of complex jury instructions dealing with tax and bankruptcy law, grapple with a wholly separate set of financial documents, and sit through days of testimony by witnesses

---

[2] It is important to note that, due to the format of the government's Rule 16 case-in-chief disclosure, the defense has not yet been able to identify all of the documents specified therein, and so the number of documents included in the government's narrowed disclosure may still be substantially greater than 13,000.  *See* Maremont Decl. at ¶¶ 5-8.

8

766061.03

1    uninvolved in any other aspect of the case and unrelated to all but one of the defendants.  *See*

2    *United States v. Lavin*, 504 F. Supp. 1356, 1364 (N.D. Ill. 1981) ("Although the income tax

3    allegations may be, in some respects, related to the other alleged violations, a joint trial of all

4    claims would require the jury to consider issues of the law of federal taxation related only to the

5    specific defendant named in addition to the substantial task it now faces.").  Based on the trade

6    secret and economic espionage charges alone, this will be a very lengthy trial; in the most recent

7    joint status report, the parties estimated it would last four to six weeks.  *See* Dkt. 298 at 1 (Joint

8    Status Report).  The additional time that must be spent on the financial charges will make

9    empanelling a jury even more challenging than it already will be.

10         Severance of Counts 15 through 22 will streamline trial for the other defendants in this

11   case, none of whom is charged in the financial counts.  In fact, defendant Robert Maegerle has

12   filed a motion to sever based, in part, on Mr. Maegerle's lack of involvement in the financial case.

13   *See* Dkt. 351.  The proof necessary for the financial charges has very little, if any, overlap with

14   the highly technical proof that will be necessary to prove the trade secret charges.  In fact, the

15   only potential overlap in evidence between the trade secret charges and the financial charges

16   would be evidence proving up the existence of certain foreign contracts, which can likely be

17   presented at both trials without extensive consumption of time.  The trade secrets case can

18   therefore be resolved more rapidly, to the benefit of the government and the many defendants in

19   this case other than Mr. Liew.

20         In addition, Counts 15 through 22 should be severed from the remainder of the indictment

21   because their trial alongside the trade secret and economic espionage charges poses a serious risk

22   of prejudice to Mr. Liew.  In other complex criminal matters where the defendant faced a bevy of

23   charges, courts have recognized the risk that jurors may use evidence of one crime charged to

24   improperly infer a general criminal disposition.  *See, e.g., United States v. Lewis*, 787 F.2d 1318,

25   1322 (9th Cir. 1986) (reversing the district court for failing to sever unrelated criminal charges).

26   Specific risks of prejudice faced by defendants in trials with multiple joined counts include:

27         (1) [the defendant] may become embarrassed or confounded in presenting separate
              defenses; (2) the jury may use the evidence of one of the crimes charged to infer a
28            criminal disposition on the part of the defendant from which is found his guilt of

9

**DEFENDANT WALTER LIEW'S NOTICE OF MOTION AND MOTION TO SEVER**
**COUNTS 15-22 OF THE SECOND SUPERSEDING INDICTMENT**
Case No. CR 11-0573-JSW (NC)

the other crime or crimes charged; or (3) the jury may cumulate the evidence of the
various crimes charged and find guilt when, if considered separately, it would not
so find.

*United States v. Halper*, 590 F.2d 422, 430 (2d Cir. 1978) (reversing for new trial because joinder

of unrelated fraud and tax evasion charges was error).  The Ninth Circuit has observed that

"[s]tudies have shown that joinder of counts tends to prejudice jurors' perceptions of the

defendant and of the strength of the evidence on both sides of the case."  *Lewis*, 787 F.2d at 1322.

