MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

JOHN H. HEMANN (CSBN 165823)
PETER B. AXELROD (CSBN 190843)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    john.hemann@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-11-0573-JSW |
| Plaintiff, | BILL OF PARTICULARS AS TO TRADE SECRET 1, AS ALLEGED IN COUNTS THREE AND FIVE OF THE SECOND SUPERSEDING INDICTMENT |
| v. | |
| WALTER LIEW, CHRISTINA LIEW, USA PERFORMANCE TECHNOLOGY, INC., AND ROBERT MAEGERLE, | |
| Defendants. | |

The United States hereby provides the following particulars regarding Trade Secret 1, as alleged in Counts Three and Five of the Second Superseding Indictment.

1. The United States will argue that Defendants reasonably believed the entire, integrated DuPont chloride-route process to manufacture TiO2 was a DuPont trade secret.

2. The United States also will argue that Defendants reasonably believed that certain components and subparts of the DuPont chloride-route process to manufacture TiO2 were DuPont trade secrets, specifically the following:

    a. Chlorinator Fluidization Air Requirements;

   b. Chlorinator Design;
   c. Chlorination Reaction Front End Layout;
   d. Oxidation Reactor Design;
   e. Fume Disposal Systems;
   f. Oxidation Flue Pond Design and Piping;
   g. SR Condenser Design;
   h. Non-Reversing Cyclone Design;
   i. SR Condensate Tank;
   j. Contact Condensers;
   k. Gas Flow to O2 Rx Insert;
   l. Flash Tank Design;
   m. Slurry Tank;
   n. Fume Scrubbers;
   o. Equipment Arrangement;
   p. Oxidation Screw Conveyors;
   q. Oxidation Bag Filters;
   r. Chlorine Handling Facilities;
   s. Purge Rate;
   t. Slurry Pumping Data;
   u. AlCl3 Generator;
   v. Chlorinator Velocity; and
   w. Nitrogen Flow to Chlorinator.

3. The United States also will argue that Defendants reasonably believed that certain components and subparts of the DuPont chloride-route process to manufacture TiO2 were DuPont trade secrets and integrated these trade secrets into their design of the following components:

   a. Spray Machine; Chlorination Reaction; Spiral Nozzle with Assembly; Inconel (identified by defendants in September 2009 as their component SP-3100);

      b. Spray Condenser Rotary Valve; Chlorination Reaction; 12"; Inconel; Variable Speed (identified by defendants in September 2009 as their component RV-3100);

      c. Oxidation Reactor; Oxidation-Oxidation Preheat and Reaction; Reaction Zone Dia: 200 mm; Inconel, ceramic lined with castables (identified by defendants in September 2009 as their component R-5500);

      d. Oxidation Bagfilter Screw Conveyor; Oxidation – Separation and Slurrying; 2 directional center O/L 7 t/h ea capacity; Inconel (identified by defendants in September 2009 as their component CV-5780);

      e. Degassing Screw Conveyor; Oxidation – Separation and Slurrying; 15.1 t/hr; Inconel (identified by defendants in September 2009 as their component CV-5790);

      f. Oxidation Discharge Rotary Valve; Oxidation – Separation and Slurrying; 10" IPS Inconel (identified by defendants in September 2009 as their component R-5790);

      g. Slurry Tank Agitator; Oxidation – Separation and Slurrying; ID: 4m, Ht: 5m, Cone Ht: 3.5m, Cone angle 60, (77.5 M3); Stainless Steel/titanium (identified by defendants in September 2009 as their component A-5800); and

      h. MG-7420, -7520, & -7620; Micron Grinder; Post-Treatment – Grinding; 8 in IPS, 4200kg/hr; Stainless Steel 304 (identified by defendants in September 2009 as their components MG-7420, -7520, & -7620).

4. The Second Superseding Indictment alleges that Trade Secret 1 includes Trade Secret 2. The United States will argue that Defendants reasonably believed that Trade Secret 2, which showed ways and means of producing TiO2, was a compilation and combination of DuPont trade secrets regarding that manufacturing process.

5. The Second Superseding Indictment alleges that Trade Secret 1 includes Trade Secret 3. The United States will argue that Defendants reasonably believed that Trade Secret 3 was a DuPont trade secret.

6. The Second Superseding Indictment alleges that Trade Secret 1 includes Trade Secret 4. The United States will argue that Defendants reasonably believed that Trade Secret 4, which showed ways and means of producing TiO2, was a compilation and combination of DuPont

trade secrets regarding that manufacturing process.

7. The Second Superseding Indictment alleges that Trade Secret 1 includes Trade Secret 5. The United States will argue that Defendants reasonably believed that Trade Secret 5, which showed ways and means of producing TiO2, was a compilation and combination of DuPont trade secrets regarding that manufacturing process.

Respectfully submitted,

MELINDA HAAG
United States Attorney

*John H. Hemann*

Dated: July 1, 2013

———————————————
JOHN H. HEMANN
PETER B. AXELROD
Assistant United States Attorneys