MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

JOHN H. HEMANN (CSBN 165823)
PETER B. AXELROD (CSBN 190843)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    john.hemann@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. CR-11-0573-JSW |
| ) | |
| Plaintiff, ) | OPPOSITION OF THE UNITED STATES TO DEFENDANT WALTER LIEW'S MOTION TO SEVER |
| ) | |
| v. ) | |
| ) | |
| WALTER LIEW, ) | Date: August 8, 2013 |
| ) | Time: 2:00 pm |
| Defendants. ) | |
| ) | Hon. Jeffrey S. White |

Defendant Walter Liew moves to sever the tax and bankruptcy charges filed against him in the Second Superseding Indictment ("the Indictment"). He argues that joinder of these charges is impermissible under Fed. R. Crim. P. 8(a) because the charges are not sufficiently related under the rule. He also argues that the Court should sever the tax and bankruptcy charges under Fed. R. Crim. 14 because having to try all of the charges at once would be inefficient and burdensome.

Liew's motion to sever should be denied. Ninth Circuit precedent directly on point – precedent that Liew inexplicably fails to cite – holds that tax charges based on unreported income derived from the underlying criminal conduct are properly joined under Rule 8. Liew also fails to establish that he will be prejudiced by joinder under Rule 14. The motion is meritless and should be denied.

## I. THE SECOND SUPERSEDING INDICTMENT

The Indictment charges three sets of offenses. The first set, consisting of Counts One through Nine, charge offenses arising under the Economic Espionage Act ("EEA"), 18 U.S.C. §§ 1831-1839. The gravamen of these charges is that defendants conspired to misappropriate trade secrets from DuPont related to the manufacture of titanium dioxide ("TiO2") and sell technology based on those secrets to entities controlled by the government of the People's Republic of China ("PRC"). The Indictment charges various different offenses under the EEA, including both economic espionage crimes (18 U.S.C. § 1831) against Walter Liew, Christina Liew, and USAPTI, and theft of trade secret crimes (18 U.S.C. § 1832) against all defendants. The Indictment alleges two overarching EEA conspiracies – one to commit economic espionage (Count One) and one to commit trade secret theft (Count Two).

The second set, Counts Ten through Fourteen, charge various obstruction of justice offenses, including witness tampering and false statement, arising out of the defendants' effort to conceal the EEA crimes. In short, the Indictment charges that defendants engaged in various efforts to obstruct justice when their trade secret misappropriate began to come to light in early- and mid-2011. Liew is charged in each of these counts.

Counts Fifteen through Twenty-Two charge Liew with tax and bankruptcy offenses related to his and his company's failure to report the proceeds of the sale of misappropriate trade secrets to the IRS and bankruptcy court. The Indictment alleges that defendants were paid over $27 million by the Pangang Group defendants. Indictment, ¶¶ 30 and 53. The Indictment alleges that defendants wired millions of dollars of these proceeds "to CHRISTINA LIEW's relatives in the PRC through bank accounts in Singapore and elsewhere." Indictment, ¶¶ 31 & 53. Several examples of the receipt from the Pangang Group of these proceeds and their disbursement through Singapore shell companies are alleged as overt acts. Indictment, ¶¶ 35-38, 45, 54.

## II. ARGUMENT

### A. The Tax And Bankruptcy Charges Are Properly Joined Under Rule 8(a)

Defendant Liew is right about one thing in his motion: *United States v. Whitworth*, 856 F.2d 1268 (9th Cir. 1988), is "useful." Def. Mem. at 6:26. In *Whitworth*, the defendant was charged with eight counts of espionage and five tax counts. The tax counts were based on the defendant's failure to

OPPOSITION TO WALTER LIEW MOTION TO SEVER
CASE NO. CR-11-0573-JSW                2

report the proceeds from the espionage. The court of appeals held that "Judge Vukasin correctly noted that where tax evasion flows directly from other criminal activity and such evasion results in large part from the necessity of concealing the illegal proceeds of that activity, joinder of the substantive and tax charges is proper under Rule 8(a)." *Whitworth*, 856 F.2d at 1277.

In his brief, Liew keys on the "necessity of concealment" aspect of Judge Vukasin's conclusion that was affirmed by the Ninth Circuit. Def. Mem. at 7:1-6. Without any support from the *Whitworth* opinion itself, Liew muses that "it was natural for the court [of appeals] to assume, solely from the face of the indictment, that Whitworth would need to conceal those proceeds on his tax filings in order to continue his criminal activity." Def. Mem. at 7:4-6. From this conjecture, Liew attempts to distinguish *Whitworth* from this case on the grounds that the Indictment "does not suggest that Mr. Liew attempted in *any* way to hide his business activities in China or conceal the existence of his titanium dioxide projects." Def. Mem. at 7:7-9. Defendant's effort to read an unstated holding into *Whitfield* would be reason enough to deny Liew's motion, but it isn't the worst part of his argument.

