DORON WEINBERG (SBN 46131)
LAW OFFICES OF DORON WEINBERG
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472
Facsimile: (415) 552-2703
Email: doronweinberg@aol.com

Attorney for Defendant CHRISTINA LIEW

KEKER & VAN NEST LLP
STUART L. GASNER - # 164675
sgasner@kvn.com
SIMONA A. AGNOLUCCI - # 246943
sagnolucci@kvn.com
KATHERINE M. LOVETT - # 276256
klovett@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendants WALTER LIEW and
USA PERFORMANCE TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>WALTER LIEW, CHRISTINA LIEW, USA PERFORMANCE TECHNOLOGY, INC., and ROBERT MAEGERLE,<br><br>        Defendants. | Case No. CR 11-0573-JSW (NC)<br><br>**DEFENDANTS CHRISTINA LIEW AND WALTER LIEW'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE**<br><br>Date:     August 8, 2013<br>Time:    2:00 p.m.<br>Place:    Courtroom 11, 19th Floor<br>Dept.:    Hon. Jeffrey S. White |

**DEFENDANTS CHRISTINA LIEW AND WALTER LIEW'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE**
Case No. CR 11-0573-JSW (NC)

770510.01

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants accept as sincere the government's description of their "rhetoric" as lofty, but take no credit for it. Their rhetoric is based on the Constitution and the writings of courts that adhere to its principles. In contrast, the government's opposition brief pays no homage to a core principle of the Fourth Amendment: respect for the sanctity and security of the home.

By the instant motion, defendants have chosen to challenge only the search of their home. They have done so not because they concede the propriety of the warrant underlying the search of USAPTI's business premises – as the government incorrectly suggests – but because they choose not to pursue debatable claims. In defendants' view, the validity of the search of USAPTI may be debatable, but the validity of the search of their home is not. This is so because the warrant underlying the search of their home utterly lacked probable cause and because it was impermissibly overbroad in scope even if the limited probable cause it purported to establish is given credence.

### A. The Warrant to Search the Liew's Home Was Not Supported By Probable Cause.

In their opening brief, defendants focused on the only specific pieces of information in the Ho Affidavit that even purported to link the Liews' home to the presence of evidence of criminal activity: (1) Peter Wong's claim that Walter Liew occasionally worked from home; (2) a check written by Christina Liew to Jian Liu, drawn on a bank account with the Liew's home address; and (3) the "experience" of the agent. What emerges from the Government's opposition, however, is not so much a vigorous defense of those facts as supporting probable cause, but, rather, an interpretation of probable cause that is so broad as to functionally eviscerate the protections of the Fourth Amendment in searches of homes based upon allegations of business crimes.

Analytically, the government's argument suggests that probable cause to search a home is present every time there is probable cause to believe that a defendant has committed a business or financial crime. Indeed, the government makes this claim explicitly several times. For example, arguing against the staleness of Peter Wong's allegations, the government asserts "the work

1

**DEFENDANTS CHRISTINA LIEW AND WALTER LIEW'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE**
Case No. CR 11-0573-JSW (NC)

habits that Wong described are nothing if not common amongst the working population – working professionals typically bring work home . . . ." (Oppo. at pp. 5-6). Similarly, the government responds to the suggestion that Wong's information was unreliable and vague by arguing that "[t]he information from Wong, while important to establish probable cause, was not so unusual or remarkable that it required corroboration as it simply reflected a common practice of most American professionals." (Oppo. at p.6). And, in supporting the sufficiency of Special Agent Ho's assertions, the government states "indeed, the proposition that business records are maintained by people in their homes is so obvious that it barely requires support, . . . ." (Oppo. at p.8). Fairly read, the government's argument is that nothing more is needed to establish probable cause.

While it is true that the government has gleaned some overly broad language from the Sixth Circuit's opinion in *United States v. Abboud*, 438 F.3d 554, 572 (2006) and some support from the Ninth Circuit's decision in *United States v. Sayakhom*, 186 F.3d 928, 934 (1999), the approach it advocates is in fact antithetical to the appropriate constitutional inquiry. As the Supreme Court stated in *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978): "the critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." This inquiry cannot be answered by the generalized assertion that "business records are maintained by people in their homes" or that "working professionals typically bring work home;" it requires specific facts and circumstances. To argue otherwise is to argue that the probable cause requirement of the Fourth Amendment has no substance.

