KEKER & VAN NEST LLP
STUART L. GASNER - #164675
sgasner@kvn.com
SIMONA A. AGNOLUCCI - #246943
sagnolucci@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendants WALTER LIEW and
USA PERFORMANCE TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WALTER LIEW, CHRISTINA LIEW, USA PERFORMANCE TECHNOLOGY, INC., and ROBERT MAEGERLE,<br><br>Defendants. | Case No. CR 11-0573-JSW (NC)<br><br>**DECLARATION OF STUART L. GASNER IN SUPPORT OF MOTION TO SEVER COUNTS 15-22 OF THE SECOND SUPERSEDING INDICTMENT REPLY**<br><br>Date: August 8, 2013<br>Time: 2:00 p.m.<br>Place: Courtroom 11, 19th Floor<br>Dept.: Hon. Jeffrey S. White |
|---|---|

DECLARATION OF STUART L. GASNER I IN SUPPORT OF MOTION TO SEVER COUNTS 15-22 OF
THE SECOND SUPERSEDING INDICTMENT REPLY
Case No. CR 11-0573-JSW (NC)

770523.01

I, Stuart L. Gasner, declare and state that:

1. I am an attorney licensed to practice law in the State of California and am a member of the law firm of Keker & Van Nest LLP, located at 633 Battery Street, San Francisco, California 94111, counsel for defendants Walter Liew and USA Performance Technology, Inc. in the above-captioned action. I am duly admitted to practice law before this Court. Except where expressly stated, I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

2. As recently as June 15, 2013, the government indicated in a letter brief submitted to Magistrate Judge Cousins that it intends to call expert witnesses specifically to testify as to "the bankruptcy process" and "the falsity of the charged tax returns" and represented that it will submit separate tax and bankruptcy expert reports. See Dkt. 341 at ¶¶ 2, 6. These two expert witnesses presumably would not be necessary to prove up the alleged trade secret crimes or even the existence of specific contracts with Chinese companies; they would merely help the government make its case related to the financial charges. At the very least, the direct and cross-examination of these financial experts, and any defense experts necessary to refute their opinions, would add to length and complexity of trial in this case.

3. To rebut the government's financial theories, the defense will need to delve into the complex financial affairs of two different corporations over a 5 year period, which will require the assistance of tax experts and exploration of a quantity of paperwork that exceeds even the thousands of pages on the government's "case-in-chief" listing.

4. The defense to the bankruptcy-related charges will require delving into a morass of evidence and expert testimony relating to letters of credit, international business transactions, the role of written contracts in business dealings with Chinese counter-parties, the details of bankruptcy proceedings, and the reasons why Performance Group failed.

5. Defending against the tax and bankruptcy charges will inject a slew of expert and lay witnesses and documents explaining relating to the entire financial and legal histories of Performance Group and USAPTI, as well as the companies' solvency and finances over a period lasting more than a decade.

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct and that this declaration was executed on July 19, 2013 at San
3  Francisco, California.

*/s/ Stuart L. Gasner*
STUART L. GASNER

2
DECLARATION OF STUART L. GASNER IN SUPPORT OF MOTION TO SEVER COUNTS 15-22 OF
THE SECOND SUPERSEDING INDICTMENT REPLY
Case No. CR 11-0573-JSW (NC)

770523.01