

                United States Attorney
                Northern District of California

*11th Floor, Federal Building*            *(415)436-7200*
*450 Golden Gate Ave., Box 36055*     *FAX: (415) 436-7234*
*San Francisco, CA 94102-3495*

July 22, 2013

Hon. Nathanael Cousins
United States Magistrate Judge
450 Golden Gate Avenue
San Francisco, California  94102

      Re:   *United States v. Walter Liew, et al.*, CR-11-0573-JSW (NC)
            Expert Disclosure Deadline

Your Honor:

      The Government submits this letter to request additional time in which to complete its expert disclosures.  Specifically, the Government requests that the Court extend the deadline from July 29, 2013, to August 19, 2013.  The Government met and conferred with defense counsel before approaching Your Honor, but counsel declined to agree to extend the deadline.  The parties agree that this issue should be presented to Your Honor by letter brief.

      Despite working diligently on this and other matters related to this case since the Court's orders of June 19 (Dkt. 342) and June 26 (Dkt. 349), we do not believe that we will be able adequately to prepare the necessary expert disclosures prior to the current July 29, 2013, disclosure deadline.

      Two basic circumstances support this request.  First, since the Court's original June 19 order setting the expert disclosure deadline, Government counsel have been almost constantly engaged in significant other matters directly related to this case (as well as a trial in a separate matter) and only recently have been able to turn their full attention to the disclosures.  Second, Judge White continued for two weeks, until August 8, the previously scheduled July 25 motion hearing.

      <u>Background</u>

      On June 19, 2013, Your Honor ordered that the Government make its expert disclosures by July 23, 2013.  At the hearing on the matter, the Court relied in significant part on the pretrial motion schedule Judge White had set and the anticipated July 25 hearing date.

Hon. Nathanael Cousins
July 22, 2013
Page 2

On June 25, 2013, the parties stipulated to an extension of the expert discovery deadline to July 29, 2013. (Dkt. 349) The reason for this stipulation was that defendants made a request of the government to provide certain information on an expedited basis, preparing a response to which would interfere with the government's work on preparing expert disclosures. This request did *not* concern the government's discovery obligations. The parties engaged in extensive discussions regarding this information request from June 22 to July 2, when the need for further discussions ended.

On June 26 and 27, 2013, defendants filed a total of six pretrial motions. Defendants Walter and Christina Liew filed a comprehensive motion to suppress the search of their residence that raised issues related to probable cause, overbreadth, particularity, and good faith; defendant Maegerle filed a motion to suppress his statements to the FBI and a motion to sever; defendant Walter Liew filed a separate motion to sever; and defendants Walter Liew and Christina Liew filed separate motions seeking leave to file further motions to sever in the future.

The United States' responses to these motions initially were due on July 11, 2013, but the deadline was extended by stipulation to July 15 so that the government could respond to defendants' information request (discussed above). The government's opposition briefs – especially the two filed in response to the motions to suppress – required significant work, including the preparation and filing of declarations, and extensive and time-consuming legal research. The government elected not to oppose defendants' motions for leave to file additional motions to sever in the future, as defendants' reason for requesting this relief seemed reasonable.

On July 12, 2013, Judge White continued the hearing on defendants' motions from July 25, 2013, to August 8, 2013. (Dkt. 368) On July 22, 2013, Judge White vacated the August 8 hearing on Maegerle's motion to sever and directed the parties to stipulate to a future date for an evidentiary hearing on the motion. (Dkt. 391) A further date has not yet been agreed upon by the Government and counsel for Maegerle.

In the meanwhile, throughout most of the time since the Court's June 19 order, one of the Assistant U.S. Attorneys assigned to the case, Mr. Axelrod, was in trial before Judge Chen in *United States v. Ibrahim*, Case No. CR-11-0811-EMC. The *Ibrahim* trial began on June 24, 2013, and ended on July 3, 2013. During this time, and for several weeks before, Mr. Axelrod has been unable to work on matters related to the *Liew* case.

