# KEKER & VAN NEST LLP

633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
kvn.com

**Simona A. Agnolucci**
(415) 676-2259
sagnolucci@kvn.com

July 24, 2013

Hon. Magistrate Judge Nathanael Cousins
United States District Court
450 Golden Gate Ave., Courtroom A, 15th Floor
San Francisco, CA 94102

Re:  *United States of America v. Liew, et al.,* Case No. CR 11-0573-JSW (NC)

Dear Judge Cousins:

Defendants Walter Liew, Christina Liew, Robert Maegerle and USA Performance Technology, Inc. submit this letter brief in opposition to the government's July 22 letter requesting three additional weeks to complete its expert disclosures. Dkt. 393. There are at least nine reasons the Court should deny the government's request.

1. The request is procedurally improper. The issue of deadlines for expert reports was briefed and argued by the parties (Dkt. 340-41) and was decided by the Court on June 19, 2013. Dkt. 342. Although the government represented to defense counsel, both minutes after the June 19 hearing and in subsequent communications, that it would appeal the Court's order setting a July deadline, it failed to file an appeal within the permitted time period and has waived that right. The government cites no rule allowing it to now challenge the Court's prior decision one week before the July 29 deadline.

2. The government's letter is essentially a late-filed motion for reconsideration, but none of the reasons the government gives for needing additional time justifies reconsideration. All but one of the events and circumstances the government now complains of existed at the time of the June 19 hearing. The government knew in April that Judge White would hear the parties' motions to suppress and sever in July, and represented at that time that it would make its expert disclosures on July 1 and that it would be prepared for trial in October. Dkt. 298, 303. The fact that defendants timely filed four motions to sever and suppress, and that the government had to oppose them, therefore came as no surprise. Similarly, the fact that the government had to produce discovery, or had trial in another matter, or had a family vacation, is not a new development that justifies reconsideration of the Court's prior order.

3. The only new obligation the government has had since the Court's June 19 Order is responding to defendants' request that the government provide them with certain information. That request began with a couple of phone calls on June 22 and 23; the majority of the work involved was complete by June 25, with some follow-up on July 2 and very little work in between. In exchange for the work the government did on this request, defense counsel has *already agreed to a one-week extension* of the deadline for the government's expert reports. Dkt. 346. That one-week extension more than accounted for any unanticipated work the government had to do; there is no basis for requesting additional time.

4. The Government states that it "only recently [has] been able to turn [its] full attention to the [expert] disclosures" and that it did not meet with its experts in person until July 17. Dkt. 393 at 1-2. It is shocking that the Government brought an indictment and allowed this case to progress *for over two years* without ever meeting with an expert to discuss its allegations that the defendants misappropriated DuPont trade secrets. The government's troublesome course of conduct should not be a reason to further delay progress of this case.

Hon. Magistrate Judge Nathanael Cousins
July 24, 2013
Page 2

5. Mr. Liew remains incarcerated and has repeatedly requested an early trial date. While it was opposing Mr. Liew's pretrial release, the government was happy to represent that it could go to trial as soon as the defendants wanted. Dkt. 235-4 at p.10:23-24. The government has now changed its tune, repeatedly seeking extensions and delaying progress of the case. (For example, defendants still are missing one set of documents from the May "case-in-chief" documents identification and have yet to receive a complete response to their meet and confer letter raising various issues with the production.) With Mr. Liew detained, the time has come to move things forward, hold the government to Court-ordered deadlines, and begin trial preparation.

6. It is important that the government disclose its expert reports before the upcoming August 8 hearing, at which Judge White intends to set a trial date. Adhering to the current expert disclosure schedule will allow for the October trial date promised by the government. Dkt. 298. In contrast, delaying the government's expert reports until August 19, and delaying the defendants' responsive reports by an equivalent amount of time (until October 11) will foreclose the possibility of an October or even November trial because the parties need time to consider and bring *Daubert* motions.

7. There is no reason a fall 2013 trial date cannot be set on August 8 if the Court maintains the current expert disclosure deadlines. Defendants Walter and Christina Liew filed one-page requests reserving their right to bring a further motion to sever once discovery is complete, expert reports are disclosed, and Mr. Liew is in a position to decide whether he will testify at his trial. Dkt. 358, 362. Judge White ruled that any such further motions to sever will be heard 30 days before the pretrial conference. Dkt. 377. Assuming the government completes its long-awaited identification of case-in-chief documents promptly, defendants expect to be in a position to decide whether they will bring any further severance motions before the August 8 hearing and expect to file any such motions promptly thereafter (if not before).

8. The pending evidentiary hearing regarding defendant Bob Maegerle's motion to suppress is no reason to delay expert disclosures. Mr. Maegerle has requested that the evidentiary hearing, which he anticipates will last two hours, occur before or at most a day after the August 8 hearing so as not to delay progress of this case. Defendants Walter Liew, Christina Liew, and USAPTI agree that the evidentiary hearing should occur as soon as possible. Accordingly, unless the government delays the setting of an evidentiary hearing, that hearing should not impede the setting of a fall 2013 trial date.

9. The fact that the government's expert reports are now due in less than one week, and the government "do[es] not believe that [it] will be able adequately to prepare the necessary expert disclosures" cannot be the basis for an extension. Dkt. 393 at 1. This is a situation entirely of the government's own making. It has had over two years to retain experts, over two years to work on expert reports, over three months' notice of Judge White's motions deadlines and briefing schedule (during which it expected a July deadline for expert reports), and the opportunity to appeal this Court's June 19 order. It chose to do nothing. Its attempt to garner sympathy at the eleventh hour cannot be a basis for impeding progress of this case.

For the foregoing reasons, defendants Walter Liew and USAPTI respectfully request that the Court uphold its June 19, 2013 order setting the deadline for expert disclosure and deny the government's unnecessarily belated and procedurally improper request for an extension.

Respectfully submitted,

Simona A. Agnolucci

770803.02