**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WALTER LIEW and ROBERT MAEGERLE,<br><br>Defendants.<br>_____ / | No. CR 11-00573-1 JSW<br>No. CR 11-00573-3 JSW<br><br>**ORDER DENYING ROBERT MAEGERLE'S MOTION TO SEVER AND DENYING WALTER LIEW'S MOTION TO SEVER COUNTS; SETTING STATUS AS TO ROBERT MAEGERLE**<br><br>**(Docket Nos. 350 and 359)** |

**INTRODUCTION**

This matter comes before the Court upon consideration of the motion for severance filed by Robert Maegerle ("Mr. Maegerle") and the motion to sever counts, filed by Walter Liew ("Mr. Liew"). (Docket Nos. 350 and 359.) The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds these motions suitable for disposition without oral argument. The Court HEREBY DENIES Mr. Maegerle's motion, and it HEREBY DENIES Mr. Liew's motion. The hearings scheduled for August 8, 2013 on these motions are VACATED.

Because the Court has now resolved all motions that pertain to Mr. Maegerle, he is HEREBY ORDERED to appear for a STATUS CONFERENCE on August 8, 2013, at 2:00 p.m.

//

//

**BACKGROUND**

As the Court has set forth in a number of previous orders, this case arises out of allegations that the Defendants allegedly violated the Economic Espionage Act of 1996 (the "EEA"). In brief, the United States contends that the Defendants conspired to, attempted to, or obtained five alleged trade secrets that belonged to E.I. du Pont de Nemours & Company ("DuPont") relating to chloride-route production of titanium dioxide ("TiO2"). (*See generally* SSI ¶ 1-68.)

On March 12, 2013, the grand jury returned a Second Superseding Indictment ("SSI") against Mr. Maegerle, Mr. Liew, Christina Liew ("Mrs. Liew) (collectively "the Liews")) and USA Performance Technology, Inc. ("USAPTI") (collectively "Defendants," unless otherwise noted), which includes twenty-two counts (four counts of conspiracy and eighteen substantive counts).[1] The SSI includes three basic categories of charges: (1) alleged violations of the EEA; (2) alleged efforts to obstruct justice; and (3) tax evasion and bankruptcy fraud. Mr. Liew is the only defendant charged in the third category of charges.

With respect to the first category, in Count 1, the Government charges the Liews and USAPTI, the Pangang Defendants and Mssrs. Chao and Shengdong with conspiracy to commit economic espionage. In Count 2, it charges the Liews, Mr. Maegerle, USAPTI, Mr. Shengdong and the Pangang Defendants with conspiracy to commit theft of trade secrets. The Government also charges the Liews and USAPTI (Count 3) and Mr. Shengdong and the Pangang Defendants (Count 4) with attempted economic espionage. The Government charges Mr. Maegerle, the Liews and USAPTI with attempted theft of trade secrets in Count 5, and it charges Mr. Maegerle, Mr. Liew and USAPTI, with conveying trade secrets and aiding and abetting the conveyance of trade secrets in Count 8. The Government also charges the Liews and USAPTI with possession of trade secrets in Counts 6, 7 and 9.

---

[1] The grand jury also returned the SSI against the Pangang Defendants, Tze Chao and Hou Shengdong. However, the Court has quashed service against the Pangang Defendants, Mr. Chao entered a guilty plea in March 2012, and Mr. Shengdong has not yet appeared before this Court.

With respect to the second category, in Count 10, the Government alleges that Mr. Maegerle, Mr. Liew and USAPTI, conspired to tamper with witnesses and evidence. The Government also alleges that Mr. Liew tampered with witnesses (Count 11), that Mrs. Liew tampered with witnesses (Count 12), that the Liews conspired to tamper with evidence (Count 13), and that the Liews made false statements and aided and abetted the making of false statements in a matter within the jurisdiction of the executive branch (Count 14). Counts 10 through 12 relate to alleged efforts to tamper with evidence and witnesses in a civil case that Du Pont filed against Mr. Liew and USAPTI. (SSI ¶¶ 69-81.) Counts 13 and 14 relate to the Liews alleged efforts to impede the investigation of this criminal case. (*Id.* ¶¶ 82-89.)

Finally, in Counts 15 through 22, the Government alleges that Mr. Liew filed false tax returns, filed false documents and made false statements in bankruptcy proceedings, all of which pertain to alleged income that USAPTI received as a result of the alleged violations of the EEA. (*Id.* ¶¶ 90-107.)

**ANALYSIS**

**A.  Applicable Legal Standards.**

The Government may charge "a defendant in separate counts with [two] or more offenses if the offenses charged ... are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The Government may charge two "or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Fed. R. Crim. P. 8(b). The Court determines validity of joinder "solely by the allegations in the indictment." *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990).

