KEKER & VAN NEST LLP
STUART L. GASNER - #164675
sgasner@kvn.com
SIMONA A. AGNOLUCCI - #246943
sagnolucci@kvn.com
KATHERINE M. LOVETT - #276256
klovett@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:   415 397 7188

Attorneys for Defendant WALTER LIEW and
USA PERFORMANCE TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WALTER LIEW, CHRISTINA LIEW, USA PERFORMANCE TECHNOLOGY, INC., and ROBERT MAEGERLE,<br><br>Defendants. | Case No. CR 11-0573-JSW (NC)<br><br>**JOINT STATUS REPORT BY WALTER LIEW, USAPTI, CHRISTINA LIEW, ROBERT MAEGERLE AND THE UNITED STATES**<br><br>Judge:        Hon. Jeffrey S. White<br><br>Hearing Date: August 8, 2013<br><br>Hearing Time: 2:00 p.m. |

Defendants Walter Liew, Christina Liew, Robert Maegerle, and USAPTI ("Defendants") on the one hand, and the United States, on the other hand, submit the following Joint Status Report setting forth the status of this case.

### A.   Trial Date.

#### 1.   Defendants' Position.

At and before the Court's April 18 status conference, Defendants requested an October trial date. Dkt. 298. The Court indicated that it intended to move this case along expeditiously and set the earliest possible trial date at the hearing now scheduled for August 8, 2013. Dkt. 340, Ex. A at 15, 16-17, 21.

Defendants continue to request as early a trial date as possible, preferably in October. Mr. Liew has now been incarcerated for over two years. Magistrate Judge Cousins expressed serious concern, both in his December 2012 bail order and in his recent order regarding the deadline for the government's expert reports, that Mr. Liew's prolonged pretrial detention points strongly to a denial of his due process rights. Dkt. 255 at 4; Dkt. 396 at 2. Now that motion practice and discovery are coming to a close (as discussed below), there is no reason this case cannot be tried promptly. Accordingly, Mr. Liew invokes his right to a speedy trial and will not agree to further stipulations to exclude time under the Speedy Trial Act.

#### 2.   Government's Position.

The government asks the Court to set a trial date as soon as reasonably practicable given the complexities of this case. While Mr. Liew now invokes his right to a speedy trial, the government notes that there are several statutory and practical factors that may preclude commencement of a trial within 70 days of the August 8, 2013 trial setting conference. First, the speedy trial clock is tolled during the pendency of motions, such as defendants Walter and Christina Liew's motion to suppress the evidence seized from their residence (Docket No. 356) and the defendants' *ex parte* motion for a Rule 17(c) subpoena. 18 U.S.C. § 3161(h)(1)(D). Thus, the speedy trial clock will not begin to run until the Court resolves those motions. Defendants may file a further motion for a bill of particulars and Christina Liew has stated that she intends to file a motion to sever. Moreover, both the defense and the government

1  contemplate filing motions *in limine* and possibly *Dabuert* motions so the clock is likely to be
2  tolled again.  Additionally, the defendants have previously asked the Court to exclude time based
3  on the complexity of the case, a ground which continues to support tolling.  *See* Complexity
4  Order (Docket No. 45), 18 U.S.C. § 3161(h)(7)(b)(ii).  Finally, as a practical matter, if the Court
5  set a trial in October, the parties would already be out of compliance with the deadlines set forth
6  in the Court's Guidelines for Motions, Final Pretrial Conference, and Trial in Criminal Cases
7  (effective April 8, 2013), assuming the Court adheres to its usual schedule with regard to pretrial
8  conferences.

**B.     Discovery.**

The parties continue to meet and confer regarding various issues with the government's identification of case-in-chief documents.

**C.     Motions Practice.**

Motions practice is nearly complete:

- Defendants' *ex parte* motion for a Rule 17 subpoena is pending.
- Defendants may file a motion to compel the further specification of the government's Bill of Particulars after reviewing the government's expert reports regarding titanium dioxide, which they received on August 5.  Defendants intend to file any such motion in the next week.
- Defendants anticipate that Christina Liew may file a further Rule 14 motion to sever consistent with the trial date set by the court and the court's July 18, 2013 order.  Dkt. 377.  Defendants do not anticipate filing any additional severance motions.
- Defendants continue to review the discovery produced by the Government and (as explained above) continue to meet and confer with the government regarding a handful of discovery-related issues.  Depending on the outcome of those conversations, defendants may file an additional discovery motion before Magistrate Judge Cousins.
- Defendants anticipate filing motions *in limine* and *Daubert* motions consistent

774133.01

with the Court's Pretrial Order, and (among other things) intend to challenge the testimony of lay witness Daniel Dayton.

- The government anticipates filing motions *in limine* and may file *Daubert* motions based on the defendants' expert disclosures.

### D. Expert Discovery.

The government disclosed all but one of its expert reports to Defendants on August 5. The government will disclose its remaining expert report on August 8. Defendants' responsive expert reports currently are due on September 27. Dkt. 396. The government agrees that Defendants will have three additional days (until September 30) to disclose any expert reports responsive to the report the government disclosed on August 8.

### E. Other Pretrial Deadlines.

The parties understand that the Court intends to deviate from the deadlines set forth in its Guidelines for Criminal Jury Trials, and that the Court intends to order the parties to exchange and file their pretrial submissions farther in advance of the pretrial conference than it ordinarily requires. The parties propose that the pretrial submissions described in paragraphs 5 and 6 of the Court's Guidelines for Criminal Jury Trials be exchanged and filed 30 days before the pretrial conference rather than 2 weeks before. Defendants further propose that the page limitation for pretrial briefs be extended to 30 pages. The government does not believe that extra-long briefs are necessary, but leaves to the Court's discretion the page limit for pretrial briefs.

Dated:  August 7, 2013                                KEKER & VAN NEST LLP

By:  */s/ Stuart L. Gasner*
    STUART L. GASNER
    SIMONA A. AGNOLUCCI
    KATHERINE M. LOVETT

    Attorneys for Defendants
    WALTER LIEW and
    USA PERFORMANCE TECHNOLOGY, INC.

3
JOINT STATUS REPORT
Case No. CR 11-0573-JSW (NC)

774133.01

| | | |
|---|---|---|
| Dated:  August 7, 2013 | By: | */s/ Doron Weinberg* |
| | | DORON WEINBERG |
| | | |
| | | Attorney for Defendant |
| | | ROBERT J. MAEGERLE |
| | | |
| Dated:  August 7, 2013 | By: | */s/ Jerome J. Froelich, Jr.* |
| | | JEROME J. FROELICH, JR. |
| | | |
| | | Attorney for Defendant |
| | | ROBERT J. MAEGERLE |
| | | |
| Dated:  August 7, 2013 | | MELINDA HAAG |
| | | United States Attorney |
| | | |
| | | */s/ John H. Hemann* |
| | | PETER B. AXELROD |
| | | JOHN H. HEMANN |
| | | Assistant United States Attorneys |

4

JOINT STATUS REPORT
Case No. CR 11-0573-JSW (NC)

774133.01