MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

JOHN H. HEMANN (CABN 165823)
PETER B. AXELROD (CABN 190843)
MERRY JEAN CHAN (CABN 229254)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    john.hemann@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 11-0573 JSW |
| Plaintiff, | REQUEST FOR LEAVE TO FILE MOTION FOR ISSUANCE OF NEW SUMMONSES BASED ON A FINDING OF SUBSTANTIAL COMPLIANCE WITH RULE 4 WITH RESPECT TO DEFENDANTS PANGANG GROUP COMPANY, LTD. AND PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY |
| v. | |
| PANGANG GROUP COMPANY, LTD., PANGANG GROUP STEEL VANADIUM & TITANIUM COMPANY, LTD., PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD., PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY, | |
| Defendants. | |

**TO: THE COURT, ROBERT FELDMAN, ESQ., AND JOHN M. POTTER, ESQ.:**

      PLEASE TAKE NOTICE that the government hereby requests leave of the Court to file a motion for the issuance of new summonses and asks for a finding that delivery and mailing to Pan America constitutes substantial compliance with Federal Rule of Criminal Procedure 4 and will result in actual notice.

1

In its July 23, 2012, and April 8, 2013, written orders, this Court quashed the summonses issued to the four Pangang defendants. Docket ## 176, 293. The government hereby seeks permission to move this Court to issue new summonses for two of the corporate defendants, Pangang Group Company, Ltd. ("Pangang Group") and Pangang Group International Economic & Trading Company ("PIETC"), upon a finding that delivery and mailing to Pan America, Inc. ("Pan America") will substantially comply with Rule 4 and result in actual notice to Pangang Group and PIETC. If this Court deems the motion a motion to reconsider, the government believes that it meets the standard set forth in Civil Local Rule 7-9 and *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Finally, with respect to any of the Pangang corporate defendants that this Court declines to issue summons for with a finding of substantial compliance, the government asks the Court to make a finding that the government will be unable to effect service, the prosecution may not proceed against these defendants, and that the indictment should be dismissed.

This Court found that by delivering and mailing the summonses to Pan America, the government did not meet Federal Rule of Criminal Procedure 4(c)(3)(C)'s requirements for service of process against any of the four Pangang corporate defendants. Docket ## 176, 293. Under *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984), however, failure to comply with the federal rules for service of process does not necessitate the termination of a case.

In *Borzeka*, the Ninth Circuit found that the plaintiff's failure to comply with Fed. R. Civ. P. 4(d)(5)'s personal service requirement did not require dismissal of the complaint. 739 F.2d at 447. Borzeka filed a suit against the Secretary of Health and Human Services, challenging the termination of his disability benefits. *Id.* at 445. The Secretary did not respond to the complaint, and the district court entered a default judgment in Borzeka's favor. *Id.* at 445-46. The Secretary then moved to set aside the default judgment and to dismiss the complaint for improper service. *Id.* at 446. The district court set aside the default and dismissed the complaint. *Id.* This Court affirmed the district court's conclusion on the default judgment, but reversed the dismissal of the complaint because Borzeka had substantially complied. *Id.* at 447 & n.1 (citing *Jackson v. Hayakawa*, 682 F.2d 1344 (9th Cir. 1982)). In so doing, it concluded that "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to

1  serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*
2  at 447.

3      *Borzeka*'s substantial compliance exception applies in the criminal context. In criminal cases,
4  service of summons is an alternative to the execution of an arrest warrant. *See* Fed. R. Crim. P. 4(a) &
5  9(a). Generally, if a defendant fails to respond to a summons, the defendant will be subject to arrest
6  pursuant to a warrant. Fed. R. Crim. P. 4(a) & 9(a). It is only because a corporate defendant cannot be
7  physically arrested that service of summons is the only means of hailing a corporate defendant before
8  the Court. Thus, the caselaw regarding deficiencies in executing arrests in compliance with the federal
9  rules is instructive. That caselaw makes clear that a district court has jurisdiction over any party
10 appearing before it, regardless of how appearance is effected. *United States v. Warren*, 610 F.2d 680,
11 684 n.8 (9th Cir. 1980); *see United States v. Smith*, 424 F.3d 992, 1008 (9th Cir. 2005) (technical
12 violations committed in execution of arrest warrants do not warrant suppression of evidence where there
13 is no deliberate disregard of rule or prejudice to defendant); *United States v. Studley*, 783 F.2d 934, 937
14 (9th Cir. 1986) (defect in arrest did not deprive district court of personal jurisdiction).

