MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

PETER B. AXELROD (CSBN 190843)
JOHN H. HEMANN (CABN 165823)
Assistant United States Attorneys

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-6774
     FAX: (415) 436-7234
     Peter.Axelrod@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. CR 11-0573 JSW |
| | ) |
|     Plaintiff, | ) UNITED STATES' STATUS REPORT RE: |
| | ) MOTION TO SEAL EXHIBITS |
|   v. | ) |
| | ) |
| WALTER LIEW; CHRISTINA LIEW; USA | ) |
| PERFORMANCE TECHNOLOGY, INC.; | ) |
| AND ROBERT MAEGERLE , | ) |
| | ) |
|     Defendants. | ) |

     In response to the Court's Order Requiring Joint Status Report on Motion to Seal Exhibits
(Docket No. 418), the United States files this report to update the Court.  The Order specifically related
to defendants' administrative motion to file under seal Exhibits P-S and U-Y to Simona Agnolucci's
declaration in support of defendants' motion for a bill of particulars.  Docket No. 311.

     First, the United States apologizes to the Court for this late filing.  The Court instructed the
parties to meet and confer and file a joint report on August 16, 2013.  Both government counsel were out
of the office on that day, had briefs due in this case on August 14 and August 15, and missed the
deadline.  The United States has since reviewed Defendants' Status Report re Motion to Seal Exhibits

(Docket No. 428).

With respect Exhibits P-S and U-Y from the defendants' administrative motion to seal, the United States has initiated the process to provide those exhibits to DuPont so the United States can determine if there is a way to limit the information that must remain under seal and file a declaration with the Court that establishes what information from those exhibits is sealable pursuant to Civil Local Rule 79-5(d). As the United States indicated in its Administrative Motion for Relief (Docket No. 318), in order to share those exhibits with DuPont under terms of the protective order (Docket 168), the United States must provide the defense with notice of its intent to show them to the defense and provide the defense with seven days to object. The United States has provided the defense with the requisite notice and assuming the defense responds promptly, the United States intends to file its sealing declaration within fourteen days of the resolution of any objection from the defense of such a disclosure.

Additionally, the United States intends to meet and confer with the defense in the next week regarding the most efficient procedures for addressing the sealing of documents as the parties prepare for the trial. The United States agrees with the defense that the procedures identified in Criminal Local Rule 55-1(b) and Civil Local Rule 79-5 are the best starting point but believe that some modifications to the Protective Order may result in a procedure that is more effective for the particular circumstances of this case.

DATED: August 20, 2013          Respectfully submitted,

                                MELINDA HAAG
                                United States Attorney

                                         /S/

                                _____
                                PETER B. AXELROD
                                JOHN H. HEMANN
                                Assistant United States Attorneys

STATUS REPORT
CR 11-0573 JSW