MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

PETER B. AXELROD (CSBN 190843)
JOHN H. HEMANN (CABN 165823)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6774
    FAX: (415) 436-7234
    Peter.Axelrod@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. CR 11-0573 JSW |
| ) | |
| Plaintiff, ) | STIPULATED MODIFICATION NO. 1 TO |
| ) | PROTECTIVE ORDER; [PROPOSED] ORDER |
| v. ) | |
| ) | |
| WALTER LIEW; CHRISTINA LIEW; USA ) | |
| PERFORMANCE TECHNOLOGY, INC.; ) | |
| AND ROBERT MAEGERLE, ) | |
| ) | |
| Defendants. ) | |

    The United States and defendants Walter Liew, Christina Liew, USA Performance Technology, Inc., and Robert Maegerle (collectively, the parties) hereby stipulate as follows:

1. On June 21, 2012, the Court entered a Protective Order governing the production of discovery in this matter. Docket No. 168.

2. To facilitate the exchange of information in this case, the parties agree that the United States will provide the defense (through Walter Liew's counsel) with a single disk that contains materials designated as Confidential-1 as identified in the United States letter to defense counsel dated August 6, 2013. The defense may not make any copies of that disk or copies of any of the files contained on

STIPULATED MODIFICATION TO PROTECTIVE ORDER
CR 11-0573 JSW

    the disk.  Further, the defense will comply with the procedures set forth in the Protective Order for handling Confidential Materials and, in particular, will only review this disk on a computer that is not connected to the Internet, to any computer network connected to the Internet, or to any computer network that would allow any person not authorized by this Protective Order to view Confidential Materials.

3. Paragraph 6(c) of the Protective Order shall be replaced with the following sentence: "Confidential-1 Materials may be disclosed to third parties, witnesses, and experts, including but not limited to DuPont, in connection with pre-trial investigation or trial preparation only as provided in Paragraphs 7 and 9 of this order, except that documents that originated with DuPont may be disclosed directly to DuPont."

4. The first two full sentences of Paragraph 7 of the Protective Order shall be replaced with the following sentences: "At least three calendar days before disclosing Confidential-1 Materials to any party other than the defendants and their attorneys and staff, or to the government's attorneys and staff, the party seeking disclosure shall notify the other parties in writing of the identity of the person or persons to whom it intends to make the disclosure.  Within the three calendar day period, any party may object in writing to the proposed disclosure if good cause exists for the objection."

5. Except as modified by this stipulation, all other terms and conditions of the Protective Order remain in effect.

SO STIPULATED.

DATED: August 21, 2013    MELINDA HAAG
United States Attorney

/S/
_____
PETER B. AXELROD
JOHN H. HEMANN
Assistant United States Attorneys

DATED: August 21, 2013    /S/
_____
STUART GASNER
Attorney for Defendants Walter Liew and USA PTI

STIPULATED MODIFICATION TO PROTECTIVE ORDER
CR 11-0573 JSW

DATED: August 21, 2013         /S/
_____
DORON WEINBERG
Attorney for Defendant Christina Liew

DATED: August 21, 2013         /S/
_____
JEROME FROELICH
Attorney for Defendant Robert Maegerle

### [PROPOSED] ORDER

Based on the foregoing, the Protective Order is modified as set forth in the above-referenced stipulation.

IT IS SO ORDERED.

DATED:   August 23, 2013

_____
NATHA
United S

*IT IS SO ORDERED*
*Judge Nathanael M. Cousins*