1  GLYNN & FINLEY, LLP
   CLEMENT L. GLYNN, Bar No. 57117
2  MORGAN K. LOPEZ, Bar No. 215513
   JONATHAN A. ELDREDGE, Bar No. 238559
3  One Walnut Creek Center
   100 Pringle Avenue, Suite 500
4  Walnut Creek, CA 94596
   Telephone: (925) 210-2800
5  Facsimile: (925) 945-1975

6  Attorneys for E. I. du Pont de Nemours and Company

7

                    UNITED STATES DISTRICT COURT
8
         NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION
9

10                                    )  **Case No. CR 11-0573-JSW (NC)**
   UNITED STATES OF AMERICA,          )
11                                    )  **STIPULATION AND [PROPOSED]**
                                      )  **ORDER RE PROTECTION OF**
12            Plaintiff,              )  **MATERIAL PRODUCED BY E. I. DU**
                                      )  **PONT DE NEMOURS AND COMPANY**
13      v.                            )  **PURSUANT TO RULE 17(c)**
                                      )  **SUBPOENA**
14  WALTER LIAN-HEEN LIEW,            )
15  CHRISTINA HONG QIAO LIEW, USA     )
   PERFORMANCE TECHNOLOGY, INC.,      )  **Place:      Courtroom A – 15th Floor**
16  and ROBERT MAEGERLE,              )  **Before:     Hon. Nathanael Cousins**
                                      )
17            Defendants.             )
                                      )
18  ─────────────────────────────────)

19        Whereas on June 21, 2012, this Court entered a Protective Order governing the

20  production of documents and information containing trade secrets and business information by

21  the government and defendants (Dkt. 168);

22        Whereas on August 12, 2013, Defendants served a Rule 17(c) subpoena issued by the

23  Court on E. I. du Pont de Nemours and Company ("DuPont") seeking production of documents

24  that may contain DuPont trade secrets and confidential business information;

25        Whereas DuPont desires to ensure that the documents it produces in response to the

26  subpoena are afforded the same level of protection as those produced by the government and

27  defendants; and

28  ///

                                      - 1 -

1   Whereas pursuant to 18 U.S.C. § 1835 and Federal Rule of Criminal Procedure 16(d)(1)

2   the Court may enter orders to preserve the confidentiality of trade secrets and confidential

3   information produced by DuPont in response to the subpoena;

4   IT IS HEREBY STIPULATED AND AGREED by and between DuPont, Defendants

5   Walter Liew, Christina Liew, USA Performance Technology, and Robert Maegerle, and the

6   United States by and between their undersigned counsel, that:

7   1.   Confidential Materials.  In response to the subpoena, DuPont may designate as

8   "Confidential-1 Materials" materials that contain or DuPont believes to contain trade secrets or

9   confidential and proprietary business information.

10   2.   Manner of Designation.  In the case of written, tangible, or documentary discovery

11   material, DuPont shall stamp each page of the document "Confidential-1 - Subject to Protective

12   Order" in a manner that is readily distinguishable from any pre-existing confidential designation.

13    In the case of electronic discovery materials, including computer storage memory devices such

14   as diskettes, hard drives, or other memory media, DuPont shall label the outside of the media

15   with the appropriate designation.  All information on any electronic storage media produced in

16   discovery and labeled as "Confidential" shall be treated as Confidential Material in accordance

17   with the terms of this Protective Order.  If the Receiving Party objects to DuPont's designation

18   of particular information as Confidential Material, the Receiving Party shall notify DuPont in

19   writing of its objection.  If the Receiving Party and DuPont are unable to resolve such a dispute,

20   the Receiving Party may seek relief from the Court by way of motion.  The Receiving Party

21   shall continue to treat such information as Confidential Material pending resolution of its

22   objection.

