KEKER & VAN NEST LLP
STUART L. GASNER - # 164675
sgasner@kvn.com
SIMONA A. AGNOLUCCI - # 246943
sagnolucci@kvn.com
KATHERINE M. LOVETT - # 276256
klovett@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendants WALTER LIEW and
USA PERFORMANCE TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>WALTER LIEW, CHRISTINA LIEW, USA PERFORMANCE TECHNOLOGY, INC., and ROBERT MAEGERLE,<br><br>             Defendants. | Case No. CR 11-0573-JSW (NC)<br><br>**DEFENDANTS WALTER LIEW AND USAPTI'S OBJECTIONS TO DECLARATION OF PETER B. AXELROD IN SUPPORT OF SEALING CERTAIN EXHIBITS**<br><br>Place:    Courtroom 11, 19th Floor<br>Dept.:    Hon. Jeffrey S. White |

DEFENDANTS WALTER LIEW AND USAPTI'S OBJECTIONS TO DECLARATION OF
PETER B. AXELROD IN SUPPORT OF SEALING CERTAIN EXHIBITS
Case No. CR 11-0573-JSW (NC)

781001.01

1    Defendants Walter Liew and USAPTI hereby object to the Declaration of Peter B.
2  Axelrod in Support of Sealing Certain Exhibits to Agnolucci Declaration (Dkt. 440) and the
3  Declaration of Peter B. Axelrod in Support of Sealing Certain Exhibits to and Paragraphs in Blais
4  Declaration (Dkt. 441), both filed on September 12, 2013 (together, the "Axelrod Declarations").
5    The government must make a showing that "establishes" that the documents designated
6  by the government as confidential under the parties' Protective Order (or portions thereof) are
7  "privileged or protectable as a trade secret or otherwise entitled to protection under the law."
8  Civil Local Rule 79-5(a).  The Axelrod Declarations reveal that the government showed the
9  documents in question to DuPont and then relied exclusively on DuPont to decide whether the
10 documents should be filed under seal.  For example, the declaration filed at Docket No. 440 states
11 that "according to DuPont," each of the documents in question contains proprietary information
12 that is not in the public domain.  Dkt. 440.  In many cases, the government makes this assertion
13 without *any* detail as to what about the document is proprietary.  The government does not state
14 anywhere that it has an independent belief that the documents in question should be filed under
15 seal, let alone the basis for such a belief.  In no case does the government limit its sealing request
16 to the portions of the document that contain the supposedly proprietary information; it rather
17 seeks the type of blanket sealing that is prohibited by the Local Rules.  *See* Civil L. R. 79-5
18 (requiring requests to seal to "be narrowly tailored to seek sealing only of sealable material").
19   Defendants will suggest a change to the procedures for sealing documents in response to
20 the Court's directive that the parties file a Joint Status Report by September 26, 2013.  Dkt. 432.
21 In the meantime, the Court should require the government to make a greater showing supporting
22 filing under seal.  At a minimum, the government should be required to make an independent,
23 first-hand determination that a document is sealable.  Moreover, the government's requests to seal
24 documents should be limited to sealing only the portions that supposedly reveal the identified
25 secrets.

1
DEFENDANTS WALTER LIEW AND USAPTI'S OBJECTIONS TO DECLARATION OF
PETER B. AXELROD IN SUPPORT OF SEALING CERTAIN EXHIBITS
Case No. CR 11-0573-JSW (NC)

781001.01

| | |
|---|---|
| Dated: September 17, 2013 | KEKER & VAN NEST LLP |
| | By: /s/ Simona A. Agnolucci |
| | STUART L. GASNER |
| | SIMONA A. AGNOLUCCI |
| | KATHERINE M. LOVETT |
| | Attorneys for Defendants WALTER LIEW and USA PERFORMANCE TECHNOLOGY, INC. |

2
DEFENDANTS WALTER LIEW AND USAPTI'S OBJECTIONS TO DECLARATION OF
PETER B. AXELROD IN SUPPORT OF SEALING CERTAIN EXHIBITS
Case No. CR 11-0573-JSW (NC)

781001.01