IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>WALTER LIEW, CHRISTINA LIEW, ROBERT MAEGERLE, and USA PERFORMANCE TECHNOLOGY, INC.,<br><br>    Defendants.<br>_____/ | No. CR 11-00573-1 JSW<br>No. CR 11-00573-2 JSW<br>No. CR 11-00573-3 JSW<br>No. CR 11-00573-4 JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL EXHIBITS TO AGNOLUCCI DECLARATION AND GRANTING MOTION TO SEAL EXHIBITS TO BLAIS DECLARATION**<br><br>**(Docket Nos. 311 and 435)** |

This matter comes before the Court upon consideration of the motion to seal certain exhibits to the Declaration of Simona Agnolucci in Support of the Joint Motion for Bill of Particulars (Docket No. 311) and the motion to seal certain exhibits to the Declaration of Christina Blais in support of the Joint Motion to Compel an Amended Bill of Particulars (Docket No. 435.)

The Government has submitted two declarations from Peter Axelrod, that sets forth the reasons why the Government believes the documents should be sealed. Defendants Walter Liew and USA Performance Technology, Inc. ("USAPTI") object to Mr. Axelrod's declarations on the basis that the Government does not state it has an independent belief that the documents are sealable. Rather, it relies on information provided by the alleged victim in this case, E.I. du Pont de Nemours and Company ("DuPont"). Mr. Liew and USAPTI also object on the basis that the designations are overly broad.

The Court notes that several of the exhibits to the Blais Declaration are marked as proprietary information of USAPTI. However, the Government has attested based on information received from DuPont, that these documents contain information that is proprietary to DuPont. That is the crux of the dispute in this case. Accordingly, at this stage of the proceedings, the Court OVERRULES the objections, and it shall grant in part and deny in part the motions to seal as set forth below. However, given the nature of this case, the Court notes that it is only making a finding that the Government has met its burden to show the documents may be sealed. It makes no finding that the documents at issue are, or contain, trade secrets. Further, the Court reserves the right to order that the documents be unsealed at a later stage if circumstances arise that would make such an order appropriate.

Accordingly, it is HEREBY ORDERED that the motion to seal Exhibits P, Q, R, S, W and X to the Declaration of Simona Agnolucci, found at docket no. 315, are sealable, and shall be filed under seal pending further order of the Court. The Court finds that documents U, V and Y are not sealable, and the Defendants shall electronically file copy of those exhibits within five court days of the date of this Order. This disposes of the motion to seal found at docket no. 311.

It is FURTHER ORDERED that Exhibits C through H to the Declaration of Christina Blais and the drawings contained in paragraphs 4 through 9 of Ms. Blais' declaration, but not the text of those paragraphs, are sealable. Defendants shall electronically file a redacted version of the Declaration and its Exhibits within five (5) court days of the date of this Order. This disposes of the motion to seal found at docket no. 435.

**IT IS SO ORDERED.**

Dated: September 24, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2