United States District Court
For the Northern District of California

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WALTER LIEW, CHRISTINA LIEW, ROBERT MAEGERLE, and USA PERFORMANCE TECHNOLOGY, INC.,<br><br>Defendants. | No. CR 11-00573-1 JSW<br>No. CR 11-00573-2 JSW<br>No. CR 11-00573-3 JSW<br>No. CR 11-00573-4 JSW<br><br>**ORDER DENYING JOINT MOTION TO COMPEL AMENDED BILL OF PARTICULARS**<br><br>**(Docket No. 436)** |

    This matter comes before the Court upon consideration of the Joint Motion to Compel Amended Bill of Particulars filed by Defendants Walter Liew ("Mr. Liew"), Christina Liew ("Ms. Liew"), USA Performance Technology, Inc. ("USAPTI"), and Robert Maegerle ("Mr. Maegerle") (collectively "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. The Court VACATES the hearing scheduled for October 3, 2013, and it HEREBY DENIES Defendants' motion to compel an amended bill of particulars.

    The Court has previously recited the facts underlying this dispute, the issues pertaining to the Defendants' request for a bill of particulars, and the Court's decision to grant, in part, that request. (*See* Docket No. 338, Order Denying Joint Motion to Dismiss Second Superseding Indictment and/or to Strike Trade Secrets 1 and 5 and Counts 3, 5, and 8 and Granting in Part and Denying in Part Joint Motion for Bill of Particulars, dated June 11, 2013 ("June 11 Order").) Accordingly, the Court shall not restate those facts in this Order.

In the Second Superseding Indictment, the Government identified Trade Secret 1 as "[t]he DuPont chloride-route process to manufacture TiO2. Trade Secret 1 includes ways and means in which proprietary and non-proprietary components were compiled and combined by DuPont to form substantial portions of the Ti02 manufacturing process, and Trade Secrets 2 through 5 set forth below." (*Id.* ¶ 14.a.) The Court directed the Government to

> provide a bill of particulars that sets forth its theory of what Defendants reasonably believed the trade secret to be, *e.g.*, whether the United States will argue that Defendants reasonably believed the entire chloride-route process to manufacture TiO2 was a trade secret or whether it will argue the Defendants reasonably believed a subset of the process was a trade secret. If the latter, the United States, taking into account the EEA's definition of a trade secret, shall identify with particularity: (1) the "ways and means," described in paragraph 14.a; and (2) the "proprietary and non-proprietary components," described in paragraph 14.a.; (3) and the resulting compilations and combinations that formed substantial portions of the TiO2 manufacturing process.

(June 11 Order at 11:25-12:6.)

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the filing of a bill of particulars." "The bill of particular serves three functions: 'to inform the defendant of the nature of the charges with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his conviction or acquittal in bar of another prosecution for the same offense when the indictment is too vague, and indefinite for such purposes.'" *United States v. Geise*, 597 F.2d 1170, 1180-81 (9th Cir. 1979 (quoting *United States v. Birmley*, 529 F.2d 103, 108 (9th Cir. 1976)); *see also United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) ("The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense."). When a court is considering whether to order a bill of particulars, it "should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1984).

Although the Defendants argue that the Government's Bill of Particulars is not sufficiently specific, the Court concludes that it is sufficient to inform them of the Government's theory on the attempt charges in Counts 3 and 5 with sufficient precision to

enable them to prepare for trial, to minimize surprise, and to enable them "to plead [their] conviction or acquittal in bar of another prosecution for the same offense." *Geise*, 597 F.2d at 1180-81.

In addition, contrary to the Defendants' argument, they do appear to be seeking disclosure of the Government's evidentiary proof on these charges. (*See* Docket No. 436, Mot. at 6:4-7.) However, a defendant may not use a motion for a bill of particulars to obtain full discovery of the government's evidence. *Geise*, 597 F.2d at 1181 (concluding court did not abuse its discretion in denying motion for bill of particulars seeking "when, where and how" of every act in furtherance of a conspiracy, when indictment and discovery provided defendant with information sufficient to meet purposes of a bill of particulars).

Accordingly, the Court DENIES the Defendants' motion to compel an amended bill of particulars. The Court previously issued an Order with regard to exclusions of time. (*See* Docket No. 434.) The next court date that is scheduled is the placeholder date for motions on November 14, 2013. In the event all parties agree that there is time that can or should be excluded from the Speedy Trial Act calculation, they shall file a stipulation and proposed order to that effect. If the parties do not agree and any party believes there is time that can or should be excluded from the Speedy Trial Act, that party may file a motion to exclude such time.

**IT IS SO ORDERED.**

Dated: October 1, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE