KEKER & VAN NEST LLP
STUART L. GASNER - # 164675
sgasner@kvn.com
SIMONA A. AGNOLUCCI - # 246943
sagnolucci@kvn.com
KATHERINE M. LOVETT - # 276256
klovett@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:  415 397 7188

Attorneys for Defendants WALTER LIEW and
USA PERFORMANCE TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>WALTER LIEW, CHRISTINA LIEW, USA PERFORMANCE TECHNOLOGY, INC., and ROBERT MAEGERLE,<br><br>             Defendants. | Case No. CR 11-0573-JSW (NC)<br><br>**STIPULATION AND [PROPOSED] ORDER RE FED. RULE CRIM. P. 17(C) SUBPOENA**<br><br>Place:     Courtroom 11, 19th Floor<br>Dept.:     Hon. Jeffrey S. White |

The undersigned, by and through their undersigned counsel, stipulate and agree as follows:

1. On August 8, 2013, this Court granted Defendants' *Ex Parte* Application for a Rule 17(c) Subpoena. Dkt. 410.

2. On August 12, 2013, Defendants served the Rule 17(c) subpoena issued by the Court on E. I. du Pont de Nemours and Company ("DuPont"), with a return date of September 2, 2013, twenty-one days from the date of service.

3. On August 27, 2013, counsel for DuPont and defense counsel met and conferred about DuPont's efforts to locate documents responsive to the subpoena, and counsel for DuPont indicated that DuPont would be unable to fully respond to the subpoena by the return date. However, DuPont's counsel indicated that DuPont would be willing to produce documents on a rolling basis in order to expedite the Court's, the Government's, and defense counsel's review of documents responsive to the subpoena.

4. On September 10, 2013, counsel for defendants Walter Liew and USA Performance Technology, Inc. ("USAPTI") and counsel for DuPont filed a Stipulation and [Proposed] Order re Fed. Rule Crim P.17(c) Subpoena (Dkt. 439) advising the Court as to the status of DuPont's response to the subpoena. The parties to that stipulation also represented that they would update the Court further on September 23, 2013. The Court signed this Order, as modified, on September 23, 2013. Dkt. 451.

5. On September 13, 2013, counsel for Walter Liew and USAPTI met and conferred further with counsel for DuPont. Counsel for DuPont represented that DuPont would produce to the Court its first set of documents responsive to categories E.1 and E.2 of the subpoena upon the entry of a mutually agreeable protective order. They also updated defendants regarding procedures DuPont has implemented to collect and review documents potentially responsive to the remaining categories set forth in the subpoena.

6. On September 16, 2013, the parties filed a Stipulation and [Proposed] Order re Protection of Material Produced by E. I. Du Pont de Nemours and Company Pursuant to Rule

17(c) Subpoena. Dkt. 445.  The following day, Magistrate Judge Cousins signed the protective order and DuPont produced its first set of responsive documents.  Dkt. 446.

7. Defendants and DuPont continue to work in good faith to identify and produce documents in response to the subpoena.  Pursuant to their most recent meet-and-confer discussion, defense counsel and counsel for DuPont have agreed that DuPont will update defendants again on or about October 10, 2013, regarding the status of DuPont's efforts.  Accordingly, defendants and DuPont stipulate that DuPont should be granted an extension until October 18, 2013, to allow DuPont to further:  1) collect and review documents; 2) determine the expense and burden associated with producing the categories of documents enumerated in the subpoena; 3) meet and confer with defense counsel regarding whether certain requests can be modified to allow for expedited production.  By October 18, defendants and DuPont will update the Court regarding the status of DuPont's efforts and determine whether further extensions of time are required.

8. By entering into this stipulation, DuPont in no way waives, but rather expressly reserves, its right to move to quash those categories of documents that it determines are overly broad, would require an undue burden to locate and produce, or otherwise fail to satisfy the standards set forth in *United States v. Nixon.*

9. Likewise, by entering into this stipulation, defendants in no way waive, but rather expressly reserve, their right to move to compel DuPont's compliance with the Rule 17(c) subpoena.

10. Consistent with the expressed preference of the Court (Dkt. 451), DuPont will produce bates numbered copies of the documents to the Court in electronic format.

**IT IS SO STIPULATED.**

Dated:  October 4, 2013                                 KEKER & VAN NEST LLP

                                                        By:  */s/ Stuart L. Gasner*
                                                             STUART L. GASNER
                                                             SIMONA A. AGNOLUCCI
                                                             KATHERINE M. LOVETT

                                                             Attorneys for Defendants WALTER LIEW and
                                                             USA PERFORMANCE TECHNOLOGY, INC.

Dated: October 4, 2013　　　　　　　　　　　　GLYNN & FINLEY

　　　　　　　　　　　　　　　　　　By:　*/s/ Clement S. Glynn*
　　　　　　　　　　　　　　　　　　　　　CLEMENT GLYNN
　　　　　　　　　　　　　　　　　　　　　MORGAN LOPEZ
　　　　　　　　　　　　　　　　　　　　　Attorneys for E. I. DU PONT DE NEMOURS
　　　　　　　　　　　　　　　　　　　　　AND COMPANY

### [~~PROPOSED~~] ORDER

Based on the foregoing stipulation, IT IS HEREBY ORDERED that the deadline for DuPont's response to the Rule 17(c) subpoena is continued to October 18, 2013. Defendants and DuPont shall update the Court by no later than that date regarding the status of DuPont's response.

**IT IS SO ORDERED.**

Dated: October 7, 2013　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　JEFFREY S. WHITE
　　　　　　　　　　　　　　　　　　　　　United States District Judge