**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-00573-1 JSW |
| | No. CR 11-00573-3 JSW |
| Plaintiff, | No. CR 11-00573-4 JSW |
| v. | **ORDER ON EXPEDITED MOTION TO COMPEL RETURN OF DOCUMENTS** |
| WALTER LIEW, ROBERT J. MAEGERLE, and USA PERFORMANCE TECHNOLOGY, INC., | |
| | **(Docket No. 707)** |
| Defendant. | |

This matter comes before the Court upon consideration of the expedited motion to compel return of documents filed by Mr. Jian Liu, a witness in this matter. This issue arose because Defendant Walter Liew marked as trial exhibits a series of emails and email strings between Mr. Liu and Marc N. Bernstein, Mr. Liu's counsel in *E.I. du Pont de Nemours & Co. v. USA Performance Technology, Inc., et al.*, 11-CV-1665-JSW (hereinafter the "Bernstein emails").[1] (Docket No. 706, Declaration of Marc N. Bernstein ("Bernstein Decl."), ¶ 3).)[2]

According to the record, these documents were produced to the Defendants on or about July 3, 2012, during discovery. The Government attests that the production was inadvertent, and it attests that it immediately notified Mr. Liu's counsel in these proceedings once it became aware of the issue. (Docket No. 708, Declaration of John Hemann ("Hemann Decl."), ¶¶ 6-7.)

---

[1] The trial exhibits at issue are exhibits 3397, 3404, 3493, 3494, 3495, 3946, and 3498. The Court ORDERS that a complete set of these emails shall be marked as Court Exhibit 1, filed under seal, and preserved for the record in the event of any appeal.

[2] Some of the email strings contain emails between Mr. Bernstein and DuPont's counsel. Mr. Liu does not contend those portions of the email strings are privileged.

1   Mr. Liu asserts that Bernstein emails are privileged and that he has not waived the privilege.
2   Mr. Liew argues that the Bernstein emails are not covered by the attorney-client privilege and,
3   even if they were, the privilege has been waived. For the reasons set forth herein, the Court
4   concludes that Mr. Liu has met his burden to show the communications are privileged and that
5   he has not waived the privilege.

6   The Ninth Circuit has set forth an eight-part test to determine if documents are covered
7   by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself for by the legal adviser, (8) unless the protection be waived.

11  *United States v. Ruehle*, 583 F.3d 600, 607-08 (9th Cir. 2009) (citations omitted).[3] The Ninth
12  Circuit has noted that because the privilege "impedes full and free discovery of the truth, the
13  attorney-client privilege is strictly construed." *Weil v. Inv./ Indicators, Research & Mgmt., Inc.*
14  647 F.2d 18, 24 (9th Cir. 1981). At the same time, it has acknowledged that "hard cases should
15  be resolved in favor of the privilege, not in favor of disclosure." *United States v. Mett*, 178 F.3d
16  1058, 1065 (9th Cir. 1999).

17  Courts have recognized that the privilege will be applied where the primary or
18  predominant purpose of the communications is to seek legal advice or consultation. *See, e.g.,*
19  *United States v. Salyer*, 853 F. Supp. 2d 1014, 1018 (E.D. Cal. 2012) (citing cases); *see also*
20  *Guideville Rancheria of California v. United States*, 2013 WL 6571945, at *2 (N.D. Cal. Dec.
21  13, 2013) (noting that communications protected by the privilege may include not only requests
22  for and the provision of legal advice, but also "facts divulged by a client to his attorney in order
23  to put the attorney in a position to render legal advice, ... and correspondence or statements
24  from the attorney that reveal the motive of the client in seeking representation, litigation
25  strategy, or the specific nature of the services provided").

---

[3] It is undisputed that Mr. Bernstein is a legal professional and that Mr. Liu consulted him in that capacity. Thus, the second element of the *Ruehle* test is satisfied.

2

Exhibit 3404 contains an email that is clearly marked "Confidential Attorney-Client Communication and Work Product," and the substance of that email contains Mr. Bernstein's advice to Mr. Liu regarding the civil case. Indeed, Walter Liew does not provide a convincing argument to the contrary. Having considered the parties' arguments on the remainder of the Bernstein emails, the Court concludes that the communications at issue were made in confidence and provide facts that would assist Mr. Bernstein in providing further legal advice, provide context for the parties' legal strategy, or request further information and advice on how to proceed.

Walter Liew does not dispute the fact that the disclosure of the Bernstein emails was inadvertent. However, "Inadvertent disclosure can ... result in a waiver of the privilege." *Gomez v. Vernon*, 255 F.3d 1118, 1132 (9th Cir. 2001). In such cases, "the privilege will be preserved if the privilege holder has made efforts reasonably designed to protect the privilege[.]" *Id.* at 1133 (internal quotations and citations omitted). Although Walter Liew argues that reasonable efforts were not taken to protect Mr. Liu's privilege, he focuses on what actions the Government took. The Government does not hold the privilege; Mr. Liu does. Walter Liew does not argue or provide any evidence that he notified Mr. Liu or Mr. Bernstein that the Government had produced these documents. Rather, the record before the Court demonstrates that Mr. Liu learned of the production on or about January 25, 2014 and promptly filed the instant motion. On these facts, the Court concludes that Mr. Liu has met his burden to show he did not waive the privilege.

The Court concludes that the Bernstein emails are privileged and that the privilege has not been waived. That is not to say Walter Liew is precluded from inquiring into the facts that he seeks to elicit from Mr. Liu. Indeed, Mr. Liu concedes that certain underlying facts would not be covered by the privilege. (*See* Reply at 7:19-21, 7:26-8:2.) The Court simply holds that, at this stage, the Bernstein emails shall not be admitted or used on cross-examination unless and until Walter Liew makes a sufficient showing that precluding him from using the Bernstein emails would violate his rights under the Sixth Amendment.

The Court ORDERS Mr. Liu's counsel, Mary McNamara, to be present for his testimony. Once Mr. Liu testifies on direct, Defendants shall conduct their cross-examination without introducing the Bernstein emails. If the Defendants reach a point where they believe that the emails are necessary to either present a full and complete defense or to effectively cross-examine Mr. Liu, they shall ask for a sidebar. At sidebar, Defendants shall be prepared to argue which of the Bernstein emails they believe must be presented to the jury and why their Sixth Amendment rights outweigh the privilege. Defendants should also be prepared to address any other evidentiary objections that might be raised to the admissibility of the proposed exhibits.

**IT IS SO ORDERED.**

Dated: January 31, 2014



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4