**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-00573-1 JSW |
| Plaintiff, | **ORDER RE GOVERNMENT RENEWED DAUBERT MOTIONS REGARDING KLEIN** |
| v. | |
| WALTER LIEW, | |
| Defendant. | |

This matters comes before the Court upon consideration of the Government's renewed motion to exclude expert testimony from Professor Klein. Prior to trial, the Government moved to exclude Professor Klein's testimony that, for tax purposes, USAPTI's and Performance Group's gross income would not include sums that were the property of partnerships or joint ventures, on the basis that this opinion was unsupported by facts. Mr. Liew argues that there are now sufficient facts in the record to support this testimony, based on Trial Exhibit ("TX") 3749 and a factual proffer made during a hearing held on February 7, 2014.

At that hearing, Mr. Liew, through counsel, proffered that on the evening of February 6, 2014, counsel for Mr. Liew, Mr. Liew, his wife, Professor Klein and a certified interpreter held a telephone conference with Mr. Ning Qiao, the other signatory to TX 3749, who was located in China. Mr. Qiao is Mrs. Liew's brother. During that conversation, Mr. Qiao provided certain details regarding TX 3749, and stated it pertained to the 30K MPTY project. Mr. Qiao also stated that he, Mr. Liew and other unspecified investors had a similar, but unwritten agreement, with respect to the 100K MPTY project. Mr. Qiao is not willing to testify at trial or to

1 participate in a deposition.

2 Mr. Liew argues that Professor Klein should be permitted to rely on TX 3749 and the telephone conference with Mr. Qiao, to explain the basis for his opinion relating to the accounting and tax-related consequences of a joint venture agreement. (*See, e.g.,* Docket No. 517 (Liew Opp. Br. to Gov. Mot. to Exclude Klein and Cox at 7:15-19).)

Under Federal Rule of Evidence 702, "[a] witness who is qualified as an expert by knowledge, skill experience, training, or education may testify in the form of an opinion or otherwise if," *inter alia*, "the testimony is the product of reliable principles and methods." Fed. R. Evid. 702. Under Rule 703, "an expert may base an opinion on facts or data in the case that the expert has been made aware of.... If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted."

It is well established that a court has a "gatekeeping function" to determine that proposed expert testimony, whether it is based on scientific, technical or other "specialized knowledge," is both relevant and reliable. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993); *Estate of Barbarin v. Ashten-Johnson, Inc.*, – F.3d –, 2014 WL 129884, at *4 (9th Cir. Jan. 15, 2014).[1]

There is authority to support a conclusion that it is reasonable for an expert to rely on statements of others to form opinions. For example, courts have found that it is reasonable for experts in the field of accounting to rely on conversations with a defendant's employees. *See, e.g., Local 159 v. Nor-Cal Plumbing, Inc.*, 183 F.3d 473, 1999 WL 547400, at *8 (9th Cir. July 27, 1999) (noting that "there is authority for accountants relying on lay witnesses in forming their opinions and relying them at trial) (citing cases); *United States v. Affleck*, 776 F.2d 1451,

---

[1] This inquiry is a "flexible" one, and the Court may consider such factors as whether the specialized knowledge or scientific or technical theory or technique: (1) can be or has been tested; (2) has been subjected to peer review or publication; (3) is subject to generally applicable standards or known error rates; and (4) is "generally accepted" in the field of expertise. *Kumho*, 526 U.S. at 151; *Daubert*, 509 U.S. at 592-94; *see also United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000.)

2

1457 (10th Cir. 1985); *Dukes v. Wal-Mart Stores, Inc.*, 222 F.R.D. 189, 197-98 (N.D. Cal. 2004).

In the *Dukes* case, the court addressed an expert's reliance on a survey to form an opinion. The survey had been developed, prepared and administered by counsel, and the survey participants knew the surveys were being used for purposes the litigation. The defendant's expert acknowledged that "having the attorneys conduct the survey was not a good idea," because it would be difficult to elicit neutral information in such a circumstance. *Id.* at 197. The *Dukes* court acknowledged the general principle that experts may rely on "the statements of others." However, it concluded that "it is only 'reasonable' for an expert to rely on the statements of others if the statements or declarations were collected through methods calculated to elicit reliable information." *Id.* at 197-78. The court distinguished the *Affleck* case on the basis that, in that case and others, an expert conducted the interviews of an agent of the party. *Dukes*, 222 F.R.D. at 197-98. The court noted that none of the cases on which the defendants had relied permitted an "expert to rely on responses to questionnaires designed and administered by the party's counsel during litigation." *Id.* at 198. On those facts, the court concluded it was not reasonable for the expert to have relied on the survey participant's responses, and it struck the references to those responses from the expert's declaration.

In general, it would be reasonable for an expert in Professor Klein's field to rely on an examination of the books and records of a company to form his or her opinion. In addition, it might well be reasonable for an expert in the fields of accounting or tax to rely on interviews to obtain additional information where financial records are incomplete. *See, e.g., Affleck*, 776 F.2d at 1458. The Court, however, considers the circumstances surrounding this particular interview, as well as TX 3749, to determine if they are the type of information that would be reasonably relied on by experts in Professor Klein's field. For the reasons previously stated, the Court was not persuaded that Mr. Liew laid a sufficient foundation to establish that TX 3749 was what Mr. Liew purported it to be. The factual proffer regarding the telephone conference is not sufficient to alter that conclusion.

Moreover, although this case does not involve a survey, the circumstances surrounding the conversation with Mr. Qiao are similar to the circumstances under which the surveys were administered in *Dukes*. First, Professor Klein did not conduct this interview in an entirely neutral setting and outside the presence of counsel. Indeed, not only were Mr. Liew's counsel present, both Mr. Liew and Mrs. Liew, Mr. Qiao's sister, were present for the telephone conference. Second, it was conducted well after trial had begun, in the midst of testimony, and the record suggests that Mr. Qiao was well aware of that fact. In light of these facts and circumstances, the Court concludes that the interview was not conducted by a "method[] calculated to elicit reliable information." *Dukes*, 222 F.R.D. at 198. Thus, the Court concludes that this is not the type of information on which experts in this field would reasonably rely to form an opinion.

Moreover, even if the Court could find that it would be reasonable for an expert to have relied on this type of inadmissible hearsay, the Court still would not permit Professor Klein to testify about TX 3749 or the facts set forth in the interview. "[I]f the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury *only* if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703 (emphasis added). As noted at the hearing, the Government has not had the opportunity to speak with Mr. Qiao about the matters disclosed to Professor Klein in the course of the February 6 telephone conference. It also represented that it could not have interviewed Mr. Qiao without going through official channels. Moreover, as is evident from the Court's colloquy with counsel relating to TX 3749, the authenticity, relevance and reliability of the exhibit are seriously disputed in this case. The Court concludes that the probative value of this information does not substantially outweigh its prejudicial effect.

//
//
//
//
//

4

Case 4:11-cr-00573-JSW   Document 750   Filed 02/07/14   Page 5 of 5

The Court shall not exclude Professor Klein from testifying. However, for the reasons set forth in this Order, the Court concludes that Professor Klein does not have a sufficient foundation to opine that USAPTI's and Performance Group's gross income would not include sums that were the property of partnerships or joint ventures, and he shall not be permitted to offer that opinion to the jury.

**IT IS SO ORDERED.**

Dated: February 7, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5