MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

JOHN H. HEMANN (CABN 165823)
PETER B. AXELROD (CABN 190843)
Assistant United States Attorneys

RICHARD S. SCOTT (DCBN 502455)
Trial Attorney, National Security Division

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    john.hemann@usdoj.gov
    peter.axelrod@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 11-0573 JSW |
| Plaintiff, | GOVERNMENT'S TRIAL MEMORANDUM REGARDING PROPOSED DEFENSE THEORY OF THE CASE INSTRUCTIONS |
| v. | |
| WALTER LIEW, USA PERFORMANCE TECHNOLOGY, INC., AND ROBERT MAEGERLE, | |
| Defendants. | |

The United States objects to the defense theory of the case instructions suggested by the defendants. A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence. *United States v. Lopez,* 885 F.2d 1428, 1434 (9th Cir.1989). A failure to give such instruction is reversible error; but it is not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions, in their

GOVT. TRIAL MEM. RE: DEFENSE THEORY
CR 11-0573 JSW

entirety, adequately cover that defense theory. *United States v. Mason*, 902 F.2d 1434, 1438 (9th Cir. 1990).

### A. Robert Maegerle

Maegerle's proposed instruction is directly contrary to *United States v. Shipsey*, 363 F.3d 962, 967-68 (9th Cir. 2004). *Shipsey* says:

Our case law is well settled that a criminal defendant has 'no right' to *any* good faith instruction when the jury has been adequately instructed with regard to the intent required to be found guilty of the crime charged, notwithstanding the normal rules governing 'theory of the defense' requests." *Id.* at 367 (citing five Ninth Circuit cases on point).

In his proposal to the government, Maegerle proposes an instruction that says simply that he "had a good faith belief that the information he provided to Walter Liew and USAPTI did not contain trade secrets. If you find that Defendant Maegerle acted in good faith, you must acquit him."

This instruction is precisely the instruction that the Court stated it would not give. It does no more than use the term "good faith," which is not mentioned in any of the statutes charged in this case. The specific intent instructions provided by the Court in connection with the charges are more than adequate to advise the jury of the law.

### B. Walter Liew

The government also objects to the defense instruction proposed by Walter Liew.

Liew proposed the following to the government:

USAPTI and Walter Liew contend that they entered into commercial contracts to provide engineering services to Chinese companies for their 30K and 100K titanium dioxide projects. In performing these engineering services, USAPTI and Mr. Liew received designs and information from Robert Maegerle. Mr. Liew relied upon Mr. Maegerle's judgment and experience as to what Mr. Maegerle could disclose based on his many years of work at Dupont.

The government objects to this proposal for the following reasons:

(1) We object to the third sentence because it is not supported by the evidence. There is no evidence as to what Mr. Maegerle communicated to Mr. Liew regarding "what Mr. Maegerle

GOVT. TRIAL MEM. RE: DEFENSE THEORY
CR 11-0573 JSW

could disclose based on his many years of work at DuPont." There no evidence that Liew believed that Maegerle was free to provide DuPont proprietary information to him or USAPTI. Liew relies *entirely* on two documents, Exhibits 694 and 1008. There is no contextual or corroborating evidence. There is no evidence that Liew wrote or read these documents. These documents concern only the ability of Maegerle to work after he left DuPont – neither says that he was permitted to share confidential or proprietary information or that he communicated such a thought to Liew. All of Liew's own confidentiality agreements with his employees make clear that individuals may never share confidential or proprietary information after they leave their employment. In sum, there is not an adequate factual basis for this instruction and the Court would give it an inappropriate imprimatur by including it in the jury instructions.

(2) The third sentence runs into precisely the problem identified by *Shipsey*, which is a comment on the defendant's good faith belief covered by the other instructions regarding specific intent. The proposed instruction is a stealth good faith instruction and should be treated as such.

(3) Counts 6, 7, and 9 do not involve information provided to Liew by Maegerle, so these counts should not be included.[1]

(4) Counts 1, 2, 3, and 5 are broader than just that which Maegerle may have provided to Liew and thus should be limited.

(5) The entire instruction, as drafted, is far more specific than a jury instruction should be. Jury instructions should focus on elements and should not discuss particular evidence. None of the other instructions focus on particular evidence. The focus suggested by Liew on particular evidence would make this instruction different than any of the other instructions and is thus inappropriate.

---

[1] Defendants have indicated that they may change their proposal to reflect this objection.

GOVT. TRIAL MEM. RE: DEFENSE THEORY
CR 11-0573 JSW

**C. Preamble**

If the Court gives any theory of the defense instruction, the government requests the following preamble:

> Defendants have requested that the Court give the following summary of their defense. This summary is provided by defendants, not the Court. The Court is relating it to you, but expresses no opinion on the merits or facts of this defense. It is not the role of the Court to comment on the facts and the Court's summary of the defense theory should not be considered either approval or disapproval of that theory.

The preambles proposed by the defense do not adequately distance the Court from the theories presented by the defense.

Respectfully submitted,

MELINDA HAAG
United States Attorney

JOHN H. HEMANN
PETER B. AXELROD
Assistant United States Attorneys

RICHARD S. SCOTT
Trial Attorney

GOVT. TRIAL MEM. RE: DEFENSE THEORY
CR 11-0573 JSW