**Volume 27**

**Pages 4704 - 4726**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jeffrey S. White, Judge

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )
  VS.                              )          NO. CR 11-00573 JSW
                                   )
WALTER LIEW; ROBERT MAEGERLE;      )
and USA PERFORMANCE TECHNOLOGY,)
INC.,                              )
                                   )
          Defendants.              )
_____)
                                   San Francisco, California
                                   Wednesday, March 5, 2014

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**
For Plaintiff:

                         MELINDA HAAG
                         United States Attorney
                         450 Golden Gate Avenue
                         San Francisco, California  94102
                    **BY:  PETE AXELROD**
                         **JOHN H. HEMANN**
                         **ASSISTANT UNITED STATES ATTORNEYS**

                         U.S. DEPARTMENT OF JUSTICE
                         600 E Street NW
                         Washington, D.C.  20044
                    **BY:  RICHARD S. SCOTT**
                         **ASSISTANT U.S. ATTORNEY**


              **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Reported by:  Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
              Official Reporter

 1  **APPEARANCES**:  **(CONTINUED)**

 2  For Defendant Walter Liew and USA Performance Technology, Inc.:
                         KEKER & VAN NEST LLP
 3                       633 Battery Street
                         San Francisco, California  94111
 4               **BY:  STUART L. GASNER**
                       **SIMONA A. AGNOLUCCI**
 5                     **KATHERINE M. LOVETT**
                       **CHRISTINA BLAIS**
 6                     **ATTORNEYS AT LAW**

 7  For Defendant Robert J. Maegerle:
                         MCKENNEY & FROELICH
 8                       1349 West Peachtree Street
                         Two Midtown Plaza - Suite 1250
 9                       Atlanta, Georgia  30309
              **BY:  JEROME J. FROELICH, JR.**
10                    **ATTORNEY AT LAW**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4706

1          **I N D E X**

2    Wednesday, March 5, 2014

3                                                      **PAGE**  **VOL.**

4    Verdict                                           4708   27

PROCEEDINGS

1   **Wednesday - March 5, 2014**                                    **9:46 a.m.**

2                        **P R O C E E D I N G S**

3                             **---oOo---**

4        (Proceedings were heard out of the presence of the jury:)

5            **THE COURT:**  Good morning, everybody.

6        Please call the case.

7            **THE CLERK:**  Calling Case Number CR-11-573, United

8    States versus Walter Liew, United States versus Robert

9    Maegerle, and United States versus USAPTI.

10       Counsel, please state your appearances.

11           **MR. HEMANN:**  Good morning, Your Honor.  John Hemann,

12   Pete Axelrod, and Richard Scott for the United States.

13           **THE COURT:**  Good morning.

14           **MR. GASNER:**  Good morning, Your Honor.  Stuart Gasner,

15   Simona Agnolucci, and Katie Lovett for defendants USAPTI and

16   Walter Liew who is present.

17           **MR. FROELICH:**  Your Honor, Jerry Froelich for

18   Mr. Maegerle who's standing next to me here in court.

19           **THE COURT:**  Good morning.  Everybody can be seated.

20       The Court has been notified that the jury has reached a

21   verdict.  What I plan on doing is taking the verdict and then

22   taking a short recess to give everybody a chance to catch their

23   breath; and then if there are any motions or scheduling

24   requests, I will entertain those after the short break that we

25   take.

1     So let's bring in the jury.

2        (Proceedings were heard in the presence of the jury:)

3        **THE COURT:**  Please be seated.

4     Good morning, ladies and gentlemen.

5        I understand that the jury has reached a verdict; is that

6  correct?

7        **ALL:**  Yes.

8        **THE COURT:**  Who is your foreperson?

9              (Juror Number 1 raises hand.)

10       **THE COURT:**  All right.  Would you please hand the

11  verdict form to the courtroom deputy?

12              (Pause in proceedings.)

13       **THE COURT:**  All right.  Madam Clerk, would you please

14  read the verdict?

15       **THE CLERK:**  Yes.

