UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>WALTER LIEW, and USA PERFORMANCE TECHNOLOGY, INC.<br><br>    Defendants. | Case No. 11-cr-00573-JSW-1, 4<br><br>**ORDER RESOLVING SPITLER NOTES ISSUE AND DIRECTING PARTIES TO MEET AND CONFER REGARDING SENTENCING DATE** |

This matter is back before the Court upon remand from the United States Court of Appeals for the Ninth Circuit. That court "affirm[ed] in part, reverse[d] and vacate[d] in part, and remand[ed] for resentencing and in camera review of potential *Brady*[1] material." *United States v. Liew,* 856 F.3d 585, 589 (9th Cir. 2017). Before sentencing, Defendants asked for production of the "FBI notes" of interviews with Tim Spitler, which were recounted in an FBI Form 302 prepared by FBI Special Agent Kevin Phelan. (*See, e.g.,* Dkt. No. 853, Sentencing Memorandum and Request for Evidentiary Hearing at 38:18-39:20; Dkt. No. 1051-1, Declaration of Peter B. Axelrod dated May 2, 2018 ("5/2/18 Axelrod Decl."), ¶ 2; Dkt. 1052-2 (FBI Form 302).) On appeal, Defendants argued this Court "erred by not requiring the prosecution to disclose the rough notes of the FBI's interviews with deceased co-conspirator Tim Spitler." *Id.* at 604.

The Ninth Circuit determined, based in part on a declaration submitted by Mr. Spitler's attorney, David Houston, that Defendants made an initial showing that "the government possessed or knew about material favorable to the defense and failed to disclose it. *Id.* (quoting *United*

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

*States v. Price*, 566 F.3d 900, 910 (9th Cir. 2009)). The court also stated that "if the rough notes referenced the statements that Houston averred Spitler made during the interviews, that material could be 'sufficient to undermine confidence in the verdict.'" *Id.* (quoting *Wearry v. Cain*, – U.S. –, 136 S.Ct. 1002, 1006 (2016) (per curiam). Therefore, the court vacated the order denying the request for production and remanded "for in camera review of the material 'to determine whether disclosure of the notes might have affected the outcome of the trial." *Id.* (quoting *United States v. Dupuy*, 760 F.2d 1492, 1503 (9th Cir. 1985)). However, the court ultimately expressed "no view on whether the notes, in fact, contain any exculpatory, impeaching, or even admissible or relevant material – we leave that to the district court to decide in the first instance." *Id.* at 605.

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 383 U.S. at 87; *see also Giglio v. United States*, 405 U.S. 150, 153-154 (1972). In order to establish a *Brady* violation, a defendant must show that the "evidence at issue [is] favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Price*, 566 F.3d at 907 (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)).

On April 20, 2018, in conformance with the Ninth Circuit's directions on remand, the Court issued an Order requiring the Government to file, *ex parte* and under seal, "the Spitler notes" and to provide a chambers copy for the Court's in camera review. (Dkt. No. 1040.) In response, the Government filed a declaration from AUSA Peter B. Axelrod, one of the prosecutors who tried the case. (*See* Dkt. No. 1047, 1052-1.) In his declaration, AUSA Axelrod attests that Special Agent Phelan did not take notes during those meetings. (5/2/18 Axelrod Decl., ¶ 4.) In a subsequent declaration, provided at the Court's request, AUSA Axelrod attests that no other FBI Special Agents took notes during the interviews with Mr. Spitler. (Dkt. No. 1052-1, Declaration of Peter B. Axelrod dated May 25, 2018 ("5/25/18 Axelrod Decl.), ¶ 5.) Thus, the record shows that there are no *FBI* notes of the interviews with Mr. Spitler.

Instead, the only rough notes of the interviews with Mr. Spitler are notes taken by AUSA

1  Axelrod, which the Government filed with Mr. Axelrod's declaration on May 2, 2018. (5/2/18
2  Axelrod Decl., ¶ 6, Ex. B; 5/25/18 Axelrod Decl., ¶ 5.) In light of the Ninth Circuit's order
3  remanding the case "for review of potential *Brady* material," the Court has reviewed, in camera,
4  AUSA Axelrod's notes to determine whether disclosure would be required.

5  In his May 2 declaration, AUSA Axelrod attests the notes "contain [his] mental
6  impressions." (5/2/18 Axelrod Decl., ¶ 6.)[2] "[I]n general, a prosecutor's opinions and mental
7  impressions of the case are not discoverable under *Brady* [or *Giglio*] *unless* they contain
8  underlying exculpatory facts." *Morris v. Ylst*, 447 F.3d 735, 742 (9th Cir. 2006) (emphasis in
9  original). Because AUSA Axelrod's notes were largely unintelligible and indecipherable, the
10 Court could not initially determine whether they contained any underlying exculpatory facts that
11 potentially could be subject to disclosure. Therefore, the Court issued an *ex parte* under seal order
12 directing the Government to file, under seal and *in camera,* a transcription of the notes that was
13 not embellished with any form of explanation. (Dkt. No. 1049.)[3]

14 On May 25, 2018, the Government produced, but did not file, Mr. Axelrod's transcription
15 and another copy of his un-transcribed notes with areas that the Government would seek to redact,
16 if the Court requires them to be produced.[4] AUSA Axelrod's transcription shows that he also
17 could not decipher large portions of his notes. (*See also* 5/25/18 Axelrod Decl., ¶ 2.) Because the
18 notes remain under seal, the Court shall not disclose or discuss their substance in this Order. The
19 Court has reviewed the notes in light of the arguments raised by counsel prior to sentencing and in
20 connection with Mr. Houston's declaration and Mr. Houston's notes, which were submitted to the
21 Court as part of Defendants' sentencing memoranda. (*See* Dkt. No. 871.) The Court concludes

---

[2] The Government states, that in this instance, it will not assert the work-product privilege for these notes. (Dkt. No. 1052, United States Notice of Filing at 1:23-25.)

[3] In its most recent filing, the Government has disclosed much of what was contained in that Order. Accordingly, at the hearing on June 12, 2018, the Government shall be prepared to address whether the Court should lift the seal on that order and make it part of the public record.

[4] The Government produced the documents directly to chambers, with a cover letter, but without an accompanying caption page. The Court shall file this document *ex parte* and under seal with this Order.

that to the extent they are intelligible, the notes do not contain any material that could be considered exculpatory, on either guilt or punishment, or material that could be used for impeachment purposes.

The Court also notes that the Ninth Circuit expressly left it to this Court to determine if the notes contained any "admissible" material. The Court concludes the notes would not be admissible on the basis that they would be hearsay evidence to which no exception applies under Federal Rules of Evidence 803 or 804. Finally, taking into consideration the fact that the issue of whether any of the alleged trade secrets were, in fact, trade secrets, and how heavily and thoroughly that issue was litigated at trial, the Court also concludes that there is nothing in the notes that undermines the Court's confidence in the verdict. Accordingly, the Court concludes AUSA Axelrod's notes need not be produced to Defendants. Those notes and AUSA Axelrod's transcription shall remain under seal and shall remain *ex parte* filings.

The parties shall appear on June 12, 2018 for a status hearing and shall be prepared to set a sentencing date. The parties should meet and confer in advance of this hearing and shall consult with the probation officer assigned to the case to determine how much time will be required to: (1) prepare a revised presentence investigation report; and (2) to submit supplemental sentencing memoranda.

**IT IS SO ORDERED.**

Dated: June 6, 2018

_____
JEFFREY S. WHITE
United States District Judge

Cc: USPO Jessica Goldsberry

4