UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 11-cr-00573-JSW-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO REDUCE SENTENCE** |
| WALTER LIEW, | Re: Dkt. No. 1261 |
| Defendant. | |

Now before the Court for consideration is the motion to reduce sentence pursuant to 18 U.S.C. section 3582(c) ("Section 3582"), filed by Walter Liew ("Mr. Liew"). The Court has considered the parties' papers, a report submitted by the United States Probation Office, relevant legal authority, and the record in this case, and it concludes the motion can be resolved without oral argument. For the reasons that follow, the Court GRANTS Mr. Liew's motion on the conditions set forth in this Order.

**BACKGROUND**

On March 5, 2014, a jury convicted Mr. Liew of conspiracy to commit economic espionage, conspiracy to commit theft of trade secrets, attempted economic espionage, attempted theft of trade secrets, and possession of trade secrets, among other crimes. (*See* Dkt. No. 804, Verdict Form.) On July 10, 2014, the Court sentenced Mr. Liew to a term of imprisonment of 180 months to be followed by three years of supervised release. (Dkt. Nos. 890 (Minute entry), 893 (Judgment).) Mr. Liew, and the United States Court of Appeals affirmed, in part, vacated certain convictions, and remanded for further proceedings. *See United States v. Liew*, 856 F.3d 865 (9th Cir. 2017). On October 30, 2018, in accordance with the Ninth Circuit's opinion, the Court re-sentenced Mr. Liew to a term of imprisonment of 144 months, to be followed by three years of

1  supervised release.  (Dkt. Nos. 1093 (Minute Entry), 1098 (Amended Judgment).)

2  Mr. Liew is currently housed at FCI-Lompoc, and he is scheduled to be released from BOP
3  custody on or about November 26, 2020.  Mr. Liew was due to be released to a residential reentry
4  center on June 2, 2020 where he would serve the remaining six months of his sentence.  On May
5  5, 2020, Mr. Liew submitted a request to FCI-Lompoc's warden, in which he asked for
6  compassionate release due to the COVID-19 pandemic.  Mr. Liew cited his advanced age (62) and
7  certain underlying conditions that made him more susceptible to the virus, including a fatty liver
8  and high cholesterol.  (Mot., Ex. A; *see also* Presentence Investigation Report, ¶ 90 (citing
9  diagnosis of fatty liver).)

10  On or about May 27, 2020, Mr. Liew's counsel learned that Mr. Liew had been
11  hospitalized and was on a ventilator, albeit in stable condition.  According to the Government, Mr.
12  Liew was able to come off the ventilator on June 4, 2020, and it states the BOP has reported Mr.
13  Liew's condition is stable and improving.

14  Mr. Liew moves to have his sentenced reduced pursuant Section 3582(c)(1)(A)(i) from 144
15  months to 138 months, which would make him eligible to begin serving his term of supervised
16  release.  Mr. Liew is amenable to the Court setting a condition of supervised release that would
17  require him to spend an equivalent amount of time home confinement.  In the alternative, he asks
18  that the Court issue a recommendation to the BOP that he be permitted to serve the remainder of
19  his sentence in home confinement.[1]

20  The Government argues the Court should not reduce Mr. Liew's sentence and argues the
21  Court should deny the motion without prejudice or defer ruling until Mr. Liew has fully recovered
22  and can be released.  Alternatively, it asks the Court to defer a ruling so that the BOP may issue a
23  ruling on Mr. Liew's request for compassionate release.  The Government also argues that if the
24  Court is inclined to grant the motion, the Court should impose home confinement as a condition of
25  supervised release and should order Mr. Liew to be quarantined for a period of 14 days before he

---

[1] The Government argues that Mr. Liew asks, in the alternative, for an order directing the BOP to place him in home confinement, which the Court would not have the authority to do.  *See, e.g., United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011).  Mr. Liew, in fact, asks for a recommendation.

2

is released.

The Court will address additional facts as needed in the Analysis.

## ANALYSIS

### A.     Mr. Liew Has Satisfied Section 3582(c)'s Exhaustion Requirements.

Under Section 3582(c), a court may modify a term of imprisonment on motion from a defendant if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, which is earlier." 18 U.S.C. § 3582(c)(1)(A). Mr. Liew submitted a request to the Warden on May 5, 2020, and as of June 5, 2020, there has been no action taken on that request. Accordingly, Mr. Liew has demonstrated the Court has jurisdiction to consider his motion. *See also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680-81 (N.D. Cal. 2019).