       All of the risks laid out above apply with special force in this case.  Defendants have long

intended to present a strong defense against the trade secret and economic espionage charges

based on the substantial volume of original work that Walter Liew and his employees at USAPTI

performed on the company's titanium dioxide projects and on the huge number of publically-

available materials describing the titanium dioxide manufacturing process.  *See, e.g.*, Dkt. 198 at

2-7 (Renewed Motion for an Order Revoking Detention Order) (describing the many weaknesses

in the government's trade secret case).  Inclusion of the tax and bankruptcy charges at a trial on

the economic espionage and trade secret counts will put an inappropriate thumb on the scale in

favor of the government's case based purely on innuendo, unsupported by factual allegations in

the Second Superseding Indictment or documentary evidence, to the effect that Mr. Liew

personally benefited from unreported corporate income.  The financial charges will invite the jury

to infer that Mr. Liew *must* be guilty of something, given the cumulative effect of all of the

charges against him.

       By the same token, the inclusion of the trade secret charges in a trial on the financial

counts may render the jury more likely to find Mr. Liew guilty of the unrelated financial charges.

*See Lavin*, 504 F. Supp. at 1364 (severing tax charges from RICO and mail fraud counts and

noting that there is "some risk that evidence of the conspiratorial misfeasance would spill over

into the consideration of the tax charges").  The risk of juror prejudice is significantly heightened

in this case because the subject of Chinese economic espionage has been an omnipresent news

10

**DEFENDANT WALTER LIEW'S NOTICE OF MOTION AND MOTION TO SEVER
COUNTS 15-22 OF THE SECOND SUPERSEDING INDICTMENT**
Case No. CR 11-0573-JSW (NC)

766061.03

story in the American press for over a year.[3]  Jurors will be primed to assume the worst of a businessman who entered into deals with companies located in China, and may let the allegations of the trade secret and economic espionage counts bleed into their consideration of the tax and bankruptcy charges.

Because separate trials will avoid the risk of prejudice and greatly simplify trial proceedings without a corresponding loss in efficiency, the Court should exercise its discretion under Rule 14(a) and sever Counts 15 through 22 from the remaining charges.

## IV.    CONCLUSION

For the foregoing reasons, defendant Walter Liew respectfully requests that the Court sever the bankruptcy- and tax-related charges in County 15 through 22 from the remaining counts in the Second Superseding Indictment and schedule those counts for a separate trial.


Dated: June 27, 2013                                   KEKER & VAN NEST LLP


                                                       By:  */s/ Stuart L. Gasner*
                                                           STUART L. GASNER
                                                           SIMONA A. AGNOLUCCI
                                                           KATHERINE M. LOVETT

                                                           Attorneys for Defendants WALTER LIEW and
                                                           USA PERFORMANCE TECHNOLOGY, INC.

---

[3] *See, e.g.*, Richard A. Clarke, *How China Steals Our Secrets*, N.Y. TIMES, Apr. 2, 2012, *available at* http://www.nytimes.com/2012/04/03/opinion/how-china-steals-our-secrets.html?_r=0; Eamon Javers, *FBI to Blitz Public with Economic Espionage Ads*, CNBC, May 11, 2012, *available at* http://www.cnbc.com/id/47378824; James A. Lewis, *China's Economic Espionage*, FOREIGN AFFAIRS, Nov. 13, 2012, *available at* http://www.foreignaffairs.com/articles/138427/james-a-lewis/chinas-economic-espionage; Editorial, *The U.S. needs to tame the cyber-dragon*, WASH. POST, Feb. 14, 2013, *available at* http://articles.washingtonpost.com/2013-02-14/opinions/37100559_1_economic-espionage-bo-xilai-chinese-intruders; Siobhan Gorman & Jared A. Favole, *U.S. Ups Ante for Spying on Firms*, WALL ST. JOURNAL, Feb. 20, 2013, *available at* http://online.wsj.com/article/SB10001424127887323549204578316413319639782.html.

**DEFENDANT WALTER LIEW'S NOTICE OF MOTION AND MOTION TO SEVER
COUNTS 15-22 OF THE SECOND SUPERSEDING INDICTMENT**
Case No. CR 11-0573-JSW (NC)