The worst part is that defendant does not cite, let alone attempt to distinguish, the useful Ninth Circuit case cited by the court of appeals in *Whitworth* immediately following the text he quotes in his motion. *United States v. Kenny*, 645 F.2d 1323 (9th Cir. 1981), stands for precisely the proposition that Liew is attempting to defeat, that tax evasion charges are properly joined for trial when they "arise directly and solely out of unreported income flowing from" the other activities charged in the indictment. *Id.* at 1344.

Kenny, the proprietor of a government contractor, was charged with various counts of making false claims, paying bribes to government employees, and tax evasion. *Id.* at 1327 n.1.

> [T]he tax counts in this case arose directly out of the substantive counts. In other words, the Government argued that the money fraudulently obtained by Kenny constituted the unreported income in the tax counts. The evidence used to establish fraudulent contracting essentially established the tax violations; the Government needed only to show that the income had not been reported.

*Id.* at 1345.

*Kenny* rules directly on the salient issue in defendant's motion – whether for the purpose of the joinder rule there is commonality between the tax and bankruptcy charges and the other charged conduct

from which the unreported income flowed. *Kenny* holds that the answer is yes.[1] See also *United States v. Anderson*, 809 F.2d 1281, 1288 (7th Cir. 1987) (citing *Kenny* for the rule that "Joinder of a tax evasion count is appropriate when it is based upon unreported income flowing directly from the activities which are the subject of the other counts"); *United States v. Kopituk*, 690 F.2d 1289, 1314 (5th Cir. 1982) (approving joinder where tax offenses arose directly and solely out of the other offenses committed in furtherance of the conspiracy"); *United States v. Smith*, 698 F.Supp. 589, 591 (E.D. Pa. 1988) (citing *Kenny* and other case, and approving joinder because "the tax evasion charges arose directly out of unreported income flowing from the underlying substantive count").

Defendant's contention that the general rule articulated in *Whitfield* – that the tax charges are properly joined with the underlying substantive counts from which the unreported income flowed – is somehow limited by the requirement of proof of concealment is simply not supported by *Kenny* or the plethora of other cases in which the rule is articulated. Notably, as a factual matter the unreported income at issue in *Kenny* was from Kenny's position as a government contractor and there was no apparent reason that he would be required to conceal that from the IRS in order to perpetuate the fraud.

The Indictment in this case alleges that defendant's companies received over $27 million from their Chinese customers, but only reported a fraction of that amount to the IRS. The Indictment also alleges that defendant failed to honestly report Performance Group's contracts and financial and business activities to the bankruptcy trustee. The proof of these charges will consist of defendant's, Performance Group's, and USAPTI's contracts with, income from, and business with the Pangang and Jinzhou companies, as alleged in the EEA charges. In these circumstances, the holding of *Kenny* controls and joinder is proper.

///

///

---

[1] It is of no relevance that *Kenny* was decided under Rule 8(b) rather than Rule 8(a). Rule 8(a) is broader than 8(b). *United States v. Mackins*, 315 F.3d 309, 412 (4th Cir. 2003); *United States v. Southwest Bus Sales, Inc.,* 20 F.3d 1449, 1453 (8th Cir. 1994) ("The primary distinction is that Rule 8(a) allows for the joinder of offenses that are "of the same or similar character," whereas Rule 8(b) does not and thus provides for joinder in fewer situations."). The analysis under Rules 8(a) and 8(b) is "more or less the same," with the exception that Rule 8(a) allows joinder of offenses of the same or similar character against a single defendant, an exception not relevant here. See *Kopituk*, 690 F.2d at 1312.

OPPOSITION TO WALTER LIEW MOTION TO SEVER
CASE NO. CR-11-0573-JSW                     4

### B. The Tax and Bankruptcy Charges Should Not Be Severed Under Rule 14

Offenses properly joined under Rule 8(a) may be severed in the trial court's discretion under Rule 14(a) if joinder is prejudicial. Fed. R. Crim. P. 14(a). Defendant's arguments do not establish prejudice such that the general preference for joinder is overcome.

Defendant primarily contends that the tax and bankruptcy charges will make the trial significantly more complex. This contention ignores the substance of the particular bankruptcy and tax charges alleged in this Indictment. The Indictments charges five counts of filing a false income tax report, in violation of 26 U.S.C. § 7206(1), one for each year from 2007 to 2011. In each count, defendant is charged with simple failure to report to the IRS the income his companies received. The proof will be in the amounts paid by defendant's Chinese customers, evidence that will be adduced whether the tax charges are joined or severed. The three bankruptcy charges are equally simple. They concern false statements by defendant to the bankruptcy court and the bankruptcy trustee regarding the assets, income, expenditures, and business activities of his company, each of which will be the subject of proof in the EEA claims.