The impropriety of relying on such broad and unsupported generalizations is particularly clear in the instant case. Here, the affidavit demonstrated no connection between the work of USAPTI and the Liews' residence. Indeed, the allegations concerning the residence take up barely one of the 42 pages of the Affidavit, and are contained in just three of its 105 paragraphs. These allegations do not establish that a single relevant event occurred at the Liew residence, that

2

**DEFENDANTS CHRISTINA LIEW AND WALTER LIEW'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE**
Case No. CR 11-0573-JSW (NC)

770510.01

a single relevant document was ever seen, received at or sent to that residence, or even that anyone involved in the work of USAPTI believed that relevant business documents could be found in the home.

Rather, to supplement the constitutionally infirm speculation that relevant evidence would be found at the residence, the affidavit offers two shards of information: the statements attributed to Peter Wong and the check (or checks) written by Christina Liew.

Defendants have argued that Peter Wong's testimony is too stale and too vague to provide probable cause. Defendants will address the government's response to these contentions, but believe it appropriate first to address the government's argument at page 6 of the Opposition. There, the government responds to defendants' argument that Wong's assertions are suspect because no other person, including any who worked more closely and/or more recently with Walter Liew, made any similar claims by asserting that there is nothing unusual or inappropriate about the government's reliance on a single witness. Whatever may be the validity of this argument as a general matter, it is astonishing that the government would make it in this case.

Although the affidavit says nothing about the circumstances of Peter Wong's employment at USAPTI, or his departure, the fact is that Wong was terminated by Walter Liew in or about August 2010, under extremely contentious circumstances, which left Wong resentful and angry at Walter Liew, as reflected in the FBI report of the interview of Wong by the affiant and others on July 30, 2011 (Exhibit A, attached to the Declaration of Christina Blais filed concurrently herewith). It is, to put it mildly, disturbing that the government would tell this Court that it should not be concerned that no other witness corroborated Peter Wong's allegations without telling the Court of the adversarial history between Wong and Walter Liew.[1]

---

[1] Defendants recognize that allegations suggesting the affiant withheld relevant information, such as Peter Wong's contentious relationship with USAPTI, are generally made in the context of a challenge to the veracity of an affidavit pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Defendants note, however, that such a challenge would have required proof that the affiant knew of Wong's antipathy to Walter Liew at the time she prepared the Affidavit. FBI 302 reports provided to the defense reflect that Wong was interviewed on three occasions: June 30, July 11 and July 30, 2011. But it is only the third report that contains information about the circumstances of Wong's termination, and this report is purportedly based on an interview that occurred after the Affidavit was prepared and submitted. Although it is difficult to understand why such a crucial fact would not have been discovered in the first two interviews, the FBI 302

3

**DEFENDANTS CHRISTINA LIEW AND WALTER LIEW'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE**
Case No. CR 11-0573-JSW (NC)

770510.01

As to staleness, the government's response misapprehends the issue and misconstrues the relevant authorities. Generally, cases that address the matter of staleness involve clear evidence that relevant activity occurred at particular premises at a particular time, and the only question is whether the passage of time diminishes the probability that the conduct continued and/or the evidence still exists. So, for example, in *United States v. Leasure*, 319 F.3d 1092 (9th Cir. 2003), a case relied upon by the government, the defendant complained that some of the information in a search warrant affidavit was six months old. The Court rejected this challenge, not only because there was additional evidence that was only weeks or days old by the time of the search, but more importantly because of the very nature of the criminal activity involved. As the Court stated: "when an affidavit 'establish[es] the existence of a widespread, firmly entrenched and ongoing narcotics operation . . . staleness arguments lose much of their force.'" 319 F.2d at 1099. Similarly, in *United States v. Dozier*, 844 F.2d 701 (9th Cir. 1988), also relied on by the prosecution, the Court noted that the offense being investigated – marijuana cultivation – was a "long-term crime." (844 F.2d at 707).