After the Government filed its responses to defendants' motions on July 15, counsel immediately turned to the expert disclosures. Counsel for the government travelled to the east coast on July 17, to meet separately with two experts on July 18 and July 19. This was the first opportunity government counsel had to meet in person with these two experts after the Court's June 19 order, given the press of other matters described above.

In addition to these matters, we have been continuing to work with defense counsel on requests related to discovery. We have had meetings, calls, and correspondence regarding

various issues over the last month and have attempted diligently to respond to defendants' requests, notwithstanding the other matters to which we have been required to attend.

Finally, Government counsel has spent a considerable amount of time addressing matters related to the status of the Pangang Group defendants. As the Court may be aware, Judge White quashed the summonses directed to the Pangang Group defendants because those defendant have neither an address, nor in the case of three of them, an agent in the United States. The Department of Justice is attempting to determine the best course to follow going forward in what is, to state the obvious, an arcane area of the law. Government counsel has been required to devote a great deal of attention to this matter over past two months. The next hearing on the Pangang Group matter also has been continued to August 8. (Dkt. 392)

Request to Extend Disclosure Deadline

The United States respectfully request that the Court extend the deadline for making expert disclosures from July 29, 2013, to August 19, 2013. The primary reasons for this request are as follows:

1. Government counsel has worked diligently on matters directly related to this case since the Court set the expert disclosure deadline on June 19. Government counsel responded to four substantive motions, and read and considered two additional motions. The Government worked with the defense on a request they made that was unrelated to discovery matters and has also continued to work on a variety of other discovery matters with defense counsel. Government counsel also has been required to spend considerable time on the issue of the Pangang Group defendants.

2. Mr. Axelrod was engaged in trial preparation and in trial of the *Ibrahim* case for a large percentage of the last several months. He has been out of the office with his family since July 12, 2013. He has not been able to work more than a very small amount on the expert disclosures.

3. Judge White has moved the motions hearing from July 25, 2013, to August 8, 2013. Judge White also has ordered an evidentiary hearing on Maegerle's motion to suppress and directed the parties to stipulate to a date in the future after conferring with each other and with Judge White's staff regarding his availability. At the June 19 hearing on this matter, this Court expressed its desire to adhere to the schedule that Judge White established, especially given the July 25 hearing date. With the movement of that hearing, we request that this Court provide us with some necessary additional time to complete the expert disclosures. Providing the time requested will allow us to stay on track with Judge White's current schedule.

4. The first time Government counsel was able to meet in person with two of its key testifying experts to work on their disclosures, given the various other commitments described above, was July 18 and 19. In order to ensure that the disclosures are both

   accurate and detailed, both Government counsel and the experts need additional time to complete the drafting and review of the documents.

5. Defendants did not file all of their motions by the June 27, 2013, deadline set by Judge White. Defendants asked for additional time to file motions to sever, a request that the Government did not oppose. This request also will work a delay in the pretrial motion schedule that Judge White had set. Adherence to Judge White's pretrial schedule was one of this Court's primary reasons for setting the original disclosure deadline. Because of defendants' non-discovery information request, Judge White's movement of the July 25 hearing, and defendants' request for additional time to file motion, this pretrial schedule has changed since this Court's June 19 ruling.

  For these reasons, the United States respectfully requests to and until August 19, 2013, to complete its expert disclosures. Government counsel assures the Court that they have been working virtually non-stop on matters related to this case, except for Mr. Axelrod's trial before Judge Chen, and are preparing the expert disclosures as diligently as possible. Because of the evidentiary hearing called by Judge White, additional commitments have been added to the mix.

  If the Court is willing to move the deadline to August 19 and reports are completed prior to that deadline, as we anticipate certain of the reports will be, we assure the Court that we will disclose them promptly and will not wait until the deadline to provide them to the defense.

  If the Court would like additional information from the Government, we suggest that the Court hold a telephonic hearing at its convenience.

          Respectfully submitted,

          MELINDA HAAG
          United States Attorney

          *John H. Hemann*
          _____

          JOHN H. HEMANN
          PETER B. AXELROD
          Assistant United States Attorneys