"If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14.

3

**B.     The Counts and Defendants Are Properly Joined.**

Mr. Liew argues that Counts 15 through 22 are improperly joined with Counts 1 through 14. Mr. Maegerle argues that all of the counts in which he is charged are improperly joined with counts that include only his co-defendants. For the reasons that follow, the Court finds these arguments unpersuasive.

**1.     Counts 15 through 22.**

Mr. Liew and the Government argue that Rule 8(a) governs whether Counts 15 through 22 have been properly joined with the remaining counts. Under Rule 8(a), joinder is proper if the offenses satisfy one of the three conditions articulated in Rule 8(a). *See United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007). However, the Ninth Circuit has noted that, when multiple defendants are involved, joinder is governed by Rule 8(b). *See United States v. Roselli*, 432 F.2d 879, 898 (9th Cir. 1970) ("Joinder of charges against multiple defendants is controlled by Rule 8(b), not by Rule 8(a)."); *but see United States v. Padilla-Duran*, 43 F.3d 1480, 1997 WL 702984, at *1 (9th Cir. Dec. 14, 1994) (noting that joinder satisfied both Rule 8(a) and Rule 8(b) where defendant argued Rule 8(b) applied to joinder of charges, because of presence of multiple defendants).

In this case, the Government alleges that the income and contracts that are at issue in the Counts 15 through 22 are the illicit proceeds of the economic espionage and trade secret theft that form the basis of Counts 1 through 9. It also alleges that Mr. Liew "wired millions of dollars in proceeds from Pangang Group to Christina Liew's relatives in the PRC...." (SSI ¶ 31.) Based on these allegations, the alleged tax and bankruptcy fraud "flows directly from the other criminal activity and such evasion results in large part from the necessity of concealing the illegal proceeds of that activity." *United States v. Whitworth*, 856 F.2d 1268, 1277 (9th Cir. 1988).

Therefore, whether the Court evaluates the joinder of Counts 15 through 22 under the standards of Rule 8(a) or Rule 8(b), the Court concludes that these counts have been properly joined with Counts 1 through 14, because they "are connected with or constitute parts of a common scheme or plan." In addition, based on the manner in which the Ninth Circuit has

interpreted Rule 8(b), as set forth below, Counts 15 through 22 can be said to arise from the same series of act or transactions as the allegations in the remaining counts.

### 2. Mr. Maegerle.

The Court also concludes that Mr. Maegerle is properly joined with his co-defendants. Although "[j]oinder under rule 8(b) cannot be based on a finding that the offenses charged were merely of the same or a similar character," the Ninth Circuit has construed the term "transaction" flexibly. *United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977); *accord United States v. Sarkisian*, 197 F.3d 966, 975-76 (9th Cir. 1999); *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1208 (9th Cir. 1991); *United States v. Ford*, 632 F.2d 1354, 1373 (9th Cir. 1980) (noting "stated policy that Rule 8(b) should be construed broadly in favor of initial joinder").

"Whether or not multiple offenses joined in an indictment constitute a 'series of acts or transactions' turns on the degree to which they are related," and "relation is most often established by showing that substantially the same facts must be adduced to prove each of the joined offenses." *Satterfield*, 548 F.2d at 1344. "The logical relationship between a series of transactions may be shown by the existence of a common plan, scheme, or conspiracy," *Felix-Gutierrez*, 940 F.2d at 1208, or by a showing that "'the common activity constitutes a substantial portion of the proof of the joined charges.'" *Sarkisian*, 197 F.3d at 976 (quoting *United States v. Vasquez–Velasco,* 15 F.3d 833, 844 (9th Cir. 1994)).

In light of the Ninth Circuit's broad construction of Rule 8(b) and its flexible construction of the term transaction, the Court concludes, based on the allegations in the SSI, that all of the charges are "overlapping and logically interrelated." *Felix-Gutierrez*, 940 F.2d at 1208. As to the EEA Counts, the finds Mr. Maegerle's reliance on *United States v. Marrioneaux* and *United States v. Fazio,* inapposite. Setting aside the fact that neither case is binding on this court, they also are factually distinct. In *Marrioneaux*, the court concluded that joinder was improper because there was not a "substantial identity of facts and participants between the two conspiracies." 514 F.2d 1244, 1249 (5th Cir. 1975). Similarly, in the *Fazio* case, the court found joinder improper because, although the two conspiracies had one

5

1  overlapping participant and similar modus operandi, the conspiracies consisted of different
2  overt acts and different participants. 2013 WL 818888, at *3 (E.D. La. March 5, 2013).