15      In *United States v. Sollenberger*, 2008 WL 1981539, at *2-*3 (M.D. Pa. 2008) (unpublished), a
16 district court in Pennsylvania found that the government had failed to meet Rule 4's requirements for
17 service of process, but that the defect in service should not preclude the prosecution from proceeding. In
18 *Sollenberger*, defendant Luanne sought dismissal of her indictment because the summons had neither
19 been delivered to her personally nor left at her residence. Instead, a copy of the summons had been left
20 with Luanne's father, with whom Luanne did not live. *Id.* at *3. The court found that given that the
21 father was "certainly a person of suitable age and discretion to be trusted to deliver the summons to his
22 daughter," and that Luanne clearly learned about the summons such that she timely sought an extension
23 of the initial appearance, "the summons bears only the most technical of deficiencies that did not affect
24 Luanne's substantial rights and was served in compliance with the spirit, if not the letter, of Rule 4." *Id.*
25 (citing Fed. R. Crim. 52(a) and *Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988)).

26      This Court should apply *Borzeka* and follow *Sollenberger* to find that despite any failure to meet
27 the technical requirements of Rule 4(c)(3)(C), the government's best efforts at serving the summonses
28

1  substantially complied with Rule 4, and combined with Pangang Group's and PIETC's actual notice of
2  the indictment, the prosecution against these two defendants should therefore proceed.

3  There can be little dispute over three of the four *Borzeka* factors.  There is no question that
4  Pangang Group and PIETC, both of which specially appeared to contest sufficiency of service, received
5  actual notice of the indictment.  Nor is there prejudice to them beyond what the defendant in *Borzeka*
6  faced.  On the other hand, the government would be severely prejudiced by dismissal of the indictment,
7  which seems the only avenue left if this Court finds that service has not been effected and the case may
8  not proceed.

9  This Court should find that there is a justifiable excuse for the failure to serve Pangang Group
10 and PIETC properly.  This Court found that even though Pan America performs services integral to
11 Pangang Group, and Pangang Group exercises a measure of control over Pan America, the control is not
12 comprehensive enough to satisfy the agency test articulated in *Bauman v. DaimlerChrysler Corp.*, 644
13 F.3d 909, 920-21 (9th Cir. 2011), *cert. granted*, 133 S. Ct. 1995 (U.S. Apr. 22, 2013) (No. 11-965).
14 Docket # 176 at 10.  But the comprehensive control important for jurisdictional purposes – the issue in
15 *Bauman*, is not necessary for service of process.  *See* Phillip I. Blumberg, *et al*, Blumberg on Corporate
16 Groups §§ 29.01, 36.01, 36.02 (2d ed. 2011-12) (explaining that jurisdiction and service of process are
17 frequently treated as one despite conceptual difference between two).  And so, if Pan America is not in
18 fact Pangang Group's general agent, it is the closest thing to it for purposes of service of process in the
19 United States, and the government has already sought unsuccessfully to serve Pangang Group in China
20 through the MLAA.

21 The government is also justified in failing to meet the mailing requirement.  If Pan America's
22 address is not Pangang Group's and PIETC's principal place of business in the United States, it is the
23 closest thing to it, and the government has also tried to mail a copy of the summons to affiliated
24 addresses in Petaluma, California.  The government's efforts have been made in good faith and have
25 been exhaustive.  The failure is also a minor one because mailing is a backstop, just in case the delivery
26 of the summons does not accomplish notice of the summons to the defendant.  *Cf. Mulvania v.*
27 *Commissioner*, 769 F.2d 1376, 1378-81 (9th Cir. 1985) (improperly addressed tax notice valid if
28 actually received in timely manner or if taxpayer otherwise learns of notice and acknowledges it).

At the August 8, 2013, status hearing, this Court indicated that the government should demonstrate how its proposed motion meets the standard for a motion to reconsider set forth in Civil Local Rule 7-9. The substantial compliance argument the government puts forth does not repeat any argument it has previously made. In its opposition to the defendants' first motion to quash, the government argued that in light of Rule 2, Rule 4 should be interpreted flexibly in light of its purpose of achieving notice. Docket #122 at 5, 17-18; *see* Docket #210. In its opposition to the defendant's second motion to quash, the government argued that Rule 4 should be interpreted as not requiring mailing to effect service. Docket #260 at 4-5. Both of these arguments asked the Court to adopt an interpretation of Rule 4 that would result in a finding that the government had complied with all of the service requirements of the Rule. The *Borzeka* argument, in contrast, accepts, without conceding, the Court's interpretation of Rule 4 and the Court's finding that the government has not met the requirements of Rule 4, but asks the Court to find that the government's failures are technical violations justified by impossibility, and that in light of the actual notice the defendants have of their indictment, the criminal case against them should proceed.

The government's failure to present the substantial compliance line of authority to this Court previously was not for lack of reasonable diligence. The government believes that it has met the requirements of Rule 4 and had been focused on demonstrating its perfection of service. It has now exhausted all avenues, and at this impasse, in researching possible ways to avoid the drastic remedy of dismissal of the indictment, came across *Borzeka*, a civil law case, regarding substantial compliance. If this Court construes the government's motion as a motion to reconsider, the government urges the Court to grant the motion in the exercise of its discretion.

DATED: August 15, 2013        Respectfully submitted,

MELINDA HAAG
United States Attorney


_____/s/_____
JOHN H. HEMANN
PETER B. AXELROD
MERRY JEAN CHAN
Assistant United States Attorneys