23   3.   Effect of Designation or Failure to Designate; Change of Designation.  A failure

24   to challenge DuPont's confidential designation does not constitute a waiver by any Receiving

25   Party of the right to challenge that confidential designation at a later time nor does it constitute a

26   waiver by any Receiving Party of the right to contest that all or any portion(s) of any documents

27   designated as confidential constitutes "trade secret" information.  Further, DuPont reserves the

28   right to change the designation after production by notifying the Receiving Party in writing of the

change.  DuPont may re-designate when it believes that materials are directly derivative of documents containing, or alleged to contain, trade secrets or confidential and proprietary business information. Any re-designated materials must be treated in accordance with the terms of this protective order.

4.  Limitation on Use: The Receiving Party shall use all Confidential-1 Materials produced by DuPont exclusively in connection with this case (including pre-trial investigation, trial preparation, trial, and appeal), and not for the economic benefit of any individual, entity, or party, or any commercial, business, or other purpose, including but not limited to the related civil action, Case No. 3:11-cv-01665-JSW.  Nothing herein shall prevent the Receiving Party from using Confidential Materials or from referring to, quoting, or reciting from any information contained in such Confidential Materials in connection with pleadings or motions filed in this case, provided that such materials be filed under seal or submitted to the court for *in camera* inspection, and further provided that the party using Confidential Materials produced by DuPont notifies DuPont of its use of the Confidential Material.  Additionally, any pleading or motion containing information derived from Confidential Materials produced by DuPont will note expressly that the material at issue has been designated Confidential,  The procedures for the use of Confidential Materials at trial or in pre- or post-trial hearings will be resolved at or before the time of trial or hearing.

5.  Limitations on Disclosure:

a.  Documents produced by DuPont in response to the subpoena will be produced to the Court initially.  In the event the Court determines to allow the defense to review Confidential Materials produced by DuPont, such materials shall be disclosed only to defense counsel, defendants, and any staff employed by defense counsels' law firms that defense counsel deems reasonably necessary to review the materials in connection with the preparation of the defense of this case.  Defendants may review Confidential-1 Materials only in the presence of defense counsel or a member of defense counsel's staff and are not allowed to retain any Confidential-1 Materials.  Defendants may retain materials not designated Confidential-1 consistent with the terms of the Protective Order.

1        b.  Confidential-1 Materials produced by DuPont may be disclosed to third

2  parties, witnesses, and experts, in connection with pre-trial investigation or trial preparation only

3  as provided in paragraphs 6 and 8 of this order.

4        6.    Procedure for Disclosure: At least seven business days before disclosing

5  Confidential- 1 Material produced by DuPont to any party other than the defendants, the

6  attorneys whose signatures appear below, and their  staff , the Receiving Party shall notify

7  DuPont in writing of the identity of the person or persons to whom they intend to make

8  disclosure.  Within the seven-business day period DuPont may object in writing to the

9  disclosure for good cause shown.  If the Receiving Party and DuPont are unable to resolve any

10  such objection, the Receiving Party may seek relief from the Court by way of motion.  No

11  Confidential- 1 Materials produced by DuPont may be disclosed until any and all objections to

12  the disclosure are resolved by the Court.

13        7.    Maintaining Confidential Materials:

14        a.    The Receiving Party shall maintain any Confidential-1  Materials

15  produced by DuPont pursuant to this Stipulated Protective Order in a manner reasonably

16  intended to preserve and maintain the confidentiality of the materials.  Specifically,

17  Confidential-1 Materials produced by DuPont shall be maintained in a secure area along with

18  a copy of the Protective Order.  Confidential-1 Materials produced by DuPont shall not be

19  copied by the Receiving Party except as necessary in connection with preparing and marking

20  potential exhibits for trial.

21        b.    To the extent that Confidential-1 Materials produced by DuPont must be

22  downloaded to a computer for viewing, such computer shall not be connected to the Internet, to

23  any computer network connected to the Internet, or to any computer network that would allow

24  any person not authorized by this Protective Order to view Confidential-1 Materials produced

25  by DuPont.