16                    **<u>VERDICT</u>**

17       **THE CLERK:**  United States District Court,

18  Northern District of California; United States of America,

19  plaintiff, versus Walter Liew, Robert Maegerle,

20  USA Performance Technology, Inc., defendants; Case

21  Number 11-CR-00573 JSW, Defendants 1, 3, and 4.

22       Verdict form:

23       Count 1, conspiracy to commit economic espionage in

24  violation of 18 U.S.C., Section 1831(a)(5):

25       We find the defendant, Walter Liew, guilty.

1    We find the defendant USA Performance Technology, Inc.,

2 guilty.

3    Count 2, conspiracy to commit theft of trade secrets in

4 violation of 18 U.S.C., Section 1832(a)(5):

5    We find the defendant Walter Liew guilty.

6    We find the defendant Robert Maegerle guilty.

7    We find the defendant USAPTI guilty.

8    Count 3, attempted economic espionage in violation of

9 18 U.S.C., Section 1832(a)(2) and (4):

10    We find the defendant Walter Liew guilty.

11    We find the defendant USAPTI guilty.

12    Count 5, attempted theft of trade secrets in violation of

13 18 U.S.C., Section 1831(a)(2) and (4):

14    We find the defendant Walter Liew guilty.

15    We find the defendant Robert Maegerle guilty.

16    We find the defendant USAPTI guilty.

17    Count 6, possession of trade secrets in violation of

18 18 U.S.C., Section 1832(a)(3):

19    We find the defendant Robert Liew guilty.

20    We find the defendant USAPTI guilty.

21    Count 7, possession of trade secrets in violation of

22 18 U.S.C., Section 1832(a)(3):

23    We find the defendant Walter Liew guilty.

24    We find the defendant USAPTI guilty.

25    Count 8, conveying trade secrets in violation of

1    18 U.S.C., Section 1832(a)(2):

2         We find the defendant Walter Liew guilty.

3         We find the defendant Robert Maegerle guilty.

4         We find the defendant USAPTI guilty.

5         Count 9, possession of trade secrets in violation of

6    18 U.S.C., Section 1832(a)(3):

7         We find the defendant Walter Liew guilty.

8         We find the defendant USAPTI guilty.

9         Count 10, conspiracy to tamper with witnesses and evidence

10   in violation of 18 U.S.C., Section 1512(k):

11        We find the defendant Walter Liew guilty.

12        We find the defendant Robert Maegerle guilty.

13        We find the defendant USAPTI guilty.

14        Count 11, witness tampering in violation of 18 U.S.C.,

15   Section 1512(b)(1):

16        We find the defendant Walter Liew guilty.

17        Count 13, conspiracy to tamper with evidence in violation

18   of 18 U.S.C., Section 1512(k):

19        We find the defendant Walter Liew guilty.

20        Count 14, false statement to the Federal Bureau of

21   Investigation in violation of 18 U.S.C., Section 1001(a)(2):

22        We find the defendant Walter Liew guilty.

23        Count 15, filing false tax return in violation of

24   26 U.S.C., Section 7206(1):

25        We find the Defendant Walter Liew guilty.

4711

1      Count 16, filing false tax return in violation of

2 26 U.S.C., Section 7206(1):

3     We find the defendant Walter Liew guilty.

4      Count 17, filing false tax return in violation of

5 26 U.S.C., Section 7206(1):

6     We find the Defendant Walter Liew guilty.

7      Count 18, filing false tax return in violation of

8 26 U.S.C., Section 7206(1):

9     We find the defendant Walter Liew guilty.

10      Count 19, filing false tax return in violation of

11 26 U.S.C., Section 7206(1):

12     We find the defendant Walter Liew guilty.

13      Count 20, false statements in bankruptcy proceedings in

14 violation of 18 U.S.C., Section 1523:

15     We find the defendant Walter Liew guilty.

16      Count 21, false statements in bankruptcy proceedings in

17 violation of 18 U.S.C., Section 1523:

18     We find the defendant Walter Liew guilty.

19      Count 22, false oath in bankruptcy proceedings in

20 violation of 18 U.S.C., Section 1522:

21     We find the defendant Walter Liew guilty.

22      Dated March 5th, 2014, Lindsay -- I'm sorry -- Lisa

23 DuPont, Foreperson.

24        **THE COURT:** All right.  Mr. Gasner, do you wish to

25 have the jury polled?