### B.     **Extraordinary and Compelling Reasons Exist to Grant Mr. Liew's Motion.**

Once a defendant has exhausted administrative remedies, a court may grant a motion for compassionate release if it finds that "extraordinary and compelling reasons warrant" a reduction and if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant bears the burden to show special circumstances meeting the bar set by Congress and the Sentencing Commission for compassionate release to be granted. *See United States v. Greenhut*, No. 2:18-cr-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

"Congress has not defined what constitutes 'extraordinary and compelling' except to state that "rehabilitation of the defendant alone'" will not meet the standard. *Rodriguez*, 424 F. Supp. 3d at 681 (quoting 28 U.S.C. § 994(t)). Section 994(t) directs that the Sentencing Commission, "in promulgating general policy statements" relating to Section 3582(c)(1)(A), "shall describe what should be considered extraordinary and compelling reasons." The relevant Sentencing Commission policy statement is located at U.S.S.G. section 1B1.13, which sets out four "extraordinary and compelling reasons" that warrant a sentence reduction. Mr. Liew relies, in

part, on Application Note 1(A), which provides that compassionate release may be warranted where:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, app. note 1(A).

Mr. Liew argues that his recent hospitalization and his liver condition places him at greater risk with respect to COVID-19. He also notes that, to date, it is unclear whether the fact that he contracted COVID-19 will prevent him from developing it again. He also cites to the high rate of infection of COVID-19 at FCI-Lompoc as evidence that his ability to provide self-care relating to that condition is diminished. Although there is no evidence that Mr. Liew will not recover, the Court concludes that the infection rate at FCI-Lompoc, and Mr. Liew's recent hospitalization, including the fact that he was required to be placed on a ventilator, his age, and his underlying liver condition present extraordinary and compelling reasons to grant him compassionate release.[2]

**C.    The Court Concludes the Record Demonstrates Mr. Liew is Not A Danger.**

In addition to showing that "extraordinary and compelling reasons," a defendant seeking compassionate release under Section 3582 must also demonstrate that he "is not a danger to the

---

[2] For that reason, the Court does not reach Mr. Liew's alternative argument that relief would be warranted under Application Note 1(D), which provides that "extraordinary and compelling" circumstances may exist "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."

4

safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). The Court should consider: (1) the nature and circumstances of the offenses charged; (2) the history and characteristics of the person, including character, physical and mental condition, past conduct, criminal history, and drug and alcohol abuse; and (3) the nature and seriousness of the danger to any person or the community that release would impose. 18 U.S.C. § 3142(g).

The charges in this case were serious but were non-violent. Mr. Liew had no prior criminal convictions and fell within criminal history category I. He has been participating in the RDAP program and, according to the record, has had no disciplinary incidents during his incarceration. The Court finds each of the factors set forth in Section 3142(g) weighs in favor of concluding Mr. Liew does not pose a danger if released. Indeed, the Government's only argument regarding safety pertains to COVID-19 and the risk Mr. Liew may pose to others if he is released before he has fully recovered from the virus. Those concerns can be addressed by requiring a period of quarantine before Mr. Liew is released.

**D.      The Section 3553(a) Sentencing Factors.**

Finally, under Section 3582(c) a court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable in determining whether compassionate release is warranted. 18 U.S.C. § 3582(c)(1)(A)(i). The Court set forth its views on these factors at the time it originally sentenced Mr. Liew and during the re-sentencing proceedings, and it will not repeat them here. Mr. Liew has served nearly all of his sentence and, at this stage, the Court concludes none of the Section 3553(a) factors would weigh against granting his motion.

**CONCLUSION**

Accordingly, the Court GRANTS Mr. Liew's motion and HEREBY ORDERS that Mr. Liew's sentence of imprisonment shall be modified to time served. The remaining portion of Mr. Liew's original term of imprisonment shall be served as supervised release with the special conditions that Mr. Liew shall be subject to home confinement through November 26, 2020. This term shall be followed by the three-year term of supervised release as set forth in the Amended Judgment issued on November 7, 2018 (Dkt. No. 1099), and all conditions of supervised release

set forth therein.

The Court further orders that prior to Mr. Liew's release, the parties and the Probation Office shall finalize a viable release plan incorporating the above special conditions and confirm that Mr. Liew's proposed plan to be released to Mrs. Liew's residence remains viable. This plan should also include proposals for how Mr. Liew will support himself and how he will receive and pay for any medical treatment he may require.

The BOP shall place Mr. Liew in quarantine immediately, so that he may serve a 14-day period of quarantine before his release.

**IT IS SO ORDERED.**

Dated: June 15, 2020

_____
JEFFREY S. WHITE
United States District Judge

6