Defendant's contentions the tax and bankruptcy charges will greatly lengthen the trial, or "require the jury to master a distinct set of complex jury instructions dealing with tax and bankruptcy law," or "sit through days of testimony by witnesses uninvolved in any other aspect of the case," Def. Mem. at 8-9, simply ignore the simple nature of the tax and bankruptcy charges that were filed. There is no reason to believe that there will be complex jury instructions or additional weeks of evidence to prove a series of simple false statements.

In a case in which the evidence of one crime could be admitted in a trial of the other charge, "prejudice is not heightened by joinder" and severance is not appropriate. *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987). Here, evidence regarding defendants' income from the sale of TiO2 technology will be admissible to prove both the bankruptcy and the tax charges. Moreover, evidence of statements Liew made to the bankruptcy trustee regarding Performance Group's business will be admissible to prove the EEA charges. Given that the evidence will be intermingled, severance is not appropriate.

The alarmist quality of defendant's position is underscored by the fact that they rely for their complexity argument on a single 1981 district court case from the Seventh Circuit, *United States v. Lavin*, 504 F.Supp. 1356 (N.D. Ill. 1981), and ignore the myriad Ninth Circuit cases in which tax charges have been joined for trial with other charges. See, *e.g., United States v. Patterson*, 819 F.2d 1495, 1501 (9th Cir. 1987); *United States v. Davis*, 663 F.2d 824, 832 (9th Cir. 1981).

Defendant argues that severance is appropriate because the trial of the tax and bankruptcy charges "alongside the trade secret and economic espionage charges poses a serious risk of prejudice to Mr. Liew." It is not enough to demonstrate prejudice to suggest, as Liew does, that separate trials would create a better chance or acquittal. *Zafiro v. United States*, 506 U.S. 534, 540 (1993); *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980).

Defendant relies on *United States v. Lewis*, 787 F.2d 1318 (9th Cir. 1986), for his prejudice argument. Def. Mem. at 9-10. He uses only *Lewis* to support the proposition that courts (plural) "have recognized the risk that jurors may use evidence of one crime charged to improperly infer a general criminal disposition." In *Lewis*, the court of appeals held that the felon-in-receipt of a firearm charge should have been severed from bank larceny and killing to avoid apprehension for bank larceny counts because the firearm charge required proof of his prior felony conviction for first degree burglary. *Id.* at 1322. If severed, the defendant's prior felony conviction would not have been admissible in a trial of the murder charge. *Id.*

The introduction of an otherwise inadmissible prior felony conviction in a murder trial (*Lewis*) is a far cry from introducing evidence that defendant failed to pay taxes on income from what he claims was a legitimate business or made false statement to the bankruptcy court about that business. If defendant was correct that the mix of charges he faces is inherently prejudicial, one would assume that he could cite a single Ninth Circuit case in which a tax or bankruptcy charge was severed because it might lead the jury to "infer a general criminal disposition." But he does not. Indeed the Ninth Circuit cases, including *Whitworth*, on which defendant relies, routinely allow tax charges to be joined with the underlying substantive counts. There is an obvious distinction between a case like *Lewis*, in which a prior felony conviction for burglary does considerably more than "infer" a criminal disposition, and this case, which involves tax and bankruptcy charges that defendant contends were not crimes at all.

OPPOSITION TO WALTER LIEW MOTION TO SEVER
CASE NO. CR-11-0573-JSW        6

Finally, defendant argues that the jurors cannot be trusted to follow the court's instructions and consider the evidence of each charge separately. He contends that "[t]he financial charges will invite the jury to infer that Mr. Liew *must* be guilty of something" and let the cumulative allegations "bleed" into each other. Def. Mem. at 10-11. The law presumes otherwise. "Judicial economy justifies reliance on the jury to follow the instructions of the court that segregate the evidence and limit the applicability of the evidence . . . ." *United States v. Matta-Ballesteros*, 71 F.3d 754, 771 (9th Cir. 1995). The jury can reasonably be expected to "compartmentalize the evidence and judge each count separately and objectively." *United States v. Kinslow*, 860 F.2d 963, 967 (9th Cir. 1988).

### III. CONCLUSION

Defendant Walter Liew's motion to sever should be denied.

Respectfully submitted,

MELINDA HAAG
United States Attorney

*John H. Hemann*

Dated: July 15, 2013

————————————————
JOHN H. HEMANN
PETER B. AXELROD
Assistant United States Attorneys