These authorities have no relation to the circumstances presented here. Here, there are no allegations that criminal activity ever occurred, or evidence of crime could ever be found, at the Liews' residence, so there is no cause for an inquiry as to whether the evidence could "still" be found there. *Leasure*, *Dozier*, and the other authorities cited by the government have no relevance to the facts of the instant case, and offer no support for the government's position.

The evidentiary value of the check or checks written by Christina Liew is equally illusory. In its Opposition, the government suggests that Christina Liew's use of these checks signifies that business activities related to USAPTI were being conducted at her home. Creative though this argument may be, it has no grounding in reality. There is no necessary correlation between the

---

reports, at least on their face, suggest that the affiant did not know of this history when she prepared the Affidavit and, accordingly, undercut the possibility of a *Franks* challenge.

However, there can be no question that at the time the government prepared its response to defendants' instant motion it well knew the entire history of Wong's relationship with Walter Liew and USAPTI. Given this knowledge, the government should not have argued that the absence of any corroboration for Peter Wong's allegations should be a matter of no consequence to this Court.

4
**DEFENDANTS CHRISTINA LIEW AND WALTER LIEW'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE**
Case No. CR 11-0573-JSW (NC)

770510.01

address at which a check-writer lists his/her account and the location at which relevant activity may have occurred. If it were otherwise, probable cause would exist for the search of an ongoing business simply because a check from that business's account was issued in the course of activities occurring elsewhere which the government alleges to be criminal.

Indeed, it appears that the Affidavit's suggestion that Christina Liew's check or checks provide probable cause was an afterthought in the Affidavit. Significantly, it is not mentioned in the paragraphs of the Affidavit that appear under the heading: "Information Regarding The Residence of WALTER and CHRISTINA LIEW." (Affidavit, ¶ 69-70). Rather, it appears in the context of probable cause to search the residence for the first time in paragraph 105 of the Affidavit as an isolated fact, without the government's present gloss that it shows Christina Liew "was intermingling her personal finances with the business." (Oppo. at p.7).

The weakness of the probable cause showing in the Affidavit is underscored by the government's recurrent references to the "totality of the circumstances" test of *Illinois v. Gates*, 462 U.S. 213 (1983), invoking it as a shibboleth in support of the apparent proposition that an affidavit is not required to meet any minimum standard to establish probable cause. But in fact, *Gates* itself required a "substantial basis" for probable cause. In other words, the "totality of the circumstances" must actually be the sum of a group of facts which together establish the reasonableness of searching for evidence at a particular location. The instant Affidavit does not provide that.

**B.     The Warrant Was Impermissibly Overbroad.**

With respect to defendants' challenge to the warrant as overbroad, the government's response fails to recognize that a warrant may direct a search that is appropriate in scope for one location but not another. Thus, a warrant authorizing the seizure of all "address books, telephone lists and directories, and telephone records," or "financial documents and records . . .for the time period of January 1, 2007, to the present" may be appropriate for the search of a business believed to be substantially involved in illegal activity, but not for the private homes of persons involved in that business.

5
**DEFENDANTS CHRISTINA LIEW AND WALTER LIEW'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE**
Case No. CR 11-0573-JSW (NC)

770510.01

The failure to make this distinction, and the resultant misconception of the proper scope of the warrant, is reflected in the government's Argument B3(b) that the Affidavit establishes that the Liews' business was permeated by fraud. Even if it were true that their business is permeated with fraud – which defendants strenuously deny – it is not alleged, nor is it true, that their *residence* is so permeated as well.  The scope of the search of the Liews' residence cannot be justified on this ground.

As defendants argued, and as the government purports to recognize "[t]he Fourth Amendment requires that there be probable cause for the particular items named in the warrant. That is, that the items seized are within 'the scope of the probable cause underlying the warrant.'" (Oppo. at p.15).  Even if this Court were to conclude that the Affidavit presented sufficient facts to reach some minimal threshold of probable cause, it is indisputable that the Affidavit did not establish probable cause for a broad general search including, for example, all financial records related to both Walter and Christina Liew for a period of four-and-a-half years, as well as all address books, telephone lists, telephone records, directories; tax records; and travel records and documents.