3   In contrast, in this case, the acts that support the two EEA conspiracies are based on the
4  allegations that the Defendants engaged in ongoing efforts to obtain and misappropriate
5  DuPont's trade secrets relating to chloride-route production of TiO2. *See, e.g., Ford*, 632 F.2d
6  at 1372 (concluding charges were properly joined where actions "were all part of an ongoing
7  scheme to enrich" defendants, where actions formed a consistent pattern and even though acts
8  and transactions "were spread over a period of years"). Further, the participants in the two EEA
9  conspiracies are substantially identical and the trade secrets at issue in the substantive counts
10 are the same trade secrets that form the basis of each of the two conspiracies. (*See* SSI ¶¶16-54,
11 59-60, 65-66.)

12  The Court also finds unpersuasive Mr. Maegerle's argument that the obstruction of
13 justice counts are misjoined. In those counts, the Government alleges that Messrs. Maegerle
14 and Liew took actions to cover up the alleged theft of the various DuPont trade secrets. Again,
15 in light of the Ninth Circuit's broad construction of Rule 8(b) and its flexible construction of
16 transaction, the Court concludes that the conduct that support these charges is logically related
17 to the EEA counts and can fairly be said to naturally flow from the conduct alleged in the EEA
18 counts.

19  Finally, the Court concludes that Counts 15 through 22 are properly joined with the
20 other counts asserted against Mr. Maegerle, and it finds Mr. Maegerle's reliance on, *inter alia*,
21 *United States v. Columbia Medical System*, 2006 WL 681040 (W.D. Wash. March 10, 2006)
22 unpersuasive. The *Columbia Medical System* case involved allegations that three co-defendants
23 were involved in a scheme to sell stolen medical equipment, and it charged two of the co-
24 defendants with filing false tax returns that allegedly related to the costs of the stolen
25 equipment. *Id.*, 2006 WL 681040, at *1-*2. The court granted a motion to sever, because it
26 found that the tax crimes were separate and distinct from the conspiracy. The court also noted
27 that the moving defendant had a "limited role" in the alleged conspiracy and that role had "no
28 logical relationship to the tax related charges." *Id.*, 2006 WL 681040 at *2. Based on the

6

1 allegations in the SSI, this Court cannot say Maegerle's role in the EEA conspiracies could be
2 considered limited. Moreover, in order to prove the EEA counts asserted against Maegerle, the
3 Government will be required to prove that the Defendants intended to convert the alleged trade
4 secrets for the economic benefit of someone other than DuPont.

5 Accordingly, the Court DENIES, IN PART, Mr. Maegerle's motion to sever and it
6 DENIES, IN PART, Mr. Liew's motion to sever to the extent the motions rest on misjoinder
7 under Rule 8.

**B. Mr. Maegerle and Mr. Liew Have Not Met Their Burden to Show Joinder is Prejudicial.**

10 Mr. Maegerle and Mr. Liew also argue that the Court should grant their motions on the
11 basis of prejudicial joinder, under Rule 14. In general, there is a "preference" for joint trials.
12 *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "[W]hen defendants properly have been
13 joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a
14 serious risk that a joint trial would compromise a specific trial right of one of the defendants, or
15 prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at
16 539.

17 Mr. Maegerle has not identified a specific trial right that would be compromised if he
18 was required to go to trial with his co-defendants. Rather, he argues that he would be
19 prejudiced by the spillover effect that would result from a joint trial. However, he does not
20 provide a persuasive argument as to why a jury would be unable to follow limiting instructions
21 or be unable to compartmentalize the evidence. Similarly, although Mr. Liew suggests that he
22 might want to testify about the trade secret counts but reserve his right to remain silent on the
23 tax and bankruptcy charges[2], he has not identified any other trial right that could be
24 compromised if Counts 15 through 22 were not severed. Nor is the Court persuaded, on the
25 existing record, that a jury could not follow any limiting instructions relevant to these charges

---

[2] Mr. Liew has not, however, to date made that decision, and he has expressly reserved the right to renew his motion should he choose to testify about one set of charges but not the others.

7

or that the evidence relating to these charges would render a joint trial inefficient and prejudicial.

Accordingly, the Court DENIES, IN PART, the motions to sever to the extent they are premised on prejudicial joinder under Rule 14. However, this ruling is without prejudice to Mr. Maegerle or Mr. Liew raising any additional Rule 14 arguments as this case progresses. Any such motion shall be heard no later than 30 days prior to the final pretrial conference, in conformance with the terms set forth in Docket No. 377.

**IT IS SO ORDERED.**

Dated: July 30, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

8