26        c.    Under no circumstance shall Confidential-1 Materials produced by

27  DuPont or copies thereof be transported or sent outside of the United States without prior

28  Court approval.

    d.  Notwithstanding efforts taken by DuPont to redact personal identifying information (such as date of birth, social security numbers, addresses, phone numbers, etc.) or other sensitive information (e.g., bank account numbers), should any such information be found during the Receiving Party's review of materials produced by DuPont, that party shall not provide that information in any form to any third party.

    8.  Expert Witnesses. If a party desires to disclose to its expert or experts Confidential-1 Materials produced by DuPont, the expert(s) shall execute an Acknowledgment, signed under oath, stating that the affiant agrees to abide by the terms of this order, and that he or she is not: (1) a former or current employee, consultant, contractor, officer, proprietor, director, or agent of the owner of the Confidential Materials in question, or (2) a former or current employee, consultant, contractor, officer, proprietor, director, or agent to a competitor of DuPont. The Acknowledgement shall be submitted to the court in camera and filed under seal.  The opposing parties will not be provided with a copy of the Acknowledgement signed by the expert(s), and the identity of the expert(s) shall not be disclosed to the opposing parties except to the extent that such disclosure is required by the Federal Rules of Criminal Procedure, the local rules of this district, or court order.  However, should any party wish to retain an expert who is: (1) a former or current employee, consultant, contractor, officer, proprietor, director, or agent of DuPont, or (2) a former or current employee, consultant, contractor, officer, proprietor, director, or agent to a competitor of DuPont, the party seeking to retain the expert shall make an ex parte in camera submission to the court, setting forth the name of the proposed expert; the relationship of that expert to DuPont or to its competitors; and any other information that party would like the court to consider. After reviewing these materials, the court will determine whether: (1) the party is permitted to retain the proposed expert and disclose the Confidential-1 Materials produced by DuPont to the expert once the expert has executed an Acknowledgment and that Acknowledgment has been filed under seal with the court; or (2) the court requires the input of an opposing party or a third party before it can determine whether to permit disclosure of Confidential-1 Materials produced by DuPont to the proposed expert. In the latter case, the

STIPULATION AND [PROPOSED] ORDER RE PROTECTION OF DOCUMENTS PRODUCED BY DUPONT
781030.01

1    court shall notify the party seeking to retain the expert that it has the option of either

2    withdrawing the expert's name from consideration or notifying the opposing parties or third

3    parties of the identity of the proposed expert. In no event shall the court disclose to any

4    opposing party or third party the identity of the proposed expert, or the contents of the

5    proposing party's ex parte submission, until the party seeking to retain the expert has had an

6    opportunity to withdraw the expert's name from consideration. Nothing in this paragraph shall

7    prevent the court from making further orders concerning proposed experts, as it deems

8    appropriate.

9          9.    Unauthorized Disclosure of Confidential Material. If a Receiving Party learns

10    that, by inadvertence or otherwise, it has disclosed Confidential-1 Materials produced by

11    DuPont to any person or in any circumstance not authorized under this protective order, the

12    Receiving Party must immediately (a) notify in writing DuPont of the unauthorized

13    disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential-1

14    Materials produced by DuPont, (c) inform the person or persons to whom unauthorized

15    disclosures were made of all the terms of this order, and (d) request such person or persons to

16    execute the "Acknowledgment and Agreement to Be Bound" that is attached to this order as

17    Exhibit A.

18          10.    Disclosure to the Court. Any court filings containing Confidential-1 Materials

19    produced by DuPont or a description thereof shall be made under seal. In addition, the

20    Confidential-1 Materials produced by DuPont or descriptions thereof shall be clearly identified

21    in such sealed filing.

22          11.    Return of Confidential Materials. At the conclusion of these proceedings, the

23    Receiving Party and any potential expert witnesses to whom Confidential-1 Materials

24    produced by DuPont were disclosed shall return such materials and any and all copies thereof

25    to DuPont. In addition, the Receiving Party shall take adequate steps to ensure that any and all

26    electronic copies of Confidential-1 Materials produced by DuPont are deleted and permanently

27    erased from any computer or computer system on which such materials were stored.