1          **MR. GASNER:**  Yes, Your Honor, please.

2          **THE COURT:**  All right.  So what that means, ladies and

3     gentlemen, is, when the jury is polled, the Court addresses

4     each juror and asks them specifically and individually whether

5     the verdict that was just announced by the courtroom deputy

6     clerk is their verdict.

7          So I'll ask Juror Number 1, Ms. DuPont, to please rise.

8     Having just heard the jury verdicts read, is that your verdict

9     as well?

10          **JUROR NUMBER 1:**  It is, Your Honor.

11          **THE COURT:**  All right.  Juror Number 2, Ms. Guthrie,

12     having heard the verdict that was just read, is that your

13     verdict as well?

14          **JUROR NUMBER 2:**  Yes, it is.

15          **THE COURT:**  Juror Number 3, Mr. Wimer, having heard

16     the verdict read, is that your verdict as well?

17          **JUROR NUMBER 3:**  Yes, Your Honor.

18          **THE COURT:**  Juror Number 4, Ms. Sison, having heard

19     the verdict of the jury, is that your verdict as well?

20          **JUROR NUMBER 4:**  Yes, Your Honor.

21          **THE COURT:**  Juror Number 7, Mr. Xavier, having heard

22     the verdict read, is that your verdict as well?

23          **JUROR NUMBER 7:**  Yes, Your Honor.

24          **THE COURT:**  Thank you.

25          Ms. Goodenough, having heard the verdict of the jury read,

1    is that your verdict as well?

2              **JUROR NO. 8:**  Yes, it is, Your Honor.

3              **THE COURT:**  Thank you.

4        Juror Number 9, Ms. Mullen, having heard the verdict of

5    the jury read, is that your verdict as well?

6              **JUROR NO. 9:**  Yes, it is, Your Honor.

7              **THE COURT:**  Ms. Flynn, having heard the verdict of the

8    jury read, is that your verdict as well?

9              **JUROR NO. 10:**  Yes, Your Honor.

10             **THE COURT:**  Thank you.

11       Mr. Young, having heard the verdict of the jury read, is

12   that your verdict as well?

13             **JUROR NO. 12:**  Yes, Your Honor.

14             **THE COURT:**  All right.  Thank you.

15       Ms. Parette, having heard the verdict of the jury that was

16   read, is that your verdict as well?

17             **JUROR NO. 13:**  Yes, Your Honor.

18             **THE COURT:**  Thank you.

19       Ms. Mizuhara, having heard the verdict of the jury, is

20   that your verdict as well?

21             **JUROR NO. 14:**  Yes, Your Honor.

22             **THE COURT:**  Mr. Birak, Juror Number 16, having heard

23   the verdict of the jury, is that your verdict as well?

24             **JUROR NO. 16:**  Yes, Your Honor.

25             **THE COURT:**  All right.  Thank you very much.

1        The Court hereby orders that the verdict be recorded.

2        And at this point, ladies and gentlemen, I'm going to

3   discharge you.  And the Court does not comment on a verdict in

4   terms of its opinion because, as I told you at the beginning,

5   you have a unique status as the finders of fact in this case

6   and, so, it's not up to this Court to make that decision.  It's

7   up to you, and you've done your duty.

8        I will comment, however, that in many years of both as a

9   trial lawyer and as a trial judge, I don't think I have found a

10  more diligent jury in terms of punctuality.  You didn't miss

11  one day.  We missed a week because of the Court, but we didn't

12  miss any time, not even one minute, because of you folks, and

13  that includes the alternates as well.  You were here.  You were

14  incredibly engaged, alert, and you really were fully involved

15  in the process.