The government's argument that the overbreadth of the warrant can be cured by reference to the Affidavit is misconceived.  The only relevance of the Affidavit to the issue of breadth is whether the Affidavit provides sufficient probable cause to justify the breadth of the search: it has no other function or value in narrowing the search.  The government is confusing the issue of breadth with the issue of particularity.  It is with respect only to this latter element that incorporation of and reference to the Affidavit may be relevant, in helping to narrow terms which may on their face appear to be too general.

The government's response on the issue of overbreadth misses the mark because it is in reality a defense of the warrant to search USAPTI, rather than the warrant to search the Liews' residence.  Accordingly, it does not address, let alone answer, the issues raised by defendants.

The government also submits the Declaration of Agent Cynthia Ho in an attempt to establish that, notwithstanding the breadth of the warrant, the search actually conducted by the

6

**DEFENDANTS CHRISTINA LIEW AND WALTER LIEW'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE**
Case No. CR 11-0573-JSW (NC)

770510.01

agents was more limited and scrupulous. Should there be a hearing on the issue of the scope of the search, these assertions can be subjected to cross-examination. It is noteworthy, however, that nowhere in Agent Ho's Declaration, or in the government's Memorandum, is there any reference to defendants' assertion that the general and unlimited nature of the search is illustrated by the fact that the agents inquired about and seized safe deposit box keys, although neither the warrant nor the Affidavit provide any basis for doing so.

### C. The Warrant Cannot Be Upheld On The Basis of The "Good Faith Doctrine."

As to the issue of good faith, both Agent Ho's Declaration and the government's Opposition rely heavily on assertions that Agent Ho consulted frequently with a government attorney, Assistant U.S. Attorney John Hemann, and met personally with the Magistrate Judge who issued the warrant. This may be true, but it is wholly irrelevant. The government has simply ignored the authorities cited by defendants on this point, including *Millender v. County of Los Angeles*, 620 F.3d 1016, 1033 (9th Cir. 2010) ("we have held that '[a]pproval by an attorney and a magistrate did not justify reasonable reliance'") and *United States v. Kow*, 58 F.3d 423, 429 (9th Cir. 1995) ("[W]hen a warrant is facially overbroad, absent *specific assurances* from an impartial judge or magistrate that the defective warrant is valid despite its overbreadth, a reasonable reliance argument fails." (Emphasis in original)).

The affiant's assertion of good faith is also called into question by her reliance on information from a single witness, Peter Wong, to establish a connection between Walter Liew's work and his residence. Based on FBI reports recently made available to the defense, Peter Wong was interviewed several times, both before and after the issuance of the warrant. At some point, it became clear that Wong had been terminated from USAPTI by Walter Liew, and had considerable antipathy to Liew. Even if one were to assume that the affiant did not learn this information in either of her first two interviews, which occurred before the Affidavit was submitted, it is clear that she failed to exercise even minimal diligence in establishing the reliability of the central piece of information that she provided the magistrate to justify the search of the Liew residence.

7
**DEFENDANTS CHRISTINA LIEW AND WALTER LIEW'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE**
Case No. CR 11-0573-JSW (NC)

770510.01

# CONCLUSION

For the foregoing reasons it is respectfully submitted that defendants' motion to suppress the evidence obtained from the search of their residence must be granted.

                                                Respectfully submitted,

Dated: July 19, 2013                    LAW OFFICES OF DORON WEINBERG

                                  By:  */s/ Doron Weinberg*
                                             DORON WEINBERG

                                         Attorney for Defendant CHRISTINA LIEW

Dated: July 19, 2013                    KEKER & VAN NEST LLP

                                  By:  */s/ Stuart L. Gasner*
                                             STUART L. GASNER
                                             SIMONA A. AGNOLUCCI
                                             KATHERINE M. LOVETT

                                         Attorneys for Defendants WALTER LIEW and USA PERFORMANCE TECHNOLOGY, INC.

8

**DEFENDANTS CHRISTINA LIEW AND WALTER LIEW'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE**
Case No. CR 11-0573-JSW (NC)

770510.01