28    ///

STIPULATION AND [PROPOSED] ORDER RE PROTECTION OF DOCUMENTS PRODUCED BY DUPONT
781030.01

1    12.    Violations. Violations of this stipulation and order shall be punishable by

2    contempt of court or any other legally available sanction that the court deems appropriate. All

3    parties to whom Confidential-1 Materials produced by DuPont are disclosed in accordance

4    with this protective order consent to this court's jurisdiction for purposes of enforcing this

5    order.

6    13. Further Relief.  Nothing in this protective order shall be construed as restricting any

7    party from seeking such further relief as may be available under the Federal Rules of Criminal

8    Procedure or other applicable law.

9    **IT IS SO STIPULATED.**

10   Dated:  September 16, 2013                          KEKER & VAN NEST LLP

11                                              By:   _/s/ Stuart L. Gasner_____
                                                     STUART L. GASNER
12                                                   SIMONA A. AGNOLUCCI
                                                     KATHERINE M. LOVETT
13                                                   Attorneys for Defendants
                                                     WALTER LIEW, USA PERFORMANCE
14                                                   TECHNOLOGY, INC.

15   Dated:  September 16, 2013                          GLYNN & FINLEY LLP

16                                              By:  _/s/ Clement L. Glynn_____
17                                                   CLEMENT L. GLYNN
                                                     MORGAN K. LOPEZ
18                                                   ATTORNEYS FOR E. I. DU PONT DE
                                                     NEMOURS AND COMPANY

19

20   Dated:  September 16, 2013

21                                              By:  _/s/ Doron Weinberg_____
                                                     DORON WEINBERG
22                                                   Attorneys for Defendant
                                                     CHRISTINA LIEW

23

24   Dated:  September 16, 2013

25                                              By:  _/s/ Jerry Froelich_____
                                                     JERRY FROELICH
26                                                   Attorneys for Defendant
                                                     ROBERT MAEGERLE

27

28

STIPULATION AND [~~PROPOSED~~] ORDER RE PROTECTION OF DOCUMENTS PRODUCED BY DUPONT
781030.01

1   Dated:  September 16, 2013                ASSISTANT U.S. ATTORNEY

2                                            By:  */s/ John H. Hemann*
                                                 JOHN H. HEMANN
3                                                Attorneys for Plaintiff
                                                 UNITED STATES OF AMERICA
4   Dated:  September 16, 2013                ASSISTANT U.S. ATTORNEY

5                                            By:  */s/ Peter B. Axelrod*
                                                 PETER B. AXELROD
6                                                Attorneys for Plaintiff
                                                 UNITED STATES OF AMERICA
7

8

9                               **<u>ORDER</u>**

10  Pursuant to Stipulation, IT IS SO ORDERED.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -

1

## **EXHIBIT A**

2

### **ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER**

3      I hereby acknowledge that I have received a copy of the Stipulation and Order re

4   Protection of Material Produced by E. I. du Pont de Nemours and Company Pursuant to Rule

5   17(c) Subpoena in *United States v. Liew*, *et al*, Case No. CR 11-cr-00573-JSW (NC), and that I

6   have read it, I understand it, and I agree to all of its terms.  If English is not my primary language,

7   the Stipulated Protective Order and this Acknowledgment have been translated for me.  I further

8   understand that by signing this Acknowledgment, I subject myself to the jurisdiction of the

9   United States District Court for the Northern District of California for the purpose of enforcing

10  the terms of the Stipulated Protective Order and punishing any violations thereof.

11

12

13                                                                   _____
                                                                      Name (Printed)
14

15                                                                   _____
                                                                      Signature
16                                                                   _____
                                                                      Address
17

18                                                                   _____
                                                                      Address (cont'd)
19

20  _____
    Name of Translator (if applicable)
21
    _____
22  Signature of Translator

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER RE PROTECTION OF DOCUMENTS PRODUCED BY DUPONT
781030.01