16       And at the beginning of the trial when I gave you my

17  Fourth of July speech, I told you how important jury service

18  is.  It's one of the most important duties and rights that

19  citizens have.  Second would be voting, but I think being on a

20  jury is more important because it brings justice close to the

21  people.

22       And you all have discharged your duty with great purpose

23  and great diligence, and the Court thanks you for your service

24  and hope that, as I promised you at the beginning, you've

25  learned something by being involved in this process and that

1   you can promulgate -- tell people in the community what it's

2   like to serve on a jury and how important the service is.

3       So with your discharge, you are now free, like any other

4   citizen, to go about your lives in terms of doing research, in

5   talking about the case with others, and telling people about

6   the case.

7       The only thing I would suggest that you not do is discuss

8   with anybody the deliberations, what went on in the

9   deliberation room, because that is uniquely within your

10  province; and by law, jurors are -- the Court may not consider

11  as evidence in any further proceedings what happens in your

12  deliberations.  So I would just simply suggest that you refrain

13  from discussing the substance of your deliberations; but any

14  other aspect of the trial or anything about it or the people

15  involved, even about me, you're free to talk about that because

16  you're discharged now.

17      So please take your personal belongings.  The Court and

18  the parties thank you, and best of luck to all of you in the

19  rest of your endeavors.

20              (Jury discharged at 10:00 a.m.)

21      (Proceedings were heard out of the presence of the jury:)

22          **THE COURT:**  So we'll now take a 15-minute recess, and

23  then I will reconvene for discussion of any posttrial matters.

24          **MR. HEMANN:**  Thank you, Your Honor.

25              (Recess taken at 10:00 a.m.)

**PROCEEDINGS**

 1              (Proceedings resumed at 10:30 a.m.)

 2        (Proceedings were heard out of the presence of the jury:)

 3              **THE COURT:**  All right.  We're back in session.

 4        Are there any matters that the Government wishes to bring

 5   up this morning?

 6              **MR. HEMANN:**  Well, yes, Your Honor.  In terms of

 7   sentencing, we'd like to, obviously, set a sentencing date; and

 8   we'd also move to remand Mr. Liew pursuant to 18 U.S.C.,

 9   Section 3143(a).

10              **THE COURT:**  All right.  Mr. Gasner?

11              **MR. GASNER:**  Your Honor, we talked with the court

12   clerk about June 10 as a potential sentencing date, and we

13   think that would work.

14        In terms of remand, we would ask the Court to continue the

15   current conditions of bail.  This is a situation in which the

16   Court has determined Mr. Liew was not a flight risk previously.

17        We've been well aware of the possibility of guilty

18   verdicts in this case; and the fact that the jury has come back

19   with guilty verdicts, I think Mr. Liew, because of his prior

20   incarceration, he's had plenty of time to consider the risk of

21   guilty verdicts; and the fact that that's come to pass, I

22   think, doesn't really change his flight risk situation.

23        He's been very good about maintaining his conditions of

24   release.  The GPS and other conditions we think would be

25   adequate.

1    And our Rule 29 motion, of course, remains pending.  We

2  think there are a variety of important issues in this case, and

3  I think it is not -- none of the offenses are within 3143(b).

4  So I think the Court can find that Mr. Liew is not a flight

5  risk and can maintain the current conditions of release.  So we

6  would ask that the Court do so.

7    **THE COURT:**  All right.  You would agree, however, that

8  the defendant has the burden on this now that the verdict has

9  been recorded; correct?

10    **MR. GASNER:**  I believe so.

11    And if the Court is inclined otherwise, we would ask to

12  brief the issue; but I think the Court has got a deep

13  understanding of the facts of this case and our defenses and

14  the situation, and I think has had an opportunity to observe

15  Mr. Liew throughout the trial.  And, so, our hope would be that

16  the Court would find that we've met our burden of showing that

17  he's not a flight risk at this juncture.

18    **THE COURT:**  All right.  Mr. Hemann?

19    **MR. HEMANN:**  Your Honor, I do not believe that the

20  Defense can meet a clear-and-convincing burden that the

21  defendant is not likely to flee.  The Government's motion is

22  based on two things:  Number one, the nature of the offense;

23  and, number two -- I guess three things -- the nature of the

24  offense.  The likely guideline range, based on even a

25  conservative application of the guidelines, is well in excess

1    of 10 years.

2         And, finally, there is the matter of the money, and I

3    think that both the evidence that the United States presented

4    to the Court and that the jury's verdict supports a conclusion

5    that there is the matter of 17 -- in excess of $17 million that

6    was sent by Mr. Liew overseas.  That money has never been

7    accounted for, and we believe that there are substantial assets

8    available to Mr. Liew in China, and that those assets could be

9    used both to assist in fleeing and also provides an obvious

10   place for Mr. Liew to go to enjoy the fruits of his criminal

11   activity.

12        So we don't think the Defense has been able to establish

13   its burden.

14        **THE COURT:**  All right.  Before I rule or take the

15   matter under submission, there's something that I wanted to

16   say, which is not related to bail, which is that the Court

17   wanted to commend all of the attorneys in this case for the

18   excellent job that they did in a very difficult case in terms

19   of, from the Court's perspective, in terms of working together

20   where appropriate and working as adversaries where appropriate,

21   but always with civility and respect and professionalism.

22        You know, these cases are always difficult given the

23   stakes, but the Court appreciates the civility and the

24   professionalism of all the attorneys.  And, indeed, one of the

25   reasons for the Court's delay is I went in to thank the jury

1    for their service and told them that I did not want to discuss

2    their deliberations or anything about the substance of the

3    case, but they all commented on the quality of the lawyers,

4    especially the young ones or the newer ones.  They thought they

5    were -- they didn't know they were new ones.  They thought they

6    were all a couple of partners.  That's no hint, Mr. Gasner, for

7    them, but -- and on the Government's side as well, they thought

8    all the lawyers were excellent.

9         And I do appreciate that because we all know, maybe you

10   all don't know, because you practice at a high quality or at a

11   high level, but we don't see that very often.  We see

12   incivility, disrespect, and not the highest level of

13   competence; and none of those things were at issue in the case,

14   so I do thank counsel and compliment them.

15        Moving to the issue of release, the question really is, so

16   initially the Court, after extensive proceedings, had decided

17   that no condition of release would assure the presence of

18   Mr. Liew because of the matters that were litigated, as well as

19   the review in camera of various records/documents that were

20   made available by the Defense and reviewed by this Court; and

21   then the Court found, based upon that, that remand was

22   appropriate under those circumstances.

23        The Court then agreed to release Mr. Liew on additional

24   conditions of release as a result directly of the inability of

25   the authorities to make available to Mr. Liew a computer and

1  adequate facilities for enjoying his due process rights.

2      And I mentioned at that time that in observing Mr. Liew

3  and his attendance and the like, I believed that for purposes

4  of the trial, there would be -- it would be a reasonable risk

5  to allow Mr. Liew to remain free so that he could cooperate

6  with his counsel.

7      And the question is:  Well, what has changed one way or

8  the other?  Certainly Mr. Liew has appeared at all of his

9  appearances on time, and has also shown himself to be

10  respectful of the Court, and that's certainly in his favor.

11      On the other hand, the Court has had the opportunity to

12  preside over this trial, and the Court has learned now through

13  evidence found by the jury beyond a reasonable doubt that

14  Mr. Liew received, and this was implicitly -- explicitly found

15  by the jury verdict, which, at this point is what the Court is

16  relying on, that money was received by Mr. Liew and his

17  companies, a substantial amount, millions, from agencies of the

18  People's Republic of China, and that money has not been

19  accounted for.  That is a lot of money that could easily enable

20  somebody to flee.

21      Mr. Gasner makes the point, well, Mr. Liew has been aware

22  of the risk of a conviction and he hasn't fled.  Well, now he

23  is convicted and he is facing significant prison time, and the

24  money is not accounted for; and he also -- it's pretty clear by

25  definition in terms of the jury's verdict Mr. Liew has a

PROCEEDINGS

1  relationship with agencies of the People's Republic of China

2  and they are certainly substantial enough to secure his flight

3  from this country.

4      Accordingly, the defendant has failed to meet his burden

5  of showing that any condition of release could assure his

6  attendance; and, regrettably, given the personal issues here

7  and the family issues, always an issue, the Court hereby

8  remands Mr. Liew to the custody of the United States Marshal.

9      Is there a marshal in court?

10         **THE MARSHAL:**  Yes, Your Honor.

11         **THE COURT:**  Please take the defendant into custody,

12  and I will -- I assume the Government has no objection to

13  maintaining Mr. Maegerle on the same conditions?

14         **MR. HEMANN:**  That's correct, Your Honor.

15         **THE COURT:**  So ordered.

16      And let's set a sentencing date.

17         **THE CLERK:**  I have one housekeeping matter.

18         **THE COURT:**  Yes.

19         **THE CLERK:**  In reading the end of the verdict, I said

20  the foreperson's name was Lisa DuPont.  It's actually Lindsay

21  DuPont, and I just wanted the record to be clear.

22         **THE COURT:**  And that's what the signature says as

23  well.

24         **THE CLERK:**  Yes.

25         **THE COURT:**  Thank you very much.

PROCEEDINGS

```
 1            THE CLERK:  Thank you.

 2            THE COURT:  So Mr. Maegerle is continued on the same

 3    conditions.

 4        Let's set a sentencing date, and the Court obviously would

 5    like to receive sentencing memorandum from both sides.

 6            THE CLERK:  June 10th, 2014, at 1:00 p.m. in Oakland.

 7            MR. FROELICH:  Your Honor, I notified the clerk that

 8    that's probably all right for me.  I start a month-long jury

 9    trial in the Federal Court in May.  I don't think it will go to

10    June 10th, but I'll know in the first week --

11            THE COURT:  Okay.

12            MR. FROELICH:  -- and I would let you know.  But I

13    thought that it starts the process for the June 10th date of

14    getting Presentence Reports and everything.

15            THE COURT:  Very well.  What I would like to do is

16    if -- my procedure is:  Please, any date that you wish to

17    postpone the sentencing, obviously check with all counsel, but

18    also check with the probation officer, who at that point will

19    be assigned.

20        And I will advise both Mr. Maegerle and Mr. Liew that you

21    will be interviewed for the Presentence Report by Probation.

22    You have an absolute right to have your attorneys present

23    during that interview, and I would urge you to take advantage

24    of that right that you have.

25        Is there anything further from the Government's
```

**PROCEEDINGS**

1   perspective?

2          **MR. HEMANN:**  There is not, Your Honor.  We thank you

3   for your comments earlier and we appreciate them.

4          **THE COURT:**  All right.  Mr. Gasner?

5          **MR. GASNER:**  Your Honor, I share in the appreciation

6   of the Court's comments.

7          Several other matters.  One is, we would ask that the

8   Court inquire as to where Mr. Liew will be detained, whether it

9   be the Dublin Federal Detention Center, because we obviously

10  will need his cooperation in filing our posttrial motions,

11  which we renew now; but our understanding is that we have 14

12  days from today to file our renewed Rule 29 and Rule 33

13  motions.

14         **THE COURT:**  That's correct.

15         **MR. GASNER:**  So obviously we need his --

16         **THE COURT:**  Well, let me ask the marshals.

17     I don't know if you know, either of the marshals, where

18  Mr. Liew would be residing.

19         **THE MARSHAL:**  Right now I don't know offhand.

20  Generally with remands posttrial, they do go to North County.

21         **THE COURT:**  All right.  Well, if it's possible to send

22  him to Dublin, that would be your preference?

23         **MR. GASNER:**  Yes, that would be our preference,

24  Your Honor.

25         **THE COURT:**  I would greatly appreciate that.  So if

**PROCEEDINGS**

1  you could make that happen, please tell your supervisor that.

2      **THE MARSHAL:**  I will.

3      **THE COURT:**  If there's a problem, let the Court know

4  and I will intervene.

5      **MR. GASNER:**  Your Honor, we further understand that

6  the jury has been discharged from their duties, and we would

7  ordinarily seek to contact them and just want to make sure

8  we're not running afoul of any of the Court's rules or

9  practices.

10      **THE COURT:**  There's no rule that prohibits that.  As I

11  said, and I -- in open court, there was nothing said in private

12  to them, but I generally prefer that there not be discussions

13  about the nature of the deliberations because they're not

14  admissible anyway, and Rule 606 prohibits it.

15      But that's up to you.  It's the First Amendment, and

16  there's no rule in this court that prohibits lawyers from

17  talking to attorneys -- to the jury; and given the quality of

18  attorneys in this case, I understand that you all will conduct

19  yourself, as you always have, in the appropriate way.

20      **MR. GASNER:**  Thank you, Your Honor.

21      **THE COURT:**  Anything further?

22      **MR. HEMANN:**  Mr. Axelrod reminds me, Your Honor, we do

23  need -- there are three pending forfeiture counts that the

24  parties had previously agreed to have the Court resolve rather

25  than the jury.  I guess my proposal is that we discuss that

1    with counsel and enter into a stipulation with regard to those

2    counts and a briefing schedule that would coincide with the

3    sentencing.

4         **THE COURT:**  Yes.  That would be -- I was going to

5    suggest that you do meet and confer and come up with the

6    appropriate briefing schedule if there's not an agreement with

7    respect to the disposition of those counts.  Perhaps they're to

8    be stayed pending any posttrial and appellate proceedings, but

9    I'll leave that to you all to work out in the stipulation.

10        **MR. HEMANN:**  Yes.  Thank you, Your Honor.

11        **THE COURT:**  All right.  Yes, sir?

12        **MR. GASNER:**  Speaking of briefing, Your Honor, we

13   also -- once we file our posttrial motions, I wonder whether

14   the Court has a schedule in mind for the Government's response

15   and our reply.

16        **THE COURT:**  Well, I think it would be via whatever the

17   local rule requires as far as responding 14 days -- whatever

18   the rule requires, the local rule and the Federal Rules of

19   Criminal Procedure allow or require would be the date.  And as

20   far as setting the date, we'll set the date for the hearing on

21   those pending motions or any hearing that's appropriate.

22        Oh, one interesting -- one point.  I guess I shouldn't

23   even talk about it at this point, but I will say -- I guess I

24   can say without -- I don't want to hear any argument or

25   discussion -- but -- forget it.  I was going to talk about some

4726

1  other cases that may be related to this, but counsel is not

2  present and neither are the parties, so I'm not going to

3  discuss that, but that will come up at a later time at an

4  appropriate Status Conference.

5      Mr. Froelich, you wanted --

6      **MR. FROELICH:**  Yes, Your Honor.  Just for the record,

7  you know, I want to renew my Rule 29 and mistrial motions, and

8  I'll do it in writing in 14 days but I just wanted to put it on

9  the record.

10      **THE COURT:**  And I'll assume that all parties have so

11  moved.  At all times with respect to motions for new trial

12  and/or motions for judgment of acquittal or judgment as a

13  matter of law, all are deemed made but, of course, subject to

14  further briefing.

15      **MR. FROELICH:**  Thank you, Your Honor.

16      **MR. GASNER:**  Thank you, Your Honor.

17      **MR. HEMANN:**  Thank you very much, Your Honor.

18      **THE COURT:**  Thank you very much, everybody.

19          (Proceedings adjourned at 10:45 a.m.)

20              ---oOo---

21

22

23

24

25

1

2

3                           **CERTIFICATE OF REPORTER**

4          I certify that the foregoing is a correct transcript

5   from the record of proceedings in the above-entitled matter.

6

7   DATE:   Wednesday, March 5, 2014

8

9

10

11   _____

12          Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
                     U.S. Court Reporter

13

14

15

16

17

18

19

20

21